**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

HEAD KANDY LLC,

      Plaintiff,

vs.                                             Case No. 0:23-cv-60345-RAR

KAYLA MCNEILL,

      Defendant.

_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO**
**FILE DOCUMENTS UNDER SEAL PURSUANT TO LOCAL RULE 5.4**

      Plaintiff, Head Kandy LLC ("Head Kandy"), by and through its undersigned attorneys and pursuant to Local Rule 5.4, hereby requests leave to file under seal certain confidential financial records for consideration in the Court's upcoming hearing on Plaintiff's Expedited Motion for Preliminary Injunction. In support, Head Kandy states:

      1.      On July 28, 2023, this Court will hold an evidentiary hearing on Plaintiff's Expedited Motion for Preliminary Injunction [ECF No. 47].

      2.      Head Kandy intends to present to the Court Head Kandy's financial records—specifically, detailed sales data and customer transaction history—as evidence of the irreparable harm caused (and that will continue to be caused) by Ms. McNeill's conduct. Head Kandy also requests that Exhibit A to its forthcoming *Reply in Support of Plaintiff's Expedited Motion for Preliminary Injunction*—the Asset Purchase Agreement entered into between Head Kandy and Ms. McNeill, which contains confidential terms and financial figures related to Head Kandy's purchase of Ms. McNeill's former company, Lashed Out, LLC—be filed under seal.

{00069164:1}                                    1

3.     "Every court has supervisory power over its own records and files" and public access to such documents "has been denied where the court files might have become a vehicle for improper purposes." *Rossbach v. Rundle*, 128 F. Supp. 2d 1348 (S.D. Fla. 2000) (citing *In re Reporters Committee for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985)). When a party deems in good faith that the nature of a court filing constitutes confidential or proprietary information which the party would not disclose to other persons, such information may be held in a confidential status by the court. *See Chudasama v. Mazda Motor Co.*, 123 F.3d 1353, 1360 (11th Cir. 1997); *see also*, *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) (noting that "courts have refused to permit their files to serve as… sources of business information that might harm a litigant's competitive standing.").

4.     Local Rule 5.4 of this Court allows parties to litigation to request certain filings be sealed by filing a motion setting forth the factual and legal basis for sealing such information, describing the documents to be sealed with as much particularity as possible, without revealing the content of the proposed sealed material.

5.     The detailed sales data, customer transaction history and Asset Purchase Agreement that are the subject of this Motion contain Head Kandy's proprietary business information, accounting records, and trade secrets, that could be utilized not only by Ms. McNeill, but also by Head Kandy's competitors, to Head Kandy's detriment. Filing such information under seal is the only way to protect Head Kandy from the threat of such harm.

6.     Accordingly, to avoid disclosure of Head Kandy's business information that is likely to be used to "harm [Head Kandy's] competitive standing[,]" the Court should allow the subject business records to be filed under seal for the duration of this litigation, or until the Court determines the threat of harm by disclosure of such records no longer exists.

**WHEREFORE**, Head Kandy respectfully requests the Court enter an order allowing Head Kandy leave to file certain business records in support of Plaintiff's Expedited Motion for Preliminary Injunction under seal, and for such other and further relief as the Court deems appropriate under the circumstances.

## CERTIFICATION OF GOOD FAITH CONFERRAL

On June 23, 2023, pursuant to Local Rule 7.1(a)(3), the undersigned conferred with counsel for Ms. McNeill regarding the requested relief herein. Counsel for Ms. McNeill represented that Ms. McNeill does not oppose this Motion, and agrees that "all documents and testimony containing financial and customer information must be protected."

*/s/ Edward Colin Thompson*

ETHAN J. LOEB
FL Bar #668338
ethanl@blhtlaw.com
loisf@blhtlaw.com
EDWARD C. THOMPSON
FL Bar #684929
colint@blhtlaw.com
heatherw@blhtlaw.com
ELLIOT P. HANEY
FL Bar #1018829
ellioth@blhtlaw.com
lynseyh@blhtlaw.com
**BARTLETT LOEB HINDS
& THOMPSON, PLLC**
100 N. Tampa Street, Suite 2050
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*

{00069164:1}                                    3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 26, 2023 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ *Edward Colin Thompson*
EDWARD C. THOMPSON
FL Bar #684929