UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff,

vs.                                                        Case No. 0:23-cv-60345-RAR

KAYLA MARIE MCNEILL,

    Defendant.
_____/

**STIPULATED FACTS AND STATEMENT
OF ISSUES FOR AUGUST 1, 2023 INJUNCTION HEARING**

    Plaintiff, Head Kandy, LLC ("HK") and Defendant, Kayla Marie McNeill ("McNeill"), by and through their undersigned counsel, and pursuant to the Second Order Providing Instructions for Injunction Hearing [DE 88], hereby stipulate to the below facts and identify the below key factual disputes which the parties believe the Court must resolve in connection with Plaintiff's Motion for Preliminary Injunction.

**Stipulated Facts**

    1.    Kayla Marie McNeill is a natural person residing in the State of Colorado ("McNeill").

    2.    Since at least January 24, 2015, McNeill has been a social media influencer who utilizes various social media platforms, including Facebook, Instagram, and Tik Tok (the "Social Media Platforms") to connect with her followers.

    3.    Head Kandy, LLC is a Delaware limited liability company formed on April 13, 2018 ("Head Kandy").

    4.    Jerome Falic has served as Head Kandy's managing member since its formation in 2018.

    5.    Lashed Out, LLC is a for-profit Colorado Limited Liability Company that previously operated its haircare business as "Head Kandy."

    6.    Since its formation, McNeill has been the sole member of Lashed Out, LLC.

7. On May 3, 2018, Head Kandy and Lashed Out, LLC entered into the Asset Purchase Agreement (the "**APA**,").

8. Pursuant to the APA, Head Kandy paid Lashed Out, LLC Two Million Eight Hundred Eighty Thousand Dollars ($2,880,000) to acquire all of the "Purchased Assets" described in Section 1.1 of the Asset Purchase Agreement, including the tradename "Head Kandy."

9. From May 3, 2018 through at least February 17, 2023, McNeill was a member of and owned 20% of the membership interests of Head Kandy.

10. On May 3, 2018, Head Kandy and McNeill entered into an Executive Employment Agreement (the "Employment Agreement,").

11. Under the APA, Lashed Out, LLC and Head Kandy agreed to deliver, or cause to be delivered, executed copies of the Employment Agreement at Closing.

12. By letter dated January 30, 2023, from Head Kandy's outside legal counsel to McNeill's legal counsel, Head Kandy provided formal notice to Ms. McNeill that Head Kandy terminated McNeill's employment with Head Kandy effective January 30, 2023.

13. Restrictive covenants are included in Section 5 of the Employment Agreement.

14. Under the Agreement, McNeill agreed to serve as an executive of Head Kandy with the title Creative Director. The Employment Agreement described the position and duties of Ms. McNeill.

15. Head Kandy distributes and sells, among other things, Hair Care Products such as shampoos, conditioners, hair dryers, curling irons, and straighteners.

16. As one of its marketing tools, Head Kandy utilized Social Media Platforms when McNeill was employed at Head Kandy.

17. McNeill hosted Facebook Live Sessions through the social media platform Facebook on, among other dates: (i) November 22, 2022; (ii) February 4, 2023; (iii) February 5, 2023; (iv) February 16, 2023; (v) February 19, 2023; (vi) February 24, 2023; (vii) March 10, 2023; (viii) March 13, 2023; (ix) March 14, 2023; (x) March 17, 2023; (xi) March 18, 2023; (xii) March 30, 2023; (xiii) March 31, 2023; (xiv) April 3, 2023; (xv) April 4, 2023; (xvi) April 5, 2023; (xvii) April 6, 2023; (xviii) April 7, 2023; (xix) April 10, 2023; (xx) April 11, 2023; (xxi) April 14, 2023; (xxii) April 18, 2023; (xxiii) April 25, 2023; (xxiv) May 24, 2023; (xxv) May 30, 2023; (xxvi) June 1, 2023; (xxvii) June 6, 2023; (xxviii) June 7, 2023; (xxix) June 9, 2023; (xxx) June 16, 2023; and (xxxi) June 20, 2023 (the "Facebook Live Sessions").

18. McNeill hosted the Facebook Live Sessions freely and without coercion. During the Facebook Live Sessions, McNeill knowingly made all of her statements to the public on her own volition.

19. During the Facebook Live Sessions, comments from the participants could be made in real time.

20. One of Ms. McNeill's followers who commented on the Facebook Live Sessions that occurred on March 18, 2023, and April 7, 2023, was Bo Stegall.

21. Bo Stegall is a natural person.

22. On April 4, 2023, McNeill posted an Instagram story that stated "If you want incredible hair care my boy Bo Stegall has his annual sale starting today! this is the most incredible hair care! Plus you're supporting a small family!" The post was viewed by 409 Instagram accounts.

23. On April 8, 2023, McNeill posted on the Bo Stegall/the Collection (VIP) Facebook page.

24. McNeill is the sole member of a Colorado, for profit Limited Liability Company known as White Pineapple, LLC ("WhiPi").

