UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff,

vs.                                                Case No. 0:23-cv-60345-RAR

KAYLA MCNEILL,

    Defendant.
_____/

## HEAD KANDY LLC'S <u>EXPEDITED</u> MOTION TO FILE MOTION AND SUPPLEMENTAL EVIDENCE UNDER SEAL

Plaintiff, Head Kandy LLC ("Head Kandy"), through undersigned counsel and pursuant to Local Rule 5.4, moves to file **under seal** a Motion attaching and requesting the Court consider supplemental evidence in support of Head Kandy's Expedited Motion for Preliminary Injunction (the "**Expedited PI Motion**") [ECF No. 47]. In Support, Head Kandy States:

1.    Fewer than 12 hours of the conclusion of the Evidentiary Hearing on the Expedited PI Motion, Ms. McNeill posted to multiple of her social media accounts statements regarding Head Kandy and/or its representatives that are (at absolute minimum) highly disparaging and a violation of the restrictive covenants Head Kandy seeks to enforce by its Expedited PI Motion.

2.    As it will further establish in the motion it seeks to filed under seal, Ms. McNeill's postings, comments to those postings, and correspondence between counsel regarding the postings, are highly relevant supplemental evidence supporting Head Kandy's request for entry of a Preliminary Injunction. Indeed, the supplemental evidence tends to disprove Ms. McNeill's asserted defense to the entry of a Preliminary Injunction that "Ms. McNeill has voluntarily ceased the allegedly culpable conduct." [ECF No. 93 at p. 7, ¶ 7].

3. Given the highly disparaging nature of the social media posts Ms. McNeill made after the evidentiary hearing, and Ms. McNeill's position as stated in correspondence from Ms. McNeill's counsel, Head Kandy reasonably believes that filing the posts and counsels' correspondence in the public record will cause further harm to Head Kandy (as it will be a republishing of the offending content) and provide Ms. McNeill an opportunity to make further disparaging (and worse) statements and accusations against Head Kandy under the guise of the "litigation privilege" and to direct her thousands of social media followers to such statements as contained in the public court record.

4. As will be set out more fully in the motion Head Kandy seeks to file under seal, and as addressed during the evidentiary hearing on the Expedited PI Motion, the accusations Ms. McNeill has made against Head Kandy and/or its representatives—while themselves are at the very least disparaging—are not relevant to the issues the Court is to decide on the Expedited PI Motion and were never raised by Ms. McNeill prior to her opening statement, as the Court had directed.

5. Head Kandy requests expediated consideration of this Motion and a ruling by August 3, 2023, so it may proceed to file **under seal** its Motion and put before the Court the supplemental evidence of Ms. McNeill's continued violations of the restrictive covenants.

6. Local Rule 5.4 of this Court allows parties to litigation to request certain filings be sealed by filing a motion setting forth the factual and legal basis for sealing such information, describing the documents to be sealed with as much particularity as possible, without revealing the content of the proposed sealed material.

7. Filing under seal is necessary to prevent the exacerbation of the harm Ms. McNeill has caused in breach of the restrictive covenants on which Head Kandy's Expedited PI Motion is

based, the disclosure of which would further harm Head Kandy's competitive standing. *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) (noting that "courts have refused to permit their files to serve as… sources of business information that might harm a litigant's competitive standing.").

8.  Filing under seal is also necessary as the motion identifies certain of Head Kandy's former customers who saw and commented on Ms. McNeill's social media posts and whose Head Kandy transaction histories have been filed under seal and were admitted into evidence, under seal, during the evidentiary hearing on the Expedited PI Motion.

9.  Expedited consideration of this Motion, and the motion Head Kandy seeks to file under seal, is necessary so the parties may include references to the supplemental evidence (if permitted by the Court) in their respective proposed findings of fact and conclusions of law the court required by filed by August 8, 2023.

### CERTIFICATION OF GOOD FAITH CONFERRAL

10. As will be set out in the motion Head Kandy seeks to file under seal and supported by correspondence attached to it, Head Kandy's counsel conferred with counsel for Ms. McNeill to either:  (1) avoid the necessity to even bring the motion Head Kandy now seeks to file under seal; or (2) agree to put before the court the supplemental evidence Head Kandy will request the court consider in its motion to be filed under seal.  The parties were unable to resolve the issues, necessitating both this Motion and the motion Head Kandy seeks to file under seal.

**WHEREFORE**, Plaintiff Head Kandy, LLC, requests that that the Court enter an order:

(1) Permitting Head Kandy to immediately file under Seal a Motion for the Court to Consider Supplemental Evidence in Support of Expedited Motion for Preliminary Injunction;

(2) Requiring Ms. McNeill to file any response to that motion **under seal and not in**

**the public record** by Friday August 4, 2023, and,

(3)     Providing all other and further relief the Court deems appropriate or necessary in the circumstances.

Respectfully submitted,

/s/ Ethan J. Loeb
ETHAN J. LOEB
FL Bar #668338
ethanl@blhtlaw.com
loisf@blhtlaw.com
EDWARD C. THOMPSON
FL Bar #684929
colint@blhtlaw.com
heatherw@blhtlaw.com
ELLIOT P. HANEY
FL Bar #1018829
ellioth@blhtlaw.com
lynseyh@blhtlaw.com
**BARTLETT LOEB HINDS**
**& THOMPSON, PLLC**
100 N. Tampa Street, Suite 2050
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 3, 2023 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ *Ethan J. Loeb*
Attorney