UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-60345-RAR-JMS

HEAD KANDY, LLC, a Delaware limited liability company,

 Plaintiff,

v.

KAYLA MCNEILL,

 Defendant.

           /

### OPPOSITION TO PLAINTIFF'S EXPEDITED MOTION TO FILE MOTION AND SUPPLEMENTAL EVIDENCE UNDER SEAL

Defendant, Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, respectfully submits this opposition memorandum of law ("Response") in response to Plaintiff Head Kandy, LLC's Expedited Motion to File Motion and Supplemental Evidence Under Seal [ECF No. 109] (the "Motion").

### INTRODUCTION

As an initial matter, the Motion is unnecessary as there is no need for Court intervention on the underlying matter. Head Kandy raised a concern over a term that was used in a single social media post made by Ms. McNeill on her Facebook account. Head Kandy represented that it would not seek court intervention if it was resolved. Despite the fact that the undersigned was traveling back from the preliminary injunction hearing when the request was made, the identified term was still able to be removed approximately three hours after the request was made.[1] Thus,

---

[1] Ms. McNeill has omitted discussion of the term in this Response since it is at the core of the relief requested of the Court; however, Ms. McNeill maintains that her post was neither disparaging nor a violation of the restrictive covenants in the Employment Agreement, if they were enforceable.

Ms. McNeill has complied with another request from Head Kandy concerning her online posts.[2] And, similar to previous demands, her earnest effort to resolve a potential dispute is neither recognized nor countenanced by Head Kandy and, instead, it is met with further motions practice and exhaustion of judicial resources. Nonetheless, Ms. McNeill opposes the instant Motion because Head Kandy has failed to set forth good cause why the identified materials should be filed under seal.

## ARGUMENT

### I. The Proposed Documents, if Filed, Would be Judicial Records Subject to the Public Right of Access

"[P]roceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). Indeed, the Eleventh Circuit has "long recognized [that] when 'a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1365 (11th Cir. 2021) (quoting *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). "The common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Id*. at 1361 (quoting *Chi. Trib. Co. v. Bridgestone/Firestone, Inc*., 263 F.3d 1304, 1311 (11th Cir. 2001)). "The means used to achieve justice must have the support derived from public acceptance of both the process and its results." *Id*. (quoting *Richmond Newspapers, Inc. v. Virginia* , 448 U.S. 555, 571 (1980)). Nonetheless, "the right of access is . . . limited . . . to 'items which may properly be considered public or judicial records[.]'" *Id*. (quoting *Chi. Trib. Co.*, 263 F.3d at 1311). The limitation, however, is not applicable to the request *sub judice* because Head

---

[2] After Ms. McNeill edited the subject post, Head Kandy notified the undersigned that the original post on Facebook had been automatically reposted to Instagram. Immediately upon learning of this, Ms. McNeill edited the Instagram post. Both versions of the post were edited within eighteen hours of the initial request from Head Kandy; long before the Motion was filed.

Kandy's description of the relevant materials establishes that they would be judicial records if filed. Head Kandy represents in the Motion that it seeks to seal from public view "highly relevant supplemental evidence supporting Head Kandy's request for entry of a Preliminary Injunction." [Motion ¶ 2]. "[A]ny motion 'presented to the court to invoke its powers or affect its decisions' is subject to the public right of access." *Callahan*, 17 F.4th at 1362 (quoting *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). Moreover, all materials submitted in support of a motion determined to be a judicial record are similarly deemed to be judicial records. *Id*. Thus, Head Kandy's imminent motion for leave to submit supplemental evidence, as well as the documents in support thereof, are judicial records. Head Kandy is presenting them to the Court and asking that the Court invoke its powers to curtail Ms. McNeill's free speech rights. Moreover, the Court has already accepted uncontroverted evidence on the purportedly disparaging comment at the public hearing on the Preliminary Injunction Motion ("PI Motion" [ECF No. 47]) held on August 1, 2023 (the "PI Hearing").[3]   [ECF No. 107]. Consequently, the subject filings are presumptively public records.

