**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

HEAD KANDY LLC,

    Plaintiff,

vs.                                                    Case No. 0:23-cv-60345-RAR

KAYLA MARIE MCNEILL,

    Defendant.

_____/

**HEAD KANDY'S MEMORANDUM REGARDING**
**INAPPLICABILITY OF PRIOR MATERIAL BREACH DEFENSE**

Plaintiff, Head Kandy, LLC ("HK") through undersigned counsel and pursuant to the Court's Order dated August 1, 2023 [ECF No. 107], provides the following memorandum opposing application of the "prior material breach" defense asserted by Defendant, Kayla Marie McNeill.

**I.**     *Ms. McNeill waived her right to raise prior material breach as a defense.*

    a.     <u>Express Waiver by Contract.</u>

"An employer's breach of the contract is an equitable defense to the enforcement of a non-compete clause." *See Leighton v. First Universal Lending, LLC*, 925 So. 2d 462 (Fla. 4th DCA 2006); *see also, DTC Energy Group, Inc. v. Hirschfeld*, 912 F. 3d 1263, 1274 (10th Cir. 2018) ("The prior breach doctrine is an equitable argument.") Here, Ms. McNeill waived her right to assert this equitable defense in Section 5(g) of the Executive Employment Agreement by agreeing that she "will not challenge the enforceability of Section 5 [the Restrictive Covenants] or Section 6, ***nor will she raise any equitable defense to its enforcement***." [Joint Ex. 2[1]] (emphasis added).[2]

---

[1] References to the "Joint Ex." and "McNeill Ex." are to exhibits admitted into evidence during the August 1, 2023, evidentiary hearing.

[2] In the Executive Employment Agreement [Joint Ex. 2], Ms. McNeill also agreed that she "has carefully read and considered the provisions of Section 5 [the Restrictive Covenants] and Section 6" and "acknowledges and agrees that she has read and fully understands the contents and effect of this Agreement. [Ms. McNeill] accepts each and every term, condition and provision in this Agreement, and does so ***voluntarily and with full knowledge***." (emphasis added).

It is axiomatic that "[a] party may waive *any* rights to which he or she is legally entitled, by actions or conduct warranting an inference that a known right has been relinquished." *Band v. Libby*, 113 So. 3d 113, 115 (Fla. 2d DCA 2013) (citations omitted). This includes rights provided by contract, statute, or the Constitution. *See U.S. Dept. of Labor v. Preston*, 873 F.3d 877, 886-87 (11th Cir. 2017) ("Why wouldn't Section 1113(1)'s limitations be subject to express waiver? With respect to all manner of personal rights, the Supreme Court has long adhered to what is called a 'presumption of waivability.'") (internal citations omitted); *see also*, *Kilpatrick v. McLouth*, 392 So. 2d 985, 986 (Fla. 5th DCA 1981) ("Generally, one can waive any contractual, statutory or constitutional right.") s*ee also*, *Branch Banking and Trust Co. v. S&S Development, Inc.*, 2015 WL 12683834, at *8 (M.D. Fla. June 30, 2015) (finding plaintiff's assertion that defendant contractually waived prior material breach defense to enforcement of a contract "appears meritorious.").

There is no Florida public policy that renders Ms. McNeill's waiver of equitable defenses unenforceable or requires the Court to consider her prior material breach equitable defense despite her waiver of it.  Ms. McNeill has not pointed to any specific "public policy" that requires the Court to consider her equitable defense where she has unequivocally waived it.  On the other hand, however, "[p]ublic policy in Florida *favors* enforcement of reasonable covenants not to compete." *GFA Intl., Inc., v. Trillas*, 327 So. 3d 872, 878 (Fla. 3d DCA 2021) (emphasis added).

Ms. McNeill also cannot point to any Florida statute requiring the Court to consider her waived equitable defense.  Section 542.335(g)(3) of the Florida Statutes requires courts to consider "all other *pertinent* legal and equitable defenses."  Of course, a defense that has been "waived" is not "pertinent."  There is nothing in any provision of Florida law that provides the "presumption of waivability" does not apply to waivers of defenses to enforcement of restrictive covenants in employment agreements.  To the contrary, courts have found statutory rights provided by Florida's

Workers Compensation Law and the Employee Retirement Income Security Act (ERISA)—adopted and in place for the same public policy considerations as the employment protections in Florida Statute § 542.335—waivable by contract or conduct. *See e.g.*, *Preston*, 873 F.3d at 886-87 ("It would be passing strange—bizarre, in fact—to conclude that while a litigant can renounce his most basic freedoms under the United States Constitution, he is powerless to waive the protection of… [the] ERISA statute[.]"); *Miles v. City of Edgewater Police Dept.*, 190 So. 3d 171, 184 (Fla. 1st DCA 2016) ("Logically, then, if a person can waive constitutional rights, a person can also waive statutory rights such as those in [Florida's Workers Compensation Law].").

  b. <u>Waiver by Conduct.</u>

Even if Ms. McNeill had not contractually waived her prior material breach defense when she signed the Executive Employment Agreement, she subsequently waived her ability to rely on HK's alleged prior material breach by continuing her employment long after she was aware of the grounds which she contends constitute the prior breach. Indeed, a defendant "waive[s] its right to treat [plaintiff's] actions as having terminated the contract" by "continuing performance under the contract despite perceived material breaches." *Bancshares, Inc. v. U.S.*, 366 F.3d 1360, 1382 (Fed. Cir. 2004); *see also Muniz v. Crystal Lake Project, LLC,* 947 So. 2d 464, 470 (Fla. 3d DCA 2006) (finding defendant waived any prior non-compliance or breach by the plaintiff when defendant continued to perform under the contract even after the alleged non-compliance by the plaintiff-purchaser).

