UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**HEAD KANDY, LLC,**

    **Plaintiff,**

vs.                                                                                              Case No. 0:23-cv-60345-RAR

**KAYLA MARIE MCNEILL,**

    **Defendant.**
_____/

### PLAINTIFF'S SUPPLEMENTAL BRIEF ON REASONABLE BOND

Plaintiff Head Kandy, LLC ("**Head Kandy**"), pursuant to the Court's Order (ECF 145), submits this supplemental briefing on the issue of a reasonable bond. Head Kandy contends that no bond is warranted under these circumstances, but if the Court elects to impose a bond, then a nominal amount no greater than $5,000.00 would be well within the Court's discretion on the current record. In support, Head Kandy states:

### Introduction

On the current record, and for the reasons set forth in detail below, the Court should enter the Preliminary Injunction without any bond at all, or at most a nominal bond of $5,000.00, as Head Kandy has proposed. First and foremost, although Defendant Kayla Marie McNeill ("**Ms. McNeill**") previously suggested a bond of $200,000.00, she has not carried and cannot carry her burden to establish a rational basis for that, or any other, amount. Indeed, as Judge Strauss and this Court have recognized, "the parties have not presented sufficient evidence from which the Court can determine a reasonable bond as of yet." R&R, ECF 133 at 40-42; *accord* Paperless Order, ECF 145. Ms. McNeill has not presented, and cannot now present, evidence sufficient to meet her burden to establish the proper amount of a bond. And, because Head Kandy has

demonstrated a high probability of success on the merits of its claim to hold Ms. McNeill to contractual terms to which she voluntarily agreed, no, or at most a nominal, injunction bond is warranted.

**Argument**

The purpose of an injunction bond is to "afford security only for those damages, if any, that might be proximately caused by the wrongful issuance of an injunction." *Aim Recycling Fla., LLC v. Metals USA, Inc.*, 2018 WL 6620490, at *5 (S.D. Fla. Sept. 17, 2018). "Generally, the amount of the bond in this type of case[] reflects the potential loss of salary reduced by the possibility of other employment opportunities in non-restricted areas and other mitigating factors."[1] *Pitney Bowes Inc. v. Acevedo*, 2008 WL 2940667, at *6 (S.D. Fla. July 28, 2008). "[I]t is well-established that the amount of security required by [Rule 65(c)] is a matter within the discretion of the trial court, and the court may elect to require no security at all." *BellSouth Telecomms., Inc. v. MCImetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005). As Judge Strauss informed in his R&R, "'[t]he burden is on the party seeking security to establish a rational basis for the amount of a proposed bond.'" R&R, ECF 133 at 40 (quoting *Cont'l Grp., Inc. v. KW Prop. Mgmt., LLC*, 2009 WL 3644475, at *6 (S.D. Fla. Oct. 30, 2009) (in turn quoting *Int'l Equity Invs., Inc. v. Opportunity Equity Partners, Ltd.*, 441 F. Supp. 2d 552, 566 (S.D.N.Y. 2006))). Ms. McNeill cannot satisfy that burden.

Here, as an initial matter, because "no evidence is presented that a party will suffer damages from the issuance of an injunction," "the bond requirement may be waived." *Tancogne v. Tomjai*

---

[1] While Ms. McNeill has not previously done so, the Court should reject any attempt by her now to support her requested bond amount by including attorneys' fees she may incur in further challenging the bond. Indeed, courts have routinely held that potential attorney's fees should not be included in determining the amount of a bond. *See, e.g.*, *Continental Cas. Co. v. Hardin*, 2017 WL 1157870, at *1 (M.D. Fla. Mar. 28, 2017) (collecting cases); *Continental Grp.*, 2009 WL 3644475, at *7; *Johnston v. Tampa Sports Auth.*, 2006 WL 2970431, at *1 (M.D. Fla. Oct. 16, 2006).

*Enters. Corp.*, 408 F. Supp. 2d 1237, 1252 (S.D. Fla. 2005); *accord Paris Banh Mi, LLC v. Paris Banh Mi & Tea Cafe, LLC*, 2021 WL 3022393, at *6 (M.D. Fla. Apr. 2, 2021) (imposing the nominal bond suggested by the plaintiff rather than the more substantial bond suggested by the defendants because "[n]either party has provided evidence supporting the amount of proposed bond"); *Thursday LLC v. Klhip Inc.*, 2017 WL 6947456, at *2 (M.D. Fla. Dec. 11, 2017) (requiring no bond when "there [was] no evidence that any of the Defendants are likely to suffer any economic harm from the issuance of this injunction"); *Planco Fin. Servs., LLC v. Guzzetta*, 2009 WL 10700931, at *2 (S.D. Fla. Apr. 2, 2009) (requiring no bond because "[d]efendant presented no evidence as to the appropriate amount for a bond nor a reasonable estimate of any damages he may incur").

