UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-RUIZ/STRAUSS

HEAD KANDY, LLC,

    Plaintiff,

v.

KAYLA MCNEILL,

    Defendant.
_____/

## MEMORANDUM RE: PRELIMINARY INJUNCTION BOND

Defendant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, hereby submits her Memorandum on the issue of a reasonable bond pursuant to the Court's Order entered on October 16, 2023 [ECF No. 145], and states as follows:

## INTRODUCTION

Ms. McNeill has worked as a social media influencer her entire adult life. All of her passion and professional efforts have been focused on the haircare industry and her connection with her online followers. Over the past eight years, Ms. McNeill has achieved astounding commercial success. Due, almost exclusively, to Ms. McNeill's leadership and online presence, she led two companies from their foundation into multi-million dollar businesses. Ms. McNeill's professional career is a testament to what a determined hairdresser and mother of three can achieve through hard work and determination. However, the Report and Recommendation entered on September 12, 2023 (the "Report") recommends the imposition of a preliminary injunction against Ms. McNeill that would preclude her from continuing as a social media influencer and working in the haircare industry in the same manner she has for the entirety of her

professional career. [ECF No. 133 at 42-43]. Such an injunction will necessarily result in significant harm to Ms. McNeill's financial well-being and ability to work as a social media influencer in the future. Thus, a substantial bond is warranted. For the reasons set for below, if the Report and Recommendation is adopted, Ms. McNeill requests that the bond amount be set at $378,000 for every year that the preliminary injunction is imposed against her.

## **STANDARD**

"The court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." F.R.C.P. 56(c). "The burden is on the party seeking security to establish a rational basis for the amount of a proposed bond, and the amount of an injunction bond lies within the sound discretion of this Court." *Vas Aero Services, LLC v. Arroyo*, 860 F. Supp. 2d 1349, 1364 (S.D. Fla. 2012) (internal citations and quotations omitted).

Under Florida law, "[t]he purpose of an injunction bond is to provide sufficient funds to cover the adverse party's costs and damages if the injunction is wrongfully issued. . . . the court may consider factors other than anticipated costs and damages in setting a bond, including the adverse party's chances of overturning the temporary injunction." *Longshore Lakes Jt. Venture v. Mundy*, 616 So. 2d 1047 (Fla. 2d DCA 1993) (citing *Cushman Wakefield Inc. v. Cozart*, 561 So.2d 368, 370 (Fla. 2d DCA 1990); *Corp. Ins. Advisors v. Addeo*, 21-CV-61769-GAYLES/STRAUSS, at *28 (S.D. Fla. Dec. 8, 2021) (same); *Montville v. Mobile Med. Indus*, 855 So. 2d 212, 215 (Fla. 4th DCA 2003) (same). The adequacy of the bond is critical because "damages recoverable for wrongfully obtaining an injunction are limited to the amount of the injunction bond." *Longshore Lakes*, 616 So. 2d at 1047; *Montville*, 855 So. 2d at 215.

Moreover, "[d]amages include attorney's fees and court costs." *Id.* (citing *Town of Davie v. Sloan*, 566 So.2d 938 (Fla. 4th DCA 1990). Other mitigating factors may also include "reduced time constraints" and "the possibilities of employment opportunities in non-competitive areas." *Id.* at 216.

## ARGUMENT

A.  **Determination of a Reasonable Bond under Florida Law**

Given Ms. McNeill's established success within the haircare industry, the effect of the proposed preliminary injunction upon her will be profound. Ms. McNeill has worked as social media influencer since January 24, 2015. [ECF No. 93 ¶ 2]. After three years of operations, the assets of her prior business, Lashed Out, LLC, were sold for $2,880,000. [ECF No. 93 ¶ 8]. Nonetheless, it is difficult to ascertain the extent of the harm Ms. McNeill will suffer based upon the record the parties were able to establish at the evidentiary hearing held on August 1, 2023 (the "PI Hearing"). However, a rational basis for determining the minimum impact an injunction will have on Ms. McNeill is the value of her compensation package from Head Kandy based upon the duration of the injunction. Under the Employment Agreement, Ms. McNeill was entitled to receive a base annual salary of $200,000, an annual bonus, healthcare insurance, vacation pay and reimbursement of business expenses. [ECF No. 133 at 4; Tr. 103:23-104:4, 104:14-20; ECF No. 73-3 at 3]. The benchmark utilized by Head Kandy to establish the extent of its damages is its 2022 financial performance. Pursuant to Head Kandy's 2022 financials, Ms. McNeill is entitled to a bonus of $178,160.62 for calendar year 2022. *See* **Exhibit A**, attached hereto, for calculation of bonus utilizing Head Kandy's financial information filed under seal. Thus, a reasonable estimate for the harm to Ms. McNeill from the injunction over the course of one year is her base salary plus her 2022 bonus, approximately $378,000.

