

| | | |
|---|---|---|
| 100 North Tampa Street<br>Suite 2050<br>Tampa, FL 33602 | 819 SW Federal Hwy<br>Suite 300<br>Stuart, FL 34994 | **P:** 813-223-3888<br>**F:** 813-228-6422<br>**E:** EthanL@blhtlaw.com |

September 15, 2023

**VIA ELECTRONIC MAIL**

Antonio L. Converse, Esquire
anthony@converselawgroup.com
Converse Law Group, P.C.
600 17th Street
Denver, Colorado 80202

Laura E. Burgess, Esquire
laura@leburgesslaw.com
L.E. Burgess, P.A.
5966 S. Dixie Highway, Suite 300
Miami, Florida 33143

Re:   NOTICE OF, AND DEMAND TO REMOVE AND PRESERVE ALL VIDEOS, POSTS, AND COMMENTS ON SOCIAL MEDIA THAT ARE IN VIOLATION OF THE EMPLOYMENT AGREEMENT AND JUDGE STRAUSS'S SEPTEMBER 12, 2023, REPORT AND RECOMMENDATION

Dear Mr. Converse and Ms. Burgess:

As you are aware, we represent Head Kandy, LLC (**"Head Kandy"**) in connection with ongoing litigation and disputes between Head Kandy and Kayla McNeill. On September 12, 2023, Judge Jared M. Strauss issued a report and recommendation recommending granting Head Kandy's motion for a preliminary injunction (the **"Report and Recommendation"**). Per the Report and Recommendation, Ms. McNeill is to be enjoined and restrained from violating the Executive Employment Agreement effective May 3, 2018 (the **"Employment Agreement"**). Pursuant to the terms of the Employment Agreement, and consistent with terms of the Report and Recommendation, Head Kandy demands that **within three (3) days** Ms. McNeill and all her affiliated entities take down and remove from social media (but preserve) all videos, posts, and comments on Instagram, Facebook, and TikTok (**"Social Media"**) that contain statements, remarks, and comments that violate the Restrictive Covenants of the Employment Agreement and the terms of the Report and Recommendation.[1]

---

[1] Although Ms. McNeill should make sure the violating videos, posts, and comments are not viewable or accessible to any person, she must ensure to preserve them in native format for use as evidence in this case. Failing to preserve such evidence constitutes spoliation.

{00072652:1}

**EXHIBIT A**

Antonio L. Converse, Esquire
Laura E. Burgess, Esquire
September 15, 2023
Page 2

As you are aware, in his Report and Recommendation Judge Strauss found that to comply with the Restrictive Covenants of the Employment Agreement, Ms. McNeill is to be enjoined and restrained from directly or indirectly:

> (i) engaging in business related to the manufacture, sale and distribution of hair-related products; (ii) providing management, business planning, sales, marketing, financial planning, or other similar services she provided to Plaintiff during her employment therewith, including social media promotion and influencing services, to or for any person engaged in the manufacture, sale or distribution of hair related products; (iii) soliciting business related to the manufacture, sale and distribution of hair-related products from any person who is or was a client, customer, supplier, licensee, licensor or other business relation of Plaintiff; (iv) soliciting or encouraging any client, customer, supplier, licensee or licensor of Plaintiff to terminate or reduce such person's relationship with Plaintiff in any manner; and (v) making, publishing, or communicating to any person or in any public forum any defamatory, disparaging, or otherwise negative or degrading comments, remarks or statements concerning Plaintiff, or its affiliates, or their businesses or any of their respective employees, officers, existing and prospective clients, suppliers, investors, and other associated third parties.

(R. & R. 42–43, Sept. 12, 2023, ECF No. 133).

Further, to comply with the terms of the Employment Agreement and Report and Recommendation, Ms. McNeill and her affiliated entities must take down and remove from social media all videos, posts, and comments promoting and marketing haircare products and disparaging or degrading Head Kandy, Head Kandy employees, Head Kandy officers, Head Kandy investors, and other third parties associated with Head Kandy. As made clear in the Report and Recommendation, Ms. McNeill is violating the Restrictive Covenants of the Employment Agreement and the terms of the Report and Recommendation until she has taken down and removed from social media all haircare marketing videos, posts, and comments on Social Media where she provides "hair-related product reviews," "show[s] followers how to use" haircare products, "direct[s] those followers where to purchase the item[s]," "tell[s] them how much [the products] cost[]," and "encourage[s] other followers . . . to post links" to haircare products. (R. & R. 26–27). To come into compliance, Ms. McNeill and her affiliated entities must also take down and remove all disparaging videos, posts, and comments on social media where she states "Plaintiff kicked her out of her company and paid her 'nothing,' accused Plaintiff of stealing the company from her and engaging in a 'witch hunt' to push her out, stated that Plaintiff was 'capitalizing' off her children without her permission, called several of Plaintiff's employees 'liars,' and accused one of Plaintiff's employees of committing perjury." (R. & R. 31).

Antonio L. Converse, Esquire
Laura E. Burgess, Esquire
September 15, 2023
Page 3

      Please confirm in writing **within the next three days** that Ms. McNeill and all her affiliated entities have: (1) taken down and removed from all social media platforms all videos, posts, and comments she and her affiliated entities have posted that are in violation of the Employment Agreement and the terms of the Report and Recommendation; and (2) preserved, in native file format, all videos, posts, and comments taken down.  If Ms. McNeill fails to do so, or makes new posts or statements that violate the Employment Agreement and terms of the Report and Recommendation, we will have no choice but to bring to the Court's attention her refusal to comply and to seek additional relief.

      Please contact our office if you would like to further discuss this important issue.

      For the firm,

      **BARTLETT LOEB HINDS
THOMPSON & ANGELOS**

      By: /s/ *Ethan J. Loeb*
           Ethan J. Loeb