UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-RAR/JMS

HEAD KANDY, LLC,

    Plaintiff,

v.

KAYLA MARIE MCNEILL,

    Defendant.
_____/

## OPPOSITION BRIEF TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH THE COURT'S PRELIMINARY INJUNCTION AND FOR CONTEMPT SANCTIONS

Defendant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, respectfully submits this opposition memorandum of law (the "Response") in response to Plaintiff's Motion to Compel Defendant's Compliance with the Court's Preliminary Injunction and for Contempt Sanctions [ECF No. 162] (the "Contempt Motion").

### INTRODUCTION

Plaintiff Head Kandy, LLC ("Head Kandy") has orchestrated a Sophie's Choice for Ms. McNeill whereby she must choose between deleting potential evidence–risking sanctions for spoliation–and preserving videos and comments introduced at the August 1, 2023 Preliminary Injunction Hearing (the "PI Hearing") in a manner which Head Kandy asserts is violative of the Court's Order Adopting Report and Recommendation, Granting Plaintiff's Expedited Motion for Preliminary Injunction, and Setting Bond [ECF No. 152] (the "PI Order"). As established through correspondence between counsel for the Parties, some of which is attached to the Contempt Motion as Exhibit C, the Parties were in the middle of finding a resolution to the issue presented when Head Kandy filed its Contempt Motion.

On September 15, 2023, prior to entry of the PI Order, Head Kandy sent a Notice of, and Demand to Remove and Preserve All Videos, Posts, and Comments on Social Media that are in Violation of the Employment Agreement and Judge Strauss's September 12, 2023 Report and Recommendation (the "Demand Letter") [Exh. A to Contempt Motion, ECF No. 162-1]. After some brief discussions, the Parties tabled the discussions pending an order from the Court. On November 7, 2023, the day the Court entered the PI Order, but before Head Kandy remitted the Court-ordered bond, Head Kandy renewed its previous Notice and Demand; again, demanding that Ms. McNeill both preserve the identified posts and permanently delete them. Head Kandy then waited two additional weeks before posting the bond on November 21, 2023. A mere ten days later, on December 1, 2023, Head Kandy filed its Contempt Motion. In the interim, Ms. McNeill was able to "archive" all of the TikTok posts to ensure they were both preserved and inaccessible to the public. However, as explained to Head Kandy multiple times, it is not possible for Ms. McNeill to do the same for the Facebook posts. Facebook does not have an "archive" feature for "public figure" pages like Ms. McNeill's. *See* November 29, 2023 email from A. Converse, attached hereto as **Exhibit A**. Instead, the most restrictive setting available for Facebook live videos on such pages is "Top Fans." *See* November 28, 2023 email from A. Converse, attached hereto as **Exhibit B**. Thus, Ms. McNeill has reasonably and diligently attempted to comply with the PI Order.

## LEGAL STANDARD

"Injunctions are enforced through a court's civil contempt power in a contempt proceeding. If a party contends that another party is violating an injunction, the aggrieved party should file a motion in the case in which the injunction was issued for an order to show cause why the other party should not be held in civil contempt." *Oxebridge Quality Res. Int'l v. Smith*, No. 8:15-cv-

11-T-17TBM, 2016 U.S. Dist. LEXIS 201607, at *12 (M.D. Fla. July 28, 2016) (citing *Thomas v. Blue Cross & Blue Shield Ass'n*, 594 F.3d 823, 829 (11th Cir. 2010)).

"Due process requires that the court inform the alleged contemnor of the contemptuous conduct, and provide a hearing in which the alleged contemnor may explain why the court should not make a contempt finding." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (citing *Mercer v. Mitchell,* 908 F.2d 763, 767 (11th Cir. 1990)). "Although the district court has the authority to impose sanctions designed to ensure compliance, the sanctions cannot be any greater than necessary to ensure such compliance." *Id*. (citing *Mercer,* 908 F.2d at 768 n. 9).

