UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-BECERRA/STRAUSS

**HEAD KANDY, LLC,**

    Plaintiff,

v.

**KAYLA MARIE MCNEILL,**

    Defendant.

_____/

## ORDER TO SHOW CAUSE

**THIS MATTER** came before the Court upon Plaintiff's Expedited Motion to Enforce the Preliminary Injunction and for an Order to Show Cause ("Plaintiff's Motion") [DE 199] and Defendant's Motion for Extension of Time to File a Response to Plaintiff's Expedited Motion to Enforce the Preliminary Injunction ("Defendant's Motion"), [DE 206].  For the reasons discussed herein, the Defendant's Motion is **DENIED**.

Plaintiff filed its Motion on March 14, 2024.  Under the clear and unambiguous Local Rules of the Southern District of Florida, Defendant's response to Plaintiff's Motion was due on March 28, 2024, as discussed further below.  *See* S.D. Fla. L.R. 7.1(c)(1).  At 10:48 p.m. on March 28, Defendant filed her Motion.  [DE 206].  Defendant moves for an (unspecified) "brief" extension of time in an "abundance of caution and for good cause" because there is "uncertainty surrounding the deadline."  *Id.* at 2.  That uncertainty, Defendant contends, stems from the Court or CM/ECF not docketing a response deadline.  Defendant's argument is meritless, approaches bad faith, and must be denied for multiple reasons.

First, Defendant's claim of confusion regarding the response deadline is implausible.  The Local Rules of the Southern District of Florida clearly and unambiguously dictate when a response

to a motion is due. *See* S.D. Fla. L.R. 7.1(c)(1) ("For **all motions**, except motions served with the summons and complaint, each party opposing a motion shall file and serve an opposing memorandum of law no later than **fourteen (14) days after service of the motion**. Failure to do so may be deemed sufficient cause for granting the motion by default.") (emphasis added). This background rule clearly governs absent an order of the Court to the contrary. Even if CM/ECF has previously at times automatically indicated a response date,[1] the fact that it did not automatically indicate a response date does not relieve a party of its obligation to respond. Moreover, it is hardly reasonable to assume that CM/ECF's failure to automatically generate a response deadline somehow indicates that the background rule established by the Local Rules does not apply in absence of a specific order from the Court.

      Nor does the absence of a specific order setting a briefing schedule somehow suggest that Defendant had *longer* to respond than the Local Rule contemplates. The Court may shorten the time requirement "upon written motion and good cause shown" if a party requests an emergency or expedited motion. S.D. Fla. L.R. 7.1(d). Here, although Plaintiff styled its motion as an expedited request, the Court, in its discretion, declined to deviate from the standard time requirements and expedite a response. However, it is unreasonable for counsel to assume that the absence of a specific order meant that the Court would deviate from the presumed schedule established by the Local Rules. Additionally, Defendant at the very least suspected a response was necessary considering she filed her Motion with two hours remaining on the day her response was due under the Local Rule.

---

[1] Notably, even when CM/ECF has auto-populated the response deadline on the docket, the deadline has always been two weeks after the movant filed its motion, in accordance with the Local Rules. *See* [DE 194, 173, 162, 123].

2

Second, in contravention of Local Rule 7.1(a)(3), Defendant did not confer with Plaintiff about the relief sought in Defendant's Motion. Defendant states that she did not confer with Plaintiff because "it is unclear whether there is a deadline for [a] specific response." [DE 206] at 3. Even if the deadline was unclear (which it was not), that reasoning does not absolve Defendant of its requirement to confer with Plaintiff about the relief sought. *See* S.D. Fla. L.R. 7.1(a)(3) ("Prior to filing any motion in a civil case . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion."). Besides the purported confusion, Defendant does not explain why she did not reach out to Plaintiff about whether Plaintiff opposed Defendant's Motion. In fact, conferral probably would have alleviated any confusion about a response deadline.

Accordingly, Defendant has not shown good cause for an extension of time as Defendant should have had no confusion as to whether a response was necessary and when the response was due. By failing to even attempt to clear up any alleged confusion until 10:48 p.m. on the date the response was due, Defendant has effectively left the Court with little choice but to either grant Plaintiff's Motion by default or (for practical purposes) provide Defendant with the extension she does not merit. Nevertheless, although "[a] motion for extension of time is not self-executing," *Compere v. Nusret Miami, LLC*, No. 19-cv-20277, 2020 WL 2844888, at *2 (S.D. Fla. May 7, 2020), granting Plaintiff's Motion without the benefit of Defendant's response would be unjust.

Therefore, it is **ORDERED and ADJUDGED** that:

1. Defendant's Motion is **DENIED**.

3

   a. By **April 1, 2024**,[2] Defendant shall file a response to Plaintiff's Motion and show cause as to why the Court should not hold her in contempt for the alleged violation of the Preliminary Injunction described therein. Failure to do so may result in the Court granting Plaintiff's Motion by default.

   b. Plaintiff may file a reply within one week of Defendant filing her response.

2. An in-person show cause hearing, pertaining to Plaintiff's Expedited Motion to Enforce the Preliminary Injunction, is set for **9:30 AM on April 12, 2024**, at the United States Courthouse, 299 E. Broward Boulevard, Fort Lauderdale, Florida 33301.[3] The parties shall be prepared to present evidence on any disputed factual issues regarding the alleged violation of the preliminary injunction, in addition to presenting argument on the merits of Plaintiff's Motion. Furthermore, the parties must confer on what factual issues regarding the alleged violation are in dispute and should strive to reach any stipulations they can on undisputed facts. By **April 10, 2024,** the parties shall file lists of any witnesses and exhibits (if any) they intend to present at the April 12 hearing.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 29th day of March 2024.



Jared M. Strauss
United States Magistrate Judge

---

[2] The Court is cognizant that this deadline requires Defendant's response the day after a religious holiday weekend and that Defendant's lead counsel must travel to appear at the discovery hearing scheduled for April 2. The Court is quite reluctant to interfere with religious observances or family holidays. However, under the circumstances described above, and given that Defendant's Motion seeks a "brief" extension without any further description of what time is required, the Court finds that a deadline of April 1 is appropriate.

[3] The Court will provide the specific courtroom at a later date.