UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-BECERRA/STRAUSS

**HEAD KANDY, LLC,**

    Plaintiff,

v.

**KAYLA MARIE MCNEILL,**

    Defendant.

_____/

## ORDER ON EMERGENCY MOTION

**THIS MATTER** comes before the Court upon Defendant's Emergency Motion to Reset Evidentiary Hearing on Plaintiff's Expedited Motion to Enforce the Preliminary Injunction and for an Order to Show Cause ("Motion"). [DE 216]. Defendant seeks to reset the evidentiary hearing scheduled for April 12, 2024, in order for the Court to first rule on Defendant's recently filed Motion to Partially Vacate Preliminary Injunction and Partial Motion to Dismiss ("Motion to Vacate"). For the following reasons, the Motion is **DENIED**.

First, the Motion is not a true emergency. As several judges in this District have stated:

> Bona fide emergencies involve the health and safety of individuals, the impending departure of a witness with no plans to return to the jurisdiction, the imminent destruction of a building or other property, the imminent deportation of an individual to another country, the need to give critical medical treatment to a patient in a hospital, the threatened loss of civil rights, the immediate, threatened loss of an entire business, or when someone is at risk of being denied an essential service.

*Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-CV-24277, 2016 WL 7469993, at *3 (S.D. Fla. Apr. 13, 2016); *see also Spimerica Access Sols., LLC v. Palazzani Industrie, S.P.A.*, No. 23-23222-CIV, 2023 WL 5748160, at *1 (S.D. Fla. Sept. 6, 2023) (same). The Court's Local Rules caution that "unless a motion will become moot if not ruled on within seven (7) days, the

motion should not be filed as an emergency motion." S.D. Fla. L.R. 7.1(d)(1).[1] Yet, the fact that the sought relief will become moot within seven days does not itself render a situation an "emergency," particularly where filing an "emergency" motion requires the filer to certify that, without an immediate ruling, "the Court would not be able to provide meaningful relief to a <u>*critical, non-routine issue*</u> after the expiration of seven days." *See id.* (emphasis added).

While Defendant's Motion will technically become moot if not ruled on within seven days, the rationale Defendant puts forth in support of resetting the evidentiary hearing does not warrant the emergency designation. Defendant did not file the Motion due to a sudden health emergency afflicting her or her counsel which would prevent them from attending the hearing. Nor did Defendant file her Motion because of a threatened loss of her civil rights, the immediate, threatened loss of her entire business, or the threat of her being denied an essential service.

Instead, Defendant filed her Motion because she sought to have the Court first rule on her Motion to Vacate that she filed yesterday, April 8, 2024, a mere four days before the scheduled evidentiary hearing.[2] Even if the timing of the Motion was not an issue, conducting a hearing on

---

[1] As an aside, Defendant's Motion does not propose a "date by which a ruling is necessary" as required by the Local Rule. S.D. Fla. L.R. 7.1(d)(1). Presumably, Defendant requires a ruling before April 12, 2024, and perhaps before she or her counsel travels from Colorado ahead of the hearing. Defendant's failure to include a date by which a ruling is necessary leaves the Court in the unfortunate situation of guessing when Defendant needs this order. Erring on the side of caution, the Court expended valuable judicial resources and put aside all other pending tasks to resolve the "emergency" promptly. The Court reminds the parties that under Southern District of Florida Local Rule 7.1(d)(1), "[t]he unwarranted designation of a motion as an emergency motion may result in sanctions." S.D. Fla. L.R. 7.1(d)(1). Although the Court will not order sanctions for this violation, any future violation of Local Rule 7.1(d) **will** result in sanctions.

[2] The timing of the Motion is especially curious considering Defendant filed her response to Plaintiff's Expedited Motion to Enforce the Preliminary Injunction and for an Order to Show Cause on April 1, 2024, and indicated that Defendant would file her Motion to Vacate that week. [DE 209] at 1. The Court set the evidentiary hearing for April 12, 2024, on March 28, 2024. [DE 207]. Defendant's decision to file her Motion to Vacate four days before the evidentiary hearing, and a week after Defendant stated she would, was her choice. Defendant's own dilatory conduct

Plaintiff's Expedited Motion to Enforce the Preliminary Injunction and for an Order to Show Cause prior to ruling on Defendant's Motion to Vacate will not prejudice Defendant. Defendant has had an opportunity to raise her argument regarding the enforceability of the portion of the preliminary injunction at issue both in her response to Plaintiff's motion to enforce and in her now-filed Motion to Vacate. The Court has the benefit of Plaintiff's reply on the motion to enforce, which addresses some of Defendant's arguments attacking the preliminary injunction and will have the opportunity to ask questions of the parties at the scheduled hearing.[3] Thus, holding the hearing does not prejudice Defendant's ability to raise her arguments or have the Court consider them. Moreover, the evidentiary hearing will either result in a Report and Recommendation recommending that Defendant be held in contempt or a recommendation that she not be held in contempt. Should the Court recommend Defendant be held in contempt, the District Judge will have an opportunity to consider that recommendation while also evaluating Defendant's Motion to Vacate. Thus, there is no risk of Defendant suffering sanctions without having her arguments considered. Therefore, the only "prejudice" Defendant will apparently suffer if the Court proceeds with the evidentiary hearing as scheduled is that she will need to expend the resources to present *all* of her proffered defenses to Plaintiff's motion to enforce at once rather than getting the hoped-for benefit of preempting that hearing through a ruling on one of her defenses (that was notably raised well-after the motion to enforce was filed).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **DENIED,** and the evidentiary hearing scheduled for April 12, 2024, will proceed as scheduled.

---

cannot constitute an emergency. *See* S.D. Fla. L.R. 7.1(d)(1) ("Motions are not considered emergencies if the urgency arises because of the attorney's or party's own dilatory conduct.").

[3] To be clear, Plaintiff will have a full opportunity to file a separate response to Defendant's Motion to Vacate.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 9th day of April 2024.

Jared M. Strauss
United States Magistrate Judge