UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff,

vs.                                                      Case No. 0:23-cv-60345-JB

KAYLA MARIE MCNEILL,

    Defendant.
_____/

## PLAINTIFF'S NOTICE OF ATTEMPTED CONFERRAL REGARDING DISCOVERY DISPUTE

Plaintiff, Head Kandy LLC ("**Head Kandy**") responds to Defendant's Notice of Discovery Dispute prematurely filed at 12:58 a.m. on April 23, 2024 (the "**Notice,**" ECF No. 239), and provides its availability for a Discovery Dispute Hearing as follows:

**Contrary to Ms. McNeill's Assertions, Head Kandy Repeatedly Attempted to Confer With Ms. McNeill's Counsel**

In the Notice, under the section of the Notice "Availability of Counsel for a Hearing During the Two Weeks Following its Notice," Ms. McNeill misleading claims "[c]ounsel for Head Kandy did not confer." [ECF 239 p. 2]. Ms. McNeill goes on, under the heading "Conferral on Identified Issues," to claim that her counsel "attempted multiple times" to confer, but **fails to inform the Court Head Kandy's counsel responded, multiple times, to her counsel's requests to confer and her counsel chose not to actually confer.** Moreover, Ms. McNeill's counsel **never** requested or attempted to obtain Head Kandy's counsel's availability for a hearing during the next two weeks.

Ms. McNeill claims in her Notice that "beginning on April 15, 2024," her counsel "attempted multiple times . . . to schedule a meeting with Plaintiff's counsel to discuss" issues she raised in her Notice. What Ms. McNeill does not inform the Court is that her attempts were in

response to a request *by Head Kandy* to jointly move the Court to modify certain deadlines due to the continued pendency of Ms. McNeill's Motion to Stay, or in the Alternative, to Amend Scheduling Order (the "**Motion to Stay**") [ECF 194], and the status of her *proposed* (but still unfiled) Answer, Counterclaims, Third-Party Complaint and Jury Demand (the "**Proposed Answer and Counterclaims**") [ECF 195-1], which Ms. McNeill requested in her Motion to Stay be deemed filed as alternative relief if the Court declines to grant a stay. [ECF 194 at 4]. In response to Head Kandy's counsel's request, Ms. McNeill's counsel first raised the argument she makes in her Notice regarding expert disclosures.

On April 17, 2024, by email at 3:58 p.m. Ms. McNeill's counsel requested Head Kandy's counsel "provide available times tomorrow for a conference to discuss" those issues. Approximately one hour later, at 5:04 p.m., Head Kandy's counsel advised "we can be available on Friday as we are in depositions tomorrow." In response, Ms. McNeill's counsel provided additional argument regarding Ms. McNeill's position, but did propose any times on Friday, or any other day, for a conference nor did he attempt to contact Head Kandy's counsel on Friday when Head Kandy's counsel advised they were available for a conference. Instead, at 1:08 a.m. on Saturday, April 20, 2024, Ms. McNeill's counsel sent a letter to Head Kandy's counsel improperly claiming "[a]lthough you responded to my request to confer stating that you were unavailable yesterday, you did not provide availability for today" (presumably meaning Friday, which Head Kandy's counsel certainly had) and further advising he was "available Monday, April 22, 2024 at 9:00 am and 1:100 pm MDT." At 8:18 a.m. on Monday, April 23, 2024, prior to beginning a deposition in another matter, Head Kandy's counsel responded via e-mail to Ms. McNeill's 1:08 a.m. Saturday correspondence reminding Ms. McNeill's counsel Head Kandy had provided all-day availability for Friday to discuss, but never received from Ms. McNeill's counsel

confirmation, any proposed time, nor a call at any time on Friday. In their Monday morning correspondence, Head Kandy's counsel further advised "we are available to confer with you on [the issues raised], and any other outstanding issues, after any of the depositions this week" (which are scheduled in this case on Tuesday, Wednesday, and Friday) and to "[p]lease let us know what works for you." Ms. McNeill's counsel did not respond. Instead, Ms. McNeill's counsel filed at 12:58 a.m. on April 23, 2024, its Notice in which they falsely claim Head Kandy refused to confer or provide its counsels' availability for a discovery hearing (which they never requested).

**Head Kandy's Position on the Substantive Issues**

As Head Kandy's counsel conveyed to Ms. McNeill's counsel, Head Kandy's position on the issue of expert disclosures, including rebuttal expert disclosures, is set out in Head Kandy's Motion to Modify Scheduling Order and Extend Deadline to Provide Rebuttal Expert Summaries or Opinions and for Case Management Conference filed April 17, 2024. [ECF 234]. Specifically regarding Ms. McNeill's contention that Head Kandy's disclosures were not in the form of an expert report, Head Kandy explained:

> Federal Rule of Civil Procedure 26(A)(2)(b) provides that expert reports are required "unless otherwise stipulated or ordered by the court." The Court's Scheduling Order provided the parties with the option of disclosing expert opinions through "summaries or reports." Given the Court's order, Head Kandy complied by disclosing the names and opinions of their experts consistent with Rule 26(A)(2)(C). However, and as stated above, this dispute that (sic) is yet-to-be resolved by the parties and not yet before the Court. It should not operate as a bar to preclude the extension of time for the parties to provide rebuttal opinions.

[ECF 234 fn. 3]

**Availability of Head Kandy's Counsel for a Hearing During the Two Weeks Following Ms. McNeill's Notice.**

Had Ms. McNeill's counsel requested Head Kandy's counsel's availability, Head Kandy would have advised they are available on May 1, and 2.[1]

/s/ *Ethan J. Loeb*
ETHAN J. LOEB
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
EDWARD C. THOMPSON
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
JALEN A. LARUBBIO
FL Bar No. 1039258
JalenL@blhtlaw.com
eservice@blhtlaw.com
ELLIOT P. HANEY
FL Bar No. 1018829
ellioth@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
100 N. Tampa Street, Suite 2050
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422
***Counsel for Plaintiff Head Kandy LLC***

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 23, 2024 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado

---

[1] Ms. McNeill's counsel states they are also available on May 1, 2024. Curiously, Ms. McNeill's counsel advised the Court they are available on April 26, 2024, which is the date of the Zoom deposition of Dustin McNeill in this action. As Head Kandy's counsel, and presumably Ms. McNeill's counsel, will be conducting the deposition of Mr. McNeill on April 26, 2024, via Zoom, if the Court desires to conduct via Zoom a time-limited discovery hearing on April 26, 2024, the parties could pause Mr. McNeill's deposition to accommodate such a hearing.

{00081062:1}  4

80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jat@davisandceriani.com, Davis & Ceriani, P.C., 1600 Stout Street, Ste. 1710, Denver, CO 80202 *(pro hac vice admission pending), co-counsel for Defendant;.* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ *Ethan J. Loeb*
ETHAN J. LOEB
FL Bar No. 668338