UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff,

vs.                                            Case No. 0:23-cv-60345-JB

KAYLA MARIE MCNEILL,

    Defendant.
_____/

## PLAINTIFF'S NOTICE OF DISCOVERY DISPUTES

Plaintiff, Head Kandy LLC ("**Head Kandy**"), through undersigned counsel and pursuant to the Court's Discovery Procedures Order [ECF No. 24] provides notice of the discovery disputes described below and requests a hearing before the Court.

**Brief Description of the nature of the disputes:**

- <u>Scheduling of Depositions</u>. Counsel for Ms. McNeill refuses to participate in further depositions (including the deposition of Dustin McNeill that was set for today and the deposition of Ms. McNeill that is set for Monday, May 6, 2024) based on accusations that Head Kandy "unilaterally set" each of the currently scheduled depositions and "precluded" Ms. McNeill from setting any of her own. However, specifically with respect to setting the depositions of the McNeills, Head Kandy first attempted to coordinate with counsel for Ms. McNeill on February 13 and 15, 2024, soon after renewed efforts at mediation reached an impasse, but received no response. Head Kandy followed up again in early April. Counsel for Ms. McNeill then responded to those communications on April 9, 2024, with his own list of twenty-eight (28) desired depositions (including, among other potential deponents, the wife and daughter of managing member, Mr. Jerome Falic) and dates of availability. That same day, counsel for Head Kandy responded by asking for further

explanation, requesting that counsel for Ms. McNeill narrow down the list of putative deponents to comply with the Federal Rules of Civil Procedure, and indicating that it would work with counsel for Ms. McNeill to accommodate and was amenable to a modest increase in the number of depositions per side. Ms. McNeill's counsel did not respond to that communication, and Head Kandy set its depositions, including of the McNeills, on dates counsel for Ms. McNeill had indicated his availability. To date, Ms. McNeill's counsel has not narrowed its list of depositions she wishes to take and has requested Head Kandy agree to depositions beyond the current discovery deadline. During conferral on these issues, Head Kandy's counsel advised, as they had before, they would consider a reasonable proposal for an increase in the number of depositions per side and to take some depositions beyond the discovery cut off, but to consider such action would need to know how many total depositions Ms. McNeill truly sought to take. Ms. McNeill's counsel could not commit to any fewer than the 28 depositions he previously indicated she sought to take.

- o <u>Deposition of Dustin McNeill</u>. Specifically with respect to the deposition of Dustin McNeill, which was set to occur at 11:00 A.M. on the date of this filing, Head Kandy twice sent counsel for Ms. McNeill the subpoena duces tecum for Dustin McNeill and asked whether he would accept service. Head Kandy received no response, and accordingly, sent the subpoena to a process server for service. The process server made contact with Mr. McNeill via telephone, but was unable to serve him until yesterday. This morning, at 2:11 A.M., counsel for Ms. McNeill notified Head Kandy that he represents Mr. McNeill[1] and stated that Mr. McNeill

---

[1] In her Rule 26 Initial Disclosures, Ms. McNeill indicated that her husband is represented by "counsel for Plaintiff," which Head Kandy assumes was a scrivener's error, and should have indicated that Mr. McNeill is represented by the same attorneys as those who represent Ms. McNeill. In any event, however, Ms. McNeill's Initial Disclosures refer to Mr. McNeill as being represented by counsel.

would not be appearing for his deposition based on "insufficient conferral, scheduling and service." Thus, Head Kandy was unable to conduct the scheduled deposition of Dustin McNeill, and remains unable to do so.

- <u>Completion of Open Depositions</u>.  Head Kandy took the depositions of Kaylin Culp and Jennifer Shea on April 23 and 24, 2024, respectively.  Counsel for Ms. McNeill never objected to the scheduling of those depositions (in fact, counsel never responded to any emails, which date as far back as February 15, 2024, attempting to set those two depositions).  During those depositions, each deponent disclosed for the first time that they had a "hard out" time by which their depositions had to conclude.  Head Kandy proceeded with its direct examination, but counsel for Ms. McNeill did not complete his cross-examinations before the "hard out" times.  Head Kandy reached out to counsel for Ms. McNeill to schedule times to complete these depositions before the close of discovery.  During the parties conferral on these discovery disputes, Ms. McNeill's counsel stated he would provide dates the parties could continue the depositions so they could be closed.  However, counsel for Ms. McNeill insists that Head Kandy "bear the cost of concluding the depositions."  Head Kandy does not agree it should be required to bear any of Ms. McNeill's costs, whatever they may be, for her counsel to continue his cross-examination of the witnesses so the depositions may be closed.

