UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-BECERRA/STRAUSS

**HEAD KANDY, LLC,**

 Plaintiff,

v.

**KAYLA MARIE MCNEILL,**

 Defendant.
_____/

## **DISCOVERY ORDER**

**THIS MATTER** came before the Court for a hearing on May 1, 2024, upon the parties' several *ore tenus* motions to compel and other discovery-related relief. First, Defendant made an *Ore Tenus* Motion to Compel ("Defendant's Motion to Compel") a more complete expert report as required by Federal Rule of Civil Procedure 26(a)(2)(B). [DE 251]. Next, Defendant made an *Ore Tenus* Motion for a Protective Order to exclude certain individuals from attending future depositions of witnesses. *Id.* Defendant also made an *Ore Tenus* Motion for a Protective Order to excuse Defendant and her husband's attendance at their respective depositions. *Id.* Last, Plaintiff made an O*re Tenus* Motion to Compel ("Plaintiff's Motion to Compel") in which plaintiff requested Defendant and her husband to appear at a deposition and Defendant produce certain information to the forensic examiner. [DE 252]. For the reasons stated on the record at the hearing, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Compel is **GRANTED-IN-PART**. Plaintiff must provide Defendant with a report that complies with the requirements of Federal Rule of Civil Procedure 26(a)(2)(B) for its expert witness on the reasonableness of attorney's fees, Franklin Zemel, by today, May 1, 2024. Although the discovery deadline is currently May

10, 2024, *see* [DE 157], in light of the late disclosure of the report, the deadline by which Defendant may now depose Mr. Zemel is **May 24, 2024**. However, if the District Judge further extends the deadline within which to conduct expert discovery, Defendant may depose Mr. Zemel at any time before the extended deadline (after properly noticing the deposition following conferral with Plaintiff's counsel).

2. Defendant's *Ore Tenus* Motion for a Protective Order to exclude certain individuals from attending future depositions of witnesses is **DENIED**. Defendant seeks to exclude Mr. Thompson, Mr. Rosenbaum, and Mr. Falic from depositions under the recently-amended Federal Rule of Evidence 615, under the auspices of preventing disclosure of testimony to witnesses who would be excluded from the courtroom. However, Federal Rule of Civil Procedure 30(c)(1) excepts application of Federal Rule of Evidence 615 (regarding exclusion of witnesses) from the conduct of depositions. Moreover, Defendant has sought to make Mr. Falic and Mr. Rosenbaum parties to the case via her counterclaims. *See* [DE 195–1]. Therefore, even if Rule 615 is applicable to depositions that may be used in lieu of live trial testimony, Mr. Falic and Mr. Rosenbaum would not be subject to exclusion (as parties who are natural persons), while Mr. Thompson may serve as Plaintiff's corporate representative. Thus, Mr. Thompson, Mr. Rosenbaum, and Mr. Falic may attend, as observers, any future depositions.

3. Plaintiff's Motion to Compel is **GRANTED-IN-PART**.

    a. As to Mr. McNeill's deposition, Plaintiff noticed the deposition and served (through Mr. McNeill's counsel) a subpoena compelling his attendance. Mr. McNeill did not seek a protective order or otherwise move to quash the subpoena prior to the duly-set deposition. Therefore, his refusal to attend that deposition was inappropriate. As a

result, Mr. McNeill must sit for a deposition by **May 10, 2024**, on the date of Plaintiff's choosing unless the District Judge extends the time for discovery and Plaintiff agrees to a date after May 10, 2024. Consequently, Defendant's *Ore Tenus* Motion for a Protective Order as to Mr. McNeill is **DENIED**.

b. As to Defendant's threat to not attend the scheduled deposition on May 6, 2024, that deposition shall continue as scheduled unless the District Judge extends the time for discovery and the parties jointly agree to a different date. Based on the representations at the hearing, Plaintiff duly-noticed Defendant's deposition on or about April 9, 2024. Plaintiff selected the date based on a list of dates Defendant had indicated Defendant's counsel would be available for depositions (albeit without specific reference to specific witnesses). While Defendant has protested generally about the need to jointly coordinate available dates for the parties to conduct depositions, Defendant had not sought a protective order or specifically objected to the May 6, 2024 deposition. At the hearing on May 1, 2024, Defendant's counsel mentioned, for the first time, that Defendant would be out of town on May 6. Given that Defendant failed to raise the specific scheduling conflict until mere days before the discovery deadline, after having had notice of her deposition for nearly a month, Defendant has failed to demonstrate good cause for a protective order. Accordingly, Defendant's *Ore Tenus* Motion for a Protective Order regarding Defendant's deposition is **DENIED**.

c. Plaintiff sought to compel Defendant to provide certain information to the forensic examiner (John Jorgensen of Sylint) to help expeditiously complete the forensic examination ordered on April 3, 2024. *See* [DE 212]. Defendant raised concerns about Mr. Jorgensen providing data extracted from her phone or otherwise providing insight

3

into that data to Plaintiff, in light of Plaintiff having designated Mr. Jorgensen as a potential expert witness two days prior to the April 2, 2024 hearing. Per the parties' representations at the May 1, 2024 hearing, Defendant has received the forensic image of Defendant's phone required by the April 3, 2024 Discovery Order. The issue presented at the May 1, 2024 hearing was about data Sylint required (phone numbers, names, or other identifiers) in order to produce a subset of the extracted data focusing on the communications subject to Plaintiff's previous motion to compel [DE 211]. The purpose of creating the subset was to assist Defendant to quickly and completely identify and produce those items that she (with the assistance of her own forensic examiner) had been unable to thus-far produce. Based on the parties' and Mr. Jorgensen's representations at the hearing, Defendant has two options:

i. If Defendant wishes to continue to use Mr. Jorgensen and Sylint as the forensic examiner to help her sift through the information recently provided to her, she must provide Sylint with the phone numbers, names, and other identifiers he requests by **May 3, 2024**. Mr. Jorgensen and Sylint's other personnel may not provide Plaintiff with any information obtained from Defendant's device or information about the extracted data. Furthermore, Plaintiff is prohibited from designating Mr. Jorgensen as an expert regarding data extracted from Defendant's phone.

ii. Alternatively, Defendant may use a different forensic examiner of her choice to help her sift through the forensic image Sylint recently provided to her. However, Defendant must bear the cost of this other examiner. Moreover, if Defendant fails to completely produce those items required by the April 3, 2024

Discovery Order by the deadline described below, the Court will not accept any argument that Defendant's chosen forensic examiner was unable to locate or identify those items or that Defendant was otherwise unable to complete the production by the deadline.

iii. Regardless of which option she chooses, Defendant **shall produce** the items and logs described in the April 3, 2024 Discovery Order [DE 212] by **May 17, 2024**. Failure to produce those items will result in sanctions.

4. Finally, Plaintiff shall submit all communications between Jorgensen and Plaintiff regarding the forensic examination of Defendant's device from April 3, 2024, until April 30, 2024, to the Court for an in-camera review through email to strauss@flsd.uscourts.gov by **Friday, May 3, 2024**.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 1st day of May 2024.

*Jared Strauss*
Jared M. Strauss
United States Magistrate Judge

5