# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff,

vs.                                                             Case No. 0:23-cv-60345-JB

KAYLA MARIE MCNEILL,

    Defendant.
_____/

## PLAINTIFF, HEAD KANDY LLC'S,
## THIRD RULE 26(a)(1)(A)(iii) SUPPLEMENTAL DISCLOSURES

Plaintiff, Head Kandy LLC (**"HK"**), by and through the undersigned counsel, serves its following supplemental disclosures regarding the computation of HK's damages pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), which are as follows:

**1. Rule 26(a)(1)(A)(iii) – A computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 the documents or evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

HK's damages are comprised of the following:

(a) **American Express, Employees, Personal Benefits, and White Pineapple.** The amount Ms. McNeill caused HK to pay for personal expenses, other business expenses, and employees performing personal services, improper payments for the lease of her barn and forklift, and revenues to Ms. McNeill's other company—White Pineapple—to the extent such revenues were gained as a result of Ms. McNeill's use of HK funds and employees. HK estimates that Ms. McNeill improperly, and in breach of her fiduciary responsibilities and the Executive Employment Agreement, has damaged HK in an amount of American Express charges totaling $585,227.91. Head Kandy claims damages for Ms. McNeill's use

of Head Kandy employees for personal purposes. As previously disclosed, Ms. McNeill utilized employees such as (i) Nicole Cook;[1] (ii) Dallas Perkins; (iii) Damian Woodruff; (iv) Ian Smith; (v) Alyssa Lynchard; (vi) Alisa Lamm; and (vii) Ryan Thompson provided personal services while such individuals were being paid by Head Kandy. As it pertains to White Pineapple's revenue that is the result of Ms. McNeill's improper conduct, HK is scheduled to depose Ms. McNeill on May 6, 2024, and will further supplement this disclosure after her deposition.

(b) **Decreased Value.** The decreased value of HK's investment in its brand and the harm to the assets and goodwill of HK, resulting from Ms. McNeill's false, defamatory and disparaging statements. HK has not yet fully calculated the exact amount of the damages that it has incurred as a result of such actions by Ms. McNeill because discovery is ongoing in this matter. Mr. Falic, as the managing member of HK, will testify that HK, as a business enterprise, presently carries no value.

(c) **Lost revenues from former HK customers and clients.** Head Kandy has been damaged by those who ceased purchasing products from HK as a result of Ms. McNeill's breach of her Executive Employment Agreement, including but not limited to her breach of non-compete, non-solicit, and non-disparagement provisions. The lost revenues from former HK customers and clients include revenues from customers Ms. McNeill directed to cease purchasing products from HK and to instead purchase similar products from HK's competitors—Bo Stegall, the Collection—totaling $177,377.87.[2] Additional lost revenues have not yet been fully calculated because discovery is ongoing in this matter.

(d) **Attorneys' fees incurred by HK.** As a result of Ms. McNeill's violation of Section 5(g) of the Executive Employment Agreement, in which Ms. McNeill agreed that she would not "challenge the enforceability of [the Restrictive Covenants] nor will she raise any equitable defense to its enforcement," Head Kandy has been damaged. To date, HK has incurred attorneys' fees totaling $290,422.50[3] as a result of Ms. McNeill's challenge to the enforceability of the Restrictive Covenants she agreed to, in violation of Section 5(g) of the Executive Employment Agreement. HK has retained Franklin L. Zemel, Esq., a qualified expert, who will testify to the reasonableness of the fees incurred to date. The total attorneys' fees incurred to date as a result of Ms. McNeill's violation of Section 5(g) of the Executive Employment Agreement will increase as Ms. McNeill continues to challenge the enforceability of the Restrictive Covenants.

---

[1] Ms. Cook will testify that she did not perform any work for Head Kandy even though she was on payroll and paid $1,849 in gross earnings.

[3] This amount continues to accrue and increase given Ms. McNeill's continued efforts to challenge the enforceability of the Restrictive Covenants. For instance, Ms. McNeill has recently mounted a legal challenge to the Restrictive Covenants under the National Labor Relations Act. The fees pertinent to that challenge continue to increase, and Head Kandy will supplement further once such amounts are properly accounted.

(e) **K2 Charges.** Head Kandy has suffered damages totaling $72,000.00 which is the amount of the services K2 charged to Head Kandy to perform the forensic investigation into Ms. McNeill's behaviors and charges for personal items in violation of the Executive Employment Agreement and her fiduciary duty owed to Head Kandy.

/s/ *Ethan J. Loeb*
ETHAN J. LOEB
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
EDWARD C. THOMPSON
FL Bar No. 684929
colint@blhtlaw.com  heatherw@blhtlaw.com
JALEN A. LARUBBIO
FL Bar No. 1039258
JalenL@blhtlaw.com
UniqueA@blhtlaw.com
ELLIOT P. HANEY
FL Bar No. 1018829
ellioth@blhtlaw.com
susanm@blhtlaw.com
**BARTLETT LOEB HINDS**
**THOMPSON & ANGELOS**
100 N. Tampa Street, Suite 2050
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 19, 2024 I served the foregoing via electronic mail to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jat@davisandceriani.com, Davis &

Ceriani, P.C., 1600 Stout Street, Ste. 1710, Denver, CO 80202 *(pro hac vice admission pending)*, *co-counsel for Defendant;.* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ *Ethan J. Loeb*
ETHAN J. LOEB
FL Bar No. 668338