UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff,

vs.   Case No. 0:23-cv-60345-JB

KAYLA MARIE MCNEILL,

    Defendant.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR APPROVAL TO DEPOSIT FUNDS INTO COURT REGISTRY**

Plaintiff Head Kandy LLC ("**Head Kandy**") responds to Defendant Kayla Marie McNeill's ("**Ms. McNeill**") Motion for Approval to Deposit Funds into Court Registry (the "**Motion**") [ECF 277], and in support states:

Ms. McNeill's Motion, in which she repeatedly concedes her own violation of the Court's Preliminary Injunction [ECF No. 152, adopting ECF 133], is a thinly veiled attempt to avoid consequences and limit her potential liability for her blatant (third) violation of that Preliminary Injunction. For the reasons set forth below and in Head Kandy's Reply in Support of Expedited Motion to Enforce the Preliminary Injunction, for an Order to Show Cause, and for Civil Contempt Sanctions (the "**Reply**," which Head Kandy incorporates by reference herein) [ECF 285], Ms. McNeill cannot avoid liability and the consequences for her violations.

Recognizing, however, "[t]he decision whether to grant leave to deposit funds into the court registry is a matter within the discretion of the district court," *Guthartz v. Park Centre West Corp.*, 2008 WL 2949515, at *1 (S.D. Fla. July 29, 2008), Head Kandy does not object to the Court allowing Ms. McNeill to deposit the $4,500.00 she seeks to deposit into the Court's registry, should

the Court deem it appropriate.[1] Head Kandy disagrees however, that the deposit of such amount would guarantee "payment of reasonable expenses to [Head Kandy] for any and all necessary work performed related to [Head Kandy's Expedited Motion to Enforce the Preliminary Injunction, for an Order to Show Cause, and for Civil Contempt Sanctions (the "**Sanctions Motion**") ECF 266)], or that the payment of that, or any, amount to Head Kandy or into the Court's registry prior to Court's consideration of the Sanctions Motion could "obviate the need for further Court involvement concerning the Preliminary Injunction," as Ms. McNeill suggests in her Motion and in her contemporaneously filed Opposition Memorandum to Head Kandy's Sanctions Motion [ECF 278].

Ms. McNeill cannot simply make up an amount she believes is worth it to pay in exchange for her blatant and knowing (third) violation of the Court's Preliminary Injunction [ECF No. 152, adopting ECF 133], and then somehow moot further contempt proceedings against her by depositing that amount into the Court's registry prior to the Court considering the Sanctions Motion. Indeed, depositing funds into the registry of the Court does not "moot" issues to be determined by the Court. *See S. Gear & Mach., Inc. v. Dia Sales Co.*, 2022 WL 2197629, at *1 (S.D. Fla. June 17, 2022) (concluding Rule 67 "cannot be used as a means of altering the contractual relationships and legal duties [or rights] of each party.") (quoting *Water Tree Ventures LLC v. Giles*, 2019 WL 13162435, at *2 (N.D. Fla. Feb. 8, 2019)) (alteration in original); *cf. Eisenband v. Credit Pros Int'l Corp.*, 2018 WL 11395313 (S.D. Fla. Apr. 18, 2018) (denying

---

[1] Regarding Ms. McNeill's certificate of conferral in her Motion, it merits mention that Ms. McNeill's counsel reached out via email to the undersigned regarding Head Kandy's position on this Motion for the first and only time on June 20, 2024, at 6:18 P.M. E.T. (i.e., after business hours). Ms. McNeill filed her Motion two and a half hours later, at 8:48 P.M. E.T., that same evening. Accordingly, Head Kandy rejects Ms. McNeill's assertion that her counsel "attempted to confer" regarding this Motion, or any insinuation that Head Kandy wrongfully failed to respond to such a request. Had Ms. McNeill's counsel attempted to confer sooner than after-hours on the day her response to Head Kandy's "Sanctions Motion" was due, or waited to file her Motion until Head Kandy had an adequate opportunity to respond with its position, Head Kandy would have expressed the same position it explains herein.

motion to deposit when motion was an attempt to moot the case by providing what the defendant claimed was complete relief to the plaintiff in a putative class action, and collecting cases). For the reasons stated in Head Kandy's Reply, Head Kandy's damages (and the potential sanctions to be imposed on Ms. McNeill) are not limited to what Ms. McNeill believes is a reasonable amount for Head Kandy's attorneys to have drafted the Sanctions Motion, and Head Kandy's request for a finding of contempt and an award of appropriate sanctions is not mooted by Ms. McNeill's stated willingness to pay some of Head Kandy's attorney's fees into the Court's registry.

Accordingly, whether the Court permits Ms. McNeill to deposit funds into the registry of the Court should have no bearing on the Court's consideration of Head Kandy's pending Sanctions Motion or on the sanctions to be ordered by the Court for Ms. McNeill's third (known) violation of the Court's Preliminary Injunction.

/s/ Ethan J. Loeb
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
UniqueA@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
KerriR@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
100 N. Tampa Street, Suite 2050
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2024 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;.* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ *Ethan J. Loeb*
**Attorney**