UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v().                                                              CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC and JONATHAN ROSENBAUM,

    Third-Party Defendants.
_____/

**REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR APPROVAL TO DEPOSIT FUNDS INTO COURT REGISTRY**

    Defendant/Counterclaimant/Third-Party Claimant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, respectfully submits this reply memorandum ("Reply") in support of her Motion for Approval to Deposit Funds into Court Registry ("Motion to Deposit") [ECF No. 277], and states as follows:

    On June 27, 2024, Plaintiff/Counterclaim Defendant Head Kandy, LLC ("Head Kandy") filed its Response to Defendant's Motion for Approval to Deposit Funds into Court Registry ("Response") [ECF No. 286]. Of primary importance, Head Kandy does not oppose the relief requested in the Motion to Deposit. Consequently, an order from the Court granting the Motion to Deposit is appropriate at this time.

    Head Kandy goes on in its Response to make inaccurate and inflammatory statements that cast Ms. McNeill in a negative light before the Court. Thus, a succinct statement in response is warranted. In doing so, Ms. McNeill will again give due respect to Judge Becerra's admonition at the May 1, 2024 Status Conference to "take the temperature way down" by not mirroring Head

Kandy's inflammatory language.

Each time an issue similar to that presented by Head Kandy's Expedited Motion to Enforce the Preliminary Injunction, for an Order to Show Cause, and for Civil Contempt Sanctions ("Motion to Enforce") [ECF No. 266] arose Ms. McNeill explored several options to amicably resolve the issue between the parties. As stated in the Motion to Deposit, Ms. McNeill did not have such an opportunity with regard to the Motion to Enforce because counsel for Head Kandy made no attempts to confer with the undersigned prior to filing the Motion to Enforce. Motion to Deposit ¶ 4. Nonetheless, counsel for Ms. McNeill immediately reached out to Head Kandy's attorneys to resolve the issue. *Id.* ¶ 6. As part of the resolution, the undersigned requested the amount Head Kandy had incurred in attorneys' fees so Ms. McNeill could reimburse Head Kandy for that expense. The reason for the request was twofold. First, the only compensatory sanctions Head Kandy seeks in the Motion to Enforce are "the attorney's fees it has incurred[.]" Motion to Enforce at 2. Second, the request was rooted in Magistrate Judge Jared M. Strauss's Report and Recommendation concerning Head Kandy's prior motion to enforce the preliminary injunction ("Report") [ECF No. 271]. In the Report, Judge Strauss recommended sanctions against Ms. McNeill in an amount that "reflects Plaintiff's fees and costs reasonably and necessary incurred in its attempt to enforce compliance with the Court's [preliminary injunction] order." Report at 25.

However, Head Kandy refused to provide information concerning the fees and costs it incurred related to the Motion to Enforce. Motion to Deposit ¶ 8. Consequently, Ms. McNeill attempted to determine its reasonable attorneys' fees based upon the billing records Head Kandy submitted to the Court and on which the Report exclusively relied upon. *Id.* ¶¶ 9-11. Based upon such records, Ms. McNeill made a reasonable, good faith determination that the amount of fees incurred by Head Kandy related to the Motion to Enforce is not more than the amount she seeks

to deposit into the registry of the Court.  *Id*.  Head Kandy's assertion that Ms. McNeill attempted to "simply make up an amount" is patently false.  Response at 2.

**WHEREFORE**, Ms. McNeill requests an order granting the relief requested in her Motion to Deposit.

**DATED** this 8th day of July, 2024.

Respectfully Submitted,

By: */s/ Laura E. Burgess*
Laura E. Burgess, Esq.
Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

AND

By: */s/ Antonio L. Converse*
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

AND

By: */s/ Jennifer A. Tiedeken*
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
Massey, Kelly & Priebe, PLLC
125 S. Howes Street, Ste 1100
Fort Collins, CO 80521
Tel: 970.482.5058
jennifer@fortcollinslaw.com

**Counsel for Kayla McNeill**

3

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

By: */s/ Laura E. Burgess*
Laura E. Burgess, Esq.