UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff,

vs.                                                                    Case No. 0:23-cv-60345-JB

KAYLA MARIE MCNEILL,

    Defendant.
_____/

**JONATHAN ROSENBAUM'S MOTION TO DISMISS
MCNEILL'S THIRD-PARTY CLAIMS FOR LACK OF
PERSONAL JURISDICTION AND FAILURE TO STATE A CLAIM**

Third-Party Defendant Jonathan Rosenbaum ("**Mr. Rosenbaum**"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6), moves to dismiss Defendant/Third-Party Plaintiff Kayla Marie McNeill's ("**Ms. McNeill**") third-party claims asserted against him in her Answer, Counterclaims, Third-Party Complaint and Jury Demand (the "**Third-Party Complaint**") [ECF 268] for lack of personal jurisdiction or, in the alternative, failure to state a claim.[1] In support Mr. Rosenbaum states:

**Introduction and Relevant Factual Background**

This case concerns Ms. McNeill's sale of her business to and subsequent employment with Head Kandy LLC ("**Head Kandy**"), and her ultimate termination from that employment due to

---

[1] Although Mr. Rosenbaum and Third-Party Defendant Jerome Falic ("**Mr. Falic**") have not yet been served—and indeed, a review of the docket does not reflect that summonses for Mr. Falic and Mr. Rosenbaum have even been issued as of the date of this filing—Mr. Rosenbaum is being represented by undersigned counsel, who also represent Plaintiff/Counter-Defendant Head Kandy LLC, and have repeatedly informed counsel for Ms. McNeill summons need to be issued and served to perfect service of process on Messrs. Rosenbaum and Falic. Without waiving service of process of the Third-Party Complaint and Summons, Mr. Rosenbaum, through counsel, files this Motion now in an abundance of caution and to avoid any further delays in the resolution of this matter.

breaches of her Executive Employment Agreement and her fiduciary duty as a part-owner and managerial employee of the company. Head Kandy sued Ms. McNeill based on those breaches and Ms. McNeill's subsequent breaches of the Executive Employment Agreement's restrictive covenants throughout the pendency of this litigation.

During the last months of Ms. McNeill's employment with Head Kandy, the company utilized Mr. Rosenbaum's services as a consultant to attempt to improve financial and operational aspects of the business, which to that point, Ms. McNeill had managed. [Third-Party Complaint at ¶¶ 23, 54]. Ms. McNeill now claims in the Third-Party Complaint that Mr. Rosenbaum sexually harassed her during that time. [Third-Party Complaint at ¶ 25]. According to Ms. McNeill's allegations, "[t]he majority of Mr. Rosenbaum's conduct occurr[ed] at [Head Kandy's] offices in North Carolina." [Third-Party Complaint at ¶ 210]. Ms. McNeill does not allege that any in-person interactions between herself and Mr. Rosenbaum occurred in any state other than North Carolina, where Head Kandy's offices and warehouse were located during the relevant time period. Ms. McNeill does, however, reference a handful of text message exchanges between herself and Mr. Rosenbaum [Third Party Complaint at ¶¶ 29, 43, 44(e)], although she does not explain from where those texts were sent or where she was when they were received.

Ms. McNeill now brings claims against Mr. Rosenbaum for intentional infliction of emotional distress ("**IIED**") [Count 12], negligent infliction of emotional distress ("**NIED**") [Count 13], and "extreme and outrageous conduct" [Count 14] based on Mr. Rosenbaum's alleged harassing conduct.[2] This Court lacks personal jurisdiction over Mr. Rosenbaum with respect to these claims because Mr. Rosenbaum is not domiciled in Florida and has no relevant connections

---

[2] Although Ms. McNeill alludes to potential Florida law civil rights claims against Mr. Rosenbaum [Third-Party Complaint at 33 n.4], such claims are not in this case, and Ms. McNeill's deadline to file those claims in this Court has passed [*see* ECF 259 at 2].

to Florida, and Ms. McNeill alleges no act committed by Mr. Rosenbaum in Florida or directed toward Florida, particularly none related to her three claims against him. And in any event, even if the Court did have personal jurisdiction over Mr. Rosenbaum, Ms. McNeill's allegations against him entirely fail to state a claim upon which relief can be granted. For these reasons, and as explained more fully herein, the Court should dismiss Ms. McNeill's Third-Party Complaint for lack of personal jurisdiction over Mr. Rosenbaum and failure to state a claim.

