UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff,

vs.                                        Case No. 0:23-cv-60345-JB

KAYLA MARIE MCNEILL,

    Defendant.
_____/

**PLAINTIFF HEAD KANDY LLC'S MOTION TO STRIKE
DEFENDANT KAYLA MCNEILL'S AFFIRMATIVE DEFENSES**

Plaintiff, Head Kandy LLC ("**Head Kandy**"), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, moves to strike the Affirmative Defenses raised by Defendant Kayla Marie McNeill ("**Ms. McNeill**"), and in support states:

**Introduction and Relevant Factual Background**

This case concerns Ms. McNeill's sale of her business to, and subsequent employment with, Head Kandy, and her ultimate termination due to breaches of her Executive Employment Agreement and her fiduciary duty as a part-owner and managerial employee of the company. Head Kandy sued Ms. McNeill based on those breaches and Ms. McNeill's subsequent breaches of the Executive Employment Agreement's restrictive covenants throughout the pendency of this case.

On June 10, 2024, Ms. McNeill filed her Answer, Counterclaims, Third-Party Complaint, and Jury Demand (collectively, the "**Counterclaims**") [ECF 268]. Within her Counterclaims, Ms. McNeill raises *nineteen* affirmative defenses, most of which are legally insufficient and fail to put Head Kandy on notice of the nature of the defense and the grounds upon which it rests. These untethered allegations include the following broad and ambiguous statements:

1. Failure to state a claim for which relief may be granted;

2. Failure to plead fraud with specificity;

3. Statute of limitations;

4. Estoppel by reason of delay or laches;

5. Inducement;

6. Failure to mitigate damages;

7. Failure of consideration;

8. Prior material breach;

9. Doctrine of Set-off;

10. Head Kandy's own wrongful conduct;

11. Failure to join indispensable parties, including, without limitation, Ryan Thompson, Jerome Falic, Simon Falic, Leon Falic and Bryan Feldman;

12. Business Judgment Rule;

13. Corporate Shield Doctrine;

14. Competition;

15. Unlawful restraint on trade;

16. Unlawful restrictive covenants;

17. Lack of irreparable injury/damages;

18. Employment Agreement contains an unenforceable liquidated damages provision, which precludes HK from receiving any damages;

19. Financial interest.

[ECF 268 at 12-13]. For the reasons explained herein, these defenses are insufficient as a matter of law, and therefore, the Court should strike them with prejudice.

**Argument**

Ms. McNeill's Affirmative Defenses consist of nothing more than conclusory allegations which fail to allege any additional facts supporting the defenses. Affirmative Defenses must be stricken where they "fail to recite more than bare-bones conclusory allegations." *Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. Jan. 21, 2010). The Eleventh Circuit has routinely applied its condemnation of shotgun pleadings to affirmative defenses. *See Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005) ("[A] court must not tolerate shotgun pleading of affirmative defenses and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint."); *see also Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321 (11th Cir. 2015).

As a matter of course, courts consider each affirmative defense on its own merits to determine whether it has been sufficiently pled. However, in this case, Ms. McNeill's Affirmative Defenses collectively fail to provide the scantest application of the defenses to the Plaintiff's claims or any facts in support of their application. For that reason, all of these defenses may be analyzed under the same doctrine: their legal sufficiency, or lack thereof.

An affirmative defense must set forth a "short and plain statement" of the defense and include either direct or inferential allegations for each element of the defenses asserted. Fed. R. Civ. P. 8(a); *Perlman v. Wells Fargo Bank, N.A.*, 2014 WL 4449602, at *1-2 (S.D. Fla. Sept. 10, 2014).[1] A defense is legally insufficient if "(1) on the face of the pleadings, it is patently frivolous,

---

[1] The Eleventh Circuit has yet to resolve the split in opinion, which also exists within the Southern District of Florida itself, on whether the *Twombly/Iqbal* pleading standard is required for affirmative defenses. *Compare Sparta Ins. Co. v. Colareta*, 2013 WL 5588140, at *2 (S.D. Fla. Oct. 10, 2013), *with Gomez v. Bird Automotive, LLC*, 411 F. Supp. 3d 1332 (S.D. Fla. 2019). However, this split does not obviate the Defendant's obligation to plead legally sufficient defenses

or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (striking an affirmative defense where the Defendant failed to set forth facts analogous to the support for its claim).

