UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-BECERRA/STRAUSS

**HEAD KANDY, LLC,**

    Plaintiff,

v.

**KAYLA MARIE MCNEILL,**

    Defendant.

_____/

# ORDER

**THIS MATTER** came before the Court for a status conference on August 30, 2024, upon the parties' several *ore tenus* motions for protective orders and other discovery-related relief. First, Plaintiff made an *Ore Tenus* Motion for Protective Order as to four noticed depositions. [DE 342]. Next, Plaintiff made an *Ore Tenus* Motion to Quash a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action directed to Third-Party Defendant Jonathan Rosenbaum ("Plaintiff's Motion to Quash"). *Id.* Finally, Plaintiff made an *Ore Tenus* Motion to Compel Defendant, Kayla McNeill, to sit for additional hours (on top of the original seven) for her deposition ("Motion to Compel"). *Id.* Defendant, in turn, made an *Ore Tenus* Motion for a Protective Order to excuse her attendance at a noticed September 10, 2024 deposition, and limit the amount of additional hours Defendant must sit for her deposition. [DE 343]. For the reasons stated on the record at the status conference, it is **ORDERED** and **ADJUDGED** that:

1. Plaintiff's *Ore Tenus* Motion for a Protective Order is **GRANTED-IN-PART**.

    a. The Motion for a Protective Order is granted as to Mrs. Deborah Falic's noticed deposition for today, August 30, 2024, at 4:00 p.m. Defendant noticed the deposition

on August 27, 2024.  Local Rule 26.1(h) requires (absent agreement of all interested parties) that "a party desiring to take the deposition within the State of Florida of any person upon oral examination shall give at least seven (7) days' notice in writing to every other party to the action and to the deponent." S.D. Fla. L.R. 26.1(h).  Defendant, here, gave less than seven days' notice.  "Failure to comply with this rule obviates the need for protective order." *Id.*  Nevertheless, the Court is confident that the parties can work out an agreement to conduct Mrs. Falic's no more than two-hour deposition sometime in the next week.

b. As to Mr. Ryan Thompson's deposition, Defendant also noticed it on August 27, 2024, for September 6, 2024, in Colorado.  Local Rule 26.1(h) requires (absent agreement of all interested parties) that "a party desiring to take the deposition in another State of any person upon oral examination shall give at least fourteen (14) days' notice in writing to every other party to the action and the deponent." S.D. Fla. L.R. 26.1(h).  During the hearing, Defendant agreed to conduct the deposition via Zoom thereby negating the need for counsel to travel to Colorado and pushing the Local Rule's requirement to only seven days' notice.  Plaintiff's grounds for a protective order, therefore, rest largely on the unavailability of counsel, some of whom are committed to taking other depositions on that day.  However, given the multiple attorneys that Plaintiff has assigned to this matter, I do not find these grounds sufficient to grant the motion and force cancellation of the deposition.  Therefore, Mr. Ryan Thompson's deposition may take place on September 6, 2024, via Zoom.

c. I will defer ruling on Plaintiff's request for a protective order for the deposition of Ford Harrison, a law firm Plaintiff retained.  The Court cannot resolve the questions of

privilege and undue burden at issue without reviewing the issued subpoena (which the parties have not submitted). Moreover, it is clear that the parties have not had sufficient opportunity to adequately confer (with each other or with Ford Harrison) regarding the dispute. Therefore, I defer ruling at this time. The parties shall further confer with each other, and with Ford Harrison, in an attempt to resolve the dispute. If either party seeks to re-raise the issue through a notice of discovery dispute, they may attach the subject subpoena to the notice.

d. I will also defer ruling on whether Plaintiff's corporate representative's deposition may proceed as noticed. The parties shall immediately discuss the topics on which that Defendant seeks to question the corporate representative and narrow said topics to a reasonable scope so that Plaintiff can adequately produce and prepare a witness for the deposition.

2. Plaintiff's Motion to Quash is **DENIED AS MOOT**. Defendant has agreed to withdraw the subpoena.

3. Plaintiff's Motion to Compel is **GRANTED-IN-PART.**

a. The Amended Counterclaim, filed on August 27, 2024, substantially adds both factual allegations and legal claims to the original Counterclaim. Based on these substantial additions, allowing Plaintiff additional time for deposing Defendant beyond the standard seven hours is consistent with Federal Rule of Civil Procedure 26(b)(1) and (2) and needed to fairly examine Defendant. *See* Fed. R. Civ. P. 30(d)(1). Therefore, Plaintiff may depose Defendant for an additional three hours (plus the remaining one hour from the original seven) for a total of four hours on September 10, 2024.

4.     To the extent Defendant has asked for a protective order for Defendant regarding her attendance at the September 10, 2024 deposition, or for the additional three hours, that motion is **DENIED**.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 30th day of August 2024.

Jared Strauss
Jared M. Strauss
United States Magistrate Judge