UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-JB-JMS

HEAD KANDY, LLC,
a Delaware limited liability company,

    Plaintiff,

v.

KAYLA MCNEILL,

    Defendant.

_____/

## NOTICE OF FILING EXHIBITS 1 & 2 TO DEFENDANT/COUNTER-PLAINTIFF'S RESPONSE TO FH MOTION FOR PROTECTIVE ORDER

Defendant/Counter-Plaintiff, **KAYLA MCNEILL** ("Ms. McNeill" or "Defendant"), by and through undersigned counsel, hereby gives notice of filing Exhibits 1 and 2 to Ms. McNeill's Response to FH Motion for Protective Order [ECF 365], attached hereto as Exhibits 1 and 2.

DATED this 11th day of September, 2024.

                                                  Respectfully Submitted,

                                                  By: */s/ Laura Burgess*
                                                  Laura E. Burgess, Esq.
                                                  Florida Bar No. 0105073
                                                  L.E. Burgess P.A.
                                                  5966 S Dixie Highway, Suite 300
                                                  Miami, FL 33143
                                                  Tel.: 305.942.8044
                                                  Alt. Tel.: 713.818.5055
                                                  laura@leburgesslaw.com

                                                  and

By: */s/ Antonio L. Converse*
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

and

By: */s/ Jennifer A. Tiedeken*
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
Davis & Ceriani, P.C.
1600 Stout Street, Suite 1710
Denver, CO 80202
Tel: 303.534.9000
jtiedeken@davisandceriani.com

COUNSEL FOR KAYLA MCNEILL

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2024, I electronically served the foregoing document via email upon all counsel of record for Plaintiff.

*/s/ Laura E. Burgess*

2

# EXHIBIT "1"

| | |
|---|---|
| **From:** | Jennifer Tiedeken |
| **To:** | Todd Aidman |
| **Cc:** | Antonio L. Converse; Ethan J. Loeb; E. Colin Thompson |
| **Subject:** | Re: Acceptance of Service of Subpoena |
| **Date:** | Wednesday, August 28, 2024 4:56:47 PM |
| **Attachments:** | image001.png |

Yes, the deposition was supposed to have been subpoenaed for September 9, which is a Monday. What is the basis for sanctions? As I mentioned, we have testimony from Jerome Falic that supports the requests.

**From:** Todd Aidman <TAidman@Fordharrison.com>
**Sent:** Wednesday, August 28, 2024 4:07 PM
**To:** Jennifer Tiedeken <jennifer@lawfortcollins.com>
**Cc:** Antonio L. Converse <anthony@converselawgroup.com>; Ethan J. Loeb <EthanL@blhtlaw.com>; E. Colin Thompson <ColinT@blhtlaw.com>
**Subject:** RE: Acceptance of Service of Subpoena

Jennifer and Antonio, without even the courtesy or professionalism of a conferral, it appears you are attempting to depose our law firm on a Sunday. While I suspect we will be moving for a protective order and sanctions, please clarify if this was a typo or if that is indeed what you intended.



# Todd S. Aidman
*Attorney at Law*

401 East Jackson Street, Suite 2500 | Tampa, FL 33602
TAidman@Fordharrison.com | P: 813-261-7840 | C: 813-601-5945

**LTC4 Certified Legal Professional | *FHPromise* | Subscribe**

**From:** Jennifer Tiedeken <jennifer@lawfortcollins.com>
**Sent:** Tuesday, August 27, 2024 6:11 PM
**To:** Todd Aidman <TAidman@Fordharrison.com>
**Cc:** Antonio L. Converse <anthony@converselawgroup.com>
**Subject:** Acceptance of Service of Subpoena

**Caution: Originated Outside FordHarrison.**

Todd:

As I explained on the phone, we plan to serve Ford Harrison with a subpoena in the case Head Kandy v. Kayla McNeill. I understand you may wholly object to the subpoena, but our request as of now is just as to whether you will accept service or whether we need to formally serve the subpoena. Please let us know.

Thanks,

**Jennifer A. Tiedeken**



125 S. Howes Street, Suite 1100
Fort Collins, CO 80521
(970) 482-5058
jennifer@lawfortcollins.com

THE INFORMATION CONTAINED IN THIS E-MAIL COMMUNICATION IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENT NAMED ABOVE.  This message may be an Attorney-Client communication, and as such is privileged and confidential.  If the reader of this message is not the intended recipient, you are hereby notified that you have received this communication in error, and that any review, dissemination, distribution or copying of the message is strictly prohibited.  If you have received this transmission in error, please notify us immediately by telephone or reply e-mail.

