UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-BECERRA/STRAUSS

**HEAD KANDY, LLC,**

    Plaintiff,

v.

**KAYLA MARIE MCNEILL,**

    Defendant.

_____/

## ORDER

**THIS MATTER** came before the Court upon Defendant's Motion to Compel Documents from Mindy McDermaid and Defendant's Motion to Compel Documents from Angela Porta. [DE 345, 346]. I have reviewed both motions, as well as the responses, [DE 356, 357], from the non-parties. For the following reasons, it is **ORDERED** and **ADJUDGED** that Defendant's motions should be **GRANTED-IN-PART and DENIED-IN-PART**.

    **I.**    **Motion to Compel Documents from Mindy McDermaid**

Defendant served non-party Mindy McDermaid ("McDermaid") with a subpoena duces tecum and to appear at a deposition on June 22, 2024. [DE 345] at 1. The deposition was noticed for June 27, 2024, and Defendant required McDermaid to produce twenty-six categories of documents at the deposition. [DE 345–2]. McDermaid's counsel spoke with Defendant's counsel prior to the deposition about certain objections to the subpoena. [DE 345] at 1–2. The deposition occurred as noticed, but McDermaid did not produce the requested documents at the deposition. *Id.* at 2. Thereafter, counsel for McDermaid and Defendant conferred on the matter but was not able to reach an amicable resolution. On July 29, 2024, McDermaid served Defendant with McDermaid's remaining objections to the production requests. [DE 345–2] at 10. Defendant now

seeks to compel McDermaid to produce the requested documents, contending that some of the objections are without merit because they are boilerplate objections, and that McDermaid has not provided any evidence corroborating her assertion that the requests would be unduly burdensome for her.

There are several procedural issues that, on their own, could merit denial of Plaintiff's Motion to Compel Documents from Mindy McDermaid. First, in contravention of Local Rule 26.1(h), Defendant did not provide McDermaid with "at least fourteen (14) days' notice in writing to . . . the deponent" of the noticed deposition. S.D. Fla. L.R. 26.1(h). Second, Defendant failed to seek Court intervention until more than twenty-eight days after the dispute arose. Defendant filed her motion significantly more than twenty-eight days after the completion of McDermaid's deposition (which is the only deadline for production noted in the subpoena). *See* S.D. Fla. L.R. 26.1(g)(2)(A)(ii). At best for Defendant, the dispute arose when McDermaid served her amended responses and objections on July 29, 2024; even then, more than twenty-eight days passed before Defendant filed her motion. S.D. Fla. L.R. 26.1(g)(2)(A)(i),(iii). Thus, in addition to failing to provide McDermaid with a reasonable amount of time to respond to the subpoena initially, Defendant's motion (brought on the eve of the fact discovery deadline) is untimely. And "[f]ailure to submit a discovery dispute to the Court within the time periods set forth [in Local Rule 26.1(g)(2)(A)], absent a showing of good cause, may, in the Court's discretion, constitute grounds for denial of the requested relief." S.D. Fla. L.R. 26.1(g)(2)(B). Defendant has not shown good cause here.

Regardless of the procedural infirmities, Defendant's Motion is due to be denied on the merits. Federal Rule of Civil Procedure 45 governs discovery from non-parties by subpoena. Rule 45(d)(1) states that "[a] party or attorney responsible for issuing and serving a subpoena must take

reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1).  When evaluating the burden imposed on non-parties in responding to discovery requests, courts consider "relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request."  *erinMedia, LLC v. Nielsen Media Rsch., Inc.*, No. 8:05CV1123 T24EAJ, 2007 WL 1970860, at *2 (M.D. Fla. July 3, 2007).  For the reasons stated in McDermaid's objections, the requests in Defendant's subpoena imposed an undue burden.

Defendant implies that McDermaid's objections are boilerplate objections which lack specificity.  However, a review of the objections reveals that McDermaid made adequate objections and specified why she felt the requests were overbroad and objectionable.  *See* [DE 345–2].  Here, Requests 5, 10, 11, and 12 are facially overbroad.  Defendant has not provided a time frame on the period for the requested communications and does not attempt to limit these communications to ones that are relevant to the case.  For example, Request 5 seeks "All Communications between You and any other Person(s) Related to Ms. McNeill."  *Id.* at 3.  This request, like the others, seeks documents in the broadest way possible as it is not tailored to the issues present in this litigation and uses language such as "relat[ing] to" which courts have held to be overbroad in the past.  *See Great Lakes Transp. Holding LLC v. Yellow Cab Service Corp. of Florida, Inc.*, No. 10–80241–CIV, 2010 WL 5093746, at *5–6 (S.D. Fla. Dec. 8, 2010); *TIC Park Ctr. 9, LLC v. Cabot*, No. 16-24569-CIV, 2017 WL 3034547, at *4–5 (S.D. Fla. July 18, 2017).

With respect to Requests 22, 23, and 24, they too are overbroad.  All the requests seek "All Communication between You and [specific individual] Related to Ms. McNeil."  [DE 345–2] at 8–10.  The term "Related to" is too broad and vague, *see Great Lakes*, 2010 WL 5093746, at *6, and Defendant does not put a time frame on when the communication took place.  Without further

3

limitation as to what "Related to" means or the topics of communications Defendant demands, the requests, as is, do not show any proportionality to the needs of the case.

