UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                                                         Case No. 0:23-cv-60345-JB

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC and JONATHAN ROSENBAUM,

    Third-Party Defendants.
_____/

## NOTICE OF RESOLUTION

Defendant/Counterclaimant/Third-Party Claimant, Kayla Marie McNeill ("McNeill"), through undersigned counsel, hereby submits this Notice of Resolution of Ford Harrison, LLP's ("FH") Motion for Protective Order, and states as follows:

1. On August 28, 2024, following that certain deposition testimony provided by Jerome Falic during his August 17, 2024 deposition (as set forth in ECF NO. 365-1), Ms. McNeill served two subpoena duces tecum on FH (one for its deposition and the other for production of documents) (collectively referred to as the "SDTs").

2. On August 29, 2024, Anthony Converse and Jennifer Tiedeken, counsel for Ms. McNeill, and Colin Thompson and Jalen Rubio, counsel for Head Kandy, LLC ("HK") held a conferral conference via Zoom to discuss, among other things, the FH subpoenas. During the conferral, Mr. Thompson stated he would look at Mr. Falic's testimony when he received the transcript, but that FH only represented HK with regard to its Position Statement and defense of

Ms. McNeill's charges filed with the Florida Commission on Human Relations ("FCHR") and that all communications were privileged. Ms. McNeill's counsel explained that is not how they understood Mr. Falic's testimony, which made it seem like FH had conducted a workplace investigation into Ms. McNeill's claims, and such investigation normally would not be privileged. Ms. McNeill offered to resolve the dispute if Mr. Falic provided an affidavit swearing to the fact that FH represented it only as defense counsel in relation to the FCHR action. HK's counsel agreed they would explore the possibility.

3. On August 30, 2024, the Court held a hearing on HK's discovery disputes, including the SDTs served on FH. During that hearing, the Court acknowledged that further conferral by the parties was necessary and deferred his ruling on the subject.

4. HK never followed up with Mrs. McNeill and never provided the affidavit.

5. FH filed its Motion for Protective Order and to Quash Defendant's Subpoena to Produce Documents ("Motion for PO") on September 6, 2024 and Mrs. McNeill filed her Response to the Motion for PO on September 11, 2024, per Judge Strauss's Order. Judge Strauss then ordered FH to file its Reply on September 16, 2024, and the Court set a tentative hearing on the Motion for PO on September 23, 2024.

6. In FH's Reply, FH and HK finally provided the declaration from Jerome Falic that Mrs. McNeill had requested during conferral to resolve the subpoenas well before any briefing occurred, as the Court ordered the parties to do to possibly resolve the issue without briefing. Mr. Falic's declaration confirmed that FH's representation was only as defense counsel for the FCHR action. Mrs. McNeill agreed she would not further pursue a deposition or discovery from FH based on HK's sworn statement that FH's only representation was as defense counsel for HK, and all communications would, therefore, be properly claimed as privileged. Mrs. McNeill had asserted

since the first parties' conferral she would not pursue the SDTs if Jerome Falic would produce the declaration he only ended up providing after FH and Mrs. McNeill incurred both the time and expense of briefing this issue.

7. HK could have avoided this discovery dispute altogether by simply providing the requested affidavit that it eventually provided—but only after Judge Strauss tentatively set hearing on the dispute. To Mrs. McNeill, it feels HK was obstructionist with regard to the SDTs to both her and FH by forcing unnecessary briefing. The costs and fees incurred could have been avoided entirely and Mrs. McNeill feels HK should take some responsibility in failing to provide the requested affidavit during conferral.

8. Mrs. McNeill is submitting this notice to inform Judge Strauss that the SDT dispute was ultimately resolved, but would also like Judge Strauss to understand the context, as Mrs. McNeill tried her best during conferral to get to where the parties ultimately ended up anyway, and Mrs. McNeill (alone) was interested in resolving the dispute without FH ever needing to do anything substantive, so long as HK would just confirm via sworn statement what he did confirm as part of FH's Reply.

Respectfully submitted this 20th day of September, 2024.

By: */s/ Laura Burgess*
Laura E. Burgess, Esq.
Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

and

{00073359:2}                                              3

By: /s/ Antonio L. Converse
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

and

By: /s/ Jennifer A. Tiedeken
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
Davis & Ceriani, P.C.
1600 Stout Street, Suite 1710
Denver, CO 80202
Tel:  303.534.9000
jtiedeken@davisandceriani.com

COUNSEL FOR KAYLA MCNEILL

**CERTIFICATE OF SERVICE**

I hereby certify that on September 20, 2024, I electronically served the foregoing document via email upon all counsel of record for Plaintiff.

/s/ Laura E. Burgess