UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60345-BECERRA/STRAUSS

HEAD KANDY, LLC,

     Plaintiff,

v.

KAYLA MARIE MCNEILL,

     Defendant.

_____/

## ORDER

**THIS MATTER** comes before the Court upon Plaintiff's Motion for a Protective Order and Defendant's Motion to Compel, both regarding the deposition of Plaintiff's corporate representative. *See* [DE 342]. On August 30, 2024, I deferred ruling on Plaintiff's Motion, which sought protection from a deposition, noticed for September 10, 2024, at which Defendant sought to question Plaintiff's representative on seventy-one different topics. *See* [DE 379–1] at 46–52. I deferred ruling in order to give the parties an opportunity to fully confer and narrow the topics at issue to a reasonable scope. [DE 344]. That conferral did not occur in earnest, leading to a compounding of the dispute, with Defendant serving a (slightly) revised notice of fifty-four topics on the eve deposition (*see* DE 371–1 at 57–59) and Plaintiff seeking further protection on the morning of the deposition. [DE 358]. Despite the Court's order that the parties proceed with the deposition to the extent possible [DE 359], the deposition did not occur. The parties then appeared at a hearing on September 23, 2024, at which the Court heard argument on Defendant's motion to compel the deposition. [DE 386]. At that hearing, it was quite apparent that the parties had not actually conferred as to each and every topic in dispute.

At the conclusion of the September 23 hearing, I denied Defendant's motion without prejudice, instructing the parties to "continue conferring (as they had begun following the discovery hearing) by reviewing each and every topic proposed by Defendant on September 9, 2024." [DE 388] at 1. I further ordered that if the parties were not able to reach an agreement on the list of topics, "then they shall each file a proposal containing a reasonable list of topics for the deposition, as well as the date and time of the proposed deposition" and I would then adopt the more reasonable proposal. *Id.* at 1–2. After multiple extensions (due in part to the effects of Hurricane Helene) [DE 393, 396], the parties were unable to reach an agreement on a list of topics and have now filed competing proposals for the Court to review. [DE 403, 404]. While there are issues with both sets of proposals, I find Defendant's to be more reasonable.

After reviewing both proposals, it is clear that the parties agree on a substantial number of topics. Almost all of Plaintiff's proposed thirty-seven topics mirror ones proposed by Defendant and there is substantial overlap between the two proposals. The dispute seems to be over approximately twenty topics and most, if not all, of the disputed topics are seeking the basis of allegations Plaintiff itself made in its Second Amended Complaint. In other words, in most of the disputed topics Defendant seeks clarification of or the evidentiary basis for Plaintiff's own allegations. Those topics are, by definition, relevant to the case, as Plaintiff itself has made those contentions and put them at issue.

At first blush, the sheer number of topics Defendant proposes (fifty-six) is concerning. As discussed at the September 23 hearing, in considering the proportionality of Defendant's proposed deposition, the Court must weigh both the burden on Plaintiff in preparing its corporate representative and the importance of the topics to Defendant's case. A large number of topics can indicate both a high burden on Plaintiff, especially if the topics are broad and require substantial

review for preparation.  It can also indicate that such a burden may not be proportional where the Defendant will have to try and address all those topics within a seven-hour deposition (i.e. where the Defendant will, on average, only spend a few minutes on each topic).  From this point of view, the fact that the Defendant has proposed fifty-six topics is concerning.

However, upon closer examination, two things seem to be true.  First, many of the topics, including ones Plaintiff appears to agree to as well as some to which it appears to object, are relatively narrow and will likely require a few, or perhaps only one, question to address.  For example, several of the topics require Plaintiff to identify individuals it refers to in the allegations of its Second Amended Complaint.  These topics should require relatively little preparation by Plaintiff and use up little time at the deposition (meaning that more time is available during the deposition to address topics that require more preparation).  Second, topics that are asking for Plaintiff's basis for the allegations Plaintiff itself has made in its Second Amended Complaint should be relatively easy for Plaintiff to prepare a witness to answer considering they spring from Plaintiff's own allegations.

The Court also notes that Defendant appears to have substantially narrowed many of the topics she wishes to address compared to her previous list of fifty-four topics served on September 9, 2024.  In particular, she has avoided the broad and ambiguous topics that were most concerning in her initial and follow up lists sent to Plaintiff.  And, again, on most of the topics where the parties disagree, Defendant has been careful to hew her inquiry to specific allegations made by Plaintiff.  Consequently, after reviewing the competing proposals, I direct that the deposition will proceed using Defendant's list of proposed topics (filed as [DE 404–1]).

I further order that the deposition of Plaintiff's corporate representative(s) shall occur on **October 18, 2024,** unless the parties agree otherwise.  In selecting that date, the Court is mindful

that the dispositive motions deadline is October 25, 2024.  While Plaintiff has indicated its corporate representative would be available on October 22, conducting the deposition three days before the dispositive motions deadline does not leave a reasonable amount of time to use the information gathered from the deposition to file such motions.  Furthermore, conducting the deposition on October 18 provides Plaintiff with two weeks from the date of this order to prepare for the deposition.  The Court finds that this is a reasonable amount of time given that the parties had started to agree on topics at the September 23, 2024, hearing (at which the Court made clear that a deposition would go forward in some form) and have been discussing possible topics since at least August 29, 2024.  And, as I noted above, many of the topics at issue pertain directly to the basis of allegations Plaintiff itself has put forth as the basis of its Second Amended Complaint.

<u>**CONCLUSION**</u>

For the reasons stated above, it is **ORDERED** and **ADJUDGED** that the deposition of Plaintiff's corporate representative(s) shall take place on **October 18, 2024**, unless the parties agree otherwise.  The deposition shall proceed using Defendant's proposed list of topics in DE 404-1.

**DONE** and **ORDERED** in Fort Lauderdale, Florida, this 4th day of October 2024.

_Jared Strauss_
**Jared M. Strauss**
**United States Magistrate Judge**