UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                                                             CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC and JONATHAN ROSENBAUM,

    Third-Party Defendants.

_____/

## HEAD KANDY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiff/Counterclaim Defendant Head Kandy, LLC ("**Head Kandy**") replies in support of its *Motion to Dismiss Kayla McNeill's Amended Counterclaims or, in the Alternative, Motion for a More Definite Statement or, in the Alternative, Motion to Strike* (the "**Motion to Dismiss**") [ECF 360] and in opposition to Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") *Response and Opposition Brief to Plaintiff's Motion to Dismiss Kayla McNeill's FAC or, in the Alternative, Motion for a More Definite Statement or, in the Alternative, Motion to Strike* (the "**Opposition**" or "**Opp.**") [ECF 401], and in support states:

### Introduction

Ms. McNeill's Opposition, in addition to being untimely filed,[1] almost entirely fails to engage with and completely fails to rebut the arguments for dismissal Head Kandy made in its Motion to Dismiss. Instead, Ms. McNeill makes a wide variety of unsupported assertions, ignores the authorities Head Kandy cited and the allegations she actually pled, and repeatedly references

---

[1] The Court could thus grant Head Kandy's Motion to dismiss by default. *See* Loc. R. 7.1(c)(1).

{00086792:1}

and relies on an amended pleading she apparently wishes to file, despite the fact that she is undoubtedly not entitled to file yet another amended pleading and Head Kandy will oppose that relief. For the reasons stated herein and in Head Kandy's Motion to Dismiss, the Court should dismiss Ms. McNeill's *Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand* (the "**Complaint**") [ECF 337] in its entirety and with prejudice.

## Argument

**Shotgun Pleading.** Ms. McNeill completely fails to rebut Head Kandy's arguments that the Complaint is, in numerous ways, a quintessential and fatally defective shotgun pleading. Instead, Ms. McNeill asserts that because this case has long been pending and fact discovery is now closed, Head Kandy must by now have adequate notice of her claims. But that argument misses the mark. Head Kandy cannot be expected to engage in vastly overbroad and burdensome discovery to try to make sense of Ms. McNeill's protracted and incomprehensible Complaint; indeed, one of the primary reasons shotgun pleadings are so strongly disfavored is that they "inexorably broaden the scope of discovery." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021) (quotation omitted); *cf. Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (explaining that discovery is not a device to save an otherwise insufficient pleading). Further, although Ms. McNeill claims she is willing to amend the Complaint yet again to "address [Head Kandy's] feigned concerns" [Opp. at 3], Ms. McNeill's proposed amended pleading is rife with many of the same deficiencies. The Court should dismiss the Complaint as a shotgun pleading.[2]

---

[2] Moreover, because Ms. McNeill has already had multiple chances to amend her Complaint, including after Head Kandy had already pointed out to her its extensive deficiencies in its prior motions to dismiss, but has failed to correct either its shotgun pleading characteristics or its multiple failures to state a claim, the Court would be justified in dismissing the Complaint in its entirety with prejudice. *See, e.g.*, *McDonough v. City of Homestead*, 771 F. App'x 952, 956 (11th Cir. 2019) (when plaintiff sought and received leave to amend after the filing of a motion to dismiss pointing out the complaint's defects, dismissal with prejudice was appropriate when plaintiff failed to cure those defects in his amended complaint).

**Breach of Executive Employment Agreement (Count 1)**.  Ms. McNeill misstates Head Kandy's arguments as to the specific breaches of the Executive Employment Agreement she alleges.  First, while the Executive Employment Agreement [ECF 360-4 at § 3(b)] provides for an annual bonus, the deadline for payment of that bonus is tethered to Head Kandy's receipt of audited financial statements, for which the Executive Employment Agreement does not expressly mandate a particular time frame, precluding Ms. McNeill's claims that Head Kandy breached by "[f]ailing to timely obtain audited financial statements" and "failing to timely determine Ms. McNeill's bonuses." [Compl. at ¶ B.91(a), (b)].  Likewise, Ms. McNeill does not (because she cannot) point to any provision of the Executive Employment Agreement requiring "reimbursement" of "business expenses" incurred by Ms. McNeill, and contrary to Ms. McNeill's argument, the Court need not engage in any "improper factual analysis" to make that determination.  *See, e.g.*, *Whitley v. Royal Trails Prop. Owners' Ass'n, Inc.*, 910 So. 2d 381, 383 (Fla. 5th DCA 2005) ("Interpretation of a contract is a question of law.").  Similarly, Ms. McNeill entirely fails to address her claim that Head Kandy breached by "inducing Ms. McNeill to breach the restrictive covenants" [Complaint at ¶ B.91(h)], which is also not expressly prohibited by the Executive Employment Agreement. Thus, Count 1 fails to state a claim insofar as it is based on those alleged breaches.

