UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v().                                                    CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC and JONATHAN ROSENBAUM,

    Third-Party Defendants.

_____/

## JONATHAN ROSENBAUM'S REPLY IN SUPPORT OF MOTION TO DISMISS

Third-Party Defendant Jonathan Rosenbaum ("**Mr. Rosenbaum**") replies in support of his *Motion to Dismiss McNeill's Amended Third-Party Claims for Lack of Personal Jurisdiction and Failure to State a Claim* (the "**Motion to Dismiss**") [ECF 361] and in opposition to Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") *Opposition to Jonathan Rosenbaum's Motion to Dismiss McNeill's Amended Third-Party Claims for Lack of Personal Jurisdiction and Failure to State a Claim* (the "**Opposition**" or "**Opp.**") [ECF 399], and in support states:

### Introduction

Ms. McNeill eschews any meaningful substantive argument in opposition to Mr. Rosenbaum's Motion to Dismiss in favor of taking the position that the Motion to Dismiss should be denied because the Court should grant Ms. McNeill leave to amend, yet again, her *Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand* (the "**Complaint**") [ECF 337].

{00086793:1}

But because Ms. McNeill is not entitled to leave to amend her Complaint,[1] and because in any event, Ms. McNeill has repeatedly failed to (and indeed, as a matter of law cannot) state the claims she asserted against Mr. Rosenbaum, the Court should dismiss those claims on their merits.

## Argument

Ms. McNeill attempts to bring three claims against Mr. Rosenbaum: intentional infliction of emotional distress ("**IIED**") [Count 12], negligent infliction of emotional distress ("**NIED**") [Count 13], and "extreme and outrageous conduct" [Count 14]. Each claim fails.

First, and most importantly, Ms. McNeill, in addition to pleading no allegations whatsoever of Mr. Rosenbaum's connections with Florida (because there are none), presents no argument whatsoever in her Opposition to support this Court's exercise of personal jurisdiction over Mr. Rosenbaum with respect to the claims alleged. Nor could she, because, for the reasons explained in Mr. Rosenbaum's Motion to Dismiss, this Court does not have personal jurisdiction over Mr. Rosenbaum, who is not a Florida resident, with respect to his alleged conduct underlying those claims, which is not alleged to have taken place in Florida.

Second, Ms. McNeill fails, across any of her briefing, to present any cogent defense of those claims, particularly as they pertain to Mr. Rosenbaum. As to her NIED claim, Ms. McNeill does not allege any "impact" or physical injury sufficient to satisfy the impact rule, and does not allege any "negligent" conduct on the part of Mr. Rosenbaum. As to her IIED and "extreme and outrageous conduct" claims, the alleged conduct Ms. McNeill attributes to Mr. Rosenbaum, as a matter of law, falls far short of the extreme or outrageous standard applicable to workplace harassment claims, and Ms. McNeill's vague and cursory allegations fail to show the requisite

---

[1] Head Kandy will oppose Ms. McNeill's separate motion for leave to amend in due course.

degree of resulting emotional distress.  Additionally, Ms. McNeill provides no support suggesting her "extreme and outrageous conduct" claim can stand alone apart from an IIED claim.

Accordingly, the Court should dismiss Ms. McNeill's claims against Mr. Rosenbaum in their entirety.

## Conclusion

For the above reasons, and those stated in Mr. Rosenbaum's Motion to Dismiss, the Court should dismiss all of Ms. McNeill's claims against Mr. Rosenbaum.

/s/ Ethan J. Loeb
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water Street, Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff Head Kandy LLC*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 7, 2024, 2024 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521, *co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

      /s/ *Ethan J. Loeb*
**ETHAN J. LOEB**
FL Bar No. 668338