UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                          CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC and JONATHAN ROSENBAUM,

    Third-Party Defendants.

_____/

## JEROME FALIC'S REPLY IN SUPPORT OF MOTION TO DISMISS

Third-Party Defendant Jerome Falic ("**Mr. Falic**") replies in support of his *Motion to Dismiss McNeill's Amended Third-Party Claims or, in the Alternative, Motion for a More Definite Statement* (the "**Motion to Dismiss**") [ECF 362] and in opposition to Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") *Response and Opposition Brief to Jerome Falic's Motion to Dismiss McNeill's Amended Third-Party Claims or, in the Alternative, Motion for a More Definite Statement* (the "**Opposition**" or "**Opp.**") [ECF 400], and states:

### Introduction

Ms. McNeill, in her Opposition, offers entirely unconvincing (and often inapposite and legally unsupported) arguments to avoid dismissal of her claims against Mr. Falic. Her arguments, however, largely fail to engage with the bases for dismissal Mr. Falic actually identified in his Motion to Dismiss. Instead, Ms. McNeill replicates arguments made in her briefing on Head Kandy's contemporaneously filed motion to dismiss (the "**HK Motion to Dismiss**") [ECF 360],

{00084320:1}

and completely fails to realize or engage with the fact that Head Kandy and Mr. Falic are distinct parties, and that neither can be held vicariously liable for Mr. Rosenbaum's alleged harassing conduct.  Because, in addition to being a quintessential shotgun pleading, Ms. McNeill's *Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand* (the "**Complaint**") [ECF 337] fails to state a claim (and cannot state a claim) against Mr. Falic as an individual separate from Head Kandy as an entity, Ms. McNeill's claims against Mr. Falic should be dismissed in their entirety and with prejudice.

## Argument[1]

As Mr. Falic pointed out in his Motion to Dismiss, a common thread throughout Ms. McNeill's Complaint is her failure to allege in a nonconclusory manner any specific wrongful conduct by Mr. Falic separate and apart from the conduct of Head Kandy, or to identify (much less plead) any basis for holding Mr. Falic personally and individually liable for the alleged acts of Head Kandy.  This shortcoming manifests itself in each of the claims against Mr. Falic, and renders those claims wholly insufficient to state a claim against Mr. Falic.

**Civil Theft (Counts 5 & 6)**.  As to these claims, Ms. McNeill simply repeats the arguments she made in response to the HK Motion to Dismiss, which are without merit in their own right, but also entirely fail to explain on what basis Ms. McNeill is attempting to hold Mr. Falic personally liable for the alleged theft of her ambiguously and amorphously defined "property."  Specifically, while Ms. McNeill fails to make any plausible and nonconclusory allegations of "felonious intent" at all—as is required to state a claim for civil theft, *see Steel Media Group, LLC v. Lewis*, 2023 WL 1413043, at *12 (S.D. Fla. Jan. 6, 2023); *Berlinger v. Wells Fargo Bank, N.A.*, 2013 WL 4736828, at *2 (M.D. Fla. Sept. 3, 2013)—there are certainly no allegations whatsoever of

---

[1] Mr. Falic incorporates, to the extent applicable, the arguments set forth in Head Kandy's reply in support of the HK Motion to Dismiss [ECF 413].

felonious intent by Mr. Falic, and certainly not any to show he was acting in his personal capacity separate from his role as the Managing Member of Head Kandy.  Indeed, Ms. McNeill does not, because she cannot, plead that Mr. Falic even personally committed a theft of or received any of the subject property at all.  *See, e.g.*, *Transcapital Bank v. Shadowbrook at Vero, LLC*, 226 So. 3d 856, 864 (Fla. 4th DCA 2017) (explaining "a party which does not personally receive property which is the subject of an alleged conversion or civil theft cannot be held liable for such action" and affirming directed verdict in favor of individual officers of entity defendant).  Nor can Ms. McNeill cogently explain how any of the conduct she alleges as the bases for her civil theft claim against Mr. Falic goes beyond mere contractual breaches by Head Kandy (it does not).  The Court should dismiss these claims.

**Colorado Wage Act ("CWA") (Count 7)**.  Ms. McNeill entirely misapprehends Mr. Falic's arguments for dismissal of her CWA claim.  Mr. Falic is not, as Ms. McNeill speciously suggests, arguing that Ms. McNeill was not an "employee" of Head Kandy under the CWA.  Rather, Mr. Falic argues that he, individually and personally, was not her employer under the CWA, and therefore cannot be held individually liable for alleged unpaid compensation.

While Mr. Falic provided an honest assessment of the changes in Colorado law in his Motion to Dismiss, even though those changes are not favorable to Mr. Falic, Ms. McNeill incorrectly attempts to accuse Mr. Falic of relying upon outdated case law.  That is not correct. Under prior versions of the CWA, Colorado law was clear that individual officers or agents of an employer were not personally liable for the employer's unpaid compensation to its employees. The relevant provision of the CWA, however, was amended in 2019 to incorporate the definition of "employer" found in the federal Fair Labor Standards Act ("**FLSA**").  Accordingly, Mr. Falic in his Motion to Dismiss cited and relied on Eleventh Circuit case law construing the FLSA to assess whether Ms. McNeill's allegations are sufficient to state a CWA claim against Mr. Falic for

alleged unpaid compensation. Under those cases, which are binding on this Court for their interpretation of the FLSA's definition of the term "employer," a corporate officer is not liable as an "employer" unless he is "involved in the day-to-day operation" of the business or "ha[s] some direct responsibility for supervision of the employee." *Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).

