UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                                          CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC and JONATHAN ROSENBAUM,

    Third-Party Defendants.
_____/

**HEAD KANDY AND MR. FALIC'S OPPOSITION
TO MS. MCNEILL'S MOTION FOR LEAVE TO FILE SECOND
AMENDED ANSWER, COUNTERCLAIMS AND THIRD-PARTY COMPLAINT**

Plaintiff/Counterclaim Defendant Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant Jerome Falic ("**Mr. Falic**")[1] oppose Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") Motion for Leave to File Second Amended Answer, Counterclaims and Third-Party Complaint (the "**Motion**") [ECF 402], and in support state:

**Introduction**

The last-extended June 10, 2024, deadline for Ms. McNeill to seek leave to file amended pleadings passed nearly four months before she filed her current Motion. Head Kandy's, Mr. Falic's, and Mr. Rosenbaum's respective second motions to dismiss Ms. McNeill's Amended

---

[1] Third-Party Defendant Jonathan Rosenbaum ("**Mr. Rosenbaum**") does not join this Opposition because, as he has already twice explained in his Motions to Dismiss [ECF Nos. 312, 361], the Court does not have personal jurisdiction over Mr. Rosenbaum, and Ms. McNeill never even attempted to plead allegations that would support personal jurisdiction over Mr. Rosenbaum or present any counterarguments to Mr. Rosenbaum's personal jurisdiction arguments. Thus, Mr. Rosenbaum has no objection to the dismissal of Ms. McNeill's third-party claims against him.

Complaint and Head Kandy's motion to strike Ms. McNeill's affirmative defenses are fully briefed and ready for ruling.[2] Fact discovery has closed. Nevertheless, Ms. McNeill, by her Motion, attempts to file yet another amendment to her responsive pleading under the guise that her Proposed Complaint merely removes a party and three claims—changes to which Head Kandy and Mr. Falic do not object in principle. By her Proposed Complaint, however, Ms. McNeill makes a wide variety of substantive additions and technical revisions to her operative Amended Complaint—even though the Amended Complaint was filed barely a month prior to the Motion seeking leave to amend it yet again—and fails to remove purported claims that are not even recognized or fall woefully short of stating a claim under Florida law.

Putting aside that Ms. McNeill's Proposed Complaint is still rife with fatal deficiencies subjecting it (like its predecessors) to dismissal and that allowing Ms. McNeill to file another amended pleading at this juncture would unduly prejudice the other parties and delay resolution of this long-pending case, Ms. McNeill in her Motion fails to identify, and could never satisfy, the correct standard applicable to amendment of pleadings at this stage of the case. That is, ***Ms. McNeill does not even attempt to support her Motion with good cause*** as required under Federal Rule of Civil Procedure 16 to permit the Court to grant leave to amend after the deadline to do so (June 10, 2024) has long passed, and particularly given that Ms. McNeill has already been afforded one opportunity to amend after that deadline. The Court should deny the Motion.

## Relevant Background

After the Court entered its preliminary injunction enjoining Ms. McNeill's ongoing violation of the restrictive covenants to which she agreed [ECF 152] and rejected in pertinent part

---

[2] Herein, Head Kandy refers to Ms. McNeill's 6/10/2024 responsive pleading [ECF 268] as the "**Initial Complaint**," Ms. McNeill's 8/27/2024 amended responsive pleading [ECF 337] as the "**Amended Complaint**," and Ms. McNeill's proposed second amended responsive pleading [ECF 402-1] as the "**Proposed Complaint**."

Ms. McNeill's motion to dismiss Head Kandy's claims [ECF 151], the Court entered a scheduling order setting February 10, 2024 as the deadline for "all motions to amend pleadings" and February 24, 2024 as Ms. McNeill's deadline to respond to Head Kandy's operative complaint and assert any counterclaims or third-party claims. [ECF 157]. Ms. McNeill failed to comply. Instead, on February 29, 2024 (the day her first responsive pleading, after an unopposed extension of time, was due), Ms. McNeill filed her Motion to Stay, or in the Alternative, to Amend Scheduling Order [ECF 194] and attached as an exhibit thereto (but never technically filed or served) her responsive pleading [ECF 195-1].

