UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                      CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

**HEAD KANDY'S AND MR. FALIC'S *DAUBERT* MOTION TO
EXCLUDE TESTIMONY AND OPINIONS OF JASON DEMERY, PhD [1]**

Plaintiff/Counterclaim Defendant Head Kandy LLC ("**Head Kandy**") and Third-Party Defendant Jerome Falic ("**Mr. Falic**"), pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), move to exclude from the trial of this matter the testimony and opinions of Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") purported rebuttal expert, Jason Demery, PhD ("**Dr. Demery**"), and in support state:

---

[1] This Motion attaches as exhibits documents that contain, information the parties have agreed, or that Head Kandy believes Ms. McNeill may claim is, confidential as it contains personal medical and health information. Head Kandy is seeking to obtain clarification from Ms. McNeill as to what of her personal medical and health information she believes is confidential and has provided to Ms. McNeill a proposed Joint Motion for Leave to File Under Seal documents containing confidential information. Accordingly, pursuant to Local Rule 5.4(b)(1), Head Kandy is filing publicly this version with the potentially confidential exhibits redacted, and contemporaneously is serving on counsel for Ms. McNeill an unredacted version of this Motion. Upon the Court's entry of an order granting or denying leave to file under seal, Head Kandy will file the unredacted version of this Motion as permitted or required by the Court.

{00087992:1}                                                                        1

**Relevant Background**

On September 20, 2024, Ms. McNeill disclosed and produced the expert report of Jason Demery, Ph.D. Ms. McNeill disclosed Dr. Demery as an expert neuropsychologist to rebut the opinions of Head Kandy's expert, Sally Russell, Ph.D. Head Kandy disclosed Dr. Russell and provided an affidavit setting out her opinions on August 20, 2024 [the disclosure of Dr. Russell and her affidavit are attached here as **composite Exhibit A**], and provided a full report from Dr. Russell on August 30, 2024 [the "**Russell Report**," attached as **Exhibit B**].[2] Head Kandy offers Dr. Russell on Ms. McNeill's various counterclaims and third party claims by which she claims to suffer from depression and emotional distress as a result of actions she alleges were undertaken by Head Kandy, Head Kandy's consultant, and Mr. Falic.

In his Report dated and produced on September 20, 2024, Dr. Demery states that he reviewed the Russell Report "for the purposes of determining whether a professional analysis of the statements views and opinions expressed in [the Russell Report] is (sic) possible." [Dr. Demery's Report (the "**Demery Report**," attached as **Exhibit C**, at p. 1]. As Dr. Demery admits in his Report, however, he was unable "to perform a full and complete analysis" of Dr. Russell's evaluation because he did not review Dr. Russell's raw data. *Id.* Thus, as Dr. Demery explains in his Report, his disclosed opinions are entirely based on his "initial impressions of the [Russell

---

[2] August 20, 2024, was the deadline for disclosure of experts on Ms. McNeill's affirmative defenses, counterclaims, and third-party claims. Although the Russell Report is dated August 19, 2024, it was completed and produced to Ms. McNeill on August 30, 2024. The Russell Report is a comprehensive report providing further detail and disclosure of the opinions she disclosed by way of her Affidavit on August 20, 2024, and the basis therefore. Although Ms. McNeill objected to the Russell Report as untimely, Magistrate Judge Strauss found that Head Kandy had complied with its disclosure obligations by disclosing Dr. Russell and her opinions by way of affidavit on August 20, 2024. Magistrate Judge Strauss further concluded that the supplementation provided ten days later was reasonable because, through no fault of the parties or Dr. Russell, Dr. Russell did not have the opportunity to conduct her in-person examination of Mrs. McNeill until August 13-14, 2024, and that the supplementation on August 30, 2024, did not prejudice Mrs. McNeill. [ECF No. 388].

Report] without having the benefit of reviewing the raw data that was accessible to Dr. Russell in forming the opinions." *Id.*

As a result, the opinions Dr. Demery has disclosed are admittedly absent of any application of any methodology or analysis grounded in his purported expertise. At best, Dr. Demery's Report discloses only preliminary theories regarding opinions he might later reach if and when he was able to consider the necessary data and information he had not considered when he drafted his Report. Indeed, Dr. Demery expressly sought in his report to "reserve the right to supplement this Report if and when the raw data becomes available to me and as I develop additional opinions related to Dr. Russell's Evaluation." Ms. McNeill did not even request from Head Kandy or Dr. Russell the "raw data" on which Dr. Russell relied until September 17, 2024, *three days* before the last deadline for disclosure of expert opinions and reports.[3] In the nearly two months since Ms. McNeill disclosed Dr. Demery and served his Report on September 20th, and the nearly one and half months since Dr. Russell provided her raw data to Ms. McNeill's counsel on September 30, 2024, Ms. McNeill, has not sought leave to late disclose or supplement opinions of Dr. Demery and had not disclosed any such supplement without leave. Even after the Court extended the deadline to depose experts through November 10, 2024, due to delays caused by Hurricanes Helene and Milton, Ms. McNeill still did not provide, and has not provided, any supplemental report that would provide any cognizable basis to support the preliminary, and summary, opinions Dr. Demery disclosed on September 20, 2024, he would attempt to offer at trial.

