

May 14, 2024

**CONFIDENTIAL SETTLEMENT COMMUNICATION**

**Furnished by E-Mail:** laura@leburgesslaw.com
Laura E. Burgess, Esq.
L. E. Burgess P.A.
5966 South Dixie Hwy, Suite 300
Miami, FL  33143

      RE:    Kayla McNeill's claim against Head Kandy, LLC regarding Fla. Stat. §§ 772.11, 812.014

Dear Ms. Burgess,

    As you are aware, our firm represents Head Kandy, LLC ("Head Kandy"), with respect to the above-referenced complaint by Kayla McNeill pursuant to Fla. Stat. § 772.11. Please allow this letter to provide a formal resolution from our clients in which Ms. McNeill may come and pick up the Nissan Forklift (the "Forklift") to resolve all claims between the parties regarding the Forklift, with each party bearing its own attorneys' fees and costs. Please note that this offer for resolution should <u>not</u> be construed as an offer to settle the ongoing litigation in the matter of Head Kandy LLC v. McNeill, Case No. 0:23-cv-60345-JB.

    I understand that your client and ours have conflicting views on the facts determining how this Forklift has remained on Head Kandy property. To be clear, Head Kandy maintains the position that Ms. McNeill never put Head Kandy on notice that Ms. McNeill "demanded" the return of the Forklift. Indeed, if Head Kandy had been made aware of this demand, it would have of course offered to allow Ms. McNeill to come onto the property for the limited purpose of collecting the Forklift, as it is doing now.

    This allowance should be more than sufficient to resolve any claims Ms. McNeill alleges under Fla. Stat. § 772.11, but in the event conflicting views remain, our office will briefly address the insufficiency of this claim. As I am sure you are aware, to prevail in an action for civil theft, a plaintiff must prove by **clear and convincing evidence** that the defendant acted with "felonious intent to steal." Where a plaintiff cannot pass that rigorous test for intent, the cause of action fails. *Lewis v. Heartsong*, 559 So.2d 453 (Fla. 1st DCA 1990) (court ruled that the complaint was deficient where a store owner failed to allege that defendants, who removed inventory and property from the store without consent, and then refused to return the property or tender payment, acted with a *"felonious intent to steal"*).

{00081913:1}

**EXHIBIT 19**

Laura E. Burgess, Esq.
L. E. Burgess P.A.
May 14, 2024
Page 2

When defining "felonious intent to steal" Florida courts turn to the definitions of "criminal intent" provided throughout Florida's criminal code. Florida Stat. § 772.11 utilizes the definition of theft laid out in Section 812.014. And again, as I am sure you are aware as you have cited to the statute in your demand, theft is an offense requiring a <u>specific</u> intent. Not only must a plaintiff show that the defendant intended to take the plaintiff's property, but additionally, that the defendant acted with the <u>intent</u> to deprive the plaintiff of the property or appropriate it to their own use. It is not sufficient that a defendant simply "obtained" or retained a piece of property, the statute requires something greater. Rather, at the moment of the taking, the defendant <u>intended</u> to take the property. The intent of that defendant must be proven by **<u>clear and convincing evidence</u>**, which facially does not exist in this case.

This elevated civil burden is precisely why the Florida Bar cautions counsel to carefully evaluate their client's claim prior to initiating an action for civil theft. *See* Mark R. Osherow, *Counsel Beware: Considerations Before Implementing Florida's Civil Theft Statute*, 77 No. 3 Fla. Bar J. 28 (March 2003). Fla. Stat. § 772.11 further discourages civil theft claims lacking in legal or factual substance by awarding attorney's fees to a prevailing defendant who shows the plaintiff's claim was without legal or factual support. Florida Courts are not required to apply the standard prescribed by the rule for attorney's fees generally under Section 772.11. Rather, the standard for awarding attorney's fees to a defendant under Section 772.11 is more flexible and does not even require the court to find a "complete absence of legal and factual support for the [plaintiff's] civil theft claim." *Ciaramello v. D'Ambra*, 613 So.2d 1324 (Fla. 2nd DCA 1991).

Again, we need not reach that point in the analysis of this matter because Ms. McNeill permitted the Forklift to remain on Head Kandy property. Head Kandy has not, and will not, prevent Ms. McNeill from coming onto the property at an agreed upon time to retrieve the Forklift. Neither Section 772.11 nor 812.014 create an affirmative burden to return property abandoned by a plaintiff. Clearly, an act of theft as defined in Section 812.014 has not been committed in this case.

It is Head Kandy's sincere hope that Ms. McNeill sees the benefit of agreeing to Head Kandy's offer to resolve this matter by arranging a time with our office to pick up the Forklift. We look forward to your response.

Respectfully,

**BARTLETT LOEB HINDS
THOMPSON AND ANGELOS**

<u>/s/ Ethan J. Loeb</u>

Ethan Loeb

EJL/kr

{00081913:1}