**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                    CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

## JEROME FALIC'S MOTION FOR SUMMARY JUDGMENT

**BARTLETT LOEB HINDS**
**THOMPSON & ANGELOS**

**ETHAN J. LOEB**
FL Bar No. 668338
**EDWARD C. THOMPSON**
FL Bar No. 684929
**JALEN A. LARUBBIO**
FL Bar No. 1039258
**CARSON A. SADRO**
FL Bar No. 1026159

1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Third-Party Defendant*
*Jerome Falic*

{00088519:1}

Third-Party Defendant Jerome Falic ("**Mr. Falic**"), pursuant to Fed. R. Civ. P. 56, moves for summary judgment on the third-party claims asserted against him by Third-Party Claimant Kayla Marie McNeill ("**Ms. McNeill**") in her *Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand* [ECF 337], and in support states:

## Introduction

By her third-party claims, Ms. McNeill seeks to hold the Managing Member of Head Kandy, LLC ("**Head Kandy**"), Jerome Falic, personally liable for: (1) the purported "civil theft" of assets Ms. McNeill alleges were used for Head Kandy's business (Counts 5 and 6); (2) wages she claims Head Kandy owes her under Colorado law (Count 7); and, (3) for the "extreme and outrageous" conduct and "severe emotional distress" she alleges she suffered as a result of the alleged "sexual harassment" by a consultant for Head Kandy and the alleged failure of Mr. Falic, as Managing Member of Head Kandy, to respond to those claims to Ms. McNeill's satisfaction (Counts 12 and 14). Ms. McNeill's third-party claims are based only on the undisputed fact that Mr. Falic is Head Kandy's Managing Member. Ms. McNeill has not asserted any allegations of, and cannot come forward with any record evidence to prove, wrongful conduct by Mr. Falic separate and apart from Head Kandy's alleged acts. Even if Ms. McNeill's claims against Mr. Falic could survive Mr. Falic's pending Motion to Dismiss [ECF No. 362, which Mr. Falic incorporates by this reference], because no genuine dispute of material fact exists that is sufficient for Ms. McNeill to prevail on her claims against Mr. Falic in his individual and personal capacity, Mr. Falic is entitled to, and now moves for, summary judgment on those claims.

**Argument**

I. **There is no record evidence that Mr. Falic committed a civil theft of Ms. McNeill's property (Counts 5 and 6).**

Ms. McNeill asserts civil theft claims alleging that Mr. Falic committed a civil theft of her social media accounts and content, forklift, and ownership interest in Head Kandy (collectively, the "**Subject Property**"). As Head Kandy and Mr. Falic have explained in their respective Motions to Dismiss, Ms. McNeill's civil theft claims fail because, assuming they even identify the appropriate source of law and pertain to appropriately defined property capable of being the subject of a civil theft under either Florida or Colorado law (they do not), these claims are duplicative of one or more contractual claims, merely describe alleged breaches of contract, and are in fact belied by the applicable contracts. Moreover, the evidence in the record also demonstrates that as to Mr. Falic, Ms. McNeill's civil theft claims fail for two other independent reasons, which, if the claims were to survive the pending Motions to Dismiss, require summary judgment in Mr. Falic's favor.

First, a fundamental element of a civil theft claim is, of course, that the defendant personally received or possessed the subject property. *See Transcapital Bank v. Shadowbrook at Vero, LLC*, 226 So. 3d 856, 864 (Fla. 4th DCA 2017) ("[A] party which does not personally receive property which is the subject of an alleged … civil theft cannot be held liable for such action."); *Vickerie v. Diversified Inv. Holdings, Inc.*, 2020 WL 9432908, at *6 (D. Colo. Nov. 13, 2020) (same under C.R.S. § 18-4-405). Here, there is no evidence that Mr. Falic ever personally received or possessed the Subject Property, and in fact, the record demonstrates that he did not and does not. [SMF at ¶¶ 6, 7, 13].[1]

---

[1] Citations to "**SMF**" refer to Mr. Falic's contemporaneously filed Statement of Material Facts in Support of his Motion for Summary Judgment [ECF 472].

