UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                  CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

**HEAD KANDY'S AND MR. FALIC'S REPLY IN SUPPORT OF
THEIR *DAUBERT* MOTION TO EXCLUDE TESTIMONY AND
OPINIONS OF JAMES WIGINGTON, M.D., and DAWN McDOWELL, FNP-C**

Plaintiff/Counterclaim Defendant Head Kandy LLC ("**Head Kandy**") and Third-Party Defendant Jerome Falic ("**Mr. Falic**") reply in support of their *Daubert* Motion to Exclude Testimony and Opinions of James Wigington, M.D. and Dawn McDowell, FNP-C (the "**Motion**") [ECF 449] and in response to Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") Opposition to Daubert Motion to Exclude Testimony and Opinions of Treating Physicians (the "**Opposition**") [ECF 486], and in support state:

**Argument**

In her Opposition, Ms. McNeill attempts to recharacterize and selectively quotes her own expert disclosures to evade the disparity between the disclosures and the testimony provided by her treating physicians, Dr. Wigington and Ms. McDowell. Ms. McNeill apparently agrees that her disclosed treating physicians cannot offer any opinions as to the cause of what she claims they treated her for, emphatically arguing "[t]here is no disclosure of causation testimony." [Opp. at

1

2]. Instead, Ms. McNeill attempts to characterize the testimony she will attempt to elicit from her treating physicians as permissible testimony of their "observations based on personal knowledge." *Id*. at 3. In doing so, Ms. McNeill attempts to distance herself and distract the Court from her own disclosures of Dr. Wigington and Ms. McDowell in which she explained they will testify to not only what they "observed" and treated her for, but also where the things they "observed" and treated her for *resulted from*, explaining that each:

> treated Ms. McNeill for the severe emotional distress, and the resulting physical, mental and behavioral symptoms, she suffered *as a result of* Head Kandy's, Mr. Falic's and Mr. Rosenbaum's conduct which forms the basis for Ms. McNeill's claims. [Dr. Wigington/Ms. McDowell] is expected to testify as to the distress, demoralization, and symptoms suffered by Ms. McNeill and the treatments therefor.

[ECF 449-1] [emphasis supplied].

The Court should not permit this testimony because any opinions "related to causation and prognosis" would not "stem from treatment" administered to Ms. McNeill. *Wademan v. United States*, 2017 WL 7794322, at *2 (S.D. Fla. May 17, 2017). The Court should preclude Dr. Wigington and Ms. McDowell from offering any testimony beyond testimony of their true observations, if they have any such relevant testimony to offer.

**I.     Ms. McNeill seeks to elicit causation opinions from Dr. Wigington and Ms. McDowell under the guise of an "observation."**

A treating physician may be permitted to offer an opinion concerning causation, prognosis, or future implications of any injury, "so long as any such opinion stems directly from observations made by the treating physicians during the course of their treatment with [the party]." *Wademan*, 2017 WL 7794322, at *2. Courts have recognized, however, the bounds of what a treating physician may testify to based on their "observations" should be limited. Indeed,

> testimony of treating physicians present[] special evidentiary problems that require great care and circumspection by the trial court. Much of the testimony proffered by treating physicians is an account of their experience in the course of providing

2

care to their patients. Often, however, their proffered testimony can go beyond that sphere and purport to provide explanations of scientific and technical information ***not grounded in their own observations and technical experience***.

*Williams v. Mast Biosurgery USA, Inc*., 644 F.3d 1312, 1317 (11th Cir. 2011) (emphasis supplied).

In the Eleventh Circuit, treating physicians crosses the line when his or her testimony is "based on a hypothesis, not the experience of treating the patient." *Id*. When this circumstance arises, "the trial court must determine whether testimony not grounded in the physician's own experience meets the standard for admission as expert testimony. *Id*.

Here, Dr. Wigington's and Ms. McDowell's treatment of Ms. McNeill was not based in her mental health. Dr. Wigington confirmed in his deposition that during the course of treating Ms. McNeill—for her general physical exam—he did not perform any examinations to make a diagnosis for anxiety or depression. [ECF 449-2]. While Dr. Wigington testified that he prescribed Ms. McNeill Prozac because she appeared to have "a more depressed mood," and her body language appeared "anxious," [Transcript of the Deposition of Dr. Wigington ("**Wigington Dep**.," the cited pages of which are here attached as **Exhibit 1**) at 60:3-12, 63:2-15], he did not make any finding or observations that Ms. McNeill was "demoralized" or suffered these "symptoms" "as a result of Head Kandy's and Mr. Falic's" conduct. [ECF 449-2].

Similarly, Ms. McDowell stated she did not examine Ms. McNeill's mental health. [Transcript of the Deposition of Ms. McDowell, ("**McDowell Dep**.," the cited pages of which are here attached as Exhibit 2) Vol. II-29:1-11]. Ms. McDowell confirmed that Ms. McNeill "was already on hormone replacement therapy, so that's where I started my treatment based on." *Id*. at 32:14-18. At most, Ms. McDowell testified that Ms. McNeill seemed to be "scatterbrained," and "under a lot of stress," but had no idea if Ms. McNeill "was that way before." *Id*. at 37:2-10.

3

Nevertheless, as she made clear in her expert disclosures and Opposition, Ms. McNeill still seeks to have Dr. Wigington and Ms. McDowell testify beyond their own observations and treatment. While an observation that Ms. McNeill appeared depressed or anxious may be within the "ken of a lay witness," any testimony that Ms. McNeill was "demoralized" and suffered specific physical, mental, and behavioral symptoms "as a result of" any action on the part of Head Kandy or Mr. Falic, "must be premised on scientific or other specialized knowledge." *Williams*, 644 F.3d at 1318. Neither Dr. Wigington nor Ms. McDowell performed examinations for Ms. McNeill's mental health and did not employ any examinations to determine whether she was "demoralized" or clinically "depressed" nor to determine any underlying cause for her reported symptoms. Therefore, any testimony beyond their actual observations of Ms. McNeill, including the cause of symptoms they may claim to have observed, cannot have arisen from the course of their treatment and is impermissible opinion testimony.

## Conclusion

For the above reasons and those set out in the Motion, Head Kandy and Mr. Falic respectfully request that the Court preclude Dr. Wigington and Ms. McDowell from offering the opinions Ms. McNeill disclosed they would offer and from offering any undisclosed opinions, and order such other and further relief the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 16, 2024, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort

Collins, CO 80521, *co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

*/s/ Edward C. Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC and Jerome Falic*

5