UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                   CASE NO. 23-CV-60345- JB/JMS

KAYLA MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.
_____/

**STATEMENT OF FACTS MATERIAL TO**
**JEROME FALIC'S MOTION FOR SUMMARY JUDGMENT**

    Defendant/Counterclaimant/Third Party Claimant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, pursuant to Local Rule 56.1, hereby submits her statement responding to Third-Party Defendant Jerome Falic's ("Mr. Falic") Statement of Material Facts in Support of his Motion for Summary Judgment ("JF SOF") [ECF No. 472] and incorporating additional material facts.

**Response to JF SOF**

    1.    Due to Mr. Falic's incorporation of Plaintiff/Counterclaim Defendant Head Kandy, LLC's ("HK") Statement of Material Facts in Support of its Motion for Summary Judgment ("HK SOF") [ECF No. 470], Ms. McNeill incorporates her Statement of Facts in response to the HK SOF, which she is filing contemporaneously herewith.

    2.    Undisputed.  Ms. McNeill does not dispute Paragraph 2 of the JF SOF.

3. Disputed. Mr. Falic took intentional, retaliatory actions in response to Ms. McNeill's reporting of both harassment resulting in a hostile work environment and sexual harassment for his personal benefit and in an attempt to protect his close personal friend, Mr. Rosenbaum. [Transcript of First Deposition of Ms. McNeill 219:24-229:7, 233:7-234:4, 235:19-238:8, 238:24-244:18, 246:8-253:2, ECF No. 446 and ECF No. 446-1 ("McNeill Tr. Vol. I")]. Mr. Falic also unilaterally issued a resolution, citing pretextual reasons for taking Ms. McNeill's ownership interest, citing a since proven false statement that Ms. McNeill owed HK "in excess of $1,000,000," derogating from the provisions of HK's OA. [ECF No. 93, ¶37 (noting the Resolution purportedly was issued pursuant to Article 8.5); [ECF No. 85-14]; Falic Tr. 204: 10-15; 18-23, ECF No. 439 ("Falic Tr.") (noting the Resolution was adopted and solely issued by Mr. Falic). Furthermore, HK's Amended and Restated Limited Liability Company Operating Agreement of Head Kandy LLC (the "OA") [ECF No. 311-2] requires a majority vote to approve any buyout, and this procedure was not followed. [ECF No. 85-14]. Mr. Falic also admits in his deposition that any allegations or accusations from HK about assistance from other customer service people at HK were not known by Mr. Falic when he started his scheme to take Ms. McNeill's ownership interest. Falic Tr. 114:12- 115:5.

4. Undisputed. Ms. McNeill does not dispute Paragraph 4 of the JF SOF.

5. Undisputed. The OA [ECF No. 311-2] speaks for itself. Ms. McNeill does not dispute that the quoted language in Paragraph 5 of the JF SOF is included in the OA.

6. Disputed. Mr. Falic has used, or instructed others to use on his behalf, the personal social media accounts Ms. McNeill created on November 6, 2018 (the "McNeill Social Media Accounts") to promote an unrelated business owned by Mr. Falic, Hard Candy, LLC ("Hard Candy"). Falic Tr. 169: 23-171:7; Falic Tr. 172: 11-12, 18-19; Falic Tr. 173: 2-4; Falic Tr. 112:

12-13; Falic Tr. 114:12- 115:5.  Mr. Falic had Ms. McNeill perform work for his other actually competing company, Hard Candy.  *Id.*; *see also*, Falic Tr. 169: 23-171:7; Falic Tr. 172: 11-12, 18-19.

7. Disputed.  Mr. Falic instructed HK employees to prevent Ms. McNeill from removing the Forklift from HK's warehouse upon her termination; however, both HK and Mr. Falic deny taking possession of the Forklift.  [Transcript of Second Deposition of Ms. McNeill, Volume III, 432:23-433:4, 435:4-8, ECF No. 446 ("McNeill Tr. Vol. III")].

8. Undisputed.  Ms. McNeill does not dispute Paragraph 8 of the JF SOF.

9. Disputed, to extend the OA speaks for itself.  The OA includes a repurchase option for "Units" of a former "Executive," as those terms are defined in the OA, and imposes strict procedural and payment requirements upon HK for the option to be exercised.  [OA § 8.5(a), at 23].

10. Disputed.  HK terminated Ms. McNeill's employment on January 30, 2023, not for cause, but rather in retaliation for her efforts to report harassment by Jonathan Rosenbaum, on behalf of herself and her co-workers.  [McNeill Tr. Vol. I 219:24-229:7, 233:7-234:4, 235:19-238:8, 238:24-244:18, 246:8-253:2; Transcript of Second Deposition of Ms. McNeill, Volume II, 216:21-217:11, ECF No. 446 ("McNeill Vol. II Tr.")].

11. Disputed, to extent the Resolutions of Head Kandy, LLC (the "Resolutions") speak for themselves.  HK adopted the Resolutions on February 17, 2023 wherein HK stated that it elected to "exercise its option to repurchase all Units belonging to McNeill" (the "McNeill Units") pursuant to Section 8.5 of the OA.  [Stipulated Facts and Statement of Issues for August 1, 2023 Injunction Hearing ¶ 37, at 4, ECF No. 93 ("PI SOF"); Resolutions at 1].

12. Disputed. Mr. Falic unilaterally decided to execute the Resolutions. [Transcript of Deposition of Jerome Falic 203:15-204:23, ECF No. 439 ("Falic Tr.")].

