UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                               CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

## HEAD KANDY AND MR. FALIC'S MOTION IN LIMINE REGARDING THE PARTIES' FINANCIAL STATUS AND MEANS

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**"), move to preclude any evidence at trial regarding the financial status or means of Mr. Falic, or the Falic family (collectively, the "**Falics**") pursuant to Federal Rules of Evidence 401, 402, and 403, and in support state:

### Introduction

In addition to Head Kandy, Mr. Falic and his family members own and operate several other businesses. At trial, Ms. McNeill may attempt to elicit testimony concerning the Falics' financial means, including their multiple profitable businesses and lifestyle, as a means to discourage the factfinder from awarding damages to Head Kandy and garner emotional support for Ms. McNeill in support of awarding her damages. Likewise, Ms. McNeill may attempt to provide testimony and other evidence as to her own purported financial means, including by claiming (as she did without any citation to supporting record evidence in her summary judgment

{00089602:1}

filings) that she "los[t] her home," is "destitute," and currently "liv[es] in a motorhome with her husband and three children." [ECF 501 at 12]. This evidence is inadmissible because any probative value it may hold—it has none—is substantially outweighed by the danger of unfair prejudice. The Court should preclude Ms. McNeill from presenting evidence that directly or indirectly makes reference to Mr. Falic or the Falic family's financial status or means or her own purported financial status or means, and further order that Ms. McNeill instruct her witnesses from attempting to introduce such evidence.

## Argument

Under Federal Rule of Evidence 402, evidence is only admissible if it is relevant. Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Even relevant evidence, however, is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403; *see also United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

It is established law that reference to parties' respective wealth or poverty is generally inadmissible at trial because of its prejudicial nature. *See United States v. Bradley*, 644 F. 3d 1213, 1271 (11th Cir. 2011) ("Use of a defendant's wealth to appeal to class bias can be 'highly improper' and can deprive that defendant of a fair trial."). The "general rule is that, during trial, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's." *Eli Research, LLC v. Must Have Info Inc.*, 2015 WL 6501070, at *1, *2 (M.D. Fla. Oct. 22, 2015) (quoting *Amegy Bank Nat'l Ass'n v. DB Private Wealth Mortg., Ltd.*, 2014 WL 791505, at *1, *3 (M.D. Fla. Feb. 24, 2014)).

Ms. McNeill may seek to use the Falic's financial means, including ownership of multiple largely successful businesses and their lifestyle, or her own alleged financial situation, to improperly persuade the factfinder, either by implication or explicit argument, that the Falic's, and thereby Head Kandy, do not deserve nor need the relief they seek, that it would be "unfair" to require Ms. McNeill to compensate Head Kandy for the damages she caused because of her supposed limited financial resources, or that Ms. McNeill deserves the relief she seeks because she currently supposedly has limited financial resources.  Ms. McNeill may also seek to introduce evidence or argument that she is a new small business owner—through her new company White Pineapple—so as to infer that an award of substantial damages against Ms. McNeill would case her, her family, or her new business hardship or bankruptcy.  Evidence and argument regarding the financial status or means of Head Kandy, the Falics, or Ms. McNeill holds no probative value. However, even if the Court determined such evidence met the low bar of relevance under Rule 401, that value is undoubtedly outweighed by the substantial danger of unfair prejudice in that the parties' relative wealth bears absolutely no relation to any of the facts or issues in controversy in this action.  At bottom, Ms. McNeill would seek to inject such evidence simply to garner sympathy, a decidedly prejudicial and impermissible use.  Accordingly, the Court should exclude for any purpose at trial any argument or evidence about Head Kandy, the Falics, or Ms. McNeill's financial status or means.

## Conclusion

Head Kandy and Mr. Falic respectfully request that the Court enter an Order in Limine precluding at the upcoming trial the presentation of evidence or argument about the financial status or means of Head Kandy, Mr. Falic, or Ms. McNeill, and further order Ms. McNeill to instruct her

witnesses to similarly make no mention of or suggestions regarding the parties financial status or means, and provide all such other relief the Court deems appropriate.

## CERTIFICATE OF CONFERRAL

I HEREBY CERTIFY that on January 6, 2025, counsel for Head Kandy conferred with counsel for Ms. McNeill, who advised that Ms. McNeill opposes the relief sought herein.

*/s/ Edward C. Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water Street, Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff/Counter-Claim Defendant Head Kandy, LLC and Third-Party Defendant, Jerome Falic*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 6, 2025 I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521, *co-counsel for Defendant;.* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

                                                      */s/ Edward C. Thompson*
                                                      **EDWARD C. THOMPSON**
                                                      FL Bar No. 684929