UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                  CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

**HEAD KANDY AND MR. FALIC'S MOTION IN LIMINE
TO EXCLUDE EVIDENCE OF ALLEGATIONS BY OTHERS**

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**"), pursuant to Federal Rules of Evidence 401, 402, 403, 404, 801, and 803, move to preclude any evidence at trial regarding out-of-court claims and allegations of harassment made by others.[1] In Support Head Kandy and Mr. Falic state:

**Introduction**

In her Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand ("**Counterclaims**"), Ms. McNeill alleges that she was the subject of workplace harassment by Jonathan Rosenbaum ("**Mr. Rosenbaum**"), a consultant for Head Kandy. [ECF 337]. Ms. McNeill also claims that Mr. Rosenbaum "harassed" other Head Kandy employees. During her deposition, one of Ms. McNeill's identified witnesses, who is a former employee of Head Kandy, claimed that Mr. Rosenbaum had harassed her and others. That former employee, who is a

---

[1] Head Kandy has moved to dismiss and for summary judgment on all of the claims to which any testimony or evidence regarding allegations of harassment would be relevant.

personal friend of Ms. McNeill, also testified that she was the victim of traumatic sexual abuse during her childhood by a person completely unrelated to Head Kandy or this action.[2] The Court should preclude the introduction of these unadjudicated allegations because they are: (1) irrelevant under Rule 402; (2) inadmissible hearsay; and/or (3) any probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

## Argument

I. **The allegations by others is irrelevant, unduly prejudicial, and constitutes improper character evidence.**

As the basis for several of her claims, Ms. McNeill alleges that she was sexually harassed by Mr. Rosenbaum.  Ms. McNeill goes on, in her Counterclaims and in her deposition testimony, to claim that Mr. Rosenbaum harassed other employees of Head Kandy.  Another former employee, a personal friend of Ms. McNeill, in her deposition made additional allegations of harassing conduct by Mr. Rosembaum directed not to Ms. McNeill, but to herself and others.  These statements alleging that Mr. Rosenbaum made inappropriate comments or acted with inappropriate behavior towards employees other than Ms. McNeill, however, are not relevant to Ms. McNeill's claims.  That is, Ms. McNeill's claims concerning harassment she alleges she was subjected to are limited to those which were directed to *Ms. McNeill*, not other Head Kandy employees.

Any allegations a witness may make about alleged harassment or inappropriate behavior they may claim Mr. Rosenbaum directed to them, rather than to Ms. McNeill, are unsubstantiated and inadmissible.  Indeed, courts in the Eleventh Circuit are hesitant to admit evidence of such unadjudicated claims because it would result in a "series of mini-trials addressing the validity of

---

[2] Given the nature of the allegations of the trauma suffered by the witness, who is a third-party, Head Kandy is not identifying the witness in this publicly Motion.  Head Kandy will offer the Court the deposition testimony of the witness upon the Court's request.

the unsubstantiated allegations." *ADT, LLC v. Vivint Smart Home, Inc.*, 2023 WL 3568117, at *12 (S.D. Fla. May 19, 2023) (excluding prior lawsuits because "even if [the] [p]laintiff could demonstrate some probative value from allegations in other lawsuits, presenting evidence of these other cases would lead to a series of mini-trials that would likely confuse and mislead the jury from the task at hand of evaluating plaintiff's claims in this case and result in a waste of time and judicial resources"); *accord Bui v. Minority Mobile Sys., Inc.*, 2016 WL 6518804, at *1 (S.D. Fla. Jan. 28, 2016) ("[T]he probative value of [prior litigation] evidence is substantially outweighed by the danger of unfair jury bias against the chronic litigant under Rule 403."); *Boneta v. Am. Med. Sys., Inc.*, 2021 WL 6776245, at *3 (S.D. Fla. Oct. 6, 2021) ("[E]vidence of other lawsuits and the factual allegations therein is inadmissible under Rule 403.") (cleaned up).

