**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

HEAD KANDY, LLC,

      Plaintiff/Counterclaim Defendant,

v.                              CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

      Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

      Third-Party Defendant.

_____/

**HEAD KANDY AND MR. FALIC'S MOTION IN LIMINE TO EXCLUDE**
**<u>ANY EVIDENCE OF ALLEGED PRIOR CRIMINAL OFFENSES OR CHARGES</u>**

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**"), pursuant to Federal Rules of Evidence 401, 402, 403, and 609, move to preclude any evidence at trial regarding any prior criminal offences, allegations or charges, and in support state:

**Introduction**

Ms. McNeill has indicated during this case that she may seek to bring up at trial decades-old allegations of criminal conduct against at least one of Head Kandy's witnesses.[1] Indeed, during this case, in an attempt to intimidate and harass the witness, Ms. McNeill served the witness with a Subpoena to Testify at a Deposition requesting "Documents Concerning any criminal convictions

---

[1] Head Kandy and Mr. Falic refer to the witness in question anonymously in this public filing due to the nature and age of the accusations. Head Kandy and Mr. Falic will provide the witness's identity and more information concerning the specific nature of the accusations at issue to the Court upon request.

that have ever been entered against You" and "Documents Related to criminal charges against You for" a specific untoward charge filed more than ten years ago when the witness was a minor.[2]  Any such evidence, however, is inadmissible, because it is entirely irrelevant to the facts at issue in this case and would amount to an improper impeachment under Rule 609.  The Court should preclude Ms. McNeill from presenting evidence that directly or indirectly makes reference to any potential criminal allegations against Head Kandy's witnesses, and further order that Ms. McNeill instruct her witnesses from attempting to introduce such evidence.

### Argument

Evidence of prior criminal convictions is only admissible in very limited circumstances, none of which apply to any allegations at issue here.[3]  To utilize a prior criminal conviction under Rule 609, the crime must have involved a "dishonest act or false statement" or have been "punishable by death or by imprisonment for more than one year," and then must satisfy a Rule 403 analysis.  Further, if the conviction occurred more than ten years ago, the party offering the evidence must show that its probative value "substantially outweighs" its prejudicial effect and must serve reasonable notice on the adverse party of the intent to use the prior conviction.  Finally, evidence of a juvenile adjudication is not admissible in a civil case.

In this litigation, Ms. McNeill has not offered any evidence of a conviction for a prior felony or crime of dishonesty against any witness.  Nor has Ms. McNeill provided the time at which she believes the prior conviction at issue here occurred to allow the Court to determine

---

[2] The undersigned, also serving as counsel for the witness, properly served written objections to these requests prior to the witness's deposition.

[3] Ms. McNeill has not offered any evidence of this alleged criminal allegation, its surrounding facts and circumstances, whether the allegation resulted in either an adult or juvenile conviction, or the time of conviction or release, or even any evidence of the charge.  Head Kandy and Mr. Falic file this Motion in an abundance of caution based on Ms. McNeill's targeted, and improper, requests in her subpoena.

whether this conviction would be subject to a further analysis under Rule 609(b) for its probative value or whether it must be excluded entirely as a juvenile adjudication.  Based on the lack of those foundational requirements of Rule 609, any evidence of an alleged prior criminal conviction should be excluded.

Even if Ms. McNeill were now, for the first time, able to provide evidence supporting those foundational requirements, that evidence would still fail an analysis under Rules 401, 402, and 403.  Under Federal Rule of Evidence 402, evidence is only admissible if it is relevant.  Rule 401 defines relevant evidence as having "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Even relevant evidence, however, is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice.  Fed. R. Evid. 403; *see also United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

This litigation concerns allegations between Head Kandy, Mr. Falic, and Ms. McNeill for breaches of contract and issues surrounding Ms. McNeill's employment.  Even when the type of prior criminal conviction offered may be admissible under Rule 609, courts must evaluate whether, under Rule 403, "its probative value is substantially outweighed by danger of…unfair prejudice."  *Smith v. Austin*, 2023 WL 4847337, at *2 (S.D. Ga. July 28, 2023).  The *Smith* court acknowledged that the probative value of a prior conviction will vary, and a "description of factors for probative value assessment of previous convictions, include[e] the length of time between the conviction and issues before a court, the witness's criminal history, and the witness's age and circumstances at the time of the commission of the offense."  *Id*. (citing *Stewart v. Johnson*, 2021 WL 3081882, at *7 (S.D. Ga. July 21, 2021).  Here, the witness Ms. McNeill already tried to intimidate and harass by requesting he produce documents regarding an irrelevant decades-old criminal charge is

not a named party in this litigation and is not an employee or agent of Head Kandy or Mr. Falic whom Ms. McNeill has alleged engaged in any conduct that is a subject of her claims.  There is no evidence that the witness has been convicted of a felony or crime of dishonesty within the preceding ten years.  Nor has Ms. McNeill presented, nor could she present, any circumstances of a prior offense which would render its probative value sufficiently safeguarded from the danger of unfair prejudice.  Accordingly, the Court should exclude for any purpose at trial any argument or evidence concerning any prior criminal allegations or convictions against Head Kandy's witnesses.

**Conclusion**

Head Kandy and Mr. Falic respectfully request that the Court enter an Order in Limine precluding at the upcoming trial the presentation of evidence or argument regarding any potential criminal history of Head Kandy's witnesses, and further order Ms. McNeill to instruct her witnesses to similarly make no mention of or suggestions regarding the alleged criminal history, and provide all such other relief the Court deems appropriate.

**CERTIFICATE OF CONFERRAL**

I HEREBY CERTIFY that on January 6, 2025, counsel for Head Kandy conferred with counsel for Ms. McNeill, who advised that Ms. McNeill opposes the relief sought herein.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 6, 2025 I served the foregoing via electronic mail to: Laura E.  Burgess, Esquire, laura@leburgesslaw.com, L.E.  Burgess, P.A., 5966 S.  Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L.  Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado  80202,  *Counsel  for  Defendant;*  Jennifer  Tiedeken,  Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S.

Howes Street, Suite 1100, Fort Collins, CO 80521, *co-counsel for Defendant;* and Jed Ferdinand,

Esquire, jferdinand@fiplawgroup.com, Kathleen B.  Moore, Esquire, kmoore@fiplawgroup.com,

Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel*

*for Plaintiff.*

/s/ *Edward C. Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS**
**THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC*
*and Jerome Falic*