UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

     Plaintiff/Counterclaim Defendant,

v.                                                                    CASE NO. 23-CV-60345-JB/JMS

KAYLA MCNEILL,

     Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

     Third-Party Defendant.

_____/

**OPPOSITION TO MOTION TO STRIKE MS. MCNEILL'S
RESPONSES TO MOTIONS FOR SUMMARY JUDGMENT**

Defendant/Counterclaimant/Third Party Claimant Kayla McNeill ("Ms. McNeill"), by and

through her undersigned counsel, hereby submits her opposition memorandum of law (this

"Response") in response to Third-Party Defendant Jerome Falic ("Mr. Falic") and

Plaintiff/Counterclaim Defendant Head Kandy, LLC's Motion to Strike Ms. McNeill's Untimely

and Over-the-Page Limit Filings in Opposition to Motions for Summary Judgment (the "Motion

to Strike") [ECF No. 507] and Supplemental Memorandum [ECF No. 513], and states as follows:

**INTRODUCTION**

Some men will do anything to avoid the consequences of their sexual harassment once they

have been exposed by their victims.  From the outset of this case, HK and Mr. Falic (collectively, the

"Falic Parties") have attempted to avoid having this case resolved on its merits.  In their most recent

attempt, they ask the Court to impose the most extreme sanction of striking Ms. McNeill's responses

to their Motions for Summary Judgment (the "SJ Responses") [ECF Nos. 501, 504, 505] and her

1

statement of facts pertaining to HK's SJ Motion [ECF No. 504] and grant them summary judgment. The relief sought would end this two-year-long litigation without affording Ms. McNeill the opportunity to have her claims and defenses resolved on their merits.  As grounds for the relief, the Falic Parties provide an incomplete recitation of the relevant facts to make it appear as though the undersigned was engaged in unethical conduct.  For example, the Falic Parties note that Ms. McNeill's lead counsel, Mr. Anthony Converse, sent an email stating that he would be able to send the SJ Responses shortly.  [Motion to Strike at 4].  What is not included is the fact that Mr. Converse stated that he was at a doctor's appointment [Exhibit B to Motion to Strike at 1, ECF No. 507-2] and, when he subsequently spoke with Mr. Colin Thompson, counsel for the Falic Parties, prior to the filing of the Motion to Strike, Mr. Converse informed Mr. Thompson that his health issues prevented him from returning to the office and forwarding the SJ Responses.  There have been no misrepresentations by Ms. McNeill's counsel.  The simple fact is that Mr. Converse's health issues significantly escalated in December, ultimately leading to a trip to the emergency room on December 26, 2024.[1]  Mr. Converse's health issues have been disclosed to counsel for the Falic Parties and is well documented.  Thus, the subterfuge implied by the Falic Parties within the Introduction to their Motion to Strike is unfounded.  [Motion to Strike at 1-2].

## **ARGUMENT**

I.      **Good Cause Exists to Grant Ms. McNeill an Extension of Time to file her SJ Responses; therefore, Striking the SJ Motions is Inappropriate**

The Falic Parties' argument in support of their Motion to Strike relies heavily upon the Eleventh Circuit's opinion in *Young v. City of Palm Bay*, 358 F.3d 859 (11th Cir. 2004).  Motion to Strike at 8-9.  The *Young* opinion is inapposite to the present circumstances.  In *Young*, the

---

[1] Mr. Converse does not wish to publicly disclose his personal medical information; however, if the Court requires additional details, Mr. Converse is willing to provide more information through an *in camera* proceeding.

Eleventh Circuit affirmed the district court's refusal to consider plaintiff-appellant's untimely memoranda and supporting evidence in opposition to a motion for summary judgment. *Young*, 358 F.3d at 860. However, plaintiff-appellant had been granted four extensions of time to file his opposition, spanning two and a half months. *Id*. at 861-862. The extensions were granted due to health issues counsel for plaintiff-appellant was suffering, as well as continued settlement negotiations between the parties. *Id*. When granting the third motion for extension, the "district court stated that no further extensions of any deadlines will be granted in this matter." *Id*. at 861 (internal quotations omitted). Nonetheless, plaintiff-appellant subsequently filed a fourth motion for extension. The district court again granted the motion. In its order granting the fourth motion to extend the response period, "the district court wrote, in bold letters, that plaintiff's counsel are warned: upon pain of sanctions, they had better start meeting deadlines in this and other cases." *Id*. at 862 (internal quotations omitted). Despite the four extensions of time, spanning two and a half months, and the court's unambiguous warning that sanctions would be imposed if deadlines were not met going forward, counsel for plaintiff-appellant still failed to timely file an opposition to the motion for summary judgment; instead, filing a fifth motion to extend the response period. *Id*. In denying the fifth motion for extension, the district court "stress[ed] that there had already been four extensions granted and good cause had not been shown for the fifth request." *Id*. at 863. In addition, the "court pointed out that plaintiff's counsel had been shown lenity, being granted a fourth extension even after presenting a misleading argument to support the request. The court further noted that, although counsel was seemingly having difficulty diligently prosecuting their existing cases, they continued to file new lawsuits before the court." *Id*. The Eleventh Circuit also stressed in its opinion that "[c]ounsel had notice from the district court that further extensions were no option, after being given almost three months to respond from the date on which defendants filed their motions for summary judgment." *Id*. at 864.

