UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                   CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.
_____/

**HEAD KANDY'S AND MR. FALIC'S REPLY IN SUPPORT OF MOTION
TO STRIKE MS. MCNEILL'S UNTIMELY AND OVER-THE-PAGE-LIMIT
FILINGS IN OPPOSITION TO MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff/Counterclaim Defendant Head Kandy LLC ("**Head Kandy**") and Third-Party Defendant Jerome Falic ("**Mr. Falic**") reply in support of their Motion to Strike Ms. McNeill's Untimely and Over-the-Page-Limit Filings in Opposition to Motions for Summary Judgment [ECF 507] and the supplement thereto [ECF 513] (collectively, the "**Motion**"), and in opposition to Ms. McNeill's Opposition to Motion to Strike Ms. McNeill's Responses to Motions for Summary Judgment (the "**Opposition**") [ECF 525], and in support state:

**Reply Argument**

Ms. McNeill's Opposition is an attempt to manufacture post hoc rationalizations for her failure to timely file her Summary Judgment Responses, and indeed, her failure to seek leave of Court to make untimely filings or to even acknowledge the tardiness of her Summary Judgment

Responses until forced to do so in her Opposition.[1] In her Opposition, Ms. McNeill claims for the very first time that the reason her Summary Judgment Responses were not filed on time was, as Head Kandy and Mr. Falic originally suspected, because she had not completed them prior to the December 16, 2024, filing deadline. [Opp. at 4]. Ms. McNeill, however, never before informed counsel for Head Kandy and Mr. Falic (nor the Court) that she could not or had failed to complete her Summary Judgment Responses nor the reasons she now offers for so failing to do so. Neither did she ever before request or seek an extension of the deadline to file them, even though the record is replete with extension requests unopposed by Head Kandy and Mr. Falic that Ms. McNeill has filed (usually at the literal last minute) when she could not meet filing deadlines. Instead, Ms. McNeill attempts by her Opposition to backfill reasons and excuses for her failure to finish her filings on time, including a "trip to the emergency room" that occurred ten days *after* the December 16 deadline [Opp. at 2], and alludes to a "forthcoming" motion for extension that, now nearly a month after the original deadline, still has yet to be filed [Opp. at 4 n.2]. Because Ms. McNeill's shifting story and unsupported excuses fail to establish the requisite good cause for her untimely filings, the Court should grant the Motion.

As set out in the Motion, when Head Kandy's counsel e-mailed Ms. McNeill's counsel the morning after her Summary Judgment Responses were due and stated that she had filed the same document multiple times, Ms. McNeill's counsel still did not inform Head Kandy and Mr. Falic's counsel that Ms. McNeill had been unable to complete the filings nor inform them of any medical

---

[1] Ms. McNeill's "**Summary Judgment Responses**" include her Opposition to Head Kandy's Motion for Summary Judgment late-filed December 18, 2024 [ECF 505], her Opposition to Mr. Falic's Motion for Summary Judgment late-filed December 17, 2024 [ECF 501], her over-the-page-limit Statement of Facts Material to Head Kandy's Motion for Summary Judgment late-filed December 18, 2024 [ECF Nos. 503 and 504], and her Notice of Filing Exhibits late-filed on December 23, 2024 [ECF 510], the day Head Kandy and Mr. Falic expected their replies would be due, had Ms. McNeill complied with the applicable deadlines.

issues. Instead, counsel for Ms. McNeill replied, "Thanks Colin **for letting us know and I'm sorry**," claimed that the "other documents" would be filed "shortly," and stated "I will forward you a copy of the missing documents while you're waiting for file-stamped copies." [ECF 507-1 at 1; ECF 507-2 at 1 (emphasis supplied)]. None of that suggests that the Summary Judgment responses were incomplete at that time, much less that there was any sound reason they had not yet been completed and filed. At no point did counsel for Ms. McNeill tell counsel for Head Kandy and Mr. Falic that a medical emergency had precluded timely completion and proper filing of the Summary Judgment Responses or ask for Head Kandy's and Mr. Falic's position on an extension of time on that basis. Indeed, even when counsel for Head Kandy and Mr. Falic spoke with Ms. McNeill's counsel to confer regarding its Motion, Ms. McNeill's counsel did not state that they had been unable to timely complete the filings nor offer any reasons for failing to timely file them. Instead, Ms. McNeill's counsel simply apologized for the the unexplained failures.

