UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                    CASE NO. 23-CV-60345-JB/JMS

KAYLA MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

### KAYLA M. MCNEILL'S MOTION *IN LIMINE* REGARDING ANY REFERENCE TO AN EMPLOYMENT INVESTIGATION

    Defendant/Counterclaimant/Third-Party Claimant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, hereby files her Motion *in Limine* ("Motion") to prevent Head Kandy, LLC ("HK") or Jerome Falic (collectively, the "Falic Parties") from introducing argument, evidence or testimony that HK or Mr. Falic conducted an employment investigation:

#### I.    LEGAL ARGUMENT

    The Falic Parties hired the firm of Ford Harrison to represent them in responding to Ms. McNeill's Florida Human Relations Commission ("FHRC") charges. However, when Mr. Falic was deposed, he made reference to an employment investigation HK had done. ECF No. 439, Falic Deposition Tr. p. 230/line 8-p. 231/line 14. Thereafter, when Ms. McNeill sought to depose Ford Harrison, the Falic Parties represented they would not be relying on engaging in an employment investigation and filed pleadings stating that Ford Harrison's sole representation was related to legal representation in responding to the FHRC. ECF Nos. 353, 375. Based on these representations, Ms.

1

McNeill withdrew her subpoenas for documents and testimony from Ford Harrison. ECF No. 384. The Falic Parties cannot on the one hand prevent Ms. McNeill from discovery based on these representations, and then on the other introduce the same evidence at trial.

In addition, HK had no complaint or other procedures in place at the time Ms. McNeill suffered from sexual harassment and retaliation. Ex. A, Head Kandy, LLC 30(b)(6) Deposition Tr. p. 104/line 7-p. 106/line 20. Therefore, although the Falic Parties have not yet had to assert their defenses in this case (because the case is not yet at issue), they cannot, as a matter of law, rely on an employment investigation as a defense. Thus, the Falic Parties' introduction of any evidence regarding an employment investigation should be prohibited. *Madray v. Publix Supermarkets, Inc.*, 208 F.3d 1290, 1297–99 (11th Cir. 2000); *Alvarado v. Miami-Dade Cnty.*, No. 15-22193-CIV, 2016 WL 9503810, at *17 (S.D. Fla. Oct. 24, 2016) (Florida Civil Rights Act analyzed in same manner as Title VII).

Dated this 13th day of January, 2025.

Respectfully Submitted,

By: */s/ Laura Burgess*
Laura E. Burgess, Esq.
Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

and

By: */s/ Antonio L. Converse*
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.

600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

and

By: */s/ Jennifer A. Tiedeken*
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
125 S. Howes Street, Suite 1100
Fort Collins, CO 80521
Tel: 970.482.5058
jennifer@fortcollinslaw.com

COUNSEL FOR KAYLA MCNEILL

## **CERTIFICATE COMPLIANCE WITH LOCAL RULE 7.1(a)(3)**

Pursuant to Local Rule 7.1(a)(3), counsel certifies that counsel for Ms. McNeill conferred with counsel for the other parties to this action, Head Kandy, LLC and Jerome Falic. The HK Parties have stated they do not intend to introduce evidence of an employment investigation but only if Ms. McNeill does not reference the Florida Human Relations Commission Proceeding.

*/s/ Laura E. Burgess*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 13, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; thereby served counsel of record for all other named parties.

*/s/ Laura E. Burgess*