**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

HEAD KANDY LLC,

    Plaintiff/Counterclaim Defendant,

vs.                                                                                  Case No. 0:23-cv-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant

vs.

JEROME FALIC,

    Third-Party Defendant.

_____/

**MS. MCNEILL'S MOTION IN**
**LIMINE TO EXCLUDE ANY REFERENCE TO**
**COURT FINDINGS, RULINGS, AND/OR ORDERS RELATED**
**TO THE PRELIMINARY INJUNCTION AND ANY CLAIMS OF VIOLATIONS**
**OF SAME MADE BY PLAINTIFF HEAD KANDY, LLC AGAINST MS. MCNEILL**

Defendant/Counterclaimant/Third-Party Claimant, KAYLA MARIE MCNEILL ("Ms. McNeill"), by and through undersigned counsel, and pursuant to the Federal Rules of Evidence 401, 402, and 403, hereby moves to preclude any evidence at trial regarding court findings and rulings leading to this Court's entry of the Preliminary Injunction in this matter [ECF No. 133 and ECF No. 152] and any allegations by Head Kandy, LLC ("HK") or Jerome Falic ("Mr. Falic") of any alleged violation of same orders by Ms. McNeill, and in support thereof, states as follows:

# I. ARGUMENT

## A. A PRELIMINARY INJUNCTION IS NON-BINDING ON THE MERITS.

Both Plaintiff HK and Third-Party Defendant Mr. Falic" should be barred from referencing the preliminary injunction hearing and any orders or findings resulting from same at trial as "[i]t is well understood that findings made at a preliminary injunction hearing are not binding at a trial on the merits....." *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981); *Slip-N-Slide Records v. Tvt Records*, No. 05-21113-CIV-TORRES, 2007 U.S. Dist. LEXIS 115381, at *12-13 (S.D. Fla. Feb. 23, 2007). "A preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Id.* Considering this, and "… given the haste that is often necessary if those positions are to be preserved, a preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits. A party thus is not required to prove his case in full at a preliminary-injunction hearing, *Progress Development Corp.* v. *Mitchell*, 286 F.2d 222 (CA7 1961), and the findings of fact and conclusions of law made by a court granting a preliminary injunction **are not binding at trial on the merits**." *Camenisch*, 451 U.S. at 395 (**emphasis added.**)

## B. REFERENCE TO THE PRELIMINARY INJUNCTION AND ANY ALLEGED VIOLATION OF SAME WOULD CONFUSE THE JURY.

Any reference by HK or Mr. Falic to the preliminary injunction hearing, Report and Recommendation [ECF No. 133], Order Adopting Report and Recommendation [ECF No. 152] or other related document or filing would "likely confuse the jury as to the issues to be decided, the parties' appropriate burdens of proof, and the claims and defenses herein." *Marlite, Inc. v.*

*Eckenrod*, No. 09-22607-CIV, 2010 U.S. . Dist. LEXIS 149618, at *15 (S.D. Fla. June 18, 2010). Similar to the regurgitation of a prior dispute, the probative value of the Court's findings and ruling on the preliminary injunction which necessarily constitutes a preliminary finding at the very inception of a case, "is substantially outweighed by the likelihood of unfair prejudice, confusion of the issues, misleading the jury, and waste of time." *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 323-24 (S.D.N.Y. 2009) (granting Motion to Exclude References to Exclude Prior Disputes).

### C. PRELIMINARY INJUNCTION FINDINGS AND RULINGS ARE IRRELEVANT AND UNDULY PREJUDICIAL.

Ms. McNeill further moves to exclude any references to the Court's Preliminary Injunction Ruling [ECF No. 133 and ECF No. 152] as both irrelevant and prejudicial pursuant to Fed. R. Evid. 402 and 403. Accordingly, "[c]ourts have granted motions *in limine* to exclude the admission of preliminary injunction decisions, or any reference to such proceedings, due to the risk of undue influence on the jury." *Eckenrod*, No. 09-22607-CIV, 2010 U.S. Dist. LEXIS 149618, at *16; *Park W. Radiology v. CareCore Nat. LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (*disallowing* "references to the making of the motion" as well as "the Preliminary Injunction Ruling itself" pursuant to FRE 403 due to the substantial risk of "undue influence on the jury"). As previous courts have acknowledged, "it would be particularly prejudicial for the jury to hear that two judges have already evaluated the evidence (even if only preliminarily)". *See Slip-N-Slide Records*, No. 05-21113-CIV-TORRES, 2007 U.S. Dist. LEXIS 115381, at *12-13. These same concerns are applicable here, and as such any reference to the Preliminary Injunction proceedings or any subsequent reference related to same, or attempting to

3

characterize Ms. McNeill as an individual who does not abide by preliminary injunctions or rulings must be excluded from trial.

## II.     CONCLUSION

Ms. McNeill respectfully requests that the Court enter an Order *in Limine* precluding the presentation of evidence or argument alluding to or referencing in anyway the Preliminary Injunction Hearing, rulings, and findings by the Court, including but not limited to ECF No. 133 and ECF No. 152, against Ms. McNeill at the upcoming trial and further order their witnesses to similarly make no mention of same, and provide all such other further relief the Court deems just and appropriate under the circumstances.

DATED this 13th day of January, 2025.

Respectfully Submitted,


By:  */s/ Laura Burgess*
Laura E. Burgess, Esq. Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

AND


By:  */s/ Antonio L. Converse*
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

AND

By: /s/ Jennifer A. Tiedeken
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
125 S. Howes Street, Suite 1100
Fort Collins, CO 80521
Tel: 970.482.5058
jennifer@fortcollinslaw.com

*COUNSEL FOR KAYLA MCNEILL*

## CERTIFICATE COMPLIANCE WITH LOCAL RULE 7.1(a)

Pursuant to Local Rule 7.1(a), counsel certifies that counsel for Ms. McNeill conferred confer with counsel for Plaintiff on the relief requested herein and that Plaintiff opposes the relief requested herein.

/s/ Laura E. Burgess

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

By: /s/ Laura Burgess
Laura Burgess

5