## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

      Plaintiff/Counterclaim Defendant,

v.                                          CASE NO. 23-CV-60345- JB/JMS

KAYLA MCNEILL,

      Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

      Third-Party Defendant.

_____/

## MS. MCNEILL'S MOTION IN
## LIMINE TO EXCLUDE ANY REFERENCE TO
## TO MATTERS THAT ARE IMMATERIAL, IMPERTINENT, OR SCANDALOUS,
## PARTICULARLY ITEMS ALREADY STRICKEN BY THE COURT IN ECF NO. 184

Defendant/Counterclaimant/Third-Party Claimant, KAYLA MARIE MCNEILL ("Ms. McNeill"), by and through undersigned counsel, and pursuant to the Federal Rules of Evidence 401, 402, and 403, hereby moves to preclude any evidence being submitted at trial of material already stricken by the Court in its Paperless Order dated February 12, 2024 [ECF No. 184] as redundant, immaterial, impertinent, or scandalous, and in support thereof, states as follows:

### I.  PROCEDURAL BACKGROUND

1.      On or about February 10, 2024, Plaintiff filed a proposed Second Amended Complaint ("SAC") [ECF No. 183-1], which contained redundant, immaterial, impertinent, or scandalous matters under Fed. R. Civ. P. 12(f), which were ultimately stricken by the Court (hereinafter the "Material"). [ECF No. 184].

2.      The impertinent and scandalous Material was contained in paragraph 29 of the SAC and included a text thread.

3.      It is believed HK and Mr. Falic will attempt to introduce this immaterial and already stricken Material at trial.

4.      It is clear HK wants to put this stricken and immaterial Material before a jury, as it submitted it as part of its Statement of Facts in support of its Motion for Summary Judgment. [ECF No. 470 at ¶ 64].

## II. <u>LEGAL STANDARD</u>

A motion in limine presents a trial court with pretrial issues regarding admissibility of evidence that a party is likely to present at trial. *Stewart v. Hooters of Am., Inc.*, No. 8:04-cv-40-T-17-MAP, 2007 U.S. Dist. LEXIS 44053, 2007 WL 1752843, at *1 (M.D. Fla. June 18, 2007). "The real purpose of a Motion in Limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." *Id.*  A trial court derives authority to rule in limine from its inherent power to manage trial and should exercise that power where evidence is clearly inadmissible for any purpose. *Soto v. Geico Indem. Co.*, 2014 WL 3644247 *1 (M.D. Fla. 2014).

Under Federal Rule of Evidence 401, evidence is only admissible "… if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence." *Cent. Mut. Ins. Co. v. Ace Am. Ins. Co.*, No. 2:22-cv-14058-KMM, 2023 U.S. Dist. LEXIS 242418, at *6 (S.D. Fla. Apr. 21, 2023) (*citing Cabrera v. Haims Motors, Inc.*, No. 17-CV-60500, 2018 WL 2006849, at *1 (S.D. Fla. Jan. 30, 2018); *see* Fed. R. Evid. 401, 402; *see also United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013).

Notwithstanding, "[a] district court may [] exclude relevant evidence under Rule 403 if 'its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence.'" *Cent. Mut. Ins. Co.*, No. 2:22-cv-14058-KMM, 2023 U.S. Dist. LEXIS 242418, at *11.

### III.ARGUMENT

### A.  THE MATERIAL ALREADY STRICKEN BY THE COURT IS IRRELEVANT AND ANY CONTENDED PROBATIVE VALUE IS OUTWIEGHED BY UNFAIR PREJUDICE.

It is clear the Court has already found the Material irrelevant per its Order on February 12, 2024.  Despite this, and despite clear order from the Court, HK wants to continue to place this stricken and irrelevant material into the record and potentially before a jury, as it submitted it as part of its Statement of Facts in support of its Motion for Summary Judgment.  [ECF No. 470 at ¶ 64].  Since the material is clearly not relevant to any of HK's claims and is merely being introduced as scandalous material, the Court should preclude its presentation at trial. Since a district court can exclude regardless "under Rule 403 if 'its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence.'" *Cent. Mut. Ins. Co.*, No. 2:22-cv-14058-KMM, 2023 U.S. Dist. LEXIS 242418, at *11.  As this is the case here, the Material in Paragraph 29 of the SAC should be excluded from being presented before a jury.

### II.  CONCLUSION

Ms. McNeill respectfully requests that the Court enter an Order *in Limine* precluding the presentation of evidence or argument alluding to or referencing in anyway any evidence being submitted at trial of material already stricken by the Court in its Paperless Order dated February

12, 2024 [ECF No. 184] and further order their witnesses to similarly make no mention of same, and provide all such other further relief the Court deems just and appropriate under the circumstances.

DATED this 13th day of January, 2025.

Respectfully Submitted,


By: _/s/ Laura Burgess_
Laura E. Burgess, Esq. Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

AND


By: _/s/ Antonio L. Converse_
Antonio L. Converse, Esq.
Admitted _Pro Hac Vice_
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

AND


By: _/s/ Jennifer A. Tiedeken_
Jennifer A. Tiedeken, Esq.
Admitted _Pro Hac Vice_
125 S. Howes Street, Suite 1100
Fort Collins, CO 80521
Tel: 970.482.5058
jennifer@fortcollinslaw.com

COUNSEL FOR KAYLA MCNEILL

**CERTIFICATE COMPLIANCE WITH LOCAL RULE 7.1(a)**

Pursuant to Local Rule 7.1(a), counsel certifies that counsel for Ms. McNeill conferred confer with counsel for Plaintiff on the relief requested herein and that Plaintiff opposes the relief requested herein.

*/s/ Laura E. Burgess*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

By: */s/  Laura Burgess*
Laura Burgess