UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                  CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

**HEAD KANDY AND MR. FALIC'S REPLY IN
SUPPORT OF THEIR MOTION TO STRIKE JURY DEMAND**

Plaintiff/Counterclaim Defendant, Head Kandy LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**") reply in support of their Motion to Strike Jury Demand (the "**Motion**") [ECF 517] and in response to Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill's**") Opposition to Motion to Strike Jury Demand (the "**Opposition**") [ECF 533], and in support state:

**Argument**

At bottom, Ms. McNeill's Opposition seeks to avoid the intended consequences both she and Head Kandy agreed to at the inception of their business arrangement. Predominately, Ms. McNeill fails to engage with Head Kandy's citation to the Amended and Restated Limited Liability Company Operating Agreement of Head Kandy, LLC (the "**Operating Agreement**" or "**OA**") [ECF517-3] which not only contemplates, but unambiguously incorporates, Ms. McNeill's employment with Head Kandy. [ECF 517 at p. 8-9]. She furthers this "eyes wide shut" approach by asserting, without support, that her claims arising out of the very Operating Agreement which

1

created her membership interest simply are "not in connection with the OA, but are instead claims that fall entirely outside the OA." [ECF 533 at p. 9]. The Court should not be persuaded by Ms. McNeill's patently contradictory assertions. Because Ms. McNeill is permitted to—and did—broadly waive her Constitutional right to a jury trial for claims arising out of or in contemplation with the OA, the Executive Employment Agreement (the "**Employment Agreement**" or "**EA**"), and Asset Purchase Agreement ("**APA**"), she is not entitled to a jury trial on Head Kandy's claims against her nor on her nineteen counterclaims, to the extent any of her claims survive Head Kandy's pending Motion to Dismiss and Motion for Summary Judgment.[1]

**I.     Ms. McNeill affirmatively waived her right to a jury trial for all claims under the OA.**

To memorialize the business agreement between Head Kandy and Ms. McNeill, the parties executed a series of three agreements each with their own jury waiver: the OA, the EA, and the APA. In her Opposition, Ms. McNeill attempts to limit the applicability of a jury waiver on her counterclaims which may relate to her employment to the restrictive covenants in the EA. [Opp. at 6-7]. The Court should not read the jury waivers as they apply to Ms. McNeill's employment claims so narrowly. In the OA, Ms. McNeill and Head Kandy not only contemplated her employment, but they defined it. Section 1.1 of the OA not only provides that "'Executive' means Kayla Marie McNeill," but it becomes even more specific by defining the method by which Ms. McNeill can be terminated in her capacity as an *employee* "Executive." Moreover, the OA permits terminations for "'[c]ause' with respect to any Executive [which] will have the meaning given to such term in any applicable *employment agreement*." [OA at § 1.1]. These are not the only occasions at which the OA incorporates Ms. McNeill's employment with Head Kandy. Section

---

[1] Ms. McNeill does not assert that she is entitled to a jury on any of Head Kandy's claims or on her own Counterclaims 2 and 3. [Opp. at p. 7-8].

8.5(a) contemplates Head Kandy's option to repurchase "Executive Units" "[s]ubject to the other express provisions of any other agreements with the Company (*including any employment agreement*) to which an Executive may be subject."

Understandably, Ms. McNeill avoids these incorporations of her employment in the OA when she attempts to claim that because the OA does not "clearly and unambiguously state anything about waiving a jury trial for employment-related claims," she did not waive a jury trial on those claims. [Opp. at p. 6]. To accept this argument would be to reject the body of law established by courts within the Eleventh Circuit in interpreting and approving the application of jury waivers to disputes. Jury waivers are not required to include some specified phrase in order to reach a party's claim. Rather, "[a] claim 'relates to' a contract when 'the dispute occurs as a fairly direct result of the performance of contractual duties.'" *Bahamas Sales Associate, LLC v. Byers*, 701 F.3d 1335, 1341 (11th Cir. 2012) (quoting *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1116 (11th Cir. 2001)). In the instant matter, the OA clearly incorporates, contemplates, and relates to Ms. McNeill's employment. These counterclaims occur as a direct result of the existence of Ms. McNeill's role as an "Executive" employee as defined in the OA. These were the terms, definitions, and understanding in front of Ms. McNeill in her contemplation of whether she would execute the OA. Ms. McNeill chose to do so. She cannot now assert a:

> "RIGHT TO TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING IN WHOLE OR IN PART UNDER OR IN CONNECTION WITH THIS AGREEMENT OR ANY OF THE CONTEMPLATED TRANSACTIONS, WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE."

OA at § 12.4(d).

**II.     The Motion to Strike is timely.**

Ms. McNeill then argues that failing all other arguments, Head Kandy and Mr. Falic have waived their right to move to strike her jury demand by having, in effect, consented to a jury trial

in all of the Court's three scheduling orders. Again, Head Kandy and Mr. Falic are forced to correct Ms. McNeill's report of the record. In the parties *Joint* Scheduling Report [ECF 22], the parties requested a trial "before the Court" and acknowledged that "[n]either party has made a jury demand." [ECF 22 at § J]. It is then worthy of note that Ms. McNeill filed her Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand on August 27, 2024. [ECF 337]. Ms. McNeill cannot claim that Head Kandy and Mr. Falic waived their opportunity to strike her jury demand at the outset of this case two years ago when her own Amended Answer was filed *less than five months ago*.

Moreover, the Court's most recent scheduling order provides instruction for submitting "proposed findings of fact and conclusions of law" for a *bench* trial, it does not limit the parties to a jury trial. [ECF 259 at p. 5]. "[A] court has the discretion to permit a motion to strike a jury demand at any time even on the eve of trial." *Scott v. Gage*, 2012 WL 13103179, at *1 (M.D. Fla. Jan. 19, 2012) ("Parties have a great deal of latitude on the timing of motions to strike."); *see also Ackner v. PNC Bank, Nat'l Assc.*, 2017 WL 7355329, at *2 (S.D. Fla. Dec. 22, 2017) (concluding that "[a]fter all, numerous courts have concluded that a [party] may move to strike a jury demand at any time, even late in the lifespan of a lawsuit."). Head Kandy and Mr. Falic have made their Motion to Strike Jury Demand prior to any hearings on motions to dismiss, motions for summary judgement, and well in advance of the currently scheduled trial date. The Court should not invoke Ms. McNeill's assertion of some brightline rule for establishing the timeline in which a motion to strike a jury demand must be made and find that Head Kandy and Mr. Falic's Motion is timely.

## Conclusion

For the above reasons and those stated in the Motion, Head Kandy and Mr. Falic respectfully request that the Court grant the Motion, reject Ms. McNeill's arguments in her

Opposition, strike Ms. McNeill's Jury Demand, and order such other and further relief the Court deems appropriate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 17, 2025 I served the foregoing via electronic mail to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ Carson A. Sadro
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS**
**THOMPSON & ANGELOS**

>1001 Water St., Suite 475
>Tampa, FL 33602
>Telephone: 813-223-3888
>Facsimile: 813-228-6422
>
>***Counsel for Head Kandy LLC
>and Jerome Falic***