UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                   CASE NO. 23-CV-60345-JB/JMS

KAYLA MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.
_____/

**OPPOSITION TO MOTION IN LIMINE REGARDING
THE PARTIES' FINANCIAL STATUS AND MEANS**

Defendant/Counterclaimant/Third Party Claimant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, hereby submits her opposition memorandum of law (this "Response") in response to Third-Party Defendant Jerome Falic ("Mr. Falic") and Plaintiff/Counterclaim Defendant Head Kandy, LLC's ("HK") Motion in Limine Regarding the Parties' Financial Status and Means (the "MIL") [ECF No. 520], and states as follows:

**INTRODUCTION**

HK and Mr. Falic (collectively, the "Falic Parties") argue that Mr. Falic's personal financial status is not relevant to this case, merely citing to general case law, but failing to inform the Court of the exception to the law—which counsel discussed during conferral—that personal wealth is relevant when punitive damages are claimed. Ms. McNeill has asserted she is owed punitive damages under both the Florida Civil Right Act ("FCRA") and against Mr. Falic personally (in addition to HK) for his failure to pay her bonuses when they became due. As set forth herein, it is well-established law

1

across the country (as noted by the Supreme Court) that personal financial status is relevant where a party is claiming punitive damages. Mr. Falic's wealth is relevant and admissible.

## ARGUMENT

Ms. McNeill has asserted punitive damages against HK for its violations of the FCRA pursuant to Section 760.11 of the Florida Statutes. Fla. Stat. § 760.11 ("The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages."); Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand at 84-87 ("FAC") [ECF. No. 337]. In addition, Ms. McNeill has alleged that Mr. Falic is personally liable to her for unpaid compensation under the Colorado Wage Act, C.R.S. § 8-4-101, *et seq.* ("CWA"), in addition to punitive damages under the CWA.[1] FAC at ¶¶ 114-118, at 67; *Evans v. Loveland Auto. Invs., Inc.*, 632 F. App'x 496, 499 (10th Cir. 2015) (penalties under the CWA are punitive); *Miller v. Dirty Pit Craft House LLC*, No. 23-CV-00183-GPG-SBP, 2024 WL 4110792, at *3 (D. Colo. Mar. 24, 2024); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008) ("'[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'") (*citing Patel v. Wargo,* 803 F.2d 632, 637–38 (11th Cir.1986) (internal quotation marks and citation omitted).

As a result of Ms. McNeill's claims allowing for punitive damages, Mr. Falic's personal financial status is relevant and should be admissible. *Galaxy Am., Inc. v. EZ Inflatables, Inc.*, No.

---

[1] It should be undisputed that Ms. McNeill earned, and was not paid, bonuses under her Employment Agreement. November 26, 2024 F.R.C.P. 30(b)(6) Deposition of HK ("HK Tr.") p. 146/line 2- p. 149/line 24 [ECF No. 539]; August 12, 2024 Deposition of Kleitias Petri ("Petri Tr.") p. 205/line 4-p. 213/line 18 [ECF No. 444]; August 15, 2024 Deposition of Jerome Falic ("Falic Tr.") p. 122/line15-p. 124/line 18 [ECF No. 439]; December 2, 2024 Declaration of Brandi Schafran-Webb ("Webb Decl.") ¶ 5 [ECF No. 510-8]; Composite Exhibit A to Webb Decl. at 6 ("HK owes $280k+ bonus"), 7 (HK "[hasn't] paid [Ms. McNeill] the bonus' [sic] they owed her on portion of the business in four years (of course they got theirs)") [ECF No. 510-8].

2:19-CV-855-JES-MRM, 2021 WL 12092683, at *3–4 (M.D. Fla. Aug. 27, 2021) ("The Court finds that these punitive damages claims…render Defendants' argument regarding the lack of relevance of Defendant Abraamyan's personal financial information moot."); *see, also, e.g.*, *Stallworth v. Shuler*, No. TCA 80-0955, 1984 WL 48880, at *8 (N.D. Fla. June 18, 1984), *aff'd and remanded*, 777 F.2d 1431 (11th Cir. 1985) (considering personal financial status in awarding punitive damages); *Hall v. Harleysville Ins. Co.*, 164 F.R.D. 172, 173 (E.D. Pa. 1995); *United States v. Matusoff Rental Co.*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("As an initial matter, since the Plaintiff seeks to recover punitive damages on behalf of the aggrieved persons, evidence of the financial condition of the Defendants is highly relevant in this litigation) (*citing* cases, including *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 270, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981) (noting that, under federal law, evidence of a defendant's financial worth is traditionally admissible for the purpose of evaluating the amount of punitive damages that should be awarded) (parenthetical in original)); *Amin-Akbari v. City of Austin, Tex.*, No. A-13-CV-472-DAE, 2014 WL 4657491, at *1–2 (W.D. Tex. Sept. 16, 2014); *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 151 (D. Kan. 1990) ("When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages.") (collecting cases).

The Falic Parties' claims of irrelevance and citation to general law, ignoring the punitive damages in this case, should be disregarded as irrelevant and Mr. Falic's personal financial status should be admitted as not only relevant, but "highly relevant" to Ms. McNeill's pending claims.

## **CONCLUSION**

For the reasons set forth herein, Ms. McNeill respectfully requests an order from the Court denying the MIL and granting Ms. McNeill such further and/or additional relief which the Court deems just and proper.

DATED this 21st day of January, 2025.

Respectfully Submitted,

By: /s/ *Laura Burgess*
Laura E. Burgess, Esq.
Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

and

By: /s/ *Antonio L. Converse*
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*
Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

and

By: /s/ *Jennifer A. Tiedeken*
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
125 S. Howes Street, Suite 1100
Fort Collins, CO 80521
Tel: 970.482.5058
jennifer@fortcollinslaw.com

COUNSEL FOR KAYLA MCNEILL

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 21, 2025 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

      By: */s/ Laura Burgess*
           Laura Burgess