UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                  CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

### HEAD KANDY AND MR. FALIC'S OPPOSITION TO MCNEILL'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO COURT FINDINGS, RULINGS, AND/OR ORDERS RELATED TO THE PRELIMINARY INJUNCTION AND ANY CLAIMS OF VIOLATIONS OF SAME MADE BY PLAINTIFF HEAD KANDY, LLC AGAINST MS. MCNEILL

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**") oppose Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") Motion in Limine to Exclude Any Reference to Court Findings, Rulings, and/or Orders Related to the Preliminary Injunction and Any Claims of Violations of Same Made by Plaintiff Head Kandy, LLC Against Ms. McNeill (the "**Motion**") [ECF 529], and in support state:

**Introduction and Relevant Background**

In November 2023, the Court entered its Order Adopting Report and Recommendation, Granting Plaintiff's Expedited Motion for Preliminary Injunction, and Setting Bond (the "**Preliminary Injunction**") [ECF 152]. Therein, the Court found that Head Kandy had demonstrated, by the evidence presented at that time, a substantial likelihood of success on the

merits of its claim against Ms. McNeill for breach of post-term restrictive covenants found within the Executive Employment Agreement between Head Kandy and Ms. McNeill, and enjoined Ms. McNeill from further violation of those provisions. [ECF 152 at 2-8, 13-14; *see also* ECF 133 at 13-35]. Thereafter, as this litigation proceeded, Ms. McNeill—not once, but multiple times—violated the Preliminary Injunction, including by her failure to immediately remove from public view social media posts in which she disparaged Head Kandy and promoted competitors' products to Head Kandy's customers once the Preliminary Injunction was entered, and by her multiple new social media posts disparaging Head Kandy and those affiliated with the company to her followers, other specific individuals, and the general public. [*See* ECF Nos. 177, 266, 271, 432]. One of those violations resulted in a currently pending recommendation from Magistrate Judge Strauss that Ms. McNeill be sanctioned $26,794.66 for her contemptuous conduct. [ECF 271 at 25].

To avoid the entry of the Preliminary Injunction and to avoid sanctions for violating it, Ms. McNeill asserted equitable defense and challenged the enforceability of the post-term restrictive covenants on which the Preliminary Injunction was based. In doing so, Ms. McNeill breached her agreement under the Executive Employment Agreement not to challenge the enforceability of the restrictive covenants nor to raise any equitable defense to their enforcement. [ECF 187-1 at § 5(g)]. Those specific breaches by Ms. McNeill caused Head Kandy substantial damages in the form of attorney's fees, which Head Kandy seeks to recover in this action.

By her Motion, Ms. McNeill seeks to exclude from trial any reference to the Preliminary Injunction, its findings and conclusions, or the documents, filings, and proceedings that led to its entry, as well as any subsequent proceedings arising from the Preliminary Injunction or characterizations related thereto of Ms. McNeill "as an individual who does not abide by

preliminary injunctions or rulings."[1] The Court, however, should deny the Motion for the multiple reasons explained herein, including that the claim at issue is subject to a bench trial, that reference to the Preliminary Injunction is essential to Head Kandy's proof of a substantial amount of its damages, and that any potential prejudice resulting from such evidence could be cured by a jury instruction.

## Argument

### I. Exclusion of any reference to the Preliminary Injunction is wholly unnecessary in a bench trial.

By her Motion, Ms. McNeill argues in the first instance that reference to the Preliminary Injunction at trial would be unduly prejudicial and would cause confusion. The Preliminary Injunction, and Head Kandy's demand for a permanent injunction, arises from its claim for Breach of Contract, by which Head Kandy alleges Ms. McNeill breached the restrictive covenants of her Executive Employment Agreement. [ECF 187 at Count I; ECF 152 at 13 (enjoining Ms. McNeill from "further violating Section 5 of the Executive Employment Agreement")]. Of course, as more fully argued in Head Kandy's pending Motion to Strike Jury Demand, Head Kandy's claim for Breach of Contract must be tried before the Court, not a jury, because by the Executive Employment Agreement, the parties waived "any right to trial by jury" for any "claim, demand,

---

[1] Of course, as demonstrated by her repeated violations during this case, Ms. McNeill is in fact an individual who has not abided by the Preliminary Injunction. [*See* ECF 271 (Magistrate Judge Strauss finding Ms. McNeill violated the Preliminary Injunction by her March 13, 2024 communication to a third-party social media influencer in which Ms. McNeill disparaged Head Kandy, its owners, and an affiliated company); ECF 177 at ¶ 1.a (Magistrate Judge Strauss ordering Ms. McNeill to remove preexisting social media posts that violated the Preliminary Injunction, which Ms. McNeill had failed to take down for more than two months after the Preliminary Injunction was entered); ECF 266 (laying out Ms. McNeill's violation by her June 3, 2024 social media post in which she disparaged Head Kandy and its employees despite her recognition in the same post that "I'm sure I'll get in trouble for even talking about it"); ECF 432 (laying out Ms. McNeill's violation by her November 14, 2024 social media post likening Head Kandy and individuals affiliated therewith to various infamous convicted sex offenders).

