UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                         CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

**HEAD KANDY AND MR. FALIC'S OPPOSITION TO MCNEILL'S MOTION IN LIMINE REGARDING ANY REFERENCE TO AN EMPLOYMENT INVESTIGATION**

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**") oppose Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") Motion in Limine Regarding Any Reference to an Employment Investigation (the "**Motion**") [ECF 528], and in support state:

**Introduction and Relevant Background**

By her Motion, Ms. McNeill seeks to prevent Head Kandy and Mr. Falic from presenting evidence of Head Kandy's response to Ms. McNeill's charge of discrimination that she filed with the Florida Commission on Human Relations ("**FCHR**"). As Head Kandy informed Ms. McNeill's counsel when attempting to confer on the issue, Head Kandy has no reason, and did not intend, to introduce such evidence for the simple reason that Ms. McNeill's FCHR charge, and the FCHR's response (the "**FCHR Letter**") [ECF 360-1] is itself inadmissible. The FCHR does not, and did not in this case, make any ultimate liability determinations or findings of discrimination.

{00090239:1}

Instead, by the FCHR Letter, the FCHR provided a "reasonable cause" determination—a statutory prerequisite to Ms. McNeill's ability to have filed her various employment discrimination claims before this court—based on its limited review of evidence and statements provided by the parties and (potentially) an "investigation" (the scope of which is confidential and unknown to the parties). Even if the FCHR had made ultimate merits determinations (it did not), the Court is required to consider *de novo* any of Ms. McNeill's properly asserted employment claims (she has none).[1] Despite those facts, and despite that there is no record of what evidence the FCHR considered before issuing its "reasonable cause" determination, Ms. McNeill apparently seeks to tell the fact finder the FCHR already "found in her favor" on each of her employment discrimination claims and to introduce as evidence the FCHR Letter to support that claim to have the fact finder simply follow suit.[2] It should be obvious that such evidence itself is unreliable and unduly prejudicial to Head Kandy and Mr. Falic.

Indeed, the Court should not permit Ms. McNeill to present any evidence whatsoever regarding the FCHR proceedings and the FCHR's conclusions, including the FCHR Letter, and then, of course, need not permit evidence of Head Kandy's response to Ms. McNeill's FCHR charge, including the work of Ford Harrison. But if the Court were inclined to allow Ms. McNeill

---

[1] Head Kandy and Mr. Falic have filed Motions to Dismiss and Motions for Summary Judgment directed to each of Ms. McNeill's employment discrimination claims. [ECF Nos. 360, 362, 471, 473].

[2] In a November 14, 2024, Facebook post that is itself is another violation of the Court's Preliminary Injunction, Ms. McNeill likened Head Kandy and individuals affiliated with it to infamous convicted sex offenders and told her followers that the "Florida Human Rights [sic] [Commission] is involved" and had "ruled in [her] favor [a]fter an investigation." [ECF 432-1 at 2]. Ms. McNeill doubled down on her erroneous assertion that the FCHR "ruled in her favor" in her Opposition to Head Kandy's Motion to Enforce the Preliminary Injunction and for Contempt Sanctions based on that post [ECF 460 at 4]. Thereafter, in her Opposition to Head Kandy's Motion for Summary Judgment late-filed on December 18, 2024, Ms. McNeill similarly (and incorrectly) argues that her claims cannot fail as untimely because the FCHR "specifically determined" that her claims were timely asserted [ECF 505 at 9].

to present the unduly prejudicial evidence related to the FCHR proceedings, the Court should deny Ms. McNeill's Motion so Head Kandy and Mr. Falic can fairly contextualize the FCHR proceedings and introduce what was presented to the FCHR during its "investigation." That is, to the extent that Ms. McNeill attempts to rely on the FCHR Letter or the agency's investigation and findings as evidentiary support for her own claims, Head Kandy and Mr. Falic should also be permitted to rely on law firm Ford Harrison LLP and attorney Todd Aidman's (collectively, "**Ford Harrison**") role in that process to rebut her assertions.³

## Argument

A federal court considers civil rights claims *de novo* and need not "defer or make reference to" the proceedings before the agency or the findings the agency reached. *Kincaid v. Bd. of Trustees*, 188 F. App'x 810, 817 (11th Cir. 2006); *accord Danielle-DiSerafino v. Dist. Sch. Bd. of Collier Cnty., Fla.*, 756 F. App'x 940, 944 (11th Cir. 2018) ("[Agency] findings are not binding with regard to subsequent discrimination suits in federal court."); *Fraser v. J.C. Penney Corp.*, 733 F. App'x 969, 980 (11th Cir. 2018) (same). That is so because, among other reasons, an agency determination "is not an adjudication of rights and liabilities" and agency determinations "may vary greatly in quality and factual detail." *Stancombe v. New Process Steel LP*, 652 F. App'x 729, 732 n.2 (11th Cir. 2016) (quotation omitted).

