UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v().                                                      CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

**HEAD KANDY AND MR. FALIC'S OPPOSITION
TO MCNEILL'S MOTION IN LIMINE TO EXCLUDE
SOCIAL MEDIA COMMENTS BY NON-TESTIFYING WITNESSES**

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**") oppose Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") Motion in Limine to Exclude Social Media Comments by Non-Testifying Witnesses (the "**Motion**") [ECF 535], and in support state:

**Introduction**

By her Motion, Ms. McNeill asks the Court to prematurely exclude an entire category of evidence, social media comments. Ms. McNeill suggests Head Kandy is attempting to introduce the social media comments to prove "causation and damages" and, in arguing for blanket exclusion, misinterprets and attempts to narrow the Federal Rules of Evidence regarding authentication and hearsay. While many of the comments to Ms. McNeill's social media posts evidence that Ms. McNeill's statements caused Head Kandy to suffer damages, the comments, and Ms. McNeill's active participation in them, also show and prove Ms. McNeill's breach of the

restrictive covenants contained in her Executive Employment Agreement, including the non-compete, non-solicitation of customers, and non-competition covenants. Without considering each social media comment Head Kandy may attempt to offer at trial, evidence to show it is authenticate, whether the comment constitutes hearsay at all, and if so, whether it may be admitted under an exception to the hearsay rule, the blanket ruling Ms. McNeill requests by her motion would be premature and improper.

## Argument

### I. A ruling on Head Kandy ability to authenticate evidence is premature.

Ms. McNeill seems to assert that the only method available for authentication of social media comments is through the hearsay (not authentication) exception for a record of regularly conducted business. Fed. R. Evid. 803(6). At no point in her Motion does Ms. McNeill cite to the applicable rule for authentication—Fed. R. Evid. 901—and without that reference incorrectly narrows the rule. Indeed, Rule 901 places no generalized restriction on the method by which a party may authenticate evidence beyond producing "evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). The rule further provides a list of exhaustive examples that assist a proponent in authenticating evidence including: testimony of a witness with knowledge, nonexpert opinions about handwriting, comparison by an expert witness or the trier of fact, distinctive characteristics and the like, opinion about a voice, public records, ancient documents, or by statute. *Id*. at 901(b); *see also United States v. Harris*, 338 F. App'x 892, 894-95 (11th Cir. 2009) ("Rule 901 requires only the presentation of 'sufficient evidence to make out a prima facie case that the proffered evidence is what it purports to be. Once that prima facie showing has been made, the evidence should be admitted' and the trier of fact permitted to determine whether the proffered evidence is what it purports to be.").

Moreover, this Court has recognized that "[t]he type of testimony or circumstantial evidence necessary to authenticate evidence depends on the purpose for which the evidence is introduced." *SMS Audio, LLC v. Belson*, 2017 WL 1533971, at *3 (S.D. Fla. Mar. 20, 2017). In *SMS Audio*, the court recognized the different authentication requirements applicable when evidence of online content is offered "for the limited purpose of proving that the postings had appeared on the world wide web" at a particular time, as opposed to when the evidence's "relevancy depends on its accuracy or its author." *Id.* at *3-4. In that case, the proponent of the evidence offered it "solely to show the information that was generally available on the Internet on a particular date," and the court held that testimony "by a witness who saw and printed the postings" was sufficient to authenticate them for that purpose. *Id.* Likewise, in *Knit With v. Knitting Fever, Inc.*, the court found that blog comments offered for the purpose of showing reputational damages could be authenticated simply by an affidavit from the individual who obtained the images of those comments from the website. 2012 WL 3235108, at *7 n.6 (E.D. Pa. Aug. 8, 2012). Similarly, in *Saadi v. Maroun*, the court held that the plaintiff could authenticate online postings containing derogatory statements about him "for the limited purpose of proving that the postings had appeared on the world wide web on the days that [he] personally saw the postings" because the plaintiff "had personal knowledge of the content of the Internet postings on the day that he printed the postings off the world wide web." 2009 WL 3736121, at *4 (M.D. Fla. Nov. 4, 2009). The circumstances here are analogous—various witnesses who viewed the posts and comments in question when they appeared on the world wide web can authenticate them at

least for the limited purpose of showing what content was online at a particular time and on a particular page.[1]

> II. **It is premature to find that each and every social media comment qualifies as hearsay without exception.**

Ms. McNeill cites to several cases—none of which are from within the Eleventh Circuit—in support for her contention that all social media comments qualify as hearsay without exception. The distinction in each of these cases is that the moving party identified specific pieces of evidence it sought to exclude, not broad categories, permitting the opposing party to adequately respond. Before engaging in an assessment of whether an exception to hearsay is necessary and applies—Head Kandy would first determine if the specific objectionable comment is hearsay at all. Not all statements made by third parties constitute hearsay, including those not offered for their truth, a declarant-witness's prior statement, and statements made by a party opponent. Fed. R. Evid. 801. Here, until the Court is presented with particular social media comments Head Kandy may seek to introduce at trial, it cannot make the initial determination whether the statement is hearsay at all. That is precisely why these inquiries by the Court should be reserved until trial to allow the offering party the opportunity to ask "questions of foundation, relevancy, and prejudice to be resolved in context." *Stewart v. Hoots of America, Inc.*, 2007 WL 1752873, at *1 (M.D. Fla. 2007) (citing to *Hawthorne Partners v. AT & T Technologies*, 831 F. Supp. 1400 (N.D. Ill. 1993).

