UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                        CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

**HEAD KANDY AND MR. FALIC'S REPLY IN SUPPORT OF
MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGATIONS BY OTHERS**

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**"), reply in support of their Motion in Limine to Exclude Evidence of Allegations by Others (the "**Motion**") [ECF 521] and in opposition to Ms. McNeill's Opposition to Motion in Limine to Exclude Evidence of Allegations by Others (the "**Opposition**") [ECF 542], and in support state:

**Reply Argument**

Ms. McNeill's one sentence Opposition presents no argument to counter the grounds Head Kandy and Mr. Falic raised for exclusion of evidence pertaining to alleged "harassment" of other Head Kandy employees as irrelevant, hearsay, and unduly prejudicial.

Instead, Ms. McNeill appears to argue that evidence of harassment of other individuals has something (it is unclear to Head Kandy and Mr. Falic what) to do with her attempts to use the National Labor Relations Act ("**NLRA**") as a defense against the validity of the non-disparagement

{00090570:1}

clause to which she agreed. But even if Ms. McNeill engaged in what she now characterizes as NLRA-protected activity, that says nothing about whether Ms. McNeill actually enjoyed any "rights" under the NLRA to do so in the first instance (she did not and does not). Moreover, there is no evidence (and Ms. McNeill points to none) that Ms. McNeill actually engaged in any supposedly "protected" activity with respect to the alleged "harassment" of any other individuals at issue in the Motion at all, much less the activities she claims in her Opposition she had the right to perform.[1] Still, even if Ms. McNeill did engage in activity she claims is protected under the NLRA, evidence that she did does not in any way make the non-disparagement clause unenforceable. Moreover, no party in this case has even attempted to state any claim under the NLRA, nor does any party allege that anyone's NLRA rights were violated as a basis for any of the claims that have been asserted so as to make relevant any evidence of Ms. McNeill's alleged activity she claims is protected under the NLRA.

At bottom, whether the non-disparagement provision is valid and enforceable, under the NLRA or otherwise, is a legal question for the Court, *see, e.g.*, *Non Performing LLC v. Tyre*, 707 F. Supp. 3d 1227, 1231 (M.D. Fla. 2023) ("Under Florida law, contract validity and interpretation are both questions of law."), and indeed, one that Magistrate Judge Strauss has already decided, soundly rejecting Ms. McNeill's arguments the NLRA bars enforcement of the non-disparagement covenant at issue in this case. [ECF 271 at 7-14 (Report and Recommendation pending consideration)]. The evidence Head Kandy and Mr. Falic seek to exclude by their Motion,

---

[1] Of note, Ms. McNeill's citation purporting to set forth NLRA rights is a quote of her own prior briefing, in which she in turn quotes a page titled "What's the Law?" from a website ostensibly maintained by the National Labor Relations Board. In addition to providing no factual evidence that she engaged in any protected activity with respect to the individuals referenced in Head Kandy's Motion, Ms. McNeill also provides no actual legal support for her assertion that she had rights to engage in such activity in the first place.

therefore, has nothing discernible to do with any factual dispute the factfinder must resolve, and would only serve to cause prejudice and confusion by injecting a series of mini-trials into this case.

For these reasons, and those stated in the Motion, the Court should grant the Motion and exclude evidence of alleged harassment directed toward individuals other than Ms. McNeill.

*/s/ Edward C. Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS**
**THOMPSON & ANGELOS**
1001 Water Street, Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Plaintiff/Counter-Claim Defendant*
*Head Kandy, LLC and*
*Third-Party Defendant, Jerome Falic*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2025, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;.* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff.*

                                                */s/ Edward C. Thompson*
                                                **EDWARD C. THOMPSON**
                                                FL Bar No. 684929