UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                 CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

**HEAD KANDY AND MR. FALIC'S
REPLY IN SUPPORT OF MOTION IN LIMINE
REGARDING THE PARTIES' FINANCIAL STATUS AND MEANS**

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**"), reply in support of their Motion in Limine Regarding the Parties' Financial Status and Means (the "**Motion**") [ECF 520] and in opposition to Ms. McNeill's Opposition to Motion in Limine Regarding the Parties' Financial Status and Means (the "**Opposition**") [ECF 540], and in support state:

**Reply Argument**

Ms. McNeill ignores in her Opposition many of the arguments Head Kandy and Mr. Falic raised in their Motion. That is, Ms. McNeill provides no argument at all to oppose Head Kandy's and Mr. Falic's requests that the Court preclude as both irrelevant and unduly prejudicial. any evidence of: (1) the Falic family's wealth (as opposed to that of Mr. Falic himself) and business

{00090571:1}

enterprises; or, (2) evidence of Ms. McNeill's own financial status or means.[1]  Instead, Ms. McNeill asserts in her Opposition only that evidence of Mr. Falic's personal financial status is relevant and admissible because of her various claims purportedly giving rise to punitive damages. But that argument is mistaken for several reasons.

*First*, Ms. McNeill has not brought any cognizable claims for punitive damages against Mr. Falic even if any of the claims she has attempted to assert against Mr. Falic withstand at all Head Kandy and Mr. Falic's dispositive motions, which they should not.  Ms. McNeill, therefore, has no legitimate basis to seek to present any evidence at all regarding Mr. Falic's financial status. In Ms. McNeill's operative pleading, she conclusorily pleads entitlement to punitive damages only within her claims under the Florida Civil Rights Act ("**FCRA**") [ECF 337 at ¶¶ B.218, B.234, B.250, B.267, B.279], none of which are (or even could be) asserted against Mr. Falic individually, and none of which state a claim even against Head Kandy [ECF 360 at 20-25].  None of Ms. McNeill's claims against Mr. Falic include an individualized prayer for punitive damages.

Ms. McNeill has not otherwise raised a cognizable claim against Mr. Falic for punitive damages.  In her omnibus prayer for relief—which is improper and is a reason Ms. McNeill's responsive pleading is an unintelligible and impermissible shotgun pleading [ECF 360 at 5][2]— Ms. McNeill requests that the Court "award her all general, consequential, punitive, statutory,

---

[1] In an effort to garner sympathy, Ms. McNeill routinely in her filings and social media posts, including those since the Motion was filed, references that she is supposedly selling her multi-million-dollar home and living in a recreational vehicle with her family because of this litigation. By their Motion, Head Kandy and Mr. Falic seek to preclude exactly that type of non-probative and prejudicial evidence.

[2]  *See also McNamara v. Fla. Power & Light Co.*, 2018 WL 582537, at *6-7 (S.D. Fla. Jan. 29, 2018) (omnibus demand for relief at the end of the complaint, rather than a prayer for damages corresponding to each claim, was a shotgun pleading, particularly when punitive damages were at issue, because "Defendants and the Court are left to guess as to whether Plaintiff is seeking all forms of damages under all … counts or only certain damages under certain counts").

compensatory and other damages, in amounts to be proven at trial, and penalties to the fullest extent allowable by law, including C.R.S. §§ 8-4-109(3)(b) and 18-4-405 and Fla. Stat. §§ 772.11 and 812.014." [ECF 337 at pp. 86-87]. None of those statutes Ms. McNeill references, however—which are the bases for three of Ms. McNeill's five claims against Mr. Falic—allow punitive damages; rather, some of them provide for statutory double or treble damages that (unlike typical punitive damages) have nothing at all to do with the defendant's financial means.[3] Ms. McNeill's remaining claims against Mr. Falic are duplicative claims for intentional infliction of emotional distress and "Extreme and Outrageous Conduct," neither of which counts reference punitive damages on their own and neither of which come close, either on the pleadings or on the evidentiary record, to establishing a cognizable claim against Mr. Falic at all, much less one on which punitive damages could be warranted.

At bottom, none of Ms. McNeill's generalized and conclusory requests for "punitive damages" (particularly those that seek punitive damages where they are not available) are sufficient to entitle her to request the fact finder award her punitive damages against Mr. Falic. *See Moss v. Liberty Mut. Fire Ins. Co.*, 2017 WL 4676629, at *4 (M.D. Fla. Aug. 18, 2017) ("conclusory allegations in the complaint are insufficient to entitle a claimant to proceed on a request for punitive damages"); *accord FCC Hotel Tower, LLC v. Drummond*, 2024 WL 3637994, at *2 (M.D. Fla. Aug. 1, 2024) (explaining that "[c]laimants in federal court must comply with the substantive pleading standard found in Florida Statute § 768.72 requiring a reasonable showing demonstrating a reasonable basis for recovery of such damages," and "plaintiffs must plead

---

[3] *See* C.R.S. §§ 8-4-109(3)(b) (providing for double or treble damages for unpaid wages); C.R.S. § 18-4-405 (providing for treble damages for civil theft); § 772.11, Fla. Stat. (providing for treble damages for civil theft, but specifically stating "**Punitive damages may not be awarded under this section**"); § 812.014, Fla. Stat. (the Florida criminal theft statute) (emphasis supplied).

specific acts and cannot merely set forth conclusory allegations") (cleaned up). Accordingly, because Ms. McNeill has not adequately set forth any basis for her entitlement to punitive damages against Mr. Falic, she could not possibly need to present evidence of Mr. Falic's financial status.

***Second***, even if Ms. McNeill had any valid claims on which she could recover punitive damages against Mr. Falic (she does not), courts in this Circuit and District, as well as Florida state courts, routinely hold bifurcated proceedings when punitive damages are at issue to ensure that evidence of a party's financial status (and the inherent prejudicial effect thereof) does not taint the liability and actual damages portions of the trial. *See* Fed. R. Civ. P. 42 ("[T]o avoid prejudice … the court may order a separate trial of one or more separate issues [or] claims."). Indeed, as this Court has explained:

> Generally, no reference should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the other's. Because Plaintiff is seeking punitive damages, however, evidence of Defendant's net worth and financial condition is relevant to the determination of punitive damages. Yet, Defendant may be prejudiced by the introduction of evidence with respect to punitive damages before the determination of liability is made.

*Felix v. Key Largo Mgmt. Corp.*, 2022 WL 18587638, at *1 (S.D. Fla. July 21, 2022) (cleaned up).

In *Felix*, recognizing those concerns, this Court adopted the framework set forth by the Florida Supreme Court and several sister district courts, whereby trial is

> bifurcated in two phases. In the first phase, the jury will determine liability for actual damages, the amount of actual damages, and liability for punitive damages. Then, if the jury determines that punitive damages are warranted, in the second phase of trial, the jury will remain empaneled to consider evidence relevant to the amount of punitive damages for which Defendant may be liable. Evidence of Defendant's economic standing may only be introduced in the second phase of the trial.

*Id.* at *2 (cleaned up) (citing, inter alia, *W.R. Grace & Co. v. Waters*, 638 So. 2d 502, 506 (Fla. 1994)). This Court and other courts—particularly those sitting in diversity and applying Florida substantive law—routinely follow suit. *See, e.g.*, *Soliday v. 7-Eleven, Inc.*, 2011 WL 2413656, at

*1 (M.D. Fla. June 13, 2011) (following the bifurcation procedure set forth in *W.R. Grace* and observing that it "makes a great deal of sense"); *Horrillo v. Cook Inc.*, 2014 WL 2712341, at *1 (S.D. Fla. Apr. 29, 2014) (same); *Salinero v. Johnson & Johnson*, 2019 WL 5802046, at *1 (S.D. Fla. Oct. 25, 2019) (same); *see also Collin-Williams v. Contour Eastwyck, LLC*, 2023 WL 11909716, at *3 (N.D. Ga. May 3, 2023) (bifurcating trial and permitting evidence of "wealth, financial size, and status" in the punitive damages phase). Consequently, even if evidence of Mr. Falic's financial status may be pertinent at some point in the proceedings (it will not), it still must be excluded entirely from the liability and actual damages phase of the trial to avoid the prejudice such evidence would inherently cause.

**Third**, irrespective of the proper procedure to present evidence of a party's financial status, Ms. McNeill does not have—and in fact did not even attempt to discover, despite now claiming that she has had punitive damages claims in this case since she filed her third-party claims against Mr. Falic—any actual evidence of Mr. Falic's financial status or means beyond the bare and broad assertion, designed only to draw sympathy for herself, that Mr. Falic owns or partially owns various businesses and is wealthy. That limited evidence is not only unduly prejudicial as to the liability and actual damages phases of the trial (from which it should be excluded entirely), but is also largely unhelpful (and therefore has minimal probative value) even in assessing Mr. Falic's financial worth for purposes of a punitive damages award.

For these reasons, and those stated in the Motion, the Court should grant the Motion and exclude evidence of the parties' financial status and relative means.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2025, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess,

Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;* and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

/s/ *Edward C. Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC and Jerome Falic*