UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v().                                                 CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

### HEAD KANDY AND MR. FALIC'S REPLY IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE ANY EVIDENCE OF ALLEGED PRIOR CRIMINAL OFFENSES OR CHARGES

Plaintiff/Counterclaim Defendant, Head Kandy, LLC ("**Head Kandy**") and Third-Party Defendant, Jerome Falic ("**Mr. Falic**") reply in support of their Motion in Limine to Exclude Any Evidence of Alleged Prior Criminal Offenses or Charges (the "**Motion**") [ECF 522] and in opposition to Defendant/Counterclaimant/Third-Party Claimant Kayla Marie McNeill's ("**Ms. McNeill**") Opposition to Motion in Limine to Exclude Any Evidence of Alleged Prior Criminal Offenses or Charges (the "**Opposition**") [ECF 541], and in support state:

#### Reply Argument

By her Opposition, Ms. McNeill confirms that she intends to offer at trial testimony that she was told by some anonymous individual, who was in turn told by some unknown alleged victim, of alleged wrongful conduct of one of Head Kandy's witnesses (the "**Witness**"). In other words, Ms. McNeill has no admissible evidence whatsoever that the Witness even engaged in a crime, wrong, or other act, but rather relies solely on her own post hoc and multi-level hearsay testimony as the

"evidence" she wants to introduce at trial of the alleged crime or act.[1] That is insufficient in the first instance to allow Ms. McNeill to refer to the Witness's alleged prior crime or bad act at trial for any purpose. *See, e.g.*, *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989) ("[E]vidence of other crimes or bad acts … should be admitted if sufficient evidence would support a finding by the jury that the person committed the act."); *United States v. Green*, 873 F.3d 846, 864 (11th Cir. 2017) ("To have Rule 404(b) prior act evidence admitted, the proponent need only provide enough evidence for the trial court to be able to conclude that the jury could find, by a preponderance of the evidence, that the prior act had been proved."); *Wills v. Royston*, 2017 WL 9439104, at *2 & n.1 (N.D. Ga. Nov. 16, 2017) ("Plaintiff must show that the other acts actually occurred and that Defendant was the actor involved in those other acts" and "[w]hen determining whether a party has produced sufficient evidence to satisfy Rule 404(b), '[t]he court simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact … by a preponderance of the evidence.'") (quoting *Huddleston v. United States*, 485 U.S. 681, 689-90 (1988)).  That is, with only inadmissible multi-level hearsay evidence supporting her claim that the Witness engaged in a prior bad or criminal act, the factfinder could not possibly find by a preponderance of the evidence that the Witness engaged in such an act, and therefore, Ms. McNeill cannot make the requisite threshold showing to even invoke Rule 404(b)(2) in the first place.

Even if Ms. McNeill had any admissible evidence sufficient to support a finding that the Witness committed the act alleged, moreover, Ms. McNeill concedes that it would be improper to elicit

---

[1] To the extent Ms. McNeill suggests that she lacks such evidence because it was not produced in discovery either by the Witness or by Head Kandy, the time to contest that discovery issue has long since passed.  *See* Loc. R. 26.1(g) (setting forth deadlines for raising various types of discovery disputes, all of which have passed with respect to the Subpoena directed to the Witness).  The argument is specious in any event as Ms. McNeill has not ever even attempted to show, because she cold never show, she was entitled to such irrelevant evidence.

testimony of the Witness's alleged prior bad acts for purposes of impeachment or character propensity, and instead claims to be offering that testimony for a permissible purpose. Ms. McNeill's purported legitimate purposes for offering that testimony, however, are without merit. Ms. McNeill claims primarily that she needs to offer testimony that the Witness engaged in a prior bad act because that testimony is relevant to *her own* motive in engaging in some of the conduct at issue in this case. But that application would turn Rule 404(b) on its head; indeed, all of the cases the undersigned counsel has located—and indeed, the only case Ms. McNeill cites in support of her motive argument—allow evidence of someone's prior bad act to prove *that person's* (usually the criminal defendant's) own "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[4]

    Instead, Ms. McNeill seeks to use the Witness's alleged prior bad act to justify or excuse her own wrongful conduct, including her posting of a disparaging social media post she made in April 2023. In other words, Ms. McNeill plans to try to convince the factfinder that she violated the restrictive covenants to which she agreed by disparaging Head Kandy for what she perceived to be for a "good" reason—i.e., because of the Witness's alleged criminality—and hopes that the factfinder will then let her off the hook for that violation. That tactic is plainly improper, and is certainly well outside of the bounds of what Rule 404(b) permits. Indeed, if that use of Rule 404(b) is permitted (it cannot be), then any party could always inject salacious and prejudicial information about any opposing witness simply by manufacturing post hoc (as Ms. McNeill has here) a claim that the witness's prior act "motivated" (really, justified) the party's own wrongful conduct.

---

[4] Ms. McNeill cites *United States v. Cody*, in which the court allowed evidence of a criminal defendant's motive for committing the crime for which he was on trial. 498 F.3d 582, 591 (6th Cir. 2007). The Witness here is not on trial in this case, and his "motive" for any particular conduct is irrelevant.

3

Regardless, any testimony by Ms. McNeill seeking to excuse or justify her wrongful conduct should be excluded as irrelevant and unduly prejudicial, because with respect to the claims against Ms. McNeill (i.e., claims arising out of her breaches of contract and fiduciary duty), Ms. McNeill's motive is immaterial,. That is, "motive" or even "intent" is not an element of any of the claims at issue, and has no bearing on any elements of any claim or defense. In other words, the fact that Ms. McNeill might have had (or has been able to construct after the fact) various excuses or alleged justifications for her wrongful conduct does nothing to show that she did not breach her obligations or that her breaches were legally justified. Such post hoc justifications and excuses, particularly when they implicate unsupported allegations of criminal conduct by a witness affiliated with Head Kandy, have no probative value, serve only to attempt to confuse and distract the factfinder, and therefore are unduly prejudicial.

Finally, to the extent Ms. McNeill seeks to introduce evidence of the Witness's alleged prior bad acts to show the Witness's "motive" for testifying against her or the Witness's "animosity" towards her, that argument makes no sense, because whether the Witness engaged in or was convicted of wrongful conduct involving anonymous individuals unrelated to Ms. McNeill has no ostensible bearing on whether the witness has negative feelings toward Ms. McNeill. In any event, those uses are not in fact to prove "motive" under Rule 404(b) as Ms. McNeill attempts to argue. Rather, at best they go to the Witness's bias, which brings this dispute back into the realm of Rule 609 governing impeachment of a witness using evidence of prior criminal convictions. *See United States v. Abel*, 469 U.S. 45, 50 (1984) (explaining that the Federal Rules of Evidence, including Rule 609, contemplate that one method of impeachment of a witness is to show bias). For the reasons stated in the Motion, Ms. McNeill does not come close to satisfying the requirements of Rule 609 for use of a criminal conviction for impeachment purposes.

4

**Conclusion**

For the above reasons and those stated in the Motion, Head Kandy and Mr. Falic respectfully request that the Court grant the Motion, reject Ms. McNeill's arguments in her Opposition, exclude the impermissible use of prior criminal offenses or charges, and grant such other and further relief the Court deems appropriate.

*/s/ Edward Colin Thompson*
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**CARSON A. SADRO**
FL Bar No. 1026159
CarsonS@blhtlaw.com
**BARTLETT LOEB HINDS**
**THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422

*Counsel for Head Kandy LLC*
*and Jerome Falic*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 28, 2025, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to: Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

                                            */s/  Edward Colin Thompson*
                                            Attorney