UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                                                    CASE NO. 23-CV-60345-JB/JMS

KAYLA MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

### REPLY IN SUPPORT OF MOTION IN LIMINE REGARDING ANY REFERENCE TO AN EMPLOYMENT INVESTIGATION

Defendant/Counterclaimant/Third-Party Claimant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, submits her Reply in support of her Motion *in limine* to Exclude any Reference to Employment Investigation ("Motion") [ECF No. 528], and in support therefor, Ms. McNeill states the following:

**I.    ARGUMENT**

Instead of addressing Ms. McNeill's Motion, HK and Mr. Falic (the "Falic Parties") attempt to (untimely) file its own motion in limine regarding Ms. McNeill's ability to introduce the Florida Human Relations Commission ("FHRC") proceedings at trial. Ms. McNeill does not disagree that the FHRC proceeding cannot be admitted into evidence for any and all purposes—however, it is the HK Parties' evidence at issue in the Motion, not Ms. McNeill's. Regardless of whether Ms. McNeill has proper reasons to introduce the FHRC's proceedings (and findings) at trial or not (for example, Ms. McNeill is allowed to introduce the proceedings to show timeliness of her filing, a point the Falic

1

Parties dispute), the Falic Parties should be prohibited from making any representation or claims, or introducing any evidence at trial, suggesting or stating that HK engaged in an employment investigation. The Falic Parties (and their counsel, Ford Harrison) have already represented to the Court that they would not make any such argument at trial, and they must be bound but those representations now. According to the previous representations by the Falic Parties and Ford Harrison, the Falic Parties hired Ford Harrison to respond to Ms. McNeill's charge with the FHRC as their lawyers (and not in order to perform an employment investigation) and any representations as to Ford Harrison's role other than this should be excluded (regardless of evidence Ms. McNeill is able to admit). Should the Falic Parties offer any evidence or argument regarding Ford Harrison or an employment investigation, not only would such evidence or argument be prejudicial, but it would also serve as a waiver of attorney-client privilege concerning a topic Ms. McNeill was precluded from seeking discovery on based on the Falic Parties' representations. Ms. McNeill will seek to invade any claims of privilege at trial should the Falic Parties insist they are able to provide evidence or argument regarding Ford Harrison and its "investigation."

Respectfully Submitted,

By: _/s/ Laura Burgess_
Laura E. Burgess, Esq.
Florida Bar No. 0105073
L.E. Burgess P.A.
5966 S Dixie Highway, Suite 300
Miami, FL 33143
Tel.: 305.942.8044
Alt. Tel.: 713.818.5055
laura@leburgesslaw.com

and

By: _/s/ Antonio L. Converse_
Antonio L. Converse, Esq.
Admitted *Pro Hac Vice*

Converse Law Group, P.C.
600 17th Street, Suite 2800 South
Denver, CO 80202
Tel: 303.228.9471
anthony@converselawgroup.com

and

By: */s/ Jennifer A. Tiedeken*
Jennifer A. Tiedeken, Esq.
Admitted *Pro Hac Vice*
125 S. Howes Street, Suite 1100
Fort Collins, CO 80521
Tel: 970.482.5058
jennifer@fortcollinslaw.com

*COUNSEL FOR KAYLA MCNEILL*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; thereby served counsel of record for all other named parties.

*/s/ Laura E. Burgess*