25. WhiPi was created in March of 2022 as a Colorado for-profit limited liability company.

26. On April 4, 2023, McNeill posted on her Instagram account a screenshot of a hair curling iron for sale on Amazon.com with the statement "Here's the iron I have been using! No link because of my 'no compete' Being in a contract that controls your life is so weird." The post was viewed by 397 Instagram accounts.

27. The Facebook page currently named "Kandy Life," Page ID 1642077422564196, was created on November 6, 2018 (the "Disputed Page").

28. By letter dated December 1, 2022, from Head Kandy's outside legal counsel to Ms. McNeill, Head Kandy notified Ms. McNeill that Jerome Falic would make a formal announcement on December 2, 2022 naming Jonathan Rosenbaum in charge of company business and operations.

29. By letter dated December 1, 2022, from Head Kandy's outside legal counsel to Ms. McNeill, Head Kandy notified Ms. McNeill that she would no longer have an active role in the operations of the business or management of Head Kandy.

30. By letter dated December 16, 2022, from Head Kandy's outside legal counsel to Ms. McNeill, Head Kandy placed Ms. McNeill's employment "under suspension effective immediately." Ms. McNeill was "no longer permitted to do any work whatsoever for the company."

31. In July 2022, Head Kandy's Managing Member retained a consultant, Jonathan Rosenbaum, to undertake an exhaustive review of the Company's operations, finances and books and records.

32. Mr. Rosenbaum set out a plan to streamline Head Kandy's business and operations to make Head Kandy more efficient.

33. Head Kandy held a product sale during the month of December 2022.

34. Head Kandy engages with third-party social media influencers, called "Affiliates," to promote Head Kandy products to the Affiliates' followers on the Affiliates' respective social media accounts.

35. On February 13, 2023, Ms. McNeill filed a lawsuit in Colorado state court under Colorado's Wage Claim Act, C.R.S. § 8-4-101, *et seq.*, styled as *Kayla M. McNeill v. Head Kandy, LLC*, Chaffee County District Court, Case No. 2023CV30007, seeking payment of allegedly unpaid wages, bonuses, vacation time and reimbursements. That case has been dismissed by order of the court for lack of jurisdiction under the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*.

36. Up to at least April 11, 2023, pictures and videos of Ms. McNeill's children were visible on the Disputed Page in posts made by Ms. McNeill before January 30, 2023.

37. On February 17, 2023, Head Kandy adopted a resolution whereby Head Kandy "exercise[d] its option to repurchase all Units belonging to McNeill" pursuant to Article 8.5 of Head Kandy's Amended and Restated Limited Liability Company Operating Agreement dated May 3, 2018.

38. Ms. McNeill has not received any amount for the repurchase of her Units in Head Kandy following Head Kandy's adoption of the February 17, 2023 resolution.

39. Until her termination, Ms. McNeill was synonymous with the Head Kandy business.

## Statement of Disputed Factual Issues

*Plaintiff Head Kandy's Statement of the Issues for Preliminary Injunction Hearing*

1.  Whether Ms. McNeill violated Section 5(a), Non-Compete Provisions, of the Employment Agreement:  Head Kandy contends Ms. McNeill is prohibited from, directly or indirectly, providing "Restricted Services" to any Person engaged in a "Restricted Business" for a period of three years following her January 30, 2023 termination.  [NOTE: Head Kandy contends that the 3 year period has not yet started to run.]  Head Kandy also contends that since January 30, 2023, Ms. McNeill engaged in Restricted Services, including on March 14, 2023, April 5, 2023, April 3, 2023, April 7, 2023, April 8, 2023, May 30, 2023, June 1, 2023, June 6, 2023, June 7, 2023.  Ms. McNeill disagrees and defends as identified below in its defenses.

2.  Whether Ms. McNeill violated Section 5(b)(ii), No Solicitation of Customers, of the Employment Agreement:  Head Kandy contends Ms. McNeill is prohibited, for a period of three years following her January 30, 2023 termination, from soliciting or encouraging any client, customer, supplier, licensee or licensor of the Company to terminate or reduce such person's relationship with the Company.  [NOTE: Head Kandy contends that the 3 year period has not yet started to run]. Head Kandy also contends that Ms. McNeill violated this subsection by encouraging existing customers of Head Kandy to terminate or reduce their business and relationship with Head Kandy including on March 14, 2023, April 5, 2023, April 3, 2023, April 7, 2023, April 8, 2023, May 30, 2023, June 1, 2023, June 6, 2023, and June 7, 2023. Ms. McNeill disagrees and defends as identified below.

3.  Whether Ms. McNeill violated Section 5(d), Non-Disparagement provision, of the Employment Agreement.  Head Kandy contends Ms. McNeill is prohibited from making, publishing, or communicating to any person or in any public forum any defamatory or disparaging

remarks, comments, or statements concerning the Company or its affiliates, clients, suppliers, investors, and other associated third parties. Head Kandy further contends that Ms. McNeill violated this clause of the Employment Agreement, including on May 30, 2023, June 6, 2023, and June 9, 2023 through her Facebook Live postings. Ms. McNeill disagrees and defends as identified below.

***Defendant Kayla McNeill Statement of Defenses for Preliminary Injunction Hearing***

4.  Ms. McNeill contends that the Non-Compete, Non-Solicitation and Non-Disparagement Provisions within the Employment Agreement are unenforceable due to Head Kandy's multiple prior material breaches of the Employment Agreement. Ms. McNeill contends that Head Kandy breached the Employment Agreement by, at least: (1) failing to satisfy its obligations in Section 3(b) for determining Ms. McNeill's bonuses, (2) failing to pay Ms. McNeill annual bonuses as they became due in accordance with Section 3(b), (3) prohibiting Ms. McNeill from engaging in and exercising the responsibilities, duties and authority described in Section 2, (4) terminating Ms. McNeill "for cause" under Section 4(a)(ii), and (5) failing to pay Ms. McNeill her base salary [Section 3(a)], accrued vacation [Section 3(c)] and business reimbursements after her termination in accordance with C.R.S. § 8-4-109(1)(a). Head Kandy disagrees.

5.  Ms. McNeill contends that each of the restrictive covenants within the Employment Agreement cannot be enforced, as drafted, because it is unreasonable under Fla. Stat. § 542.335(1). Specifically, each covenant is unreasonable as it is (1) presumptively overly long in its three-year duration [§ 542.335(1)(d)(1)], (2) overly broad in its "worldwide" geographic restriction [§ 542.335(1)], and (3) overly board because it is not reasonably necessary to protect substantial relationships with specific existing customers [§ 542.335(1)(b)(3)]. Head Kandy disagrees.

6.      Ms. McNeill contends that she has not breached the Employment Agreement because (1) no relationship has ever existed with any Person engaged in a Restricted Business for the provision of Restricted Services, (2) the product reviews and tutorials she provided her followers do not constitute (i) the provision of Restricted Services for Persons engaged in a Restricted Business or (ii) the solicitation of Head Kandy customers to terminate or reduce their business relationship with Head Kandy, (3) Ms. McNeill encouraged her followers to purchase products from Head Kandy on several occasions, including on February 4, 2023, February 5, 2023, February 16, 2023, March 18, 2023, April 6, 2023, and June 9, 2023, and (4) all statements she has made about Head Kandy and the related persons are true.  Ms. McNeill further contends that publishing facts about the present case is both protected and privileged speech.  Head Kandy disagrees.

7.      Ms. McNeill contends that the four requirements for imposition of a preliminary injunction are not present.  Specifically, (1) there is not a substantial likelihood Head Kandy will not succeed on the merits of its breach of contract claim due to its prior material breaches and the absence of culpable conduct by Ms. McNeill, (2) Head Kandy will not suffer irreparable injury if a preliminary injunction is not imposed because (i) there is no causal relationship between Ms. McNeill's actions and Head Kandy's decreased sales, (ii) Head Kandy has an adequate remedy at law because the alleged injury can be undone through monetary remedies, and (iii) Ms. McNeill has voluntarily ceased the allegedly culpable conduct, despite maintaining no violation has occurred, (3) the damage to Ms. McNeill by limiting her speech and preventing her from engaging in the profession she has practiced her entire adult life outweighs the threatened injury to Head Kandy, and (4) granting a preliminary injunction without consideration of Ms. McNeill's defenses is against public policy [Fla. Stat. § 542.335(1)(g)(3)].  Head Kandy disagrees.

| | |
|---|---|
| */s/ Ethan J. Loeb* <br> ETHAN J. LOEB <br> FL Bar #668338 <br> ethanl@blhtlaw.com <br> loisf@blhtlaw.com <br> EDWARD C. THOMPSON <br> FL Bar #684929 <br> colint@blhtlaw.com   heatherw@blhtlaw.com <br> ELLIOT P. HANEY <br> FL Bar #1018829 <br> ellioth@blhtlaw.com <br> lynseyh@blhtlaw.com <br> **BARTLETT LOEB HINDS** <br> **THOMPSON & ANGELOS** <br> 100 N. Tampa Street, Suite 2050 <br> Tampa, FL 33602 <br> Telephone: 813-223-3888 <br> Facsimile: 813-228-6422 <br><br> *Counsel for Plaintiff Head Kandy LLC* | */s/ Laura E. Burgess* <br> LAURA E. BURGESS <br> Florida Bar No. 0105073 <br> **L.E. Burgess P.A.** <br> 5966 South Dixie Highway, <br> Suite 300 <br> Miami, FL 33143 <br> Laura@leburgesslaw.com <br> Telephone: (305) 942-8044 <br><br> and <br><br> */s/ Antonio L. Converse* <br> ANTONIO L. CONVERSE <br> Admitted *Pro Hac Vice* <br> **CONVERSE LAW GROUP, P.C.** <br> 600 17th Street, Suite 2800 South <br> Denver, CO 80202 <br> Telephone: 303.228.9471 <br> anthony@converselawgroup.com <br><br> *Counsel for Defendant Kayla McNeill* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 14, 2023 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

*/s/ Ethan J. Loeb* <br>
ETHAN J. LOEB <br>
FL Bar #668338