## II.     Head Kandy has Failed to Demonstrate Good Cause for Concealing the Subject Filings from Public View

"[T]here is a very high burden to meet in order to convince a federal court to seal substantive evidence and keep it secret and private from public view." *Smith v. Target Corp.*, 21-80307-Civ-MATTHEWMAN, at *3 (S.D. Fla. Nov. 23, 2021). "Courts must evaluate whether good cause exists to prevent such access, balancing 'the asserted right of access against the other party's interest in keeping the information confidential.'" *Callahan*, 17 F.4th at

---

[3] Ms. McNeill notes that Head Kandy asserts that the accusations are not "relevant to the issues the Court is to decide on the Expedited PI Motion and were never raised by Ms. McNeill prior to her opening statement, as the Court had directed." [Motion ¶ 4].  However, Ms. McNeill did identify both her retaliatory demotion and termination "for cause" as two of the bases for Head Kandy's prior breach of the Employment Agreement in her Statement of Defenses within the parties' Stipulated Facts and Statement of Issues for August 1, 2023 Injunction Hearing the Proposed Issues.  [ECF No. 93 at 6, ¶¶ 4(3) and (4)].

3

1363 (quoting *Romero*, 480 F.3d at 1246). "Such good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." *Smith v. Target Corp.*, 21-80307-Civ-MATTHEWMAN, at *3 (internal quotations omitted). Although Head Kandy does not establish, through its Motion, that it will suffer a clearly defined and serious injury from the disclosure of the subject filings, it does identify three reasons why it is seeking to seal the filings.

*First*, Head Kandy seeks to deprive Ms. McNeill of her ability to publicly confront the allegations leveled against her because it asserts, without evidence, that Ms. McNeill will use the judicial proceeding for improper purposes. [Motion ¶ 3]. The Court has already had an opportunity to witness Ms. McNeill's conduct during the PI Hearing while she testified for several hours. All statements made by Ms. McNeill during her testimony concerning actions taken against her by Head Kandy went both unimpeached and uncontradicted by Head Kandy's testifying representative. Ms. McNeill has conducted herself in a decorous and respectful manner. Ms. McNeill's ability to freely defend allegations against her is not a proper basis for granting the Motion. *Second*, Head Kandy asserts that "[f]iling under seal is necessary" because public disclosure of the filings "would further harm Head Kandy's competitive standing." [*Id*. ¶ 7]. In doing so, Head Kandy seeks support from a note within the U.S. Supreme Court's opinion in *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978) that "courts have refused to permit their files to serve as . . . sources of business information that might harm a litigant's competitive standing." [Motion ¶ 7]. However, none of Head Kandy's business information was discussed in the subject posting. Consequently, harm to Head Kandy's competitive standing through disclosure of its business information is not possible. *Third*, Head Kandy asserts that "[f]iling under seal is also necessary as the motion identifies certain of Head Kandy's former customers."

4

[*Id.* ¶ 8]. However, many of Head Kandy's own filings in this case, in particular the PI Motion and exhibits thereto, are replete with the identities of Head Kandy's purported customers. *See* PI Motion at 3-4, 7-11. Although Head Kandy correctly points out that it has filed transaction histories of these customers under seal [Motion ¶ 8], it nonetheless identified these individuals in its public filings.

## CONCLUSION

For the reasons set forth herein, Ms. McNeill respectfully requests an order from this Honorable Court denying the Motion and granting her such further or additional relief which the Court deems just and proper.

**DATED** this 4th day of August, 2023.

          Respectfully Submitted,

          By: */s/ Laura Burgess*
          Laura E. Burgess, Esq.
          Florida Bar No. 0105073
          L.E. Burgess P.A.
          5966 S Dixie Highway, Suite 300
          Miami, FL 33143
          Tel.: 305.942.8044
          Alt. Tel.: 713.818.5055
          laura@leburgesslaw.com

          and

          By: */s/ Antonio L. Converse*
          Antonio L. Converse, Esq.
          Admitted *Pro Hac Vice*
          Converse Law Group, P.C.
          600 17th Street, Suite 2800 South
          Denver, CO 80202
          Tel: 303.228.9471
          anthony@converselawgroup.com

          COUNSEL FOR KAYLA MCNEILL

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

*/s/ Laura E. Burgess*