Here, Ms. McNeill testified she was entitled to a bonus dating back as far as 2020, was not paid the bonus, but continued her employment with HK through 2022 nonetheless, without objection. [Transcript of the August 1, 2023, Evidentiary Hearing ("Hrg. Tr."), 93:19-94:7; 98:4-11]. Moreover, under Section 3(b) of the Executive Employment Agreement, Ms. McNeill was obligated to provide HK 30-day written notice of any "facts and circumstances she contends

constitute *material breach*" thereof. [Joint Ex. 2]. Ms. McNeill admitted she has never provided HK such notice, and did not ever declare a termination of the Executive Employment Agreement when 30 days expired after she was not paid her alleged bonus. [Hrg. Tr., 92:23-96:5]. Finally, the evidence submitted establishes that in August of 2022, Ms. McNeill told HK's now Interim CEO, Jon Rosenbaum, not to pay her annual bonus until HK repaid Leon Falic a substantial loan he provided to HK. [McNeill. Ex. D]. Thus, Ms. McNeill waived her ability to claim HK committed a prior material breach of the Executive Employment Agreement by allegedly failing to pay her bonuses for 2020 and 2021.

## II. *Restrictive Covenants are independent of other obligations under the Agreement.*

Even if not waived by contract or conduct, the prior material breach defense is nonetheless inapplicable here. That is because here, the Executive Employment Agreement evidences an "intention expressed in the agreement" to make restrictive covenants independent of other obligations in the contract. *Richland Towers, Inc. v. Denton*, 139 So. 3d 318, 321-22 (Fla. 2d DCA 2014); *see also*, *Reliance Wholesale, Inc. v. Godfrey*, 51 So. 3d 561, 565 (Fla. 3d DCA 2010) (finding the subject contract evidenced an intention to make the restrictive covenants independent of other obligations where it included a provision that "the existence of any claim or cause of action of Employee against Reliance Medical Wholesale, Inc., whether predicated on this Agreement or otherwise, **shall not constitute a defense to the enforcement of this Agreement**.") (emphasis included). Here, like the contract in *Godfrey,* the Executive Employment Agreement provides that Ms. McNeill "will not challenge the enforceability of Section 5 and Section 6 nor will she raise any equitable defense to its enforcement." [Joint Ex. 2 ¶ 5(g)]. The Executive Employment Agreement also specifically provides that the Restrictive Covenants "are severable and separate" from the other provisions of the Agreement, and the non-enforcement of any one provision shall not impact the enforceability of the remaining terms. [*Id.* ¶¶ 5(e)]. Thus, the

parties' evidenced their intention for the Restrictive Covenants to be independent of any other obligations under the Executive Employment Agreement.

### III. HK's alleged failure to timely pay Ms. McNeill's bonus does not constitute material breach.

Finally, given the amount of the allegedly unpaid bonus (less than $85,000), any failure to pay it is not "material." *See Gittlin Companies, Inc. v. David and Dash, Inc.*, 390 So. 2d 86 (Fla. 3d DCA 1980) (company's sale of $597.08 of wallpaper to third party was not a "material" breach of exclusivity agreement valued at more than $100,000, and therefore was not a sufficient basis for company to repudiate entire agreement); *see also, Schneer v. Allstate Indem. Co.*, 767 So. 2d 485 (Fla. 3d DCA 2000) (Schwartz, dissenting in part) (finding dispute over $50,000 in an action for $173,000 "should not be considered a material or substantial breach *in light of all the amounts involved*") (emphasis added). The $84,554.39 annual bonus Ms. McNeill alleges HK failed to pay constitutes **less than 3%** of the total consideration paid to Ms. McNeill under the Asset Purchase Agreement. Ms. McNeill's request that HK repay the substantial loans of shareholders before paying her bonus further evidences that the bonus was not material to Ms. McNeill. [McNeill Ex. D].[3]

### IV. Conclusion

For any one of the reasons outlined *supra*, the Court should find Ms. McNeill's "prior material breach" defense inapplicable and otherwise irrelevant to her obligation to comply with

---

[3] Further evidencing the non-materiality of the allegedly unpaid bonus is the February 21, 2023 letter issued by Ms. McNeill's counsel to HK, in which Ms. McNeill's counsel contends to "address[] a number of topics of disagreement between Ms. McNeill and Head Kandy", there is no mention of HK's alleged failure to pay Ms. McNeill her annual bonus. [McNeill Ex. H]. Indeed, Ms. McNeill offered no evidence of her delivering to HK the contractually contemplated notice of material breach contained in the Executive Employment Agreement.

the Restrictive Covenants.

/s/ Ethan J. Loeb
ETHAN J. LOEB
FL Bar No. 668338
ethanl@blhtlaw.com
loisf@blhtlaw.com
EDWARD C. THOMPSON
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
ELLIOT P. HANEY
FL Bar No. 1018829
ellioth@blhtlaw.com
lynseyh@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
100 N. Tampa Street, Suite 2050
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 8, 2023 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send electronic notice of this filing to Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*; Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; and Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant*.

/s/ Ethan J. Loeb
Attorney