Ms. McNeill did not object to Judge Strauss's finding "the parties have not presented sufficient evidence for calculating the amount of a proper bond." R&R, ECF 133 at 41. Nevertheless, contending that she did not believe the Court had "reopened" the record for additional evidence, Ms. McNeill objected and refused to respond to certain of Head Kandy's discovery requests served immediately after Judge Strauss issued his R&R. By that discovery, Head Kandy sought information and evidence that would go to determining the amount of the bond, including specifically information as to other income Ms. McNeill may be earning, or able to earn, in non-restricted employment, which Judge Strauss reasoned must be taken into account to determine "what Defendant would suffer from improperly being enjoined." R&R, ECF No. 133 at 41. Accordingly, after they were unable to agree to a reasonable bond amount, the parties agreed neither would present any additional evidence on the bond issue. Now, because no other evidence has been submitted, there cannot possibly be sufficient evidence in the record for Ms. McNeill to carry her burden to establish a basis for her proposed bond.

But even if, contrary to Judge Strauss's unobjected-to finding, there were some evidence in the existing record to support a contention that Ms. McNeill may suffer some amount of damages if the injunction is improperly entered, the Court also must take into account other record evidence of "income that Defendant may be earning, or able to earn, in non-restricted employment opportunities," as Judge Strauss also concluded. *See* R&R, ECF 133 at 41. Such evidence includes Ms. McNeill's own statements to her social media followers suggesting her current engagement in purportedly non-restricted services has made up for any loss she could possibility suffer from being enjoined from continuing to violate the Restrictive Covenants. *See* ECF 94-62 (beginning at approximately 30:00) ("I feel like I literally have the exact same company with new products and a new name, same volume, same customers like it's you all loved what you got from me. … It wasn't about the brand right? You followed me."). Accordingly, when Ms. McNeill's actual and potential non-restricted income opportunities are factored into the calculation, *see Acevedo*, 2008 WL 2940667, at *6, Ms. McNeill is not likely to actually suffer any damages from the entry of a preliminary injunction. *See also Int'l Markets Live, Inc. v. Huss*, 2020 WL 9219150, at *11 (S.D. Fla. Nov. 25, 2020) (recommending that no bond be imposed because "the imposition of a preliminary injunction will not preclude [the defendant] from continuing to earn a living … without violating [the plaintiff's] restrictive covenants"), *report and recommendation adopted*, 2021 WL 870535 (S.D. Fla. Mar. 9, 2021).

Moreover, on the current record, the Court would be well within its discretion to decline to require any bond at all. Indeed, courts have often required no security when the party seeking a preliminary injunction has demonstrated a high probability of success on the merits of its claim. *See, e.g.*, *TracFone Wireless, Inc. v. Washington*, 978 F. Supp. 2d 1225, 1235 (M.D. Fla. 2013); *Great Am. Ins. Co. v. Delphini Constr. Co.*, 2015 WL 13791707, at *6 (M.D. Fla. Sept. 28, 2015);

*Univ. Books & Videos, Inc. v. Metro. Dade Cnty.*, 33 F. Supp. 2d 1364, 1374 (S.D. Fla. 1999). Here, for the reasons discussed in Head Kandy's filings in support of a preliminary injunction [ECF 47, 72, 138], and as found by Judge Strauss in his R&R [ECF 133 at 14, 35, 37], Head Kandy is substantially likely to succeed on the merits of its claim for breach of the Restrictive Covenants, and that question is not particularly close given the voluminous evidence of breaches.

Finally, a bond is unnecessary when, as here, the preliminary injunction "merely require[es] Defendant[] to comply with [contractual] terms to which [she] agreed," *Delphini Constr. Co.*, 2015 WL 13791707, at *6, or, relatedly, when the defendant has "no legitimate interest" in continuing the conduct to be enjoined, *TracFone Wireless*, 978 F. Supp. 2d at 1235; *see also JTH Tax, LLC v. Gilbert*, 2022 WL 1619594, at *17 (M.D. Fla. May 12, 2022) (suggesting that defendants had no legitimate interest in continuing to engage in conduct in breach of their agreements and concluding that, because "any costs or damages likely sustained by [d]efendants result from their failure to abide by the provisions of the … [a]greements, [the plaintiff] should not be required to post any bond"), *report and recommendation adopted*, 2022 WL 3098407 (M.D. Fla. Aug. 4, 2022).  Here, the preliminary injunction Judge Strauss has recommended would simply require Ms. McNeill to comply with the terms of the Restrictive Covenants to which she voluntarily agreed for valuable consideration, and to cease conduct in which she has no legitimate interest in continuing to engage.

## Conclusion

For the above reasons, Head Kandy respectfully submits that no bond is warranted, and requests that if a bond is to be required, it be in a nominal amount no greater than $5,000.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 20, 2023, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fipalawgroup.com, Kathleen B. Moore, Esquire, kmoore@fipalawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ Ethan J. Loeb
ETHAN J. LOEB
FL Bar #668338
ethanl@blhtlaw.com
loisf@blhtlaw.com
EDWARD C. THOMPSON
FL Bar #684929
colint@blhtlaw.com
heatherw@blhtlaw.com
ELLIOT P. HANEY
FL Bar #1018829
ellioth@blhtlaw.com
lynseyh@blhtlaw.com
**BARTLETT LOEB HINDS
& THOMPSON, PLLC**
100 N. Tampa Street, Suite 2050
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*