3

B.	**Other Mitigating Factors**

1.	**Ms. McNeill is Likely to Succeed in Overturning the Injunction**

Ms. McNeill maintains that the restrictive covenants are unenforceable due to multiple material breaches of the Employment Agreement by Head Kandy prior to any conduct identified in the Report as violating the restrictive covenants. During the PI Hearing, Ms. McNeill introduced substantial evidence concerning Head Kandy's prior breaches of the Employment Agreement. Principally, these breaches included Head Kandy's failure to pay Ms. McNeill all compensation she was entitled to [ECF No. 84, Defendant's Ex. A; Tr. 104:14-20, 124:12-125:10], sexual harassment endured by Ms. McNeill [Tr. 105:14-22, 106:15-107:21, 119:10-21, 141:24-142:14] and Head Kandy's retaliation against Ms. McNeill for reporting the sexual harassment [104:21-23]. This evidence went unrefuted by Head Kandy. Thus, Ms. McNeill is likely to prevail on her prior breach defense, preventing enforcement of the restrictive covenants. *Bradley v. Health Coalition, Inc.*, 687 So. 2d 329, 333 (Fla. 3d DCA 1997) (quoting *Seaboard Oil Co. v. Donovan*, 99 Fla. 1296, 1305 (1930) (citations omitted)); *Hearn v. Board of Public Education*, 191 F.3d 1329, 1335 (11th Cir. 1999) (same); *Popular Bank v. R.C. Asesores*, 797 So. 2d 614, 622 (Fla. 3d DCA 2001) (same). Consequently, Ms. McNeill would be entitled to engage in the activities identified in the restrictive covenants from the earliest date of those breaches. Given Ms. McNeill's potential "to ultimately prove [her] prior-breach defense with additional evidence, a bond is warranted here." *Corp. Ins. Advisors*, 21-CV-61769-GAYLES/STRAUSS, at *28; *Longshore Lakes Jt. Venture v. Mundy*, 616 So. 2d 1047 (Fla. 2d DCA 1993); *Montville v. Mobile Med. Indus*, 855 So. 2d 212, 215 (Fla. 4th DCA 2003).

### 2. Ms. McNeill has Not Received Other Opportunities in Non-Restricted Areas

The Report cites *Pitney Bowes Inc. v. Acevedo*, 08-21808-CIV, 2008 WL 2940667, at *6 (S.D. Fla. July 28, 2008) for the proposition that the bond should "reflect[] the potential loss of salary reduced by the possibility of other employment opportunities in non-restricted areas and other mitigating factors." [ECF No. 133 at 40]. *Pitney* cites *Montville*, *supra*, for this proposition; however, *Pitney* gives *Montville* short shrift. *Pitney Bowes*, 2008WL2940667 at *6. As noted in the Standard section, above, the *Montville* court identified numerous mitigating factors without specifying any as necessary or more important than the others. *Montville*, 855 So. 2d at 215-216. Moreover, the *Pitney* court ultimately did not consider the possibility of other employment opportunities in non-restricted areas because no evidence was presented as to the existence or income from such opportunities. *Pitney Bowes*, 2008WL2940667 at *6. Similarly, there is no evidence in the record before the Court as to current opportunities presented to Ms. McNeill for employment in non-restricted areas. Without evidence of such opportunities, the relevant value would be speculative, at best, and should not be considered by the Court when establishing a "proper bond." *Id*.

## CONCLUSION

WHEREFORE, Ms. McNeill respectfully requests that, should the Court grant the PI Motion and enter an injunction against Ms. McNeill, a bond be set at $378,000 pursuant to Fed. R. Civ. P. 65(c).

DATED this 20th day of October, 2023.

                Respectfully Submitted,

                By: */s/ Laura Burgess*
                Laura E. Burgess, Esq.
                Florida Bar No. 0105073
                L.E. Burgess P.A.
                5966 S Dixie Highway, Suite 300
                Miami, FL 33143
                Tel.: 305.942.8044
                Alt. Tel.: 713.818.5055
                laura@leburgesslaw.com

                and

                By: */s/ Antonio L. Converse*
                Antonio L. Converse, Esq.
                Admitted *Pro Hac Vice*
                Converse Law Group, P.C.
                600 17th Street, Suite 2800 South
                Denver, CO 80202
                Tel: 303.228.9471
                anthony@converselawgroup.com

                COUNSEL FOR KAYLA MCNEILL

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

                */s/ Laura E. Burgess*