"A finding of civil contempt must be supported by clear and convincing evidence establishing (1) that the allegedly violated order was valid and lawful, (2) the order was clear and unambiguous; and (3) the alleged violator had the ability to comply with the order." *Oxebridge Quality Res. Int'l*, 2016 U.S. Dist. LEXIS 201607 at *12 (citing *Riccard v. Prudential Ins. Co. of Am.*, 307 F.3d 1277, 1296 (11th Cir. 2002)). "Once this prima facie showing of a violation is made, the burden then shifts to the alleged contemnor to produce evidence explaining his noncompliance at a show cause hearing." *Id*. at *12 (citing *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998)). "The alleged contemnor may defend on grounds that he did not violate the court order or that he violated the court order but should be excused from complying because he was unable to comply." *Id*. at *12 (citing *Commodity Futures Trading Comm'n v. Wellington Precious Metals, Inc.*, 950 F.2d 1525, 1529 (11th Cir. 1992)).

"To succeed on an inability defense, 'the alleged contemnor must go beyond a mere assertion of inability and establish that he has made in good faith all reasonable efforts to meet the terms of the court order he is seeking to avoid.'" *Id*. at *12-13 (quoting *In re Lawrence*, 279 F.3d 1294, 1297 (11th Cir. 2002)). "If the alleged contemnor meets his burden of production on his

inability to comply, the burden then shifts back to the initiating party to show by clear and convincing evidence that the alleged contemnor was, in fact, able to comply with the court's order." *Id*. at *13 (citing *Wellington Precious Metals, Inc.*, 950 F.2d at 1529).

## ARGUMENT

**I.    NO VIDEOS WERE AVAILABLE TO THE PUBLIC AT THE TIME OF FILING THE CONTEMPT MOTION THAT COULD HAVE BEEN RESTRICTED**

As previously stated, Ms. McNeill has acted with reasonable diligence in complying with the PI Order. Ms. McNeill has set each of the videos identified by Head Kandy to the most restrictive viewing option available to her.

**II.    Information in Videos that was the Subject of Ms. McNeill's Subsequent Testimony Cannot Constitute a Continuing Violation**

Ms. McNeill acknowledges that the Court concluded that certain statements Ms. McNeill made in the subject videos about actions taken by Head Kandy, its owners or its employees constitute a breach of the restrictive covenants. However, at the PI Hearing, and necessarily prior to entry of the PI Order, Ms. McNeill reasserted such statements during her sworn testimony. Ms. McNeill also testified that such conduct by Head Kandy, its owners and its employees for the basis of both claims and defenses available to her in this action. Consequently, the subject videos pertain to critical matters in this proceeding and enjoy protection by the litigation privilege.

**III.    Request for Hearing**

To preserve her due process rights, Ms. McNeill requests a hearing before any contempt finding is made by the Court related to the Sanctions Motion. *See Citronelle-Mobile Gathering*, 943 F.2d at 1304. Ms. McNeill submits that a hearing is particularly necessary under the unique circumstances described in her Motion for Extension of Time [ECF No. 164] (the "Extension Motion"). As explained in the Extension Motion, Ms. McNeill's lead trial counsel, Mr. Antonio Converse, recently underwent spine surgery. As of the time of the filing of this Response, Mr.

4

Converse has not been cleared to return to work and is battling an infection resulting from the surgery. As a result, Mr. Converse was precluded from meaningfully participating in the preparation of this Response. At a hearing on the Contempt Motion, Ms. McNeill will be able to establish that she has acted with reasonable diligence to comply with the PI Order and, to the extent she has been unable to do so, she is excused from complying. *See Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998); *see also Citronelle-Mobile Gathering*, 943 F.2d at 1299.

## CONCLUSION

For the reasons set forth herein, Ms. McNeill respectfully requests an order from this Honorable Court denying the Contempt Motion and granting her such further and/or additional relief which the Court deems just and proper.

**DATED** this 22nd day of December, 2023.

Respectfully Submitted,

By: */s/ Laura E. Burgess*
Laura E. Burgess, Esq.
Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

AND

Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

COUNSEL FOR KAYLA MCNEILL

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

*/s/ Laura E. Burgess*