- <u>Presence of Others at Depositions</u>.  During the remote deposition of Jennifer Shea, an employee of Head Kandy, Mr. Ryan Thompson, who is expected to be a witness in this case, who was present during events about which Ms. Shea testified, and about whom Ms. Shea provided testimony, logged on to the Zoom meeting and observed the deposition.  He did not speak, nor did he appear on video.  Counsel for Ms. McNeill, objected, suspended

the deposition, and called the court for a ruling. After being told that such calls would not be entertained by the Court, the parties continued on with Ms. Shea's deposition. During the parties' conferral on these discovery issues, counsel for Head Kandy advised Counsel for Ms. McNeill it may have three particular individuals, including Mr. Thompson, Mr. Rosenbaum, and/or Jerome Falic, observe future depositions. Counsel for Ms. McNeill objects to the presence of mor than one corporate representative at depositions, even though Federal Rule of Civil Procedure 30(c)(1) provides that the Rule of Sequestration does not apply to depositions.

- <u>Downloading and Production of Communications from Ms. McNeill's Phone</u>. The Court previously ordered Ms. McNeill to submit to a forensic download of her phone. [ECF 212]. That order contemplated that "Defendant shall produce [particular communications] within two weeks after receiving the forensic examination report from Sylint." [*Id.* at ¶ 1.e]. However, as of this filing, counsel for Ms. McNeill has not yet provided to Sylint the information necessary for Sylint to send to counsel for Ms. McNeill the necessary messages to review. During the parties' conferral on these discovery issues, counsel for Ms. McNeill agreed to reach out to Sylint today and to timely provide to Sylint the necessary information. Accordingly, Head Kandy expects that this dispute will likely be resolved prior to a hearing on this Notice, and that counsel for Ms. McNeill will then timely provide the missing messages to Head Kandy pursuant to the Court's Order. Head Kandy identifies this issue now only to permit discussion, and judicial resolution, if it such resolution is necessary as of the date of the discovery dispute conference.

**Discovery Deadline:**

May 10, 2024

**Availability of Counsel for a hearing during the next two weeks:**

The parties are set to appear before Magistrate Judge Strauss at 11:00 A.M. on May 1, 2024, for an already-scheduled Zoom hearing on Ms. McNeill's Notice of Discovery Dispute [ECF 239]. However, shortly prior to the filing of this Notice, Judge Becerra scheduled an in-person status conference in Miami for 2:00 P.M. that same day. [*See* ECF 244]. Accordingly, to appear before Judge Bacerra by 2:00 P.M., the parties will need to conclude the Zoom conference (which they could conduct while in Miami), by 12:45 P.M. to provide time to arrive in time for the Status in-person Status Conference before Judge Bacerra. If the Court prefers and has availability, Head Kandy's counsel is available to start the Zoom conference earlier than 11:00 A.M. on May 1, 2024. Alternatively, the parties are also available on May 6, 2024, for the Discovery Conference.[2]

**Conferral:**

The undersigned hereby certifies that counsel for the parties conferred with respect to each of the issues identified herein via telephone conference on April 26, 2024, and were unable to reach a resolution. The parties, at that time, further conferred as to the dates of availability provided above.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2024 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jat@davisandceriani.com, Davis &

---

[2] Head Kandy has noticed the deposition of Ms. McNeill for May 6, 2024. However, during the parties' conferral, counsel for Ms. McNeill advised she would not appear for deposition on May 6, 2024, unless and until the parties came to global resolution of their disputes regarding depositions, as identified herein.

Ceriani, P.C., 1600 Stout Street, Ste. 1710, Denver, CO 80202 *(pro hac vice admission pending)*, *co-counsel for Defendant;.* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

> */s/ Ethan J. Loeb*
> ETHAN J. LOEB
> FL Bar No. 668338
> ethanl@blhtlaw.com
> KerriR@blhtlaw.com
> eservice@blhtlaw.com
> EDWARD C. THOMPSON
> FL Bar No. 684929
> colint@blhtlaw.com
> heatherw@blhtlaw.com
> JALEN A. LARUBBIO
> FL Bar No. 1039258
> JalenL@blhtlaw.com
> UniqueA@blhtlaw.com
> ELLIOT P. HANEY
> FL Bar No. 1018829
> ellioth@blhtlaw.com
> susanm@blhtlaw.com
> **BARTLETT LOEB HINDS THOMPSON & ANGELOS**
> 100 N. Tampa Street, Suite 2050
> Tampa, FL 33602
> Telephone: 813-223-3888
> Facsimile: 813-228-6422
>
> *Counsel for Plaintiff Head Kandy LLC*