<u>Argument</u>

**I.     The Court lacks personal jurisdiction over Mr. Rosenbaum.**

It is axiomatic that a court must have personal jurisdiction over a defendant before it can adjudicate a case against that defendant. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (discussing due process underpinnings of personal jurisdiction requirement); *accord Strange v. Nescio*, 2021 WL 8945480, at *1 (S.D. Fla. Mar. 29, 2021) ("A judgment rendered in the absence of personal jurisdiction is void and without legal effect."). Personal jurisdiction comes in two varieties: general and specific. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In short, a court has general personal jurisdiction when the defendant, regardless of the specific facts and claims alleged, is "at home in the forum State." *Id.* Specific personal jurisdiction, on the other hand, depends on the relationship between the defendant and an "activity" or "occurrence" within the forum state that gives rise to jurisdiction over the defendant limited to that particular controversy. *See id.*

"A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009).

A federal court sitting in diversity relies on the forum state's (here, Florida) long-arm statute. *See Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018).

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Mazer*, 556 F.3d at 1274. "When a defendant challenges personal jurisdiction 'by submitting affidavit evidence in support of its position, the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013) (quoting *Madara v. Hall*, 916 F.2d 1510, 1514 (11th Cir. 1990)).

   A.  <u>Ms. McNeill pleads no jurisdictional allegations concerning Mr. Rosenbaum.</u>

As a preliminary matter, Ms. McNeill's Third-Party Complaint contains **no allegations whatsoever** regarding Mr. Rosenbaum's residency or connections (because there are none) with Florida. Accordingly, Ms. McNeill has not met her burden of alleging a prima facie case of jurisdiction over Mr. Rosenbaum in her Third-Party Complaint, which alone merits dismissal. *See, e.g.*, *Worldwide Distribs., Inc. v. Maven Med, Inc.*, 2023 WL 4303847, at *9 (S.D. Fla. June 15, 2023) (complaint "contain[ing] no personal jurisdiction allegations," or a conclusory allegation at best, was subject to dismissal); *Doe v. Cigna Corp.*, 2017 WL 3065112, at *2 (M.D. Fla. July 19, 2017) (dismissal warranted when the complaint was "completely devoid of any allegations from which this Court could conclude that [defendant] is subject to personal jurisdiction in this Court"); *James v. Hunt*, 2017 WL 6619232, at *1 (N.D. Ga. Oct. 19, 2017) (no personal jurisdiction when the complaint "fail[ed] to allege any contact" by defendant with the forum state). Regardless, for the reasons explained herein, no matter what allegations Ms. McNeill chooses to plead, the Court still does not have personal jurisdiction over Mr. Rosenbaum.

B. Under Florida law, Mr. Rosenbaum is not subject to general personal jurisdiction in Florida.

The Florida long-arm statute confers general personal jurisdiction over "[a] defendant who is engaged in **substantial and not isolated** activity within this state." § 48.193(2), Fla. Stat. (emphasis supplied). However, courts have consistently held that "[f]or an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Argos Global Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1086 (S.D. Fla. 2020) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)) (finding lack of general personal jurisdiction over individual who was a citizen of Brazil and Italy and a resident of France). Here, Mr. Rosenbaum is not, and has never been, domiciled in Florida or worked in Florida; rather, Mr. Rosenbaum primarily resides in New Jersey. *See* Declaration of Jonathan Rosenbaum at ¶¶ 2-4 (the "**Rosenbaum Declaration**," attached hereto as **Exhibit 1**). Accordingly, the Court does not have general personal jurisdiction over Mr. Rosenbaum. *See, e.g.*, *Argos*, 446 F. Supp. 3d at 1086; *Doe*, 2017 WL 3065112, at *2; *Dohler S.A. v. Guru*, 2017 WL 4621098, at *4 (S.D. Fla. Oct. 16, 2017); *Pinnacle Ins. & Fin. Servs., LLC v. Sehnoutka*, 2017 WL 3193641, at *11-12 (M.D. Fla. July 27, 2017).

C. Under Florida law, this Court lacks specific personal jurisdiction over Mr. Rosenbaum with respect to the claims Ms. McNeill asserts against him, and assertion of specific personal jurisdiction over Mr. Rosenbaum would violate the Due Process Clause.

The Florida long-arm statute confers specific personal jurisdiction over a defendant "for any cause of action arising from" any one of several specified acts, including, as potentially relevant here given the claims alleged by Ms. McNeill against Mr. Rosenbaum, "[c]ommitting a tortious act within this state." § 48.193(1)(a)2., Fla. Stat. Here, Ms. McNeill claims that Mr. Rosenbaum is liable in tort (specifically, for IIED, NIED, and "extreme and outrageous conduct") based on supposed sexual harassment of Ms. McNeill.

Ms. McNeill, however, provides no explanation for how the face-to-face tortious conduct she alleges against Mr. Rosenbaum could have occurred in, or has anything at all to do with, Florida. To the contrary, by Ms. McNeill's own allegations, "[t]he majority of Mr. Rosenbaum's conduct occurr[ed] at [Head Kandy's] offices in North Carolina." Third-Party Complaint at ¶ 210; *see also* Rosenbaum Declaration at ¶ 8. Indeed, Mr. Rosenbaum never saw or interacted with Ms. McNeill in person in Florida, never performed any work for Head Kandy in Florida, and never saw Ms. McNeill in person in any states other than North Carolina and New York. Rosenbaum Declaration at ¶¶ 9-10. Mr. Rosenbaum's only connection with Florida is that he visited the state for vacation in February 2023 and April 2024. Rosenbaum Declaration at ¶ 5. Both of those visits occurred after Ms. McNeill's January 2023 termination from Head Kandy, Third-Party Complaint at ¶ 68, and therefore are entirely unconnected with Ms. McNeill's allegations against him. Accordingly, Florida's long-arm statute does not confer personal jurisdiction over Mr. Rosenbaum. *See Kitroser v. Hurt*, 85 So. 3d 1084, 1089 (Fla. 2012) ("[O]ur case law holds that a nonresident employee-defendant who works only outside of Florida, commits no acts in Florida, and has no personal connection with Florida will not be subject to the personal jurisdiction of Florida courts simply because he or she is a corporate officer or employee.").

With respect to the allegedly tortious text messages between Mr. Rosenbaum and Ms. McNeill, Ms. McNeill wholly fails to allege that any of those messages were sent from or received in Florida. Even if they were, moreover, there is no allegation in the Third-Party Complaint that Mr. Rosenbaum had any knowledge of that fact. *See Becker v. Johnson*, 937 So. 2d 1128, 1131 (Fla. 1st DCA 2006) (no personal jurisdiction when defendant's "only alleged contacts with Florida were voice and text messages left on [plaintiff's] cellular telephone while she was present in Florida," plaintiff failed to allege that defendant knew she was present in Florida at the time of

those messages, and defendant submitted an affidavit stating that he contacted plaintiff at a non-Florida number and was not aware that plaintiff was in Florida at that time). And in fact, here, the texts in question between Mr. Rosenbaum and Ms. McNeill were sent to and received from out-of-state telephone numbers, Mr. Rosenbaum was not in Florida at the time of any of the relevant messages, and Mr. Rosenbaum did not believe Ms. McNeill to be in Florida at the time any of the text messages referenced in the Third-Party Complaint as the basis of the claims against him were sent. Rosenbaum Declaration at ¶¶ 11-14.

Moreover, from a constitutional perspective, even if the Florida long-arm statute permitted jurisdiction over Mr. Rosenbaum under these circumstances (it does not), assertion of personal jurisdiction over Mr. Rosenbaum under these circumstances would violate due process. Under the applicable three-part test, the Court must consider:

> (1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant purposefully availed himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice.

*Mosseri*, 736 F.3d at 1355 (internal quotations omitted); *accord Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1546 (11th Cir. 1993) ("[T]o constitute constitutionally minimum contacts, the defendant's contacts with the applicable forum … must be related to the plaintiff's cause of action or have given rise to it[,] … must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum, thus invoking the benefits and protections of its laws[,] … [and] the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there.") (quotations, citations, and alterations omitted).

Here, Ms. McNeill's claims against Mr. Rosenbaum individually, as discussed above, have nothing to do with Florida, Ms. McNeill has not alleged that Mr. Rosenbaum engaged in any act (wrongful or otherwise) in Florida, Ms. McNeill has not alleged that she suffered any harm in Florida as a result of Mr. Rosenbaum's alleged conduct, Mr. Rosenbaum has no relevant contacts with Florida, Mr. Rosenbaum has not purposefully availed himself of the benefit of Florida's laws, and, in light of those facts, exercise of personal jurisdiction over Mr. Rosenbaum would offend traditional notions of fair play and substantial justice. *See, e.g.*, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294-95 (1980) (finding "a total absence of those affiliating circumstances that are a necessary predicate to any exercise of state-court jurisdiction" and explaining "the Due Process Clause 'does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations.'") (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)); *Iervolino v. Miller*, 2009 WL 10700172, at *3 (S.D. Fla. June 17, 2009) (due process prong not satisfied when plaintiff alleged no "act" of purposeful availment in Florida, defendant did not conduct business in Florida, and defendant merely travelled to Florida occasionally); *Mahmud v. Oberman*, 508 F. Supp. 2d 1294, 1301 (N.D. Ga. 2007) (no personal jurisdiction when the defendant had never lived or owned property in the forum state, but merely travelled to the forum state several times over the course of six years for business unrelated to the claims against him).

For these reasons, the Court lacks personal jurisdiction over Mr. Rosenbaum to adjudicate the claims Ms. McNeill brings against him. The Court, therefore, should dismiss Ms. McNeill's claims against Mr. Rosenbaum.

**II.  Ms. McNeill fails to state a claim against Mr. Rosenbaum.**

Even if the Court had personal jurisdiction over Mr. Rosenbaum with respect to the three claims asserted against him by Ms. McNeill (it does not), Ms. McNeill's allegations against Mr. Rosenbaum nonetheless fail to state a claim on which relief can be granted, and accordingly, the Court should dismiss those claims.[3]

A.  IIED (Count 12).

The elements of IIED are "(1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe." *Glegg v. Van Den Hurk*, 379 So. 3d 1171, 1174 (Fla. 4th DCA 2024).  "Only in extremely rare circumstances will courts uphold claims for intentional infliction of emotional distress." *Gonzalez-Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002).  "A court must dismiss a complaint that does not show that the complained-of behavior is egregious enough to meet the high standard for an IIED claim." *Time v. Publix Super Mkt., Inc.*, 2007 WL 9702200, at *2 (S.D. Fla. Jan. 29, 2007).

Ms. McNeill's IIED claim against Mr. Rosenbaum is premised on Mr. Rosenbaum's alleged sexual harassment of Ms. McNeill [Third-Party Complaint at ¶ 174],[4] which Ms. McNeill

---

[3] Along with the additional arguments made herein, Mr. Rosenbaum adopts and incorporates by this reference, to the extent applicable, Head Kandy's arguments for dismissal made in its contemporaneously filed Motion to Dismiss [ECF 311], including (without limitation) the argument that Ms. McNeill's Third-Party Complaint should be dismissed in its entirety as a quintessential shotgun pleading.

[4] Ms. McNeill does not allege that any non-"sexual conduct" by Mr. Rosenbaum (i.e., the "non-sexual, gender based harassment and discrimination" alleged in ¶¶ 46-48 of the Third-Party Complaint) was "extreme and outrageous."  *See* Third-Party Complaint at ¶ 174 ("Mr.

claims included verbal or written comments regarding Ms. McNeill's physical appearance [Third-Party Complaint at ¶¶ 25, 26(a)-(e), 27(a)-(b), 33, 43, 44(a), 44(e)], a handful of verbal or written sexual comments concerning Ms. McNeill [Third-Party Complaint at ¶¶ 26(f), 29, 34, 44(b)], Mr. Rosenbaum's participation in an October 4, 2022, yoga workout with Ms. McNeill and Ms. Kaylin Culp [Third-Party Complaint at ¶¶ 30-34], one instance in which Mr. Rosenbaum allegedly "touched Ms. McNeill's face" [Third-Party Complaint at ¶ 27(a)], one instance in which Mr. Rosenbaum allegedly "placed his hand on Ms. McNeill's knee and rubbed his hand up her thigh" [Third-Party Complaint at ¶ 27(b)], and one instance in which Mr. Rosenbaum allegedly exposed himself to Ms. McNeill while seeking a towel after showering at Head Kandy's warehouse [Third-Party Complaint at ¶ 37].[5]

Claims of IIED based on workplace harassment, however, face an extraordinarily high bar. *See, e.g.*, *Scelta v. Delicatessen Support Servs., Inc.*, 57 F. Supp. 2d 1327, 1357 (M.D. Fla. 1999) ("Florida law imposes a very high standard on a plaintiff alleging intentional infliction of emotional distress in the employment realm."). Consequently, "courts have consistently dismissed

---

Rosenbaum's persistent, unwanted and inappropriate **sexual conduct** specifically targeted at Ms. McNeill was extreme and outrageous.") (emphasis supplied). But even if she had done so (and she did not), such conduct, as a matter of law, is still not "extreme and outrageous." *See McNamara v. Fla. Power & Light Co.*, 2018 WL 582537, at *6 (S.D. Fla. Jan. 29, 2018) (finding no "extreme and outrageous" conduct in IIED claim premised on workplace discrimination, including sex-based discrimination).

[5] Ms. McNeill also includes additional gratuitous allegations of statements made or actions taken by Mr. Rosenbaum to or regarding individuals other than Ms. McNeill. [*E.g.*, Third-Party Complaint at ¶¶ 26(f), 27(c), 28, 35, 44(c)-(d), 48]. Those allegations, however, are apparently not a part of her IIED claim. *See* Third-Party Complaint at ¶ 174 ("Mr. Rosenbaum's persistent, unwanted and inappropriate sexual conduct ***specifically targeted at Ms. McNeill*** was extreme and outrageous.") (emphasis supplied). But in any event, those allegations, which have nothing to do with Ms. McNeill, can lend no support to her claims against Mr. Rosenbaum. *See Gomez v. City of Miami*, 2023 WL 6376511, at *10-11 (S.D. Fla. Sept. 29, 2023) ("To demonstrate whether infliction of emotional distress is deliberate or reckless, the plaintiff must show that the defendant's conduct was directed at the plaintiff.").

cases alleging discriminatory and offensive behavior and language against individuals, particularly in the workplace." *Chiles v. Symon Says Enters., Inc.*, 2014 WL 201689, at *2 (M.D. Fla. Jan. 17, 2014). Indeed, courts routinely hold that "even conduct as inappropriate as obscene comments, sexual harassment, and racial discrimination that occur in the workplace do not rise to the level of outrageousness sufficient to maintain an action for intentional infliction of emotional distress." *Gellman v. Neulion USA, Inc.*, 2015 WL 997869, at *2 (M.D. Fla. Mar. 6, 2015).

To sustain an IIED claim based on sexual harassment, Florida federal courts have required **both** "relentless physical abuse *and* verbal abuse." *Halstead v. LBAM Inv. Grp., LLC*, 2016 WL 9113446, at *2 (N.D. Fla. Nov. 7, 2016) (emphasis in original); *accord Dawn v. Nexdine Hosp.*, 2024 WL 2258333, at *4 (S.D. Fla. May 16, 2024) (the "touchstone" of cases in which IIED claims based on sexual harassment have survived a motion to dismiss is "the presence of relentless physical, as well as verbal, harassment"). The physical sexual harassment necessary to sustain an IIED claim "must be severe and pervasive," *Umanzor v. Orlando II Assocs., LP*, 2021 WL 3500816, at *3 (M.D. Fla. Mar. 25, 2021), not merely instances of "negligible" physical contact, *see McNamara*, 2018 WL 582537, at *5-6 (IIED claim failed when "[t]he [c]omplaint [was] devoid of any allegations of non-negligible physical conduct").

Ms. McNeill's allegations against Mr. Rosenbaum are plainly insufficient, as a matter of law, to state a claim for IIED, particularly given the heightened standard applicable to workplace IIED claims, because they amount to passing comments (which Ms. McNeill's Third-Party Complaint removes entirely from their surrounding context) and alleged negligible physical contact. That is not the "relentless physical and verbal harassment" necessary to state a claim for IIED. *See, e.g.*, *Dawn*, 2024 WL 2258333, at *4. Unsurprisingly, courts considering IIED claim in the employment context have had no trouble dismissing claims alleging similar, or even far

more egregious, sets of facts. *See, e.g., Akright v. Just Travel, Inc.*, 2006 WL 8431506, at *3 (S.D. Fla. Mar. 23, 2006) (finding that an employee's alleged verbal sexual harassment of the plaintiff and physical exposure of genitalia was not "extreme and outrageous"); *Goggin v. Higgins*, 2013 WL 6244536, at *2-3 (M.D. Fla. Dec. 3, 2013) (no "extreme and outrageous" conduct when defendant placed lingerie and body paint in plaintiff's desk, offered to share pornography with plaintiff, frequently grabbed or attempted to grab plaintiff's buttocks, and summoned plaintiff into his office, closed the door, and made sexual advances and innuendo); *Blount v. Sterling Healthcare Grp., Inc.*, 934 F. Supp. 1365, 1371 (S.D. Fla. 1996) (no "extreme and outrageous" conduct when defendant, on separate occasions, hugged plaintiff and refused to let her go, rubbed plaintiff's breasts, massaged the back of plaintiff's head, and engaged in verbal harassment, including explicit jokes and suggestive comments to plaintiff); *Ball v. Heilig-Meyers Furniture Co.*, 35 F. Supp. 2d 1371, 1376 (M.D. Fla. 1999) (no "extreme and outrageous" conduct when defendant rubbed his penis and his hand across plaintiff's buttocks while making suggestive comments, tried to touch or rub plaintiff's breasts, solicited plaintiff for oral sex, told plaintiff and a female coworker that he would like to see the two women together sexually, and repeatedly tried to enter a locked break room where plaintiff was breast-feeding her child while commenting that he was "hungry" and wanted plaintiff to "feed him"); *Scelta*, 57 F. Supp. 2d at 1336, 1358 (no "extreme and outrageous" conduct when defendant made repeated lewd comments to and about plaintiff, grabbed his crotch while speaking to plaintiff about the size of his genitals, and physically touched plaintiff). The allegations Ms. McNeill has made against Mr. Rosenbaum here, even if true (which they are not) are not close to the conduct that the courts in the above cases found, as a matter of law, not to be "extreme and outrageous." Accordingly, as in each of those cases, the Court here should conclude

the conduct Ms. McNeill alleges against Mr. Rosenbaum is not "extreme and outrageous" so as to clear the the exceedingly high bar applicable to workplace IIED claims.

The Court should also dismiss Ms. McNeill's IIED claim for the additional reasons explained in Head Kandy's Motion to Dismiss, namely that (1) Ms. McNeill fails to allege in a nonconclusory manner that Mr. Rosenbaum's conduct was intentional, deliberate, or reckless, *see, e.g.*, *Woodburn v. State of Fla. Dep't of Children & Family Servs.*, 854 F. Supp. 2d 1184, 1218 (S.D. Fla. 2011); and (2) Ms. McNeill's vague and cursory allegations do not meet the high bar of showing that she suffered "severe" emotional distress, *see, e.g.*, *Corbin v. Prummell*, 655 F. Supp. 3d 1143, 1165-66 (M.D. Fla. 2023).

For all of these reasons, the Court should dismiss Ms. McNeill's IIED claim against Mr. Rosenbaum.

B. "Extreme and outrageous conduct" (Count 14)

As explained in Head Kandy's contemporaneously filed Motion to Dismiss, "extreme and outrageous conduct" is not a cognizable standalone claim, but rather, is an element of a claim for IIED. ECF 311 at 14 n.11. Even if it were a cognizable claim, as established above, Ms. McNeill has not alleged conduct that is "extreme and outrageous" as a matter of law. Accordingly, and for the same reasons it should dismiss that supposed claim against Head Kandy, the Court should dismiss Ms. McNeill's supposed claims for "extreme and outrageous conduct" against Mr. Rosenbaum as well.

C. NIED (Count 13).

The elements of NIED are "(1) the plaintiff must suffer a physical injury; (2) the plaintiff's physical injury must be caused by the psychological trauma; (3) the plaintiff must be involved in some way in the event causing the negligent injury to another; and (4) the plaintiff must have a

close personal relationship to the directly injured person." *Zell v. Meek*, 665 So. 2d 1048, 1054 (Fla. 1995). "[I]n order to recover damages for emotional distress caused by the negligence of another …, the plaintiff must show that the emotional distress flows from physical injuries sustained in an impact." *Elliott v. Elliott*, 58 So. 3d 878, 880 (Fla. 1st DCA 2011); *accord Tello v. Royal Caribbean Cruises, Ltd.*, 939 F. Supp. 2d 1269, 1277 (S.D. Fla. 2013) ("In short, a plaintiff claiming [NIED] must show either impact upon one's person or, in certain situations, at a minimum the manifestation of emotional distress in the form of a discernible physical injury or illness.").

As explained in Head Kandy's Motion to Dismiss, Ms. McNeill does not come close to alleging the requisite elements of an NIED claim. Most crucially, Ms. McNeill alleges no physical impact to herself or anyone else, much less one resulting in a physical injury sufficient to satisfy the impact rule. *See Sutherland v. Boehringer-Ingelheim Pharm., Inc.*, 700 F. App'x 955, 962 (11th Cir. 2017) (rejecting NIED claim when plaintiff neither alleged an impact or physical injuries to herself, nor "made [any] allegation that she witnessed someone that is close to her suffer a direct injury"); *Merrick v. Radisson Hotels Int'l, Inc.*, 2007 WL 1576361, at *4 (M.D. Fla. May 30, 2007) (dismissing NIED claim based on sexually harassing conduct from which, although touching was alleged, no physical injury resulted); *Kuchenbecker v. Johnson & Johnson*, 2019 WL 4416079, at *3 (S.D. Fla. Sept. 16, 2019) (rejecting NIED claim that pled only intangible mental injuries).

Moreover, specifically with respect to the allegations against Mr. Rosenbaum, Ms. McNeill alleges that Mr. Rosenbaum had a duty to "exercise reasonable care in his conduct toward Ms. McNeill," and that he breached that duty by "engaging in persistent, unwanted and inappropriate sexual conduct specifically targeted at Ms. McNeill." [Third-Party Complaint at ¶¶186-187]. Even assuming Mr. Rosenbaum did owe Ms. McNeill such a duty, however, Ms. McNeill identifies no negligent act by Mr. Rosenbaum at all, but rather repackages her allegations of

intentional sexual harassment (the same allegations which form the basis of her IIED claim) into her NIED claim. That is insufficient, because "Florida does not recognize a negligence claim premised solely on an intentional tort." *Saint-Vil v. City of Miami Beach*, 2022 WL 1591492, at *6-7 (S.D. Fla. May 19, 2022) (dismissing NIED claim when the plaintiff "only allege[d] that his injuries were the result of an intentional, and not negligent, act," and collecting cases from this Court rejecting NIED claims premised on intentional conduct).

For these reasons, the Court should dismiss Ms. McNeill's NIED claim against Mr. Rosenbaum.

## Conclusion

For the above reasons, Mr. Rosenbaum respectfully requests that the Court (1) grant this Motion, (2) dismiss Ms. McNeill's third-party claims against Mr. Rosenbaum for lack of personal jurisdiction, or alternatively (3) dismiss Ms. McNeill's third-party claims against Mr. Rosenbaum for failure to state a claim, and (4) order such other and further relief the Court deems appropriate.

/s/ Ethan J. Loeb
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
UniqueA@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
100 N. Tampa Street, Suite 2050

Tampa, FL 33602<br>
Telephone: 813-223-3888<br>
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2024 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521, *co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ Ethan J. Loeb<br>
<b>ETHAN J. LOEB</b><br>
FL Bar No. 668338