The bar for a short and simple statement is not met by merely pleading the word or phrase under which the Defendant asserts its defense, as Ms. McNeill has done here. Case law within the Eleventh Circuit is replete with examples of striken affirmative defenses where the defendant failed to do more than provide an assertion unsupported by a factual basis or the law. *See, e.g.*, *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668 (S.D. Fla. 2013) (striking an affirmative defense as conclusory when it merely pled that the defendant was excused for an alleged breach of contract where there was a prior breach by the plaintiff); *Northrup and Johnson Holding Co., Inc. v. Leahy*, 2017 WL 5632041, at *3 (S.D. Fla. Nov. 22, 2017) (holding that "an assertion that a counterclaim fails to state a claim is not a valid affirmative defense"); *Dionisio v. Ultimate Images and Designs, Inc.*, 391 F.Supp.3d 1187 (S.D. Fla. 2019) (holding that affirmative defenses which merely plead "estoppel," "res judicata," and "satisfaction" are legally insufficient); *Vignoli v. Clifton Apartments, Inc.*, 2013 WL 12093480, at *1 (S.D. Fla. Oct. 13, 2013) (striking affirmative defenses which merely pointed out defects in the allegations); *Home Management Solutions, Inc., v. Prescient, Inc.*, 2007 WL 2412834, at *4 (S.D. Fla. Aug. 21, 2007) (striking an affirmative defense that was legal in nature and failed to plead any supporting facts or elements of the defenses).

In this case, Ms. McNeill's Affirmative Defenses are hopelessly vague and conclusive, as they fail to allege even the simplest of corresponding facts or elements which would put Head

---

which provide the Plaintiff with sufficient notice of the defense. *See Sparta Ins. Co.*, 2013 WL 5588140, at *4.

Kandy on notice of the nature of each defense or the grounds on which each defense rests. Consequently, if faced with responding to the defenses as pled, Head Kandy would be forced to guess as to how each applies to the facts of the case. Ms. McNeill's Affirmative Defenses do nothing more than present mere denials which wholly fail to meet the minimal pleading requirements under the Federal Rules of Civil Procedure.

Accordingly, the Court should strike Ms. McNeill's Affirmative Defenses, with prejudice, as legally insufficient. *See, e.g.*, *Morrison* 434 F. Supp. 2d at 1314 (striking affirmative defenses with prejudice where they were legally insufficient); *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

## Conclusion

For the above reasons, Head Kandy respectfully requests the Court grant its Motion to Strike Ms. McNeill's Affirmative Defenses and order such other and further relief the Court deems appropriate.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), counsel for Head Kandy conferred with counsel for Ms. McNeill, via telephone conference on July 17, 2024, at 4:49 PM EST, at which time Mr. Converse agreed that the Affirmative Defenses needed to be amended and stated that he would attempt to have that completed by Friday July 19, 2024. On July 19, 2024, counsel for Head Kandy again spoke with Mr. Converse via telephone conference at 3:29 PM EST, at which time Mr. Converse stated he had not yet completed the amendments to the Affirmative Defenses.

/s/ *Ethan J. Loeb*

                                        **ETHAN J. LOEB**
                                        FL Bar No. 668338
                                        ethanl@blhtlaw.com
                                        KerriR@blhtlaw.com
                                        eservice@blhtlaw.com

**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
UniqueA@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS**
**THOMPSON & ANGELOS**
100 N. Tampa Street, Suite 2050
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 22, 2024 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

*/s/ Ethan J. Loeb*
**ETHAN J. LOEB**
FL Bar No. 668338