# EXHIBIT "2"

4

| | |
|---|---|
| **From:** | E. Colin Thompson |
| **To:** | Antonio L. Converse; Carson Sadro; Ethan J. Loeb; Jalen LaRubbio |
| **Cc:** | Kerri Rick; Heather A. Wilfong; Jennifer Tiedeken; Jamie Walker; laura@leburgesslaw.com |
| **Subject:** | RE: HK/McNeill Outstanding Discovery Issues |
| **Date:** | Tuesday, September 10, 2024 8:31:24 AM |

Anthony:

Responding below to as much as we can at this time:

**From:** Antonio L. Converse <anthony@converselawgroup.com>
**Sent:** Monday, September 9, 2024 6:36 PM
**To:** E. Colin Thompson <ColinT@blhtlaw.com>; Carson Sadro <carsons@blhtlaw.com>; Ethan J. Loeb <EthanL@blhtlaw.com>; Jalen LaRubbio <JalenL@blhtlaw.com>
**Cc:** eservice <eservice@blhtlaw.com>; Kerri Rick <kerrir@blhtlaw.com>; Heather A. Wilfong <heatherw@blhtlaw.com>; jennifer@lawfortcollins.com; Jamie Walker <jamie@lawfortcollins.com>; laura@leburgesslaw.com
**Subject:** HK/McNeill Outstanding Discovery Issues

Colin and Carson –

I've discussed with each of you a number of discovery matters that still need to be resolved. I will attempt to list and address each of them in this email for convenience.

1. Rule 30(b)(6) topics for HK's deposition:

   I have attached a paired down list of topics. They assume the Ford Harrison issue is resolved (discussed below). Also, I have not received any specific concerns from HK about identified topics so I was unable to amend the list with those considerations in mind.

   - AGREED WE HAD DISCUSSIONS. BUT WE DID NOT RECEIVE UTNIL 6:36PM LAST NIGHT THE PAIRED DOWN TOPICS YOU STATED, MULTIPLE TIME, YOU WOULD SEND TO SEE IF WE COULD WORK TOWARDS A RESOLUTION. WE HAVE OTHERWISE RESPONDED AND FILED DISCOVERY DISPUTE NOTICE.

2. Ford Harrison:

   Colin – you were going to review Jerome's transcript concerning his testimony pertaining to Ford Harrison and provide me with HK's position on the role of Ford Harrison and the potential use of evidence obtained during Ford Harrison's investigation. Will you please do so before HK's deposition tomorrow so we can avoid potential disagreements. Also, Ms. McNeill's response to Ford Harrison's Motion to Quash is due tomorrow and my hope is that the issue will be moot before we have to respond. To the extent the issue is resolved, we would need to substitute a different deponent for Ford Harrison and conduct the deposition after the discovery deadline. Please let us know if HK will oppose.

> AS WE PREVISOULY ADVISED YOU AND JUDGE STRAUSS, WE WILL NOT BE RELYING FOR DEFENSE OF MS. MCNEILL'S CLIAIMS ON ANY FACTUAL INVESTIGATION BY FORD HARRISON.

3. Privileged/Confidential documents withheld by HK:

   There are a number of documents HK has withheld due to concerns over confidentiality and privilege. It is my understanding that these documents will be necessary to adequately depose HK tomorrow. Please produce the documents or a privilege log before HK's deposition. These documents can either be produced under the stipulations the parties entered into at prior depositions or the attached stipulation.

   - WE WILL RECIRCULATE TODAY THE LAST ITERATION OF PROPOSED CONFIDENTIALITY STIPULATION WE HAVE CIRUCLATED SEVERAL TIMES NOW. WE WERE ALMOST IN AGREEMENT ON IT WITH LAURA A FEW MONTHS AGO. JENNIFER THAN WENT BACKWARD ON IT. THE VERSION WE CIRCULATED DOES NOT REQUIRE THE RECEVING PARTY TO AGREE ANY DOCUMENTS ARE CONFIDENITAL, PRIVILEGED, OR AEO. IT JUST ALLOWS THE PARTIES TO SO DESIGATE THEM SO THEY CAN BE PRODUCED AND GIVES THE RECEIVING PARTY THE OPPORTUNITY TO QUESTION AND ULTIMATELY CHALLENGE SUCH DESIGNATIONS.

4. Carson's September 3, 2024 Letter:

   Our position is that Ms. McNeill has fully complied with Judge Strauss' April 3, 2024 Discovery Order. With regard to Section 2(C), the April Discovery Order and Judge Strauss' comments during the discovery hearing are controlling, not the Discovery Procedures Order. As for Section 2(D), we will perform an additional review for the nine images identified by Bates number and produce any that are responsive. Finally, Ms. McNeill will not agree to withdraw any of her objections to HK's 9th RFPs. For Request No. 1, Ms. McNeill has produced responsive documents. For Request No. 2, HK received all documents submitted by Ms. McNeill in the FCRA proceeding. For Requests 4 – 28, please clarify how Ms. McNeill's objection "lies in conflict with Rule 26's affirmative burden of disclosure." For Requests 16 and 28, Ms. McNeill has provided HIPAA releases and has produced such releases as well as the documents obtained in response to the releases. Ms. McNeill will either confirm that no additional documents exist or supplement her production.

   - PLEASE PROVIDE THE CONFIRMATIONS AS STATED ABOVE. ON THE OTHERS, WE WILL REVIEW AND PROCEED ACCORDINGLY GIVEN YOUR RESPONES.

5. Documents received by HK in response to third party subpoenas:

   I previously spoke with Carson about this issue and she was going to confirm that all documents received from third parties have been produced. Will you please provide us an update?

   - I DON'T BELIEVE WE HAVE RECEIVED ANY FILED/SERVED REQUESTS FOR

   COPIES.  BUT WE WILL CONFIRM.

6. Amending Answer:

    I previously spoke with Colin about potentially removing Jon Rosenbaum as a party. Ms. McNeill is willing to do so.  We will file an amended answer by the end of this week.  As a result of the amendment, we will request that Mr. Rosenbaum respond to the subpoena for documents as a non-party.  Please let us know if he will continue to object.

    - THE SUBPONEA WAS INVALID WHEN SERVED AND HE WILL CONTINUE TO OBJECT.

7. Modifying Scheduling Order:

    We will be filing the motion to modify tomorrow to seek additional discovery.  I have included in the attachment with the 30(b)(6) topics the list of additional deponents we discussed and the anticipated duration for each.  We will be filing this in response to Judge Becerra's Order to Show Cause, mooting the stay request but instead asking for the scheduling modifications.  Please let us know if you continue to object to the request in its entirety.
    
    - WE CONTINUE TO OBJECT.

8. Adequacy of expert disclosures:

    As I previously discussed with Carson, HK identified Dr. DeRamus as an affirmative expert, yet we have only been served with a rebuttal report by Dr. DeRamus.  Please confirm that HK only intends to introduce rebuttal opinions from Dr. DeRamus.  With regard to HK's expert disclosures of Ms. Petri, Dr. DeRamus and Dr. Russell, the disclosures are inadequate because the source materials were not produced.  In addition, Ms. Petri has not provided a report in compliance with Rule 26(a)(2).  We intend to ask the Court to strike the disclosures due to their inadequacies.  Please notify us if additional conferral would be beneficial.

    - AS STATED IN THE DISCLOSURES, DR. DERAMUS'S AFFIRMATIVE OPINIONS ARE CONTAINED WITHIN HIS REPORT.  THERE ARE NO NON-DISCLOSED OPINIONS.
    - MS. PETRI IS NOT A NON-RETAINED EXPERT AND HAS FULLY COMPLIED WITH THE RULE.
    - THE EXPERTS HAVE FULLY IDENTIFIED THEIR RELIANCE MATERIALS IN COMPLIANCE WITH RULE 26.  CERTAIN OF THE RELIANCE MATERIALS THEY IDENTIFIED ARE MARKED CONFIDENTIAL AND WILL BE PROCUED AS SOON AS WE HAVE A CONFIDENTIALITY STIPULATION IN PLACE, AS WE HAVE REPEATEDLY STATED.  SEE #3 ABOVE.

9. Outstanding questions from Jerome Falic's deposition

    Mr. Falic refused to answer certain questions during his deposition concerning Ms. McNeill's alleged actions and HK's resultant damages (refer to transcript pages 231-

233, 238-241). As discussed during the deposition we wish to certify the question to the Court. Please confirm that Mr. Falic is still unwilling to answer the pending questions by tomorrow so it can be addressed.

- 231-233- THERE ARE NO QUESTIONS MR. FALIC REFUSED TO ANSWER
- 238-241- STAND ON THE OBJECTIONS

10. HK's Responses to 2nd RFPs

We are not able to determine whether any documents were withheld and/or produced based upon the responses to several of the RFPs, including Nos. 26, 27, 28, 31, 32, 35, 37, 38, 39, 43, 44, 45, 46, 51 and 59. Please supplement the responses to clarify. Given tomorrow's discovery deadline, we will have to raise the issue with the Court tomorrow, absent resolution, so please let us know if you are available to confer after the depositions.

- WE ARE REVIEWING AND WILL LIKELY BE ABLE TO CONFER AFTER MS. MCNEILL'S DEPOSITION.

*Antonio L. Converse, Esq.*
600 17th Street, Suite 2800 South
Denver, CO 80202
P | 303.228.9471
D | 303.990.3157
anthony@converselawgroup.com

The contents of this email, including attachments, are confidential and/or privileged and may not be disseminated without permission. Please notify the sender immediately if this email has been received in error. PLEASE NOTE: Emails are not a secure method of communication and could be intercepted improperly by an unintended third-party. If you are a client, the Firm is sending an email as a result of your consent. If you no longer wish for communications to be sent in this manner, please notify the Firm or the sender immediately.