Finally, in her amended answer to the subpoena, McDermaid states that she will produce responsive communications to Request 25. [DE 345–2] at 10. Defendant alleges that McDermaid has not produced any documents in response to that request. However, in her Response, McDermaid states that she has produced the communication responsive to Request 25. [DE 357] at 4 n.2.

Therefore, to the extent McDermaid has not produced any communications responsive to Request 25, Defendant's Motion to Compel is **GRANTED**. As to the remaining requests (5, 10, 11, 12, 22, 23, and 24), McDermaid's objections are **SUSTAINED** and Defendant's Motion to Compel is **DENIED.**

## II. Motion to Compel Documents from Angela Porta

Defendant served non-party Angela Porta ("Porta") with a subpoena duces tecum and to appear at a deposition on July 5, 2024. [DE 346] at 1. The deposition was noticed for July 11, 2024, and Defendant required Porta to produce twelve categories of documents at the deposition. *Id.* Porta's counsel spoke with Defendant's counsel prior to the deposition about certain objections to the subpoena. *Id.* The deposition occurred as noticed but Porta did not produce the requested documents at the deposition. *Id.* at 1–2. Thereafter, counsel for Porta and Defendant conferred on the matter but was not able to reach an amicable resolution. On July 29, 2024, Porta served Defendant with Porta's remaining objections to the production requests. [DE 346–1] at 8. As with McDermaid, Defendant now seeks to compel Porta to produce the requested documents, contending that some of the objections are without merit because they are boilerplate objections,

and that Porta has not provided any evidence corroborating her assertion that the requests would be unduly burdensome for her.

Defendant's Motion to Compel Documents from Angela Porta suffer the same procedural defects as the motion regarding McDermaid. Defendant failed to give Porta reasonable notice of the deposition (a mere six days) or the subpoena duces tecum, and Defendant failed to seek Court intervention until more than twenty-eight days after the issue arose. *See* S.D. Fla. L.R. 26.1(h); S.D. Fla. L.R. 26.1(g)(2)(A)(ii); S.D. Fla. L.R. 26.1(g)(2)(A)(iii). Thus, this Motion could also be denied on these grounds alone.

Nevertheless, the Motion to Compel against Porta is due to be denied on its merits as well. Because Porta is a non-party, when evaluating the burden imposed on her in responding to Defendant's discovery requests, I will consider "relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request." *erinMedia*, 2007 WL 1970860, at *2.

Porta raises and adequately details specific objections to Requests 1, 2, 4, 5, 7, 8, 11, and 12 contending that they are facially overbroad. For example, Request 2 requires Porta to produce "All Communications from January 1, 2019 to the present between You and any other Person(s) discussing or otherwise Related to Ms. McNeill." [DE 346–1] at 2. While this request, along with the others directed to Porta, specifies a time frame of everything since January 1, 2019, that period is far too broad to be proportional to the needs of the case. Defendant is essentially asking Porta, a non-party, to comb through five and a half years' worth of communications. Based on Defendant's counterclaims, that time period encompasses dates that are not relevant to the issues of the case.

Furthermore, Defendant's requests are vague and untethered from the needs of the case. In describing what relevant information she seeks from Porta, Defendant says she is seeking defamatory communications from Head Kandy about Defendant (after Porta testified that any information she learned about Defendant came from McDermaid) and communications about this litigation. Yet, Defendant does not attempt to narrow her requests to what topics she wants Porta to look for in the communications nor does she define what "Related to" means in several of the requests. Indeed, as written, the scope of Defendant's requests ranges far beyond what she frames as relevant in her motion. Courts have found that these deficiencies merit denial of a party's motion to compel. *See TIC Park*, 2017 WL 3034547, at *6.

Defendant next argues that Porta should be compelled to respond to Requests 3, 6, 9, and 10 because Porta agreed to produce the communications responsive to those requests. [DE 346–1]. In her Response, Porta asserts that she "voluntarily produced documents responsive to Request Nos. 3, 6, 9, and 10." [DE 356] at 4 n.3.

Accordingly, to the extent Porta has not produced any communications responsive to Requests 3, 6, 9, and 10, Defendant's Motion to Compel is **GRANTED**. As to the remaining requests (1, 2, 4, 5, 7, 8, 11, and 12) Porta's objections are **SUSTAINED** and Defendant's Motion to Compel is **DENIED.**

## CONCLUSION

For the reasons detailed above, it is **ORDERED and ADJUDGED** that:

1. Defendant's Motion to Compel Documents from Mindy McDermaid is **GRANTED-IN-PART and DENIED-IN-PART.** To the extent McDermaid has not produced any communications responsive to Request 25, Defendant's Motion to Compel is

**GRANTED**. As to the remaining requests (5, 10, 11, 12, 22, 23, and 24), Defendant's Motion to Compel is **DENIED.**

2. Defendant's Motion to Compel Documents from Angela Porta is **GRANTED-IN-PART and DENIED-IN-PART.** To the extent Porta has not produced any communications responsive to Requests 3, 6, 9, and 10, Defendant's Motion to Compel is **GRANTED**. As to the remaining requests (1, 2, 4, 5, 7, 8, 11, and 12) Defendant's Motion to Compel is **DENIED**

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 11th day of September 2024.

Jared M. Strauss
United States Magistrate Judge