**Breach of Operating Agreement (Count 2)**.  Ms. McNeill's opposition to enforcement of the Operating Agreement's clear and unambiguous venue clause amounts primarily to irrelevant grievances.  This Court's conclusion that it has personal jurisdiction over Ms. McNeill with respect to Head Kandy's claims against her because of her contacts with, and the damages she caused in, Florida and a Colorado court's finding that it lacked jurisdiction over certain claims Ms. McNeill sought to assert are entirely separate from the issue of the appropriate forum for Ms. McNeill's claim for breach of the Operating Agreement.  Instead, the Operating Agreement [ECF 360-3 at § 12.4(b)] unequivocally requires claims "arising in whole or in part under or in connection with" it,

as Ms. McNeill's claim for breach indisputably is, to be brought in Delaware.[3]  Accordingly, this Court, which is undoubtedly not a court in Delaware, should dismiss Count 2.

**Breach of Loan Agreement and Forklift Lease (Counts 3 & 4)**.  Although Ms. McNeill is correct that a breach of contract claim is usually only susceptible to dismissal based on the statute of frauds when the statue of frauds bars the claim on the face of the complaint, in this case, Ms. McNeill, to avoid the statute of frauds, has deliberately made only vague and cursory allegations and has avoided pleading details concerning the formation and entry into the alleged Loan Agreement and Forklift Lease, neither of which are attached to her Complaint (because, in fact, they are not written).  The Court should at least require Ms. McNeill to plead sufficient facts for Head Kandy to identify the alleged agreements she purports to exist and for the Court to efficiently assess whether Ms. McNeill's claims based on these alleged agreements could possibly be viable.

**Unjust Enrichment (Count 11)**.  Putting aside that the Complaint does not clarify whether Count 11 is pled in the alternative to any other counts (and if so, which ones), while alternative pleading of breach of contract and unjust enrichment claims may be possible, this Court has held that such pleading is not appropriate, and an unjust enrichment claim should be dismissed, when

---

[3] Ms. McNeill goes on to suggest that if Count 2 must be brought in Delaware, then so must Head Kandy's claims, because they "clearly arise in part or in connection to the Operating Agreement." [Opp. at 7]. But that assertion is both untimely and incorrect.  First, Ms. McNeill's time to seek a change of venue on Head Kandy's claims has long passed.  *See* Fed. R. Civ. P. 12(b) (a motion asserting improper venue "must be made before pleading if a responsive pleading is allowed"). Second, Head Kandy's claims do not arise under or in connection with the Operating Agreement, and indeed, the Operating Agreement did not become necessary to this litigation until Ms. McNeill asserted her claim for its breach against Head Kandy. *See Am. Boxing & Athletic Ass'n, Inc. v. Young*, 911 So. 2d 862, 865 (Fla. 2d DCA 2005) (claims not "founded on" the agreement containing the venue clause were not included in venue clause covering "disputes that are related in any way to this document"). Additionally, Ms. McNeill cites no authority to support her claim that Head Kandy somehow "waived" its right to enforce the Operating Agreement's venue clause by proceeding with this case in Florida [Opp. at 7] (although Head Kandy has made this venue argument since Ms. McNeill first asserted a claim for breach of the Operating Agreement), and that argument is based on an flawed premise in any event, as Head Kandy has not brought claims "arising in whole or in part under or in connection with" the Operating Agreement in this Court.

(as here) the subject matter of that claim is governed by a contract that neither party disputes exists. *See Zarella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010) ("[A]n unjust enrichment claim can only be pled in the alternative if one or more parties contest the existence of an express contract governing the subject of the dispute.") (quotation omitted). Here, neither party disputes the existence of the Executive Employment Agreement, the Operating Agreement, or the Asset Purchase Agreement, each of which unambiguously govern Ms. McNeill's rights with respect to at least some of the property referenced in her unjust enrichment claim. To the extent that claim is premised on the subject matter of contractual agreements, it should be dismissed.

**Civil Theft and Conversion (Counts 5, 6, & 10)**. Ms. McNeill's Opposition presents no cogent argument why her civil theft and conversion claims are not duplicative of her contractual claims. The Complaint, with respect to these claims, wholly fails to allege wrongdoing (or to seek damages) separate and distinct from an alleged breach of contract. Instead, Ms. McNeill alleges Head Kandy breached the alleged Forklift Lease by stopping payments due under that agreement, breached the Operating Agreement by improperly repurchasing her ownership interest under that agreement, and obtained and maintained control over the social media account and content (even though that is permitted by the unambiguous terms of the Asset Purchase Agreement and Executive Employment Agreement).[4] Thus, Ms. McNeill fails to state a claim for civil theft or conversion. *See Peng v. Mastroianni*, 2020 WL 11564646, at *4-5 (S.D. Fla. Oct. 26, 2020) ("[E]very action complained of … arises from and is based upon the documents that govern the transaction. This is not a conversion."). Relatedly, this Court has held that although the words "felonious intent" are not strictly required to state a civil theft or conversion claim, a plaintiff must at least allege

---

[4] Ms. McNeill's attempt to rely on another filing [Opp. at 12 (citing ECF 72, which does not contain the language Ms. McNeill ascribes to it)] is improper. To the extent Ms. McNeill intended to cite ¶ B.72 of her Complaint, that likewise does not help her, because that allegation still fails to non-conclusorily allege conduct beyond mere breach of the Operating Agreement.

sufficient facts to demonstrate felonious intent, and merely repeating the words "felonious intent" without actually alleging nonconclusory facts amounting to felonious intent, as Ms. McNeill does here, is insufficient to state a claim. *See, e.g.*, *Steel Media Group, LLC v. Lewis*, 2023 WL 1413043, at *12 (S.D. Fla. Jan. 6, 2023); *Berlinger v. Wells Fargo Bank, N.A.*, 2013 WL 4736828, at *2 (M.D. Fla. Sept. 3, 2013); *see also Island Travel & Tours, Ltd. v. MYR Indep., Inc.*, 300 So. 3d 1236, 1240 (Fla. 3d DCA 2020) (allegations amounting to a contractual dispute ***do not*** evince felonious intent). The Court should dismiss Ms. McNeill's claims for civil theft and conversion.

**Colorado Wage Act ("CWA") (Count 7)**. Ms. McNeill's Opposition completely ignores Head Kandy's arguments for dismissal of her CWA claim. While Mr. Falic also argues that he was not Ms. McNeill's "employer" under the CWA, Head Kandy's main argument in its Motion to Dismiss is that extraterritorial (i.e., outside of Colorado) application of the CWA to the relationship between Head Kandy and Ms. McNeill, which at all relevant times took place in North Carolina and Florida, would be improper. The Court should dismiss Count 7 on that basis alone.

**Privacy Torts (Counts 8 & 9)**. Ms. McNeill's arguments against application of the Asset Purchase Agreement and Executive Employment Agreement are not persuasive. As explained in the Motion to Dismiss, those agreements reflect Ms. McNeill's consent to Head Kandy's commercial use of her promotional materials and social media content, including her likeness. Thus, these claims must fail and should be dismissed. *See Nat'l Football League v. Alley, Inc.*, 624 F. Supp. 6, 10 (S.D. Fla. 1983) (contractual consent constituted waiver of publicity rights).

**Emotional Distress Claims (Counts 12, 13, & 14)**. Ms. McNeill offers no defense of her NIED claim or explanation of how "Extreme and Outrageous Conduct" is a cognizable standalone claim separate from IIED, and both of those claims should be dismissed. As to her IIED claim against Head Kandy, Ms. McNeill completely fails to realize the distinction between Head Kandy and Mr. Rosenbaum. Head Kandy cannot be held vicariously liable for alleged sexually harassing

conduct by Mr. Rosenbaum [Motion to Dismiss at 13 n.9], and Ms. McNeill cites no support for her incorrect assertion to the contrary. Ms. McNeill's allegations directly against Head Kandy amount to its failure to protect Ms. McNeill from Mr. Rosenbaum's alleged harassment or respond to her alleged accusations and its ultimate termination of her employment, and that conduct, even taken as true, does not amount to the "extreme and outrageous" conduct by Head Kandy necessary to state a claim for IIED against Head Kandy. *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1560 (S.D. Fla. 1996); *see also Halstead v. LBAM Inv. Grp., LLC*, 2016 WL 9113446, at *2-3 (N.D. Fla. Nov. 7, 2016) (IIED claim premised on alleged retaliatory termination did not state a claim); *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1257 (M.D. Fla. 2011) (explaining "[t]he standard on a claim for [IIED] is high in the employment realm and strongly disfavored" and dismissing IIED claim when "[t]he only action that the Plaintiff alleges was done by the Defendants was the removal of [Plaintiff] from her position"). Because it fails to even come close to alleging the requisite conduct by Head Kandy, and for the additional reasons stated in Head Kandy's Motion to Dismiss, the Court should dismiss Ms. McNeill's IIED claim.

**Defamation (Count 17)**. Once again, on her defamation claim, Ms. McNeill fails to coherently address the arguments Head Kandy actually makes in its Motion to Dismiss. Contrary to Ms. McNeill's assertion, the Complaint fails to specifically identify and provide the requisite details concerning the alleged defamatory statements necessary to state a cognizable claim. [Motion to Dismiss at 18-19]. For example, Head Kandy still does not know from the Complaint who representing Head Kandy Ms. McNeill claims made the statement(s) in question, how many such statement(s) were supposedly made, to which "affiliate salespersons and others" [Compl. at ¶ A.113] other than Angela Porta the statement(s) were allegedly made, exactly when or through what medium the statement(s) were purportedly made, or the specific contents of the statement(s). Thus, Ms. McNeill's allegations are insufficient. Moreover, Ms. McNeill ignores Head Kandy's

arguments that the Complaint fails to allege that Head Kandy acted without reasonable care as to the falsity of the alleged statement(s) or that Head Kandy acted with actual malice, and does not include any nonconclusory allegations of damages caused by the alleged defamation. [Motion to Dismiss at 17-18 & n.14]. For those reasons, the Court should dismiss Count 17.

**FCRA Claims (Counts 18 – 22)**. Ms. McNeill's Opposition fails to refute Head Kandy's arguments that most of her FCRA claims are untimely and each fails to state a claim. Preliminarily, contrary to Ms. McNeill's suggestions, the FCHR's reasonable cause determination has no bearing on the timeliness or merits of her claim before this Court. That is, while a reasonable cause determination from the FCHR is a necessary prerequisite to bringing particular civil rights claims in a civil action, *see* § 760.11(4), Fla. Stat., it is not an assessment of whether the complainant's federal court Complaint states a claim or whether the complainant has met (or can meet) her ultimate burden of proof, and it has no authoritative or preclusive effect. The Court should dismiss Ms. McNeill's FCRA claims because they are untimely and do not state a claim.

First, Ms. McNeill's FCRA claims are time barred.[5] Ms. McNeill argues that some untimely acts can be considered for purposes of a retaliation claim, but completely ignores the distinction, which Head Kandy explained in its Motion to Dismiss [at 20-21], between discrete and non-discrete acts, and entirely fails to engage with the law Head Kandy cited, including decisions applying the Eleventh Circuit's framing of *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117 (2002) to circumstances identical to this case. To reiterate, it is well-established in the Eleventh Circuit that the so-called "continuing violation doctrine … does not apply to discrete acts of discrimination," such as a demotion or termination, *Brooks v. CSX Transp., Inc.*, 555 F. App'x 878, 880 (11th Cir. 2014), and that "for non-discrete acts that occurred outside of the

---

[5] Only Ms. McNeill's retaliation claim (Count 22) is even in part timely, and even then, it is only timely insofar as it is based on her termination itself.

limitations period to be actionable, there must be a related non-discrete act within the limitations period," *Pla v. Diocese of Palm Beach*, 2024 WL 402563, at *2 (S.D. Fla. Feb. 2, 2024). That is, "'discrete acts' of discrimination and retaliation cannot be combined with allegations of harassment as part of the same harassment claim and cannot save untimely allegations of harassing conduct"; instead, for the continuing violation doctrine to apply, "both the timely and untimely acts must be acts of *harassment* contributing to a hostile work environment, not discrete employment actions such as termination." *Brown v. Delta Air Lines, Inc.*, 2023 WL 10675083, at *9-10 (N.D. Ga. July 19, 2023). Here, because the **only** harassment or retaliatory act alleged to have occurred during the limitations period was Head Kandy's termination of Ms. McNeill, a discrete act, Ms. McNeill cannot state a claim based on any other alleged conduct. Thus, the Court should dismiss Ms. McNeill's FCRA claims with prejudice, except for her retaliation claim insofar as it relates to Head Kandy's termination (but not alleged suspension or demotion) of Ms. McNeill.

Second, each of Ms. McNeill's FCRA claims fails to allege facts sufficient to state a claim on the merits, and Ms. McNeill's Opposition provides no argument to counter that conclusion. Instead, Ms. McNeill's arguments largely rely on her assertion that these claims should not be dismissed because the FCHR allowed them to proceed to court, which, as discussed above, is wholly immaterial. Ms. McNeill's substantive defenses of her claims fare no better.

<u>Sex/Sexual Harassment (Counts 18 & 21)</u>. Instead of providing argument in response to Head Kandy's grounds for dismissal of her sexual harassment claims, Ms. McNeill spills much ink on a self-serving narrative without any citations to specific allegations of her Complaint.[6] Ms.

---

[6] Of course, "a complaint may not be amended by briefs in opposition to a motion to dismiss." *McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015). Moreover, Ms. McNeill's responsive narrative largely recounts her supposed subjective feelings, which are not dispositive, as the alleged conduct must also be objectively severe or pervasive. *See Mendoza v. Borden, Inc.*, 195 F.3d 1238, 1246 (11th Cir. 1999) (describing the subjective and objective components). Here,

McNeill cites no case law whatsoever to support her claim that the sexual harassment she alleges was sufficiently severe or pervasive to state a claim. Instead, the case law Head Kandy cited in its Motion to Dismiss conclusively establishes that Ms. McNeill's allegations, even taken as true, do not and cannot meet the high bar necessary to state a claim. The Court should dismiss these claims.

Age (Count 19) and Religion (Count 20). Ms. McNeill in her Opposition provides ***no argument whatsoever*** in support of her age- or religion-based harassment claims. The Court should dismiss those claims for the reasons stated in Head Kandy's Motion to Dismiss.

Retaliation (Count 22). Ms. McNeill's defense of her retaliation claim is premised entirely on the inconsequential FCHR determination, and therefore is without merit. Ms. McNeill's retaliation claim is untimely insofar as it is based on her alleged suspension or demotion, and in any event, her allegations demonstrate (and evidence will ultimately conclusively show) that Head Kandy had numerous legitimate and non-pretextual reasons to terminate her employment, particularly her extensive self-dealing and competitive activities in violation of her Executive Employment Agreement. The Court should dismiss Ms. McNeill's FCRA retaliation claim.

**Negligent Hiring/Supervision/Retention and Wrongful Discharge (Counts 15 & 16)**. Ms. McNeill makes no arguments in defense of these claims in her Opposition, presumably because she seeks to amend her Complaint to remove them. In any event, these counts, for the reasons stated in Head Kandy's Motion to Dismiss, should be dismissed.

## Conclusion

For the above reasons, and the additional reasons set forth in Head Kandy's Motion to Dismiss, Head Kandy requests the Court reject the arguments in Ms. McNeill's Opposition and grant the relief requested in Head Kandy's Motion to Dismiss.

---

as Head Kandy explains in its Motion to Dismiss, the conduct Ms. McNeill alleges, as a matter of law, is not sufficiently severe or pervasive to state a claim, even if that claim was not time barred.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2024 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521, *co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ Ethan J. Loeb
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water Street, Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*