Ms. McNeill's allegations are plainly insufficient under that applicable standard. Indeed, all Ms. McNeill alleges is that Mr. Falic was and is the Managing Member of Head Kandy. Even if that theoretically gave Mr. Falic ultimate control over Head Kandy's operations, Ms. McNeill does not allege (and in fact, could not allege in a nonconclusory manner, plausibly or truthfully) that Mr. Falic actually exercised such power on a day-to-day basis during Ms. McNeill's employment. *See, e.g.*, *Santos v. Cuba Tropical, Inc.*, 829 F. Supp. 2d 1304, 1312 (S.D. Fla. 2011) (part owner of business who initially hired managers to whom he delegated day-to-day operational authority, even though he technically possessed and could have exercised "ultimate authority," was not an "employer" under the FLSA). Nor does the Complaint contain any allegation, definitely not a nonconclusory and plausible allegation, that Mr. Falic was Ms. McNeill's direct supervisor, and nor could it, since Ms. McNeill was, like Mr. Falic, a partial owner of Head Kandy. Finally, dispositive of her claim, Ms. McNeill alleges in the Complaint that Head Kandy, not Mr. Falic individually, was the one who ultimately terminated her employment. [Compl. at ¶¶ A.107-108].

For these reasons, the Court should dismiss Ms. McNeill's purported CWA claim against Mr. Falic.

**Emotional Distress Claims (Counts 12, 13, & 14)**. As in her response to the HK Motion to Dismiss, Ms. McNeill spends several pages of her Opposition (without specific citations to

actual allegations of her Complaint) describing and purportedly analyzing alleged conduct by Mr. Rosenbaum.  But, what Ms. McNeill does not do in any filing, certainly not in her Complaint, is describe any conduct by Mr. Falic (or Head Kandy) even close to sufficient to sustain claims for IIED, NIED, or "extreme and outrageous conduct."

As with Head Kandy, Ms. McNeill alleges, at most, that Mr. Falic either disregarded or did not protect her from Mr. Rosenbaum's alleged harassment.  That alleged conduct plainly, as a matter of law, falls woefully short of the high bar required to state a claim for IIED, particularly when considering the heightened standard applicable to IIED claims in the employment realm, and courts routinely dismiss IIED claims in such circumstances.  *See, e.g.*, *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1560 (S.D. Fla. 1996); *Halstead v. LBAM Inv. Grp., LLC*, 2016 WL 9113446, at *2-3 (N.D. Fla. Nov. 7, 2016); *Jenks v. Naples Cmty. Hosp., Inc.*, 829 F. Supp. 2d 1235, 1257 (M.D. Fla. 2011).  Nor does Ms. McNeill provide any convincing basis for holding Mr. Falic (or Head Kandy) vicariously liable under an IIED theory for Mr. Rosenbaum's alleged conduct (nor could she, because that would be contrary to Florida law).  That claim against Mr. Falic is due to be dismissed, and nothing in the Opposition changes that straightforward conclusion, which is the only one that can be reached from the allegations Ms. McNeill actually pleads.

Moreover, Ms. McNeill in her Opposition offers no defense at all of her NIED claim or explanation for how "extreme and outrageous conduct" is a standalone claim separate from IIED, so the Court should also dismiss both of those claims for the reasons stated and incorporated in Mr. Falic's Motion to Dismiss.

**Mr. Falic's Liability for Actions of Head Kandy**.  Underlying all of Ms. McNeill's claims against Mr. Falic is an assumption, without any supporting allegations or coherent argument, that Mr. Falic is automatically liable personally for the alleged conduct of Head Kandy.

But that is patently wrong. As Mr. Falic explains in his Motion to Dismiss, Head Kandy is organized under Delaware (not Florida) law, which applies and makes clear that the individual members of a limited liability company are not personally liable for the company's actions. *See, e.g.*, *Wais v. Thompson*, 2023 WL 2641489, at *4 (Del. Super. Mar. 24, 2023); *SDF Funding LLC v. Fry*, 2022 WL 1511594, at *9 (Del. Ch. May 13, 2022). Head Kandy's Operating Agreement reinforces that state of affairs specifically with respect to the liability of its Managing Member, Mr. Falic. [ECF 362-1 at § 7.4]. Accordingly, to hold Mr. Falic personally liable for Head Kandy's actions, Ms. McNeill must put forth (and plead) some theory for doing so. She does not and cannot, either in her Complaint or in her Opposition.[2] That deficiency is fatal with respect to Ms. McNeill's claims against Mr. Falic, which the Court should dismiss in their entirety.

## Conclusion

For the above reasons, and those described and incorporated in Mr. Falic's Motion to Dismiss, the Court should dismiss all of Ms. McNeill's claims against Mr. Falic.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 8, 2024, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com,

---

[2] Even if Ms. McNeill had put forth some cogent basis to hold Mr. Falic individually liable for Head Kandy's actions, the Court could not consider it. *See, e.g.*, *McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015) ("[A] complaint may not be amended by briefs in opposition to a motion to dismiss.").

Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ *Edward Colin Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD COLIN THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
UniqueA@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water Street, Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Third-Party Defendant Jerome Falic*

{00084320:1}