Thereafter, the Court entered its superseding Order Setting Trial, Calendar Call, Reference to Magistrate Judge, Pretrial Deadlines, and Pretrial Procedures (the "**Scheduling Order**") [ECF 259], which set forth a deadline (proposed and agreed to by Ms. McNeill and Head Kandy) of June 10, 2024, for Ms. McNeill to "file an amended answer, counterclaims, and third-party complaint limited [to] third-party claims and … the Florida Civil Rights Act ("FCRA") claim …, if the [Florida Commission on Human Relations ("FCHR")] so permits." On June 10, 2024, Ms. McNeill filed (but did not serve) her Initial Complaint [ECF 268], which included third-party claims against Messrs. Falic and Rosenbaum, but (because the FCHR had not yet made a cause determination) did not include any FCRA claims.

On August 9, 2024, after the FCHR determined that some, but not all, of Ms. McNeill's FCRA claims could proceed into this Court, Ms. McNeill sought leave to amend to add those claims and new (purportedly) supporting allegations. [ECF 335]. Head Kandy, Mr. Falic, and Mr. Rosenbaum did not oppose that amendment, or the extensions of time preceding it, even though those parties had already undergone the significant expense of briefing their respective motions to dismiss Ms. McNeill's Initial Complaint and motion to strike Ms. McNeill's insufficiently pled affirmative defenses. [*See* ECF Nos. 311, 312, 313, 314]. On August 14, 2024, the Court granted

Ms. McNeill leave to file the Amended Complaint by August 26, 2024 [ECF 336], and Ms. McNeill (untimely) filed (but still did not serve) the Amended Complaint at 12:21 A.M. on August 27, 2024 [ECF 337].  Because the Amended Complaint failed to correct the substantial problems with the prior version—and in fact made the pervasive pleading deficiencies significantly worse and added dozens of pages, hundreds of paragraphs of additional factual allegations, and several new claims (most of which are untimely and each of which are subject to dismissal on their merits)—Head Kandy, Mr. Falic, and Mr. Rosenbaum once again undertook the time and expense of preparing their respective motions to dismiss and motion to strike affirmative defenses [ECF Nos. 360, 361, 362, 363], which are now fully briefed and ready for ruling.

Now, barely a month removed from her last amendment, and well after the deadline for amendment set by the Court, Ms. McNeill again seeks leave to once again amend her operative responsive pleading.  By her Motion, Ms. McNeill falsely portrays her latest attempt to amend as an effort to "streamline the proceedings," purportedly remedying the numerous fatal deficiencies Head Kandy, Mr. Falic, and Mr. Rosenbaum have identified (now twice) in their motions to dismiss and "obviat[ing] the need for further" motions practice. [Motion at 3].  Ms. McNeill's Proposed Complaint, however, would do nothing of the sort.  Instead, although Ms. McNeill's stated purpose for the amendment is to remove three claims and a third-party defendant), the Proposed Complaint is 8 pages ***longer*** than the currently operative version [ECF 337], not including newly attached exhibits.  Indeed, rather than simply removing claims and parties that were subject to inevitable dismissal anyway, the Proposed Complaint also refines Ms. McNeill's previous factual allegations and adds additional factual allegations that Ms. McNeill could have asserted long ago, supplements those allegations with screenshots of communications and several newly attached exhibits, attempts to bolster Ms. McNeill's affirmative defenses and asserts additional affirmative defenses, and makes a variety of other changes and revisions in form and

substance.  Nevertheless, despite all of those modifications, the Proposed Complaint still fails to correct most of the pleading and substantive deficiencies that have plagued the prior iterations of Ms. McNeill's responsive pleading and the amendment is, therefore, futile.

In her Motion, Ms. McNeill does not (because she cannot) demonstrate good cause to amend her responsive pleading long after the deadline to do so has passed.  Ms. McNeill, in fact, does not even attempt to do so.  Instead, Ms. McNeill bases her request on the more lenient standard for amendment in Fed. R. Civ. P. 15(a), which is the incorrect starting point at this stage of the case, and which standard she also cannot satisfy.  The Court should deny the Motion because Ms. McNeill has not met her burden (and indeed, has not even attempted to meet her burden) to show good cause for the amendment, and even if the more lenient standard applied, the Court should still deny the Motion based on the futility of the Proposed Complaint and the prejudice amendment at this juncture of this long-pending litigation would inevitably cause the other parties.  The Court should also, under 28 U.S.C. § 1927 and its inherent authority, award Head Kandy and Mr. Falic the expenses they have incurred in being forced to file multiple motions to dismiss in response to Ms. McNeill's continued deficient amendments, particularly if the Court permits Ms. McNeill to amend once again.

## Argument

I.  **Ms. McNeill has not demonstrated, and cannot demonstrate, good cause.**

"[W]hen a motion to amend is filed after a scheduling order deadline, [Federal] Rule [of Civil Procedure] 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).  Here, Ms. McNeill filed the Motion on October 2, 2024, ***nearly four months after*** the Scheduling Order's June 10, 2024 deadline for her to file her responsive pleading, and merely a month after she was previously afforded an opportunity to file her Amended Complaint past the deadline for doing so.

Under Fed. R. Civ. P 16(b)(4), scheduling orders entered by the Court may only be modified "for good cause," and the good cause standard is "strictly enforced." *Rogers v. Hartford Life & Acc. Ins. Co.*, 2012 WL 2395194, at *1 & n.3 (S.D. Ala. June 22, 2012). That standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation omitted). "In short, diligence is the key to satisfying the good cause requirement." *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672-73 (S.D. Fla. 2012). Diligence is lacking when the information giving rise to the need to amend was available to the movant before the deadline to amend passed or when the movant waits to even attempt to gather information needed to determine whether an amendment is in order until after the deadline has passed. *See S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (holding that movant lacked diligence to establish good cause when it delayed in serving discovery and taking necessary depositions and waited to file motion for leave to amend until five months after the deadline and long after information underlying the proposed amendment had become known).

Ms. McNeill makes no attempt whatsoever in her Motion to establish good cause, and therefore, the Court should summarily deny the Motion. *See, e.g.*, *McKeever v. Liberty Mut. Grp., Inc.*, 487 F. App'x 487, 488 (11th Cir. 2012) (affirming denial of leave to amend when the movant "did not even attempt to demonstrate 'good cause'" in his motion for leave to amend); *Gonin v. Carnival Corp.*, 2024 WL 2976743, at *3 (S.D. Fla. June 13, 2024) ("When a plaintiff altogether fails to address Rule 16(b)'s good cause standard in her motion to amend, courts routinely find that the plaintiff has not sustained her burden to demonstrate good cause to permit a tardy amendment.") (cleaned up).

Nor could Ms. McNeill make the requisite showing of good cause even if she had made some effort in her Motion to do so. In fact, Ms. McNeill's own arguments wholly undermine any

potential finding of good cause because she claims that the allegations underlying her Proposed Complaint were "known" because of the "extensive discovery and motions practice" that has occurred in this litigation, meaning that Ms. McNeill cannot show good cause for waiting until now to attempt to allege those long-known facts. *See, e.g.*, *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011) (denying leave to amend when the facts the movant was seeking to use to amend the complaint were known to the movant at the time the prior complaint was filed); *Roberson v. BancorpSouth Bank, Inc.*, 2013 WL 4870839, at *2 (S.D. Ala. Sept. 12, 2013) (denying leave to amend when the movant "had or could have had all of the facts she needed" before the applicable deadline, "a circumstance which negates good cause"). Indeed, despite her cursory and unexplained suggestion to the contrary, Ms. McNeill's amendments do not rely on information she first obtained between her most recent August 27 amendment and her October 2 Motion and could not have exercised diligence to obtain beforehand, as would be necessary (at a minimum) to show good cause.[3] Moreover, even if Ms. McNeill's request for leave to amend was (or could be) premised on discovery of some previously unknown facts, to demonstrate good cause, Ms. McNeill has failed to "specify what those facts were, why they were previously undiscoverable, or how they promote" her claims. *Roberson*, 2013 WL 4870839, at *2. And what is more, because the vast majority of Ms. McNeill's allegations pertain to harassment she

---

[3] On that point, it bears mention that until the Court entered its Scheduling Order on May 8, 2024, the parties operated under a fact discovery deadline of May 10, 2024, and served discovery requests accordingly. At that time, Ms. McNeill surely knew what counterclaims and third-party claims she would seek to raise, given that she had already improperly "filed" her Initial Complaint as an exhibit several months earlier. Thus, Ms. McNeill could and should have been able to acquire, or at least attempt to acquire, any information she needed before the June 10, 2024, deadline for amendments to pleadings, and certainly well before her most recent amendment on August 27, 2024. Her failure to do so, and decision to instead wait several more months until the new September 10, 2024, discovery deadline—months past the deadline to amend pleadings—to even attempt to acquire any additional information, bespeaks a lack of diligence and precludes a finding of good cause to amend. *See, e.g.*, *S. Grouts & Mortars*, 575 F.3d at 1241.

supposedly endured or other events in which she was an active participant while she was employed with Head Kandy—the alleged events on which her claims have been based since her Initial Complaint was first filed, some of which have also underpinned Head Kandy's claims since they were first filed in February 2023—the facts underlying any iteration of her responsive pleading practically could not be unknown or new to her. *See, e.g.*, *Bohannon v. PHH Mortg. Corp.*, 2016 WL 10988740, at *2 (N.D. Ga. Dec. 19, 2016) (due diligence was lacking when the facts underlying the proposed amendment were "necessarily known to [the movant]" at the time she filed prior versions of the complaint).

At bottom, Ms. McNeill does not (and cannot) overcome her lack of diligence in failing to make these amendments in her Amended Complaint and instead waiting to seek to amend her responsive pleading yet again until after fact discovery (after previous extensions) had closed and motions to dismiss had twice been filed and are now finally fully briefed. For these reasons alone, the Court should deny the Motion.

## II. Even if the FRCP 15(a) standard applied, Ms. McNeill's Proposed Complaint is futile and unduly prejudicial.

Although the Fed. R. Civ. P. 15(a)(2) standard on which Ms. McNeill relies—that "[t]he [C]ourt should freely give leave [to amend] when justice so requires"—is inapplicable unless good cause (i.e., diligence) is first shown, *see Sosa*, 133 F.3d at 1419; *Roberson*, 2013 WL 4870839, at *2, the Motion still fails even under that more lenient standard, and therefore must be denied.

### A. Ms. McNeill's Proposed Complaint, despite multiple opportunities to cure, does not remedy the deficiencies in her prior responsive pleadings and would likewise be subject to immediate dismissal.

It is well-established that leave to amend should not be granted when the proposed amendment would be subject to immediate dismissal, or in other words, is futile. *See, e.g.*, *Patel v. Georgia Dep't BHDD*, 485 F. App'x 982, 982 (11th Cir. 2012) ("Futility justifies the denial of

leave to amend where the complaint, as amended, would still be subject to dismissal."). It is equally well-established that a party who has failed to cure deficiencies through prior amendments is not entitled to another opportunity to amend. *See, e.g.*, *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Repeated failure to cure deficiencies by previous amendments is an explicitly permitted reason for which the district court was entitled to deny [the] motion to amend.") (cleaned up). Here, not only would Ms. McNeill's Proposed Complaint be immediately subject to dismissal upon filing (and would indubitably require the parties to engage in yet another round of briefing on motions to dismiss), but it also still fails to correct numerous pleading and substantive deficiencies that Head Kandy and Mr. Falic have identified for Ms. McNeill numerous times up to this point.

First, the Proposed Complaint, like each of its predecessors, would be subject to dismissal. Although Ms. McNeill represents that the Proposed Complaint would render further motions to dismiss unnecessary, that is manifestly incorrect, because the Proposed Complaint is still a quintessential shotgun pleading, still includes numerous counts against Head Kandy and Mr. Falic that fail to state a claim for a wide variety of reasons, and still asserts improper and insufficient affirmative defenses. Indeed, the Proposed Complaint, like the prior version, is subject to dismissal for at least the following reasons, as more fully addressed in Head Kandy's and Mr. Falic's respective pending motions to dismiss [ECF Nos. 360, 362]:

- Count 13 ("Extreme and Outrageous Conduct") – There is no such standalone claim recognized under Florida law [*see* ECF 360 at 14 n.11];
- Count 12 (intentional infliction of emotional distress) – Even with the proposed additional allegations, Ms. McNeill has not pleaded facts sufficient to meet the exceedingly high bar of establishing "extreme and outrageous" conduct in the employment context, and has not pleaded facts sufficient to establish that she suffered the requisite "severe" emotional distress. [*See* ECF 360 at 14-15];
- Counts 15-18 (FCRA hostile work environment claims) – Ms. McNeill continues to assert claims under the FCRA that are time-barred [*see* ECF 360 at 20-23] and even with the proposed additional allegations fall well short of the standard applicable to

such claims [*see* ECF 360 at 23-26], particularly insofar as these claims seek to obliquely assert discrimination claims the FCHR has not permitted her to bring in this Court [*see* ECF 360 at 25 n.19];

- Count 2 (breach of LLC Operating Agreement) – This claim, pursuant to a contractual forum selection clause, must be brought in Delaware, if at all. [*See* ECF 360 at 7-8];

- Count 14 (defamation) – Even Ms. McNeill's proposed additional allegations fail to allege the requisite specific information concerning the defamation she claims, and fail to allege the actual malice necessary to defame a public figure such as Ms. McNeill. [*See* ECF 360 at 19-20];

- Count 7 (Colorado Wage Act) – Even Ms. McNeill's proposed additional allegations establish that she worked in North Carolina for a Florida employer such that the CWA cannot apply [*see* ECF 360 at 12], and even with the proposed additional allegations, Ms. McNeill does not plead facts sufficient to make Mr. Falic individually her employer [*see* ECF 362 at 5-7];

- Individual Liability of Mr. Falic – Even Ms. McNeill's proposed additional allegations refer to Head Kandy and Mr. Falic collectively and fail to put forth any basis for holding Mr. Falic personally liable for the alleged acts of Head Kandy as an entity. [*See* ECF 362 at 7-10]; and

- "Shotgun Pleading" – Ms. McNeill continues to make only one omnibus prayer for relief, incorporate all (or nearly all) of her factual allegations into many of her counts even when most of the incorporated allegations have no apparent relevance to that count, lump together multiple pieces of property and multiple defendants in her civil theft claims, include gratuitous and derisive allegations, and overall present a responsive pleading that is orders of magnitude longer than necessary to make a "short and plain" statement for relief. [*See* ECF 360 at 3-6].

Head Kandy and Mr. Falic have pointed out these deficiencies multiple times, and to be clear, if Ms. McNeill is permitted to file the Proposed Complaint, Head Kandy and Mr. Falic will have to, once again, move to dismiss it, and for many of the same reasons they have previously stated, the Proposed Complaint would be subject to dismissal.[4]

Second, Ms. McNeill has already had several opportunities to file a responsive pleading that would not be subject to dismissal. Head Kandy, Mr. Falic, and Mr. Rosenbaum explained the

---

[4] Further, in granting Head Kandy's currently pending Motion to Dismiss, the dismissals should be with prejudice. *See, e.g.*, *McDonough v. City of Homestead*, 771 F. App'x 952, 956 (11th Cir. 2019) (when plaintiff sought and received leave to amend after defendant filed a motion to dismiss pointing out the complaint's defects, dismissal with prejudice was appropriate when plaintiff failed to cure those defects in an amended complaint).

pervasive problems with Ms. McNeill's Initial Complaint to Ms. McNeill before that pleading was even officially filed (i.e., after it was attached as an exhibit to her February 29, 2024, Motion to Stay, or in the Alternative, to Amend Scheduling Order [ECF 194, ECF 195-1]), responded to the Initial Complaint with comprehensive motions to dismiss detailing numerous fatal flaws and providing relevant case law supporting dismissal, and responded again to the Amended Complaint with motions to dismiss making many of those same arguments and stating additional bases for dismissal brought about by Ms. McNeill's changes at that time. Nonetheless, despite having long been on notice of the grounds for dismissal of each version of her responsive pleading, Ms. McNeill continues to seek permission to file amended pleadings that continue to fail to correct her prior mistakes.

The Court need not, and should not, give Ms. McNeill yet another bite at the apple, and particularly should not allow another opportunity after the deadline to amend has long passed and when the Proposed Complaint does not correct even the most basic deficiencies and continues to include claims that are not even recognized under Florida law. *See, e.g.*, *Corsello*, 428 F.3d at 1014 (affirming denial of leave to file fourth complaint over five years of litigation after numerous opportunities to correct errors); *United States ex rel. Mastej v. Health Mgmt. Assocs. Inc.*, 2015 WL 9897846, at *3 (M.D. Fla. Dec. 30, 2015) (denying leave to amend when movant had failed to cure deficiencies through his several prior amendments).

For these reasons, even if the Fed. R. Civ. P. 15(a)(2) standard applies, Ms. McNeill is not entitled to, and the Court should not grant her, leave to amend to assert yet another pleading that will be due for immediate dismissal.

    B. <u>Head Kandy and Mr. Falic would be prejudiced by another amendment at this late juncture of the case and after having already incurred the expense to move to dismiss Ms. McNeill's claims multiple times.</u>

Additionally, leave to amend should be denied when (as here) amendment would unduly prejudice the nonmoving party. *See, e.g.*, *Reese v. Herbert*, 527 F.3d 1253, 1263 (11th Cir. 2008). Permitting Ms. McNeill to file yet another amended responsive pleading after the close of fact discovery, after motions to dismiss the Amended Complaint (including arguments supporting dismissal with prejudice of most of Ms. McNeill's claims) have already been filed, would prejudice the remaining parties and waste judicial resources, and therefore, the Court should deny the Motion and proceed to a ruling on the merits of the motions to dismiss in due course. *See, e.g.*, *Reese*, 527 F.3d at 1263 (denying motion for leave to amend filed weeks after the close of discovery and while dispositive motion briefing was ongoing based on prejudice to the opposing party); *Maynard v. Bd. of Regents of Div. of Universities of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (affirming denial of leave to amend when motion was filed "on the last day of the already extended discovery period," even though the proposed amendments could have been asserted earlier, because allowing amendment at that point would delay the disposition of the case and prejudice the opposing party); *cf. Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1315 (11th Cir. 2002) (explaining that a district court does not abuse its discretion by denying a motion for leave to amend that is designed to avoid an impending adverse dispositive ruling).

**III.    Ms. McNeill's Certificate of Conferral mischaracterizes Head Kandy's, Mr. Falic's, and Mr. Rosenbaum's positions.**

Ms. McNeill's lengthy "Certificate of Compliance with Local Rule 7.1(a)(3) misrepresents and vastly overcomplicates the conferrals that did occur and misstates the undersigned counsel's position. Counsel for Ms. McNeill initially advised that Ms. McNeill intended to amend the

complaint "to drop Mr. Rosenbaum and other claims." [ECF 402-2 at 11 (referencing continued conferral on "[t]he amended complaint to drop Mr. Rosenbaum and other claims—whether you will oppose that complaint."); *accord id.* at 13 (September 24, 2024, email referencing "our plan to dismiss Mr. Rosenbaum from the case (as well as some of the claims) through another amended complaint")]. Approximately a week later, Ms. McNeill's counsel wrote to "clarify what we're proposing," which at that time became to "seek leave to file a second amended pleading which removes Mr. Rosenbaum as a party and also removes claims 13 (negligent infliction of emotional distress), 15 (negligent hiring/supervision/retention) and 16 (wrongful discharge)," **and also** to "correct[] some of the errors and omissions in the current pleading." [ECF 402-2 at 9].

At that point, the undersigned asked Ms. McNeill's counsel to "send over the proposed [a]mended pleading for us to consider the request in total." [*Id.*] The undersigned maintained the position throughout the conferrals that Head Kandy, Mr. Falic, and Mr. Rosenbaum would need to see the proposed amended responsive pleading before they could advise whether they would oppose its filing. Although that position is imminently reasonable, particularly if (as ultimately came to pass) the amendment does something other than simply remove unsupported claims, counsel for Ms. McNeill refused to accept it and continued to assert that Head Kandy, Mr. Falic, and Mr. Rosenbaum did "not need" to see the proposed amended responsive pleading before offering their position. [ECF 402-2 at 8-9]. Eventually, in the late afternoon of September 30, 2024, Ms. McNeill's counsel relented and agreed to "share the amended complaint when we have it in final … but it won't be until later this evening." [ECF 402-2 at 7; *accord id.* at 6 (September 30, 2024 email stating "[y]ou will have it tonight")]. Head Kandy, Mr. Falic, and Mr. Rosenbaum even suggested and agreed to an unopposed motion to extend Ms. McNeill's deadline to respond to the pending motions to dismiss and motion to strike one additional day (to October 1, 2024) so that Ms. McNeill could provide the Proposed Complaint with time for the undersigned to review

it and formulate Head Kandy's, Mr. Falic's, and Mr. Rosenbaum's positions. [ECF 402-2 at 6; *see also* ECF 397].

However, Ms. McNeill's counsel did not share the Proposed Complaint that evening as promised. Instead, Ms. McNeill's counsel sent the Proposed Complaint to the undersigned at 3:50 P.M. on October 1, 2024, with barely an hour left in the business day on the day Ms. McNeill was to file her Motion. [ECF 402-2 at 5]. The undersigned immediately notified counsel for Ms. McNeill that Head Kandy, Mr. Falic, and Mr. Rosenbaum could not consent to the amendment given the lack of time left to review and digest the changes made in the Proposed Complaint. [ECF 402-2 at 4]. Instead of accurately representing that position to the Court, counsel for Ms. McNeill fell back on her misguided assertion that "you did not and do not need to see anything to provide us with your position on removal of Mr. Rosenbaum and the specific claims." [ECF 402-2 at 3].

In the abstract, Head Kandy and Mr. Falic do not oppose the removal of Mr. Rosenbaum as a third-party defendant or the withdrawal of three of Ms. McNeill's claims for relief. Indeed, Head Kandy, Mr. Falic, and Mr. Rosenbaum have argued in their respective motions to dismiss that the Court should dismiss those three claims, and all claims against Mr. Rosenbaum, which could be accomplished without Ms. McNeill having to file an amended responsive pleading at all by Ms. McNeill simply agreeing that the Court should grant the motions to dismiss with respect to Mr. Rosenbaum and the three counts in question (indeed, in her opposition to the pending Motions to Dismiss, Ms. McNeill does not even argue that the Court has personal jurisdiction over Mr. Rosenbaum or that the claims she now seeks to dismiss should not be dismissed).

While Head Kandy and Mr. Falic would not oppose the Motion if that was all the Proposed Complaint did, the actual scope of the changes between the Proposed Complaint and the prior version illustrate exactly why Head Kandy and Mr. Falic needed to see the proposed filing prior to taking a position on whether or not they oppose leave to amend. Head Kandy and Mr. Falic

cannot consent to allowing Ms. McNeill, well out of time, after the close of discovery, and without any showing of good cause, to replead, revise, and substantively bolster her allegations and affirmative defenses, which have now twice been the subject of motions to dismiss and motions to strike.

**IV.    The Court should award Head Kandy and Mr. Falic the expenses they have incurred as a result of Ms. McNeill's bad faith conduct in filing and continuing to pursue substantive amendments to her responsive pleading without actually correcting the deficiencies in that filing, unreasonably and vexatiously forcing repeated motions to dismiss plainly deficient claims.**

Ms. McNeill's attempt to use her proposed dismissal of plainly deficient claims as a means to cajole Head Kandy and Mr. Falic into consenting to additional technical and substantive amendments to her long-inadequate responsive pleadings is improper, and Ms. McNeill's repeated deficient amendments necessitating repeated motions to dismiss warrant sanctions for vexatious litigation.

Under 28 U.S.C. § 1927, the Court can order an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to pay the attorney's fees and costs incurred by the opposing party as a result of such conduct. The statute requires "conduct tantamount to bad faith," which exists "where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (quotation omitted).  Here, Ms. McNeill has repeatedly filed shotgun pleadings each consisting of numerous counts that—as Head Kandy, Mr. Falic, and Mr. Rosenbaum have been forced to repeatedly point out to Ms. McNeill in their motions to dismiss—fail to state a claim or are otherwise subject to dismissal.  Now, Ms. McNeill purports to remove some of those claims as cover for making amendments to her responsive pleading that she could and should have made long ago, and certainly ought to have made (at the latest) in her recently filed Amended Complaint, instead seeking to force Head Kandy and Mr. Falic to once

again prepare and file motions to dismiss her still-deficient Proposed Complaint. Ms. McNeill and her counsel should be held liable for the excessive expenses they have already forced and seek to continue to force Head Kandy and Mr. Falic to incur through repeated deficient filings, despite Head Kandy and Mr. Falic repeatedly notifying Ms. McNeill of the deficiencies in each of her responsive pleadings, and all while delaying the disposition of the other claims in this case. *See, e.g.*, *Dzwonkowski v. Dzwonkowski*, 2008 WL 2163916, at *21-22 (S.D. Ala. May 16, 2008) (awarding sanctions under § 1927 and the court's inherent powers based on repeated amendments to complaint made to avoid adverse rulings on motions to dismiss, evincing "dilatory motive" and "wasting" of resources, and explaining "the fees incurred by Defendants, were incurred as a result of having to file numerous responsive motions to Plaintiff's ever-changing case and therefore, the requirements of Section 1927 ha[ve] been satisfied").

    If the Court were inclined to allow yet another (deficient) amendment of Ms. McNeill's responsive pleading, the Court may condition amendment on Ms. McNeill's payment of Head Kandy's fees incurred in moving to dismiss prior iterations of the deficient pleading. *See, e.g.*, *O'Rear v. Am. Fam. Life Assur. Co.*, 139 F.R.D. 418, 421 (M.D. Fla. 1991) (ordering plaintiff's counsel, if they chose to file another amended pleading, to "pay costs and attorney's fees for unreasonably multiplying the proceedings in this case," including defendant's "expenditures for preparing and filing the past three motions to dismiss"). If the Court decides to permit Ms. McNeill to amend her responsive pleading yet again, Head Kandy and Mr. Falic respectfully request that the Court condition that amendment on Ms. McNeill's payment of attorney's fees incurred by Head Kandy to prepare and file the prior motions to dismiss, either under the Court's inherent authority or as a sanction under § 1927 for unreasonably and vexatiously multiplying these proceedings by continuing to assert deficient claims, forcing Head Kandy, Mr. Falic, and Mr. Rosenbaum to repeatedly respond to those claims, and using the proposed dismissal of those claims

as a bargaining chip to seek leave to make other amendments, to which Head Kandy and Mr. Falic will yet again have to respond if amendment is permitted.

## Conclusion

For the above reasons, Head Kandy and Mr. Falic respectfully request that the Court (1) deny the Motion in its entirety for failure to show good cause for the amendment, or alternatively, because the Proposed Amendment is futile and prejudicial at this late stage of the case, (2) award Head Kandy, the reasonable attorney's fees incurred to file the previous and any forthcoming motions to dismiss, (3) dismiss Mr. Rosenbaum as a third-party defendant and dismiss each of the claims Ms. McNeill seeks to drop by her Proposed Complaint and then proceed to consider the remainder of Head Kandy's and Mr. Falic's pending Motions to Dismiss; and, (4) order such other and further relief as the Court deems appropriate.

/s/ Ethan J. Loeb
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water Street, Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC,*
*Jerome Falic, and Jonathan Rosenbaum*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 16, 2024 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;.* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

                                          /s/ Ethan J. Loeb
                                          Attorney