The Court should not permit Dr. Demery to offer any of the opinions he disclosed he may offer attacking Dr. Russell's evaluation and her opinions because he admittedly did not apply any

---

[3] Dr. Russell was able to provide the raw data on September 30, 2024, after she had returned from attempting to escape Hurricane Helene but getting caught in it while in North Carolia. Counsel for Ms. McNeill has never asked for any extension for Dr. Demery to be able to review the data and supplement his report.

{00087992:1}                                3

methodology at all to reach those opinions and he admittedly had no basis to offer such opinions as he did not review (and presumably still has not reviewed) the underlying data on which Dr. Russell bases her opinions. The Court should exclude Dr. Demery's testimony and opinions in their entirety under *Daubert*.

## Argument

To be entitled to present the testimony and opinions of Dr. Demery, Ms. McNeill must establish by a preponderance of the evidence that "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *City of Tuscaloosa v. Harcros Chemicals, Inc.*, 158 F.3d 548, 562 (11th Cir. 1998). Ms. McNeill cannot meet her burden as to Dr. Demery's timely disclosed opinions.

### I. Dr. Demery's opinions and methodology are neither reliable nor helpful because they are wholly based on admittedly incomplete data.

To satisfy the reliability prong, Ms. McNeill must show that the "reasoning or methodology" underlying Dr. Demery's testimony "is scientifically valid" and "properly can be applied to the facts in issue." *Daubert*, 509 U.S. at 592-93; *accord Allison v. McGhan Med. Corp.*, 184 F.3d 1300, 1312 (11th Cir. 1999). The expert's testimony must "be supported by appropriate validation—i.e., 'good grounds,' based on what is known." *United States v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004) (quoting *Daubert*, 509 U.S. at 590). Dr. Demery's opinions are, at bottom, founded on his unsupported assertions that the examinations conducted by Dr. Russell and her interpretation of their results are erroneous. [Demery Report (Ex. C) at 1].

The opinions of "rebuttal" experts who seek to simply critique another expert instead of offer any of their own affirmative opinions, as Dr. Demery seeks to do here, must be sufficiently grounded in expertise and analysis of the facts of the case to render it reliable. *See Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1302-3 (N.D. Fla. Mar. 25, 2017) (declining to exclude a rebuttal expert that, while not offering a new opinion, reviewed the affirmative expert's report *and* underlying data, replicated and tested the affirmative's theory, inspected the homes at issue, provided a reasoned basis for each criticism, and furnished reference materials in support of his opinions). Here, Dr. Demery's opinion is devoid of any such effort to replicate and test Dr. Russell's theory. Indeed, Dr. Demery has never met Ms. McNeill, and by his own admission, lacks a "full and complete analysis of the conclusions and opinions" set out by Dr. Russell in her comprehensive report. [Demery Report (Ex. C) at 1]. Dr. Demery acknowledges that his opinion is based only on his "initial impressions" of Dr. Russell's testing methods. *Id*. Of course, Dr. Russell's report includes the materials she relied upon in forming her opinion including not only the testing, but Ms. McNeill's medical records and deposition testimony. [*See* Russell Report (Ex. B)]. When Dr. Demery formed his "opinion" in this case, he had full knowledge of the existence of these records and made no effort to review them, and certainly no effort to analyze the facts of the case contained within them. But the trouble does not end there.

Dr. Demery goes on to critique Dr. Russell's evaluation for "choosing to ignore positive results . . . throughout her [e]valuation" without stating what he believes to be the actual results that Dr. Russell inappropriately presented. [Demery Report (Ex. C) at 2]. Indeed, after identifying three potential critiques of Dr. Russell's use of particular diagnostic tests and her citation to manuals for those tests, Dr. Demery explains, "it is impossible to opine on the actual test results and their accuracy because Dr. Russell has not produced the underlying raw data." *Id.* at 3. Dr.

Demery does not in his report otherwise explain the basis of his opinions, and whether they are supported by experience, a publication, or whether his opinions merely arise from his speculative beliefs of the opinions that may exist amongst other professionals. "When a witness 'is relying solely or primarily on experience, then the witness must explain *how* that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.'" *Coquina Inv. v. Rothstein*, 2011 WL 4949191, at *1, *9 (S.D. Fla. Oct. 18, 2011) (quoting *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004)). Dr. Demery has entirely failed to do so. Not only does Dr. Demery fail to cite the source of his opinion, but he also makes no effort to apply whatever his source may be to the facts of this case. Moreover, he fails to articulate the impact of his opinions on how the factfinder should interpret or consider Dr. Russell's opinion, making Dr. Demery's testimony entirely unhelpful.

While a rebuttal expert need not offer a new opinion, they are not excused from the basic requirements established by *Daubert* to provide a reliable methodology by which they have come to their opinion. Indeed, an expert opinion is subject to exclusion when, as here, it is wholly based on an absence of underlying facts and data that is specially selected to reach a desired outcome and devoid of any attempt to apply, at a minimum, the expert's experience in the field to a holistic review of the facts. *See, e.g.*, *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997) ("A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered."); *De Los Santos v. Johnson & Johnson*, 2024 WL 3700205, at *17 (N.D. Ala. Aug. 7, 2024) (expert's testimony based "upon a series of unreliable assumptions" was excluded); *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 644 F. Supp. 3d 1075, 1257 (S.D. Fla. 2022) (excluding opinions based on a "results-based, conclusion-oriented process" and the "situational science" of "appl[ying] whatever method is expedient to get to [his] desired conclusion"); *Companhia*

*Energetica Potiguar v. Caterpillar Inc.*, 2016 WL 7507848, at *8 (S.D. Fla. Aug. 1, 2016) (excluding as unreliable and unhelpful expert's opinion based on his "blind[] reli[ance]" on information fed to him by the retaining party "without doing his own independent investigation").

Because Dr. Demery did not consider for his opinions the very "underlying raw data" used by Dr. Russell that Dr. Demery vehemently claims he needs to formulate his opinions (data to which he has now had access to for over a month), and failed to identify any other methodology or basis for his disclosed preliminary opinions, the Court should find those opinions are not valid, reliable, or helpful and are, therefore, inadmissible under *Daubert*.

**II.     Dr. Demery cannot now modify or supplement his opinions, and any attempts to do so should be excluded from consideration at summary judgment or at trial.**

Fed. R. Civ. P. 26(a)(2) requires a party to make a complete disclosure of all of an expert's opinions pursuant to Court-ordered deadlines. The applicable deadline here was September 20, 2024. Ms. McNeill should not be permitted now to present additional opinions from Dr. Demery or disclose additional basis for disclosed opinions where she failed to do so by the court ordered deadline of September 20, 2024, and failed to ever seek leave to late disclose additional expert opinions or basis for previously disclosed opinions. *See, e.g.*, *In re Fla. Cement & Concrete Antitrust Litig.*, 2011 WL 13174537, at *9-10 (S.D. Fla. Nov. 17, 2011) (limiting an expert's testimony to timely disclosed opinions and excluding any other opinions and testimony); *Cochran v. Brinkmann Corp.*, 2009 WL 4823858, at *6-7 & n.7 (N.D. Ga. Dec. 9, 2009) (rejecting expert's attempts to "supplement" his report with additional opinions and exhibits after the court-ordered expert disclosure deadline had passed). Nearly two months after the Court's disclosure deadline, it is now far too late to supplement as the extended expert deposition deadline expired on November 10, 2024, and *Daubert* and Summary Judgment motions are due on December 2, 2024. Therefore, the Court should not permit Dr. Demery to now disclose new or altered opinions based

on information not previously identified in Dr. Demery's report. Because Dr. Demery's timely disclosed opinions are unreliable and unhelpful, the Court should preclude him from offering any of them at trial.

## Conclusion

For the above reasons, Head Kandy and Mr. Falic respectfully request that the Court exclude Dr. Demery's testimony and opinions from this case in their entirety, and order such other and further relief the Court deems appropriate.

## CERTIFICATE OF LOCAL RULE 7.1(A)(3) CONFERRAL

I HEREBY CERTIFY that on November 7, 2024, counsel for Head Kandy conferred via Zoom with counsel for Ms. McNeill, and counsel for Ms. McNeill advised that Ms. McNeill opposes the relief requested herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 13, 2024 I filed the foregoing redacted version of this Motion and its redacted exhibits with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

I HERBY FURTHER CERTIFY that pursuant to Local Rule 5.4(b)(1), on November 13, 2024, I served (but do not file) an complete unredacted version of this Motion and its unredacted exhibits via electronic mail as follows: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*;

Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;.* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

*/s/ Edward Colin Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

***Counsel for Head Kandy LLC and Jerome Falic***