Second, a civil theft claim requires a showing (under Florida law, by clear and convincing evidence) of "felonious intent to commit theft" by the defendant. *Palmer v. Gotta Have It Golf Collectibles, Inc.*, 106 F. Supp. 2d 1289, 1303 (S.D. Fla. 2000); *accord Ames v. Provident Life & Acc. Ins. Co.*, 942 F. Supp. 551, 561 (S.D. Fla. 1994) (civil theft claim requires proof by clear and convincing evidence of "high threshold of criminal intent"); *Scott v. Scott*, 428 P.3d 626, 633 (Colo. App. 2018) (explaining that civil theft under Colorado law requires a showing of the same specific intent as criminal theft). Here, there is no evidence of felonious intent by Mr. Falic (or anyone else) with respect to any of the Subject Property. *See, e.g.*, *Pearson v. Wachovia Bank, N.A.*, 2011 WL 9505, at *6 (S.D. Fla. Jan. 3, 2011) (summary judgment due when the plaintiff could neither "point to any material facts establishing that Defendant had felonious or criminal intent" nor "point to any material facts establishing that Defendant was not entitled to the property"). Instead, even in the light most favorable to Ms. McNeill, the record and the docket of this case are replete with evidence and filings indicating bona fide disputes over the parties' respective rights to the Subject Property, which are dispositive of Ms. McNeill's civil theft claims. *See, e.g.*, *Sanchez v. Encinas*, 627 So. 2d 489, 490 (Fla. 3d DCA 1993) (when "the record shows, at most, a bona fide dispute over the right to the property in question," that evidence "negates the wrongful intent required to sustain a claim for theft").

Accordingly, the Court should grant summary judgment in Mr. Falic's favor on Ms. McNeill's civil theft claims against him.

## II.   Record evidence confirms that Mr. Falic individually was not Ms. McNeill's employer under the Colorado Wage Act (Count 7).

Under the Colorado Wage Act ("**CWA**")—assuming it has any applicability to this case in the first place [it does not, *see* ECF 360 at 11; ECF 362 at 3]—only an "employer" can be liable for an employee's unpaid compensation. *See* C.R.S. § 8-4-109(3)(b). And, although the CWA was

recently amended to permit individual liability in limited circumstances, binding case law interpreting the applicable definition of the term "employer" (which is borrowed from the federal Fair Labor Standards Act ("**FLSA**"), 29 U.S.C. § 203(d)) confirms that a corporate officer is not liable as an "employer" unless he is "involved in the day-to-day operation" of the business or "ha[s] some direct responsibility for supervision of the employee." *Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986)).[2]

Here, the record demonstrates that Mr. Falic, although he may have had the authority to do so, did not take an active role in the day-to-day management of Head Kandy or its employees, but rather delegated that role to others, including to Ms. McNeill herself. [SMF at ¶ 14]. That unrebutted evidence is dispositive and precludes individual liability against Mr. Falic on Ms. McNeill's CWA claim. *See, e.g.*, *Alvarez-Perez*, 515 F.3d at 1160-61 (affirming judgment in favor of corporate officer and majority shareholder who did not take an active role in the day-to-day operations of the company or direct responsibility for supervision of employees, but rather, delegated that authority to others); *Patel*, 803 F.2d at 638 (affirming judgment in favor of corporate officer and director who was not directly responsible for supervising the employee or personally involved in the day-to-day operations of the business); *Santos v. Cuba Tropical, Inc.*, 829 F. Supp. 2d 1304, 1312 (S.D. Fla. 2011) (part owner of business who initially hired managers to whom he delegated day-to-day operational authority, even though he technically possessed and could have exercised "ultimate authority," was not an "employer" under the FLSA). Accordingly, the Court should grant summary judgment in Mr. Falic's favor on Ms. McNeill's CWA claim against him.

---

[2] *See Leonard v. McMorris*, 63 P.3d 323, 333 (Colo. 2003) (explaining the clear state of the law prior to recent amendments, under which the CWA did not "impose personal civil liability on officers or agents to make wage and other compensation payments the corporation fails to make").

**III.    There is no record evidence of Mr. Falic engaging in "extreme and outrageous" conduct or of Ms. McNeill suffering "severe" emotional distress sufficient for Ms. McNeill to prevail on her emotional distress claims against Mr. Falic (Counts 12 and 14).[3]**

"Only in extremely rare circumstances will courts uphold claims for intentional infliction of emotional distress." *Gonzalez-Jimenez de Ruiz v. United States*, 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002). As explained previously, Ms. McNeill failed to allege sufficient conduct or injury to even state an IIED claim against Head Kandy or Mr. Falic. [ECF 360 at 12-14; ECF 362 at 3-4]. Unsurprisingly, the evidence in the record does not come close to establishing such a claim either. Indeed, the record (even in the light most favorable to Ms. McNeill) shows only that Mr. Falic did not respond to Ms. McNeill's unsubstantiated allegations of harassment to Ms. McNeill's satisfaction, and that Head Kandy ultimately terminated Ms. McNeill upon discovering her own wrongful conduct. [SMF at ¶¶ 10, 16]. That is a far cry from establishing "extreme and outrageous" conduct by Mr. Falic. *See, e.g.*, *Crawford v. Mangos Caribbean Restaurant, LLC*, 2020 WL 10056405, at *20 (N.D. Ga. 2020) (claim against employer for failure to stop supervisor's harassment of employee failed under analogous Georgia law); *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F. Supp. 1549, 1560 (S.D. Fla. 1996) (similar claim was due to be dismissed under Florida law). Additionally, the record shows (at most) that Ms. McNeill suffers from depression and would benefit from therapy and medication [SMF at ¶ 17], which symptoms (even viewed in the light most favorably to Ms. McNeill) do not come close to establishing the requisite "severe" emotional distress, *see, e.g.*, *Corbin v. Prummell*, 655 F. Supp. 3d 1143, 1165-66 (M.D. Fla. 2023) (allegations that plaintiff "is still seeing a mental health therapist and

---

[3] As Head Kandy and Mr. Falic set out in their Motions to Dismiss [ECF Nos. 360, 362], there is no such separate claim for "Extreme and Outrageous Conduct," which Ms. McNeill attempts to assert by her Count 14. [ECF 360 at 14 n.11; ECF 362 at 2 (incorporating arguments made by Head Kandy in its Motion to Dismiss)]. Rather, "extreme and outrageous conduct" is an element of a claim for IIED. *Id.*

experiencing depression, nightmares, and anxiety" did not "establish that the emotional distress was severe enough to satisfy the high bar in an IIED claim"). For these reasons, the Court should enter summary judgment for Mr. Falic on Counts 12 and 14.

    **IV.**    **There is no record evidence to support any basis at all to impose individual, personal liability on Mr. Falic for the actions or omissions of Head Kandy on any of the claims Ms. McNeill raises.**

It is fundamental under Delaware law [SMF at ¶ 4] that a business entity, including a limited liability company ("**LLC**"), exists separately from its shareholders or members. *See Wood v. U.S. Bank Nat'l Ass'n*, 246 A.3d 141, 148 (Del. Ch. 2021) ("[A]n LLC has a separate juridical existence distinct from its members."). Concomitantly, in most circumstances, an LLC's members—even its managing member—are not personally responsible for the actions, omissions, or liabilities of the entity. 6 Del. C. § 18-303(a) ("[N]o member or manager of a limited liability company shall be obligated personally for any such debt, obligation or liability of the limited liability company solely by reason of being a member or acting as a manager of the limited liability company."); *accord Wais v. Thompson*, 2023 WL 2641489, at *4 (Del. Super. Mar. 24, 2023) ("Delaware law generally shields individual members of a limited liability company from liabilities of the limited liability company."); *SDF Funding LLC v. Fry*, 2022 WL 1511594, at *9 (Del. Ch. May 13, 2022) ("Delaware LLCs operate as a corporate shield against the liability of its members for the activities of the LLC."). Consequently, Ms. McNeill must plead (she did not) and prove (she cannot) some basis for ignoring the corporate form to hold Mr. Falic liable for the conduct of Head Kandy. *See, e.g.*, *Credit Suisse Sec. (USA) LLC v. W. Coast Opportunity Fund, LLC*, 2009 WL 2356881, at *3 (Del. Ch. July 30, 2009) ("The limited liability company—at least in the absence of factual allegations supporting 'piercing the veil,' fraud, or the like—is a separate legal entity and that status must be respected.").

Here, Head Kandy's Operating Agreement specifically provides that "the Managing Member shall not be liable to the Company or to any Member … for any losses or damages sustained by the Company or any Member, unless the loss or damage shall have been the result of fraud, deceit, gross negligence, willful misconduct or unlawful acts by the Managing Member." [SMF at ¶ 5]. *See Wais*, 2023 WL 2641489, at *4 ("[A] member or manager may assume debts, obligations, or liabilities of the limited liability company if he agrees to be obligated for those personally."). Here, not only did Ms. McNeill wholly fail to plead any basis for imputing liability to Mr. Falic either under general Delaware law or the specific enumerated exceptions to the Operating Agreement's exculpatory provision [ECF 362 at 7-10], but also, the record reveals no evidence to support doing so. Instead, the record simply shows that Mr. Falic was and is, and acted as, Head Kandy's Managing Member. [SMF at ¶¶ 2, 3, 12]. That alone is wholly insufficient to hold Mr. Falic individually and personally liable for the alleged conduct of Head Kandy under the above-cited Delaware law.

Accordingly, because Ms. McNeill's claims against Mr. Falic seek to hold Mr. Falic personally liable for acts of Head Kandy or acts Mr. Falic took solely in his capacity as Managing Member on behalf of Head Kandy, but fail to set forth any basis under law or contract for doing so, the Court should grant summary judgment in favor of Mr. Falic on each of Ms. McNeill's third-party claims.

## Conclusion

For the above reasons, Mr. Falic respectfully requests that the Court grant this Motion and Mr. Falic's Motion to Dismiss [ECF 362], enter judgment in favor of Mr. Falic, retain jurisdiction to award Mr. Falic his attorney's fees and costs, and grant such other and further relief the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 2, 2024, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521, *co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Third-Party Defendant Jerome Falic*