13. Disputed. Mr. Falic, through execution of the Resolutions, attempted to have the McNeill Units "dissolved," bestowing upon him the same benefit as if he had received his *pro rata* share of the McNeill Units – i.e. increasing his personal ownership interest in HK from 20% to 25%. [Falic Tr. 204:24-205:2; PI SOF ¶ 9, at 2; HK's Corrected Opposition to Ms. McNeill's Corrected Motion to Dismiss Amended Complaint ¶¶ 8, 12 ("MTD Response"), ECF No. 44-2; OA at 37].

14. Disputed. Mr. Falic had operational control over HK at all relevant times and involved himself in many day-to-day aspects of HK's operations. [Falic Tr. 192:7-15]. Mr. Falic was Ms. McNeill's direct manager. [Declaration of Jerome Falic ¶ 17, ECF No. 47-2 ("Falic Dec.")]. Mr. Falic had control over the hiring and firing of employees, set pay for all employees, had control over employee payroll (including uses employees of other businesses he owns to run payroll for HK), and was the person who kept records for HK. [Falic Tr. 6:21-18:24, 26:24-65:24, 126:15-127:10; Transcript of Deposition of Jonathan Rosenbaum 25:6-15, 69:7-70:10, 75:9-13, 77:18-25, 81:7-21, 87:2-88:20, 103:22-104:10, 114:22-115:7, 126:6-22, 141:4-9, 143:2-6, 154:2-12, 186:8-17, 197:20-21, 202:5-23, 215:7-11, 226:8-17, 280:17-22, 281:2-5, 288:2-7, 288:22-24, ECF No. 435 ("Rosenbaum Tr.")].

15. Undisputed. Ms. McNeill does not dispute Paragraph 15 of the JF SOF.

16. Undisputed. Ms. McNeill does not dispute Paragraph 16 of the JF SOF.

17. Disputed. Ms. McNeill suffers from Major Depressive Disorder, Single Episode, Severe, as described in the DSM-5-TR, which requires continued medical care and treatment. [Expert Report of Tonia Werner, M.D. at 14, ECF No.; McNeill Tr. Vol. 446].

**Additional Material Facts**

18. Ms. McNeill is a natural person who has continuously resided in the State of Colorado since at least 2015.  [PI SOF ¶ 1, at 1].

19. Ms. McNeill was a member of HK at the time the Resolutions were adopted by HK. [PI SOF ¶ 9, at 2; MTD Response ¶¶ 8, 12; OA at 37].

20. Pursuant to the OA, "[n]otwithstanding anything to the contrary contained herein [the OA], in no event shall the term '**Executive**' include any Member or any Affiliate of any Member notwithstanding that such Member or Affiliate thereof is employed by, or is a member of the management of, the Company."  [OA § 1.1, at 5] (emphasis in original).

21. Pursuant to the OA, HK "may elect to purchase all or any portion of the Units held by such [terminated] Executive . . . at a purchase price per Unit equal to its Fair Market Value . . . by delivering a written notice of such election to such Executive within one hundred eighty (180) days after the termination of employment; provided that upon termination for Cause, the purchase price for all Units shall be the lesser of such Unit's Fair Market Value and the amount originally paid for such Unit by the initial holder thereof."  [OA § 8.5(a), at 23].

22. HK did not provide Ms. McNeill with written notice of its election to exercise the repurchase option in Section 8.5(a) of the OA.

23. Pursuant to the Resolutions, HK priced the McNeil Units as "the amount originally paid for McNeill's Units[.]"  [Resolutions at 1].

24. Ms. McNeill's originally paid $929,569.35 for the McNeill Units.  [OA at 37].

25. Pursuant to the OA, HK "will be given up to sixty (60) days following the date of such election [under Section 8.5] to consummate such purchase and sale."  [OA § 8.5(a), at 23].

26. Since adoption of the Resolutions, Ms. McNeill has not received any payment for the McNeill Units, much less the purchase price prescribed by Section 8.5 of the OA.  [PI SOF ¶ 38, at 4].

27. Section 8.5 of the OA does not allow for credit against or setoff of the option purchase price for a terminated Executive's Units.  [OA § 8.5, at 23].

28. Pursuant to the OA, "[a]ny direct or indirect offer to Transfer, or any attempted or purported Transfer of, any Units in violation of this Agreement shall be void *ab initio*; and the Company shall reject and refuse to transfer on its books any Units which are purported to have been transferred otherwise than in compliance with the provisions of this Agreement."  [OA § 8.8, at 24].

29. Ms. McNeill has claims pending against Mr. Falic for civil theft, C.R.S. § 18-4-405 (Fifth Claim) or Fla. Stat. §§ 772.11 and 812.014 (Sixth Claim), violation of the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.*, (Seventh Claim), Intentional Infliction of Emotional Distress (Twelfth Claim) and Extreme and Outrageous Conduct (Fourteenth Claim).  [Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand, ECF No. 337 at 67-68, 71-72, 74-75 (the "Answer")].

DATED this 16th day of December, 2024.

Respectfully Submitted,

By: _/s/ Laura Burgess_
Laura E. Burgess, Esq. Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

AND

By: /s/ Antonio L. Converse
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

AND

By: /s/ Jennifer A. Tiedeken
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
125 S. Howes Street, Suite 1100
Fort Collins, CO 80521
Tel: 970.482.5058
jennifer@fortcollinslaw.com

COUNSEL FOR KAYLA MCNEILL

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2024 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

By: /s/ Laura Burgess
Laura Burgess