Even if the Court found claims of behavior directed not to Ms. McNeill, but rather to other named and unnamed employees, held some scant probative value, that value is outweighed by the danger of unfair prejudice. The only purpose for introducing this testimony would be to inflame the passions of the factfinder by the use of unsubstantiated claims in the hopes of confusing the issues to such a degree that the jury renders a verdict is in Ms. McNeill's favor. *See Salinero v. Johnson & Johnson*, 2019 WL 7753445, at *2-3 (S.D. Fla. Sept. 25, 2019) (precluding evidence of unrelated claims and investigations when offered as proof that other unrelated non-parties suffered similar injuries because the limited probative value "is far outweighed by the risk of undue prejudice, confusion of the issues, and misleading the jury"). Ms. McNeill should not be permitted to introduce self-serving statements that other employees experienced harassment by Mr. Rosenbaum because those claims are entirely unrelated to Ms. McNeill's claims for harassment and any probative value they may have would confuse the issues in the case and mislead the factfinder.

Further, permitting others to testify that they were the subject of inappropriate commentary or behavior by Mr. Rosenbaum is inadmissible under Rule 404(b), as it seeks to have the factfinder believe, if it believes the testimony of other witnesses that Mr. Rosenbaum engaged in acts toward them that may constitute sexual harassment, that Mr. Rosenbaum is a "sexual harasser" and, therefore, must have sexually harassed Ms. McNeill. Such evidence is inadmissible. Fed. R. Evid. 404(a)(1) ("Evidence of a persons' character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait"); 404(b)(1) ("Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character.").

That is particularly true here, where Ms. McNeill may also attempt to elicit at trial testimony from one of her witnesses that the witness was the victim of traumatic sexual abuse during her childhood by a person completely unrelated to Head Kandy or this action. That testimony should itself be excluded as irrelevant and unduly prejudicial. The only purpose of it would be to have this witness gain credibility and sympathy with the factfinder and then use that witness to offer improper prior bad acts testimony about Mr. Rosenbaum's actions directed towards her in an effort to ultimately bolster Ms. McNeill's own testimony about the harassment she claims to have suffered by Mr. Rosenbaum. That is, Ms. McNeill hopes that if the factfinder believes the testimony of the victim of childhood sexual abuse that she was, years later, harassed by Mr. Rosenbaum, then the factfinder will be more apt to believe Ms. McNeill's claim she was harassed by Mr. Rosenbaum.

Because it is improper under Rule 404 and unduly prejudicial under Rule 403, the Court should preclude Ms. McNeill from offering any evidence of alleged inappropriate actions, conduct,

or statements by Mr. Rosenbaum or anyone else that were not alleged to have been directed to Ms. McNeill and constitute a basis for her sexual harassment claims.

## II. The anticipated testimony is inadmissible hearsay.

Ms. McNeill, and her personal friend witness, testified in deposition and may attempt to testify at trial that other Head Kandy employees told them of conduct and statements by Mr. Rosenbaum that they contend constitutes harassment. For example, Ms. McNeill testified that other Head Kandy employees generally "had serious concerns . . . about how Jon was treating people," and that another employee told her that she no longer wanted to drive Mr. Rosenbaum to the hotel because he would make "really inappropriate comments." [ECF 446-1 (McNeill Tr.) at 219:24-220:6; 225:21-226:18; 250:8-251:3]. Rule 801 precludes the presentation of any such testimony as it is based on a statement made outside of trial and offered to prove the truth of the matter asserted therein. The Court should preclude Ms. McNeill from attempting to offer out-of-court statements at trial about what others told Ms. McNeill or her witnesses.

## Conclusion

Head Kandy and Mr. Falic respectfully request that the Court enter an Order in Limine precluding at the upcoming trial the presentation of evidence or argument of any claims for harassment directed to persons other than Ms. McNeill, and further order Ms. McNeill to instruct her witnesses to similarly make no mention of or suggestions regarding other Head Kandy employees as the alleged subject of harassment or flagrant language by Mr. Rosenbaum, and provide all such other relief the Court deems appropriate.

**CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that on January 6, 2025, counsel for Head Kandy conferred via telephone conference with counsel for Ms. McNeill, and counsel for Ms. McNeill advised that Ms. McNeill opposes the relief requested herein.

/s/ *Edward C. Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC and Jerome Falic*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2025, I served the foregoing via electronic mail to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

                                              /s/ *Edward C. Thompson*
                                              Attorney