3

Here, Ms. McNeill has not been granted any extensions of the response period.  In addition, good cause exists to grant an extension of the Response Period in this case, as outlined in Ms. McNeill's Motion for Extension of Time to File Responses to Summary Judgment Motions.[2]  As previously disclosed to the Court and counsel for the Falic Parties, Ms. McNeill's lead trial counsel experienced significant health issues which precluded him from working for a extended periods of time, including during the response period.  Moreover, despite the Court's admonition during the October 17, 2024 status conference concerning selective summary judgment motions, the Falic Parties sought summary judgment on each of Ms. McNeill's pending claims for relief and all of her affirmative defenses, as well as HK's claims for breach of contract and breach of fiduciary duty.  [Motions for Summary Judgment, ECF Nos. 471, 473 ("SJ Motions")].  In addition, Mr. Falic improperly exceeded the page limit for his Statement of Material Facts in Support of his SJ Motion [ECF No. 472] by incorporating all ten (10) pages of HK's Statement of Material Facts [ECF No. 470] into his Statement of Material Facts.  [ECF No. 472 ¶ 1].

Consequently, the scope of the SJ Motions is extensive and required considerable time from multiple attorneys to adequately respond.  As a result of Mr. Converse's unanticipated absence, there was inadequate time to complete the SJ Responses, as is evident by the state of the SJ Responses at the time of filing.  Co-counsel for Ms. McNeill, Ms. Laura Burgess was also unable to file all of the SJ Responses by the deadline and, instead, filed the one document that she was able to file by the response deadline, Ms. McNeill's Statement of Facts Material to Mr. Falic's SJ Motion ("Falic SOF") [ECF No. 495].  In the Motion to Strike, the Falic Parties repeatedly characterize the filing of the Falic SOF four times as a "mistake," using quotation marks to signal a direct quote from Ms. McNeill's counsel.  To clarify, the filings made by Ms. McNeill on the

---

[2] Ms. McNeill's Motion is forthcoming; therefore, it has not been assigned a docket entry as of the filing of this Response.

response deadline were not a mistake, and no such representation was made by the undersigned. Instead, Ms. McNeill filed what she could because the Falic SOF creates fact issues that preclude entry of summary judgment not only for Mr. Falic but also for HK. Due to the exigent circumstances set forth herein, counsel was unable to file anything else by the deadline.

**II.      The Falic Parties will Not be Materially Prejudiced if an Extension is Granted**

The SJ Motions were filed on December 2, 2024. Therefore, unlike in *Young*, the SJ Motions have not been pending for a significant period of time (i.e., three months). Furthermore, this case is not presently at issue. [ECF Nos. 360, 362]. Thus, the posture of the case does not necessitate the extreme relief requested in the Motion to Strike. Further, Ms. McNeill has never been warned by the Court that it would impose the extreme sanction of striking her SJ Responses. In addition, the extreme circumstances of this case—that lead counsel suffered sudden and debilitating health issues (which not only prevented him from working, but also prevented him from communicating via phone for a period of days)—prevented Ms. McNeill from filing the extensive responses to the SJ Motions required; particularly since the SJ Motions seek dismissal of each and every one of Ms. McNeill's pending claims and judgment in favor of the Falic Parties. The suddenness and severity of lead counsel's health issues, when he was primarily tasked with drafting the responses and which prevented conferral prior to the deadline, is good cause to afford Ms. McNeill the opportunity to present her SJ Responses to the Court for consideration. Finally, the Falic Parties do not argue that they will suffer any prejudice if the Motion to Strike is not granted. *See*, *generally*, Motion to Strike.

**CONCLUSION**

For the reasons set forth herein, Ms. McNeill respectfully requests an order from the Court

denying the Motion and granting Ms. McNeill such further and/or additional relief which the Court

deems just and proper.

DATED this 10th day of January, 2025.

Respectfully Submitted,

By:  /s/ Laura Burgess
Laura E. Burgess, Esq.
Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

and

By:  /s/ Antonio L. Converse
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

and

By:  /s/ Jennifer A. Tiedeken
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
125 S. Howes Street, Suite 1100
Fort Collins, CO 80521
Tel: 970.482.5058
jennifer@fortcollinslaw.com

COUNSEL FOR KAYLA MCNEILL

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025 I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF and through that filing served all counsel of record.


By: */s/ Laura Burgess*
Laura Burgess