Ms. McNeill still has not moved for an extension of time, and instead improperly appears to seek an extension (or at least absolution for the consequences of her untimely filings) directly in her Opposition. In the Eleventh Circuit, "[d]eadlines are not meant to be aspirational" and a party does not have "carte blanche permission to perform when [s]he desires" irrespective of an existing scheduling order. *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). That is, "[c]ourt-ordered deadlines are not suggestions, and they should not be treated as optional by the parties." *Whitcher v. Garrison Prop. & Cas. Ins. Co.*, 2017 WL 11446811, at *3 (M.D. Fla. Nov. 27, 2017) *accord Marquardt v. Ocean Reef Cmty. Ass'n*, 2021 WL 9599449, at *6 (S.D. Fla. Apr. 8, 2021) ("[C]ourt deadlines are neither aspirational nor advisory.") (quotation omitted). Consequently, when a party seeks an after-the-fact extension of a court-ordered deadline, that party

must establish both good cause and excusable neglect. *See, e.g.*, *Marquardt*, 2021 WL 9599449, at *5-6 (collecting cases).[2] Ms. McNeill has failed to show either.

The Opposition is not the first time Ms. McNeill has sought a post-hoc extension of a deadline. Mere months ago, Ms. McNeill sought leave to amend her operative responsive pleading long after the deadline to do so had passed. [ECF 402]. Ms. McNeill's primary argument then was that Head Kandy and Mr. Falic would not be prejudiced by the untimely filing. [*Id.* at 4-5]. The Court— recognizing that the "good cause" standard applied to her after-the-deadline request and that "prejudice" was immaterial unless the "good cause" standard was first satisfied—did not even consider the parties' prejudice arguments, and instead concluded that leave to amend was due to be denied because Ms. McNeill had not shown good cause. [ECF 425].[3] Here, in the equal absence of a showing of good cause and excusable neglect, the same result should follow. *See, e.g.*, *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) ("[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment [to the scheduling order] could have been timely made.").

This time, Ms. McNeill seems to suggest in her Opposition that good cause exists primarily (1) because "Ms. McNeill has not been granted any extensions of the response period," and (2) because of "significant health issues" that "precluded [Ms. McNeill's lead counsel] from working

---

[2] Ms. McNeill cites no case law to the contrary. Indeed, Ms. McNeill cites no case law in support of her positions at all, and only cites *Young*, a seminal and binding case on the Court's authority to manage its own docket and to refuse to consider untimely filings, to unconvincingly criticize Head Kandy's and Mr. Falic's reliance on that leading case.

[3] The Court, after explaining the applicable law, ultimately offered Ms. McNeill the choice of withdrawing her Motion for Leave to Amend or paying the expenses of re-deposing her on her new and untimely allegations. Ms. McNeill chose to withdraw her Motion for Leave to Amend.

for a [sic] extended periods of time, including during the response period." [Opp. at 4]. Each of those excuses, however, fails to establish good cause and excusable neglect.[4]

First, while Ms. McNeill has not received a previous extension of time to file the Summary Judgment Responses, Ms. McNeill has received numerous (unopposed) extensions of time for nearly every filing in this case. In any event, the lack of a prior extension of this specific deadline, particularly in light of the previous extensions of nearly every other deadline, does nothing to establish good cause or excusable neglect for a party's failure to timely make filings or to timely seek an extension of an existing deadline. A party is not entitled to any extensions of time or to advance warnings of the specific consequences for failure to comply with the Court's scheduling order. Nonetheless, when Ms. McNeill last sought to amend her operative responsive pleading and requested extension of several scheduling deadlines, the Court made clear that further extensions of time would not be granted. [ECF 425 ("The Court will not grant any further continuances or extensions absent extraordinary circumstances.")].

Second, Ms. McNeill makes, at best, vague references to "health issues," but fails to point to any particular health issue on any specific date that would have precluded timely filing of the Summary Judgment Responses, or at least a timely request for extension of the applicable deadline. Instead, the only explanation is that one of Ms. McNeill's attorneys, Mr. Converse, required a trip

---

[4] Ms. McNeill also relies on the reasons stated in her yet-to-be-filed "Motion for Extension of Time to File Responses to Summary Judgment Motions." [Opp. at 4]. Because no such document has been filed as of the time of this filing, the Court as a practical matter cannot consider whatever additional post hoc arguments Ms. McNeill may attempt to raise in that filing. Moreover, even assuming it presented some basis for a finding of good cause (it will not), that filing should independently be denied for undue delay. *See, e.g.*, *West v. Butler Cnty. Bd. of Educ.*, 2024 WL 2697987, at *1 (11th Cir. May 24, 2024) (affirming denial of motion to modify scheduling order in part because of the plaintiff's "undue delay in filing it"). Indeed, the fact that nearly a month later, still no motion has been filed suggests that Ms. McNeill would not have addressed the untimeliness of her filings with the Court at all, but for Head Kandy and Mr. Falic's Motion.

to the emergency room on December 26, 2024—ten days after the Summary Judgment Responses were due and several days after Ms. McNeill's last related filing. While Head Kandy and Mr. Falic are sympathetic to Mr. Converse's apparent medical issues (and indeed has not opposed properly requested motions for extension of time based on prior health issues), Ms. McNeill has presented nothing to show that those issues made it impossible for Ms. McNeill to timely file her Summary Judgment Responses, or at least to seek an extension prior to the filing deadline. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("Th[e] good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension.") (quotation omitted); *West*, 2024 WL 2697987, at *1. Indeed, prior to filing the Opposition Ms. McNeill's counsel never indicated that reason Ms. McNeill did not file proper Summary Judgment Responses was because of any medical issues. In fact, Mr. Converse's communications with the undersigned counsel (only mentioning a doctor's appointment after which Mr. Converse was to "head[] to the office" [ECF 507-2 at 1]) and Ms. McNeill's ability to make some filings around the applicable deadline strongly suggest that, if the Summary Judgment Responses could not be completed for medical reasons, someone on Ms. McNeill's team could have at least notified Head Kandy's and Mr. Falic's counsel and filed a motion to that effect prior to the expiration of the response period.[5] The failure to do so is dispositive and shows a lack of good cause and excusable neglect.[6]

---

[5] The fact that a last-minute medical issue for one member of Ms. McNeill's legal team could completely derail all of Ms. McNeill's summary judgment filings because those filings (like most of Ms. McNeill's other filings throughout this case) are not completed or filed until the last possible minute (i.e., minutes before midnight on the due date) also indicates a lack of good cause or excusable neglect. *See, e.g., Myhre v. TLFO, LLC*, 2015 WL 1722866, at *4 (S.D. Fla. April 15, 2015) ("A failure to [meet] court-ordered deadlines resulting from a party's own relaxed approach to litigation does not present good cause for an extension.").

[6] Realizing the futility of those arguments, Ms. McNeill falls back to her accusations of sexual harassment [Opp. at 1] and her general gripes about the attorney labor involved in litigating this

Attempting to salvage her case, Ms. McNeill now incredibly claims that her filing of the same document four times, purporting on the docket to be four different filings but in fact titled identically, was not a mistake, but rather, was an intentional choice! [Opp. at 4-5].[7] That is, Ms. McNeill now asserts for the first time that document—which is a responsive Statement of Material Facts pertaining to Mr. Falic's Motion for Summary Judgment and is titled as such [ECF Nos. 495 through 498]—was intended to serve as her responsive Statement of Material Facts pertaining to Head Kandy's Motion for Summary Judgment and as the memoranda of law in opposition to both Head Kandy's and Mr. Falic's respective Motions for Summary Judgment, which is why Ms. McNeill filed it four times under four different docket entries. [Opp. at 5]. If that is the case, Ms. McNeill points to no authority suggesting that she should be allowed, without seeking leave from the Court, to untimely file additional documents over the following days again purporting to be the same filings those same filings. [ECF Nos. 501, 504, 505]. Because Ms. McNeill has not

---

case [Opp. at 4]. As to the former, the substantive nature of the case and the claims raised has no bearing on the parties' obligation to comply with the Court's filing requirements; Ms. McNeill is not excused from compliance simply because she claims (without supporting citations to record evidence in any of her filings) that she is a "victim" of "harassment." *See, e.g.*, *Marquardt*, 2021 WL 9599449, at *5-8 (in a sexual harassment and retaliation case, declining to amend scheduling order when the plaintiff made no showing of good cause and excusable neglect). And as to the latter, the fact that Head Kandy and Mr. Falic are seeking summary judgment on many claims is largely of Ms. McNeill's own making by asserting so many unsupported and unsupportable claims in the first place, and is simply a reality of multiparty and multiclaim federal litigation, where all litigants are expected to operate according to the same rules and under the same deadlines. *See Young*, 358 F.3d at 864 ("In the courts, there is room for only so much lenity. … Counsel must take responsibility for the obligations to which he committed and get the work done by the deadline."); *Durr v. Adams Beverages, Inc.*, 710 F. App'x 358, 361 (11th Cir. 2017) ("If [the plaintiff] thought the court gave him an inadequate amount of time to respond, it was incumbent upon him to notify the court and to seek an extension of time."). Neither of Ms. McNeill's assertions, even if supported or supportable, constitutes good cause for her belated filings. At bottom, if Ms. McNeill wants this case to be resolved on its merits, she—like any other litigant—must comply with the Court's orders and rules.

[7] Of course, the only logical alternative to Ms. McNeill's latest change of heart is that these filings were deliberate gamesmanship on her part. [*See* Mot. at 5-7].

moved the Court for leave to amend or substitute any of her filings, then, at most, the Court should consider only the responsive Statement of Material Facts pertaining to Mr. Falic's Motion for Summary Judgment in considering whether to grant Head Kandy's and Mr. Falic's respective Motions for Summary Judgment.

Ms. McNeill's post hoc purported "strategy" (to rely on responsive Statement of Material Facts pertaining to Mr. Falic's Motion for Summary Judgment) however, runs afoul of the Local Rules, which require correspondingly numbered responsive Statements of Fact, citation to accompanying exhibits, and a responsive memorandum of law to each motion. *See* Loc. Rs. 7.1(c)(1) ("For all motions … each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion.  Failure to do so may be deemed sufficient cause for granting the motion by default."), 56.1(a)(1) (requiring a "separate and contemporaneously filed and served" responsive Statement of Fact), 56.1(b)(1)(B) (a Statement of Fact must support each fact with "specific, pinpoint references to particular parts of record material" which "[i]f not already in the record on CM/ECF, … shall be attached to the statement as exhibits specifically titled within the CM/ECF system"), 56.1(b)(2)(A) (a responsive Statement of Fact must "correspond with the order and paragraph numbering format used by the movant").  Accordingly, despite Ms. McNeill's post hoc change of course, the Motion is still due to be granted.

For these reasons, Head Kandy and Mr. Falic respectfully request that the Court (1) reject Ms. McNeill's arguments made in her Opposition and grant the Motion, (2) strike Ms. McNeill's Summary Judgment Responses [ECF Nos. 501, 503, 504, 505, 510] as untimely, (3) strike Ms. McNeill's Statement of Facts Material to Head Kandy, LLC's Motion for Summary Judgment [ECF 503, 504] on the independent basis that it is noncompliant with the page limitations provided

by Local Rule 56.1(b)(2), and (4) either grant Head Kandy and Mr. Falic's Motions for Summary Judgment by default or consider them unopposed. If the Court permits Ms. McNeill's late and over-the-page-limit filings, Head Kandy requests the Court also permit Head Kandy's 9 page Reply Statement of Material Facts in Support of its Motion for Summary Judgment [ECF 515]. Head Kandy further requests all other relief the Court deems appropriate in the circumstances.

/s/ Edward C. Thompson
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC and Jerome Falic*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 13, 2025, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, Counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

                              */s/ Edward C. Thompson*