action or cause of action arising in whole or in party under, related to, based on or in connection with the restrictive covenants" of the Executive Employment Agreement. [*See* ECF 517 at 3-4, 7-8 (quoting Ex. B (Executive Employment Agreement) at § 17)]. Ms. McNeill apparently concedes that point, as she presented no argument in opposition to Head Kandy's contention that Ms. McNeill is not entitled to a jury trial on Head Kandy's claim against her for breach of the restrictive covenants. [*See* ECF 533].[2] In a bench trial, there is no need to exclude reference to or evidence of the Preliminary Injunction proceedings or their aftermath, as the Court is already aware of those facts and is readily capable of weighing them appropriately in its assessment of the claim.

> Indeed, it is well-established in the Eleventh Circuit, that
>
> > the part of Rule 403 that authorizes exclusion of evidence because of its unfair prejudicial impact has no logical application to bench trials. Rule 403 assumes a trial judge is able to discern and weigh the improper inferences that a jury might draw from certain evidence, and then balance those improprieties against probative value and necessity. Certainly, in a bench trial, the same judge can also exclude those improper inferences from his mind in reaching a decision.

*Woods v. United States*, 200 F. App'x 848, 853 (11th Cir. 2006); *accord, e.g.*, *Fed. Trade Comm'n v. PointBreak Media, LLC*, 2018 WL 3697471, at *1 (S.D. Fla. May 21, 2018) ("The rationale underlying pre-trial motions in limine does not apply in a bench trial or hearing, where it is presumed the judge will disregard inadmissible evidence and rely only on competent evidence. In fact, courts are advised to deny motions in limine in non-jury cases.").

In the cases Ms. McNeill cites in her Motion, courts excluded reference to preliminary injunction proceedings because of the potential prejudicial effect that might result from exposing a jury of laypeople to such evidence. *See, e.g.*, *Marlite, Inc. v. Eckenrod*, 2010 WL 11505461, at

---

[2] Of course, a trial of that claim (or any other claim in this case) is only necessary if the Court does not grant summary judgment in Head Kandy's favor, as it should for the reasons Head Kandy explained in its Motion for Summary Judgment. [*See* ECF 471 at 4-8].

\*5 (S.D. Fla. June 18, 2010) (observing that "the Defendants are entitled to a verdict *from the jury* on these facts" and "[a] court's injunction order cannot unduly interfere with *the jury's role as ultimate factfinder*") (emphases supplied); *Slip-N-Slide Records, Inc. v. TVT Records, LLC*, 2007 WL 9700559, at \*3 (S.D. Fla. Feb. 23, 2007) ("[I]n this case it would be particularly prejudicial *for the jury to hear* that two judges have already evaluated the evidence (even if only preliminarily) and [made a determination on the merits].") (emphasis supplied); *Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 324 (S.D.N.Y. 2009) (explaining "any references to the Court's Preliminary Injunction Ruling are *likely to unduly influence the jury*" and ordering exclusion thereof because of "the risk of *undue influence on the jury*") (emphases supplied). There is no such danger here, where the relevant claim must be tried to the Court, not a jury. Consequently, exclusion of references to the Preliminary Injunction is not warranted, and the Court should deny the Motion.

II. **Reference to the Preliminary Injunction is necessary and unavoidable, and is therefore neither irrelevant nor unduly prejudicial, particularly because events related to the Preliminary Injunction and its enforcement form the basis for one of Head Kandy's claimed categories of damages.**

Even if a jury trial was proper in this case, exclusion of all references to the Preliminary Injunction or the proceedings surrounding it would not be appropriate because those facts are critical and gave rise to Head Kandy's claim against Ms. McNeill for her breach of § 5(g) of the Executive Employment Agreement. That is, one of Head Kandy's claims is that Ms. McNeill has caused it to incur damages by continuing to force Head Kandy to litigate the enforceability of the restrictive covenants and to overcome equitable defenses Ms. McNeill has asserted against their enforcement, both in violation of § 5(g) of the Executive Employment Agreement. [ECF 187 at ¶

137].[3] As of the time of this filing, most of the expenses Head Kandy has incurred in those efforts have arisen (1) during the Preliminary Injunction proceedings, and (2) in filings and proceedings related to Ms. McNeill's subsequent violations of the Preliminary Injunction.[4]

Because Ms. McNeill's breaches have occurred in contexts related to the Preliminary Injunction, reference at trial to the Preliminary Injunction is unavoidable. Indeed, such evidence is essential to explain to the factfinder the circumstances surrounding, and the cause and extent of, Head Kandy's damages (i.e., attorney's fees and costs) resulting from Ms. McNeill's repeated challenges and defenses related to the restrictive covenants.[5] *See, e.g.*, *Softketeers, Inc. v. Regal West Corp.*, 2021 WL 10312423, at *7-8 (C.D. Cal. June 30, 2021) (denying motion to exclude reference to preliminary injunction because defendants' violation thereof, which led to judicial sanctions, was pertinent to the plaintiff's case). Evidence referencing the Preliminary Injunction and the proceedings associated therewith, under these circumstances, has substantial and

---

[3] In § 5(g), Ms. McNeill "covenant[ed] that she will not challenge the enforceability of Section 5 [i.e., the restrictive covenants] … nor will she raise any equitable defense to its enforcement." [ECF 187-1 at § 5(g)].

[4] Specifically, Ms. McNeill challenged the enforceability of the restrictive covenants and/or asserted equitable defenses to their enforcement in (at least) the following filings: (1) her Opposition to Head Kandy's Expedited Motion for Preliminary Injunction [ECF 66 at 3-8], (2) her memorandum regarding her assertion of the equitable prior breach defense in opposition to entry of a preliminary injunction [ECF 116], (3) her Proposed Findings of Fact and Conclusions of Law stemming from the hearing on the preliminary injunction [ECF 117 at 20-26], (4) her Objections to the Report and Recommendation recommending entry of a preliminary injunction [ECF 134 at 2-6, 9-12], (5) her Opposition to Head Kandy's second Motion to Enforce the Preliminary Injunction [ECF 209 at 3-5]; (6) her Motion to Partially Vacate Preliminary Injunction and Partial Motion to Dismiss [ECF 214] and her Reply in support thereof [ECF 248]; (7) her Objections to the Report and Recommendation recommending denial of her Motion to Vacate the Preliminary Injunction [ECF Nos. 304, 315]; (8) her Opposition to Head Kandy's fourth Motion to Enforce the Preliminary Injunction [ECF 460 at 9]; and (9) her Opposition to Head Kandy's Motion for Summary Judgment [ECF 505 at 5-8].

[5] For example, Head Kandy's billing records establishing the damages incurred in combating Ms. McNeill's contractually precluded contentions, and the testimony concerning those records, necessarily reference the Preliminary Injunction, its entry, and Ms. McNeill's violations thereof.

irreplaceable probative value, and is therefore not unfairly or unduly prejudicial. *See United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) ("[T]he more essential the evidence, the greater its probative value, and the less likely that a trial court should order the evidence excluded."); *United States v. Stewart*, 206 F. App'x 924, 927 (11th Cir. 2006) (affirming conclusion that probative value outweighed prejudicial effect because the evidence in question "was among the only evidence" of an essential fact).[6] Ms. McNeill should not be insulated from evidence of her ongoing breaches (presented with the appropriate context) just because most of them occurred in proceedings precipitating or stemming from the Preliminary Injunction.

Similarly, insofar as Ms. McNeill seeks to exclude any substantive evidence on the basis that it was elicited during or presented in connection with the preliminary injunction proceedings, that is also unwarranted. The substantive evidence underlying the Preliminary Injunction and Head Kandy's motions arising from Ms. McNeill's subsequent breaches of the Preliminary Injunction is critical to the case. That is, inasmuch as Head Kandy is required to reprove Ms. McNeill's entry into and violation of the restrictive covenants, much of the evidence required to do that would of course be the same evidence that was presented to the Court during the Preliminary Injunction proceedings and subsequent enforcement efforts. That evidence should not be excluded merely because it has necessarily been associated with the Preliminary Injunction.

Finally, Head Kandy's reference to the Preliminary Injunction should not be preemptively excluded inasmuch as Ms. McNeill may otherwise open the door to such evidence at trial. *See, e.g.*, *Slip-N-Slide*, 2007 WL 9700559, at *3 (order granting exclusion of reference to preliminary

---

[6] To the extent the Court is concerned about potential prejudice to Ms. McNeill, that prejudice can be remedied by an appropriate cautionary jury instruction. *See, e.g.*, *WWP, Inc. v. Wounded Warriors Family Support, Inc.*, 628 F.3d 1032, 1041 (8th Cir. 2011) (holding that jury instructions related to evidence concerning the granting of a preliminary injunction earlier in the case cured any undue prejudice that evidence may have caused).

injunction proceedings was "subject to revision … should [the opposing party] open the door to this issue" in its own presentation of the case).

For these additional reasons, exclusion of evidence relating to the Preliminary Injunction or reference thereto is unwarranted, and the Motion should be denied.

## Conclusion

For the above reasons, Head Kandy and Mr. Falic respectfully request that the Court deny the Motion in its entirety and grant such other and further relief the Court deems appropriate.

/s/ Edward C. Thompson
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC and Jerome Falic*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 27, 2025 I served the foregoing via electronic mail to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

*/s/ Edward C. Thompson*
**EDWARD C. THOMPSON**
FL Bar No. 684929