---

³ For months, Ms. McNeill has attempted to confuse the involvement of Ford Harrison in this dispute. As Head Kandy and Mr. Falic have explained to Ms. McNeill multiple times, Head Kandy retained Ford Harrison during this litigation, shortly after Ms. McNeill's charge of discrimination was filed with the FCHR, to perform the legal work of examining and responding to Ms. McNeill's FCHR charge. [ECF 375-2 at ¶¶ 4, 5]. Nonetheless, based on a misunderstanding of Mr. Falic's deposition testimony, Ms. McNeill pursued a subpoena of Ford Harrison seeking deposition testimony and documents undoubtedly protected by the attorney-client privilege and the work product doctrine, which she eventually withdrew after Mr. Falic provided a Declaration once again explaining his deposition testimony and Ford Harrison's role to Ms. McNeill. [ECF 375-2; *see also* ECF 384].

Section 760.11(5), Fla. Stat., provides that "[t]he [FCHR's] determination of reasonable cause is ***not admissible into evidence in any civil proceeding***, including any hearing or trial, except to establish for the court the right to maintain the private right of action." (Emphasis supplied). Courts within this Circuit, applying the Federal Rules of Evidence, have routinely exercised their discretion in determining that findings of the EEOC or FCHR must be excluded from trial as inherently flawed and unduly prejudicial. *See, e.g.*, *Anderson v. Triad Int'l Maint. Corp.*, 2012 WL 2044968, at *13-14 (M.D. Fla. June 6, 2012).

In *Anderson*, in ruling on summary judgment, the court discussed the defendant's pending motion in limine to exclude the EEOC's and FCHR's determinations at trial, and concluded that exclusion would be warranted for three reasons. First, the agency determinations were "conclusory" and amounted to little more than thinly supported legal conclusions that were "likely to confuse a jury into thinking that the decision as to whether discrimination occurred had already been made." *Id.* at 14 (quoting *Cormack v. N. Broward Hosp. Dist.*, 2009 WL 2848998, at *3 (S.D. Fla. Aug. 28, 2009)). Second, the court found "issues of trustworthiness" with respect to the agency determinations insofar as they reached conclusions "without referencing the evidentiary basis for that conclusion or the extent of the investigative efforts," including documents or witnesses, and contained other evidentiary "inaccuracies." *Id.* Third, because the determinations were conclusory and otherwise flawed, admitting them into evidence would pose "a serious risk of undue prejudice" and a danger that the factfinder would afford them undue weight. *Id.* The court ultimately concluded that if the case reached trial, the agency determinations would be excluded, but clarified that the plaintiff "would not be prejudiced by this ruling" because he would still be allowed to present all of the underlying evidence submitted to the agency, provided it was otherwise admissible. *Id.* at *14 & n.13.

Other courts, when presented with similar circumstances, have reached the same conclusion. *See, e.g.*, *Giraldo v. Miami-Dade Coll.*, 2017 WL 2856433, at *3 n.4 (S.D. Fla. Feb. 28, 2017) (holding that agency letter was inadmissible as evidence of discrimination because its reasonable cause determination was a legal conclusion and was not adequately explained); *Llano v. Miami-Dade Cnty.*, 2017 WL 5160164, at *5 (S.D. Fla. Feb. 12, 2017) (agency letter containing only legal conclusions and lacking information on the agency's own investigative efforts presented "a serious danger of unfair prejudice and confusion" and was therefore excluded); *Cormack*, 2009 WL 2848998, at *1 (agency letter of determination was not a finding of fact, but rather, was a legal conclusion with respect to which "any probative value is outweighed by [its] prejudicial nature" given the likelihood of confusion and undue weight); *cf. Ulrych v. Wash Depot Hldgs., Inc.*, 2011 WL 13298532, at *2 (M.D. Fla. June 20, 2011) (considering per se rule of inadmissibility of FCHR reasonable cause determinations under § 760.11(5), Fla. Stat. and Florida state cases discussing that rule, and holding that an EEOC finding should likewise be excluded because of "the potential for prejudice that inheres in the admission of EEOC determinations"); *see also Stancombe*, 652 F. App'x at 732 n.2 (at summary judgment, explaining that an agency determination "consisting largely of legal conclusions without supporting analysis" was "of little probative value" and did not affect the court's analysis).

Here, the FCHR Letter exhibits the same defining hallmarks the *Anderson* court and other courts found sufficient to make an agency determination inadmissible at trial. That is, the FCHR Letter is rife with legal conclusions, and in fact contains little more than unadorned statements that the legal elements of each of Ms. McNeill's claims are or are not met, devoid of citation to any specific evidence, clarification of what evidence was or was not considered, or supporting analysis. This shortcoming is apparent, as just one example, with respect to the FCHR's assessment of Ms.

McNeill's claims of religious harassment. Despite Ms. McNeill's claim being limited to the facts that she worked on Christmas, knew that Mr. Falic was Jewish and had Jewish business partners, was sometimes present when others discussed global geopolitics including Israel in the workplace, and was instructed not to post about religion on Head Kandy's social media pages [ECF 470 at ¶¶ 61-66]—allegations that under any standard are wholly insufficient to establish a hostile work environment [*see* ECF 471 at 19-20]—the FCHR nonetheless conclusorily remarked with respect to that claim: "Complainant was subjected to unwelcome conduct based on a protected class. The alleged harassing conduct or comments were sufficiently severe or pervasive to alter the terms and conditions of Complainant's employment." [ECF 360-1 at 3]. From an evidentiary perspective, that specious conclusion calls into question the trustworthiness of the FCHR's investigation and the resulting FCHR Letter, and makes clear that the danger of prejudice that might result from permitting any argument or evidence regarding the FCHR proceedings and the FCHR Letter to be introduced or referenced at trial, and the risk that the factfinder might consider the matter already determined, outweighs any slight probative value any evidence regarding the FCHR proceedings and the FCHR Letter might have.[4] Accordingly, the Court should simply exclude all evidence,

---

[4] Head Kandy and Mr. Falic's Motion to Strike Ms. McNeill's Jury Demand [ECF 517], in which Head Kandy and Mr. Falic argue that Ms. McNeill's harassment and retaliation claims should be tried to the Court and not to a jury, is currently pending. Head Kandy and Mr. Falic acknowledge that if the Court determines this matter should be set for a bench trial, the dangers of unfair prejudice are lessened as compared to a jury trial. *See Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995) (explaining that "the distinction between a bench and a jury trial may affect the district court's analysis of a determination letter's admissibility" because, inter alia, the trial judge "is well aware of the limits and vagrancies of administrative determinations"). Nonetheless, because the Court must consider Ms. McNeill's claims anew anyway, *Kincaid*, 188 F. App'x at 817, and given the shortcomings of the FCHR Letter identified herein, Head Kandy and Mr. Falic suggest that the FCHR Letter should still be disregarded and excluded from trial as unreliable and immaterial, *see Danielle-DiSerafino*, 756 F. App'x at 944 (district court did not err in refusing to consider EEOC determination on basis that it was irrelevant); *Barfield v. Orange Cnty.*, 911 F.2d 644, 650-51 (11th Cir. 1990) ("Because the change from a bench to a jury trial does

reference and arguments regarding or related to the FCHR proceedings, including the FCHR Letter.[5]

Given that the FCHR Letter and other evidence of the FCHR proceedings is inadmissible, Head Kandy and Mr. Falic do not anticipate a need to introduce or rely on evidence concerning Ford Harrison's role in those proceedings. On the other hand, if the Court permits any evidence regarding the FCHR proceedings or the FCHR Letter to be admitted or referenced (it should not), Head Kandy and Mr. Falic must be permitted to cast doubt on the FCHR Letter's conclusions and the proceedings that led to it, including with reference to Ford Harrison's work on the matter and the evidence that Head Kandy, through Ford Harrison, and Ms. McNeill, through her counsel, provided to the FCHR. Although Ms. McNeill suggests that Head Kandy is attempting to have its cake and eat it too [Mot. at 2], it is in fact Ms. McNeill who, given her apparent rejection of Head Kandy and Mr. Falic's efforts to reach agreement on this issue, would seek to present evidence of the FCHR proceedings and the FCHR Letter to the jury as evidence of Head Kandy's wrongful conduct and then preclude Head Kandy from mentioning Ford Harrison's investigation of the claims during the FCHR process to defend itself at trial. That should not be permitted. To avoid the issue entirely, and in accordance with Eleventh Circuit and Florida law on the issue, Head Kandy and Mr. Falic suggest that the proper course is to exclude evidence referencing the FCHR proceedings entirely, including the FCHR Letter and its contents resulting from those proceedings and the involvement of Ford Harrison in Head Kandy's defense to those proceedings.

---

not affect the *trustworthiness* of an [agency] determination, we conclude that analysis … should be no different in a jury trial than in a bench trial.").

[5] As in *Anderson*, even if Ms. McNeill is precluded from relying on the FCHR Letter or talking about the FCHR proceedings, she will not be prejudiced, because she will still be entitled to present to the factfinder, and rely on, the very same evidence she presented to the FCHR, assuming each such piece of evidence is independently admissible. 2012 WL 2044968, at *14 & n.13.

## Conclusion

For the above reasons, Head Kandy and Mr. Falic respectfully request that the Court exclude *all* evidence, argument, and references at trial to the FCHR proceedings, including the FCHR Letter, the FCHR's purported conclusions, *and* Head Kandy's involvement and responses to the FCHR during the FCHR proceedings, including the work and involvement of Ford Harrison. If, however, the Court were to allow Ms. McNeill to present argument or reference or introduce into evidence the FCHR proceedings, the FCHR's conclusion and/or the FCHR Letter, the Court should deny Ms. McNeill's present Motion and permit Head Kandy and Mr. Falic to use evidence of Ford Harrison's involvement in the FCHR proceedings and grant such other and further relief the Court deems appropriate.

*/s/ Edward C. Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC and Jerome Falic*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 27, 2025, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

> */s/ Edward C. Thompson*
> **EDWARD C. THOMPSON**
> FL Bar No. 684929