Ms. McNeill then offers argument on the application of the hearsay exceptions for present sense impression and excited utterance. Again, Ms. McNeill attempts to control Head Kandy's

---

[1] As Head Kandy explains in its contemporaneously filed Opposition to Ms. McNeill's Motion in Limine to Exclude Speculative Causation and Purported Damages Evidence at Trial [ECF 536], Head Kandy is not offering evidence of any social media comments to show that any particular individual stopped purchasing Head Kandy's products for any particular reason or to claim damages from that cessation in business, but rather, intends to use such comments to establish the fact of damages by showing the contemporaneous effect Ms. McNeill's posts were having online, as well as Ms. McNeill's breaches of her Employment Agreement.

4

marshaling of its own evidence by addressing merely two of the twenty-three exceptions to the rule excluding hearsay: present sense impression and excited utterance. Fed. R. Evid. 803(1-2). In preparation for trial, Ms. McNeill is permitted to assess the evidentiary issues that may arise and her response to them, however, that inquiry does not then limit Head Kandy and Mr. Falic to the scope of Ms. McNeill's imagination. This argument attempting to narrow the scope of what Ms. McNeill believes may be applicable exceptions to hearsay do not obviate the need for an individualized analysis by the Court as the comments are offered into evidence at trial.

### III. Head Kandy Will be Able to Show Particular Social Media Comments May be Admitted at Trial.

Ms. McNeill suggests in her Motion that Head Kandy's purpose for attempting to introduce any social media comments is to show that former customers of Head Kandy "stopped purchasing from [Head Kandy] due to . . . action of Ms. McNeill." [Motion p. 1]. McNeill ignores, however, the social media comments also establish Ms. McNeill's breaches of the restrictive covenants that are the subject of Head Kandy's count for Breach of the Executive Employment Agreement. For example, the following comments to a Facebook posts by Ms. McNeill in which Ms. McNeill actively participated (one of Ms. McNeill's Facebook handles is "Full Circle with Kayla") shows Ms. McNeill's promotion of haircare products by competitors of Head Kandy, in direct violation of the "non-compete" and "non-solicitation of customers" provisions of her Executive Employment Agreement:




Other evidence shows Ms. McNeill's interactions with those persons commenting on her live videos, which interactions resulted in violations of the restrictive covenants. For example, during a March 14, 2023, FaceBook Live, Ms. McNeill promoted a curling iron manufactured by a Head Kandy competitor. Ms. McNeill stated she could not post the link as a result of her "non-compete," but then when one of her followers posted the link, Ms. McNeill read the comment so as to inform the rest of her followers the link was available, as shown in the below:



Similarly, evidence Head Kandy will seek to introduce includes Ms. McNeill responding to questions from her followers asking for recommendations for products that compete with Head Kandy products, including during a April 5, 2023, Facebook Live in which Ms. McNeill was asked to, and then did, provide a recommendation for a blow dryer and showed the Amazon listing where it could be purchased, as shown below.



In other social media comments, in response to comments from her followers, Ms. McNeill recommended products from competing haircare product company, Bo Stegall- The Collection, including those shown here:



The "authenticity" of these comments can be shown through any "evidence sufficient to support a finding that the item is what the proponent claims it is," Fed. R. Evid. 901(a), including testimony that shows the comment, including Ms. McNeill's comments, "appeared on the world wide web" at a particular time. ." *SMS Audio, LLC*, 2017 WL 1533971, at *3.  Of course, Head Kandy would not be offering any of these comments to "prove the truth of the matter asserted" in the comments, but rather to show and contextualize Ms. McNeill's statements in response. Accordingly, the comments are not hearsay.

The court must undertake an analysis of each comment, like the ones above, as well as surrounding testimony regarding them to determine whether each comment is admissible.  Until it does so, there is no basis to exclude all social media comments as Ms. McNeill requests by her Motion.

**Conclusion**

For the above reasons, Head Kandy and Mr. Falic respectfully request that the Court deny the Motion in its entirety and grant such other and further relief the Court deems appropriate.

*/s/ Edward Colin Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC and Jerome Falic*

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on January 27, 2025, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521, *co-counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

                                                */s/ Edward Colin Thompson*
                                                Attorney