## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                            CASE NO. 23-CV-60345- JB/JMS

KAYLA MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

### REPLY IN SUPPORT OF MS. MCNEILL'S MOTION
### TO EXCLUDE REFERENCE TO COURT FINDINGS, RULINGS,
### AND/OR ORDERS RELATING TO THE PRELIMINARY INJUNCTION AND ANY
### CLAIM OF VIOLATIONS OF SAME MADE BY PLAINTIFF HEAD KANDY, LLC

Defendant/Counterclaimant/Third Party Claimant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, hereby submits her Reply brief ("Reply") in support of her motion seeking an order excluding any evidence at trial regarding court findings and rulings leading to the Court's entry of the Preliminary Injunction in this matter[1] [ECF No. 529]. In support therefor, Ms. McNeill states as follows:

### I.    REPLY

The propriety of excluding evidence and testimony regarding the Preliminary Injunction is rooted in the concepts of equity and fairness. "It is well-established that all admissible evidence is subject to exclusion under Rule 403". United States v. King, 713 F.2d 627, 632 (11th Cir. 1983)

---

[1] Referred to herein as the "Motion."

(*citing* United States v. Frick, 588 F.2d at 537 n.3); (United States v. Spletzer, 535 F.2d 950, 955-56 (5th Cir.1976)). Any findings, rulings, and/or orders relating to the preliminary injunction are unduly prejudicial pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence. This is not to say Head Kandy, LLC ("Plaintiff" or "HK") cannot introduce evidence of their claims, subject to the usual rules of evidence. Simply stated, HK cannot use the Court's prior preliminary rulings and findings at the inception of the case to improperly bolster their own contentions, rather Plaintiff must bear and meet its burden of proof without the Court's preliminary rulings acting as a crutch to support its claims.

### A. Ms. McNeill's *Motion in Limine* Excluding Evidence of the Injunction Proceedings at Trial Warrants Consideration Regardless of the Trier of Fact

Plaintiff' contends that the court need not address whether evidence relating to the preliminary injunction would be prejudicial as these concerns only impact a jury and this matter is better suited to be heard at a bench trial. HK's attempt to sidestep the prejudicial nature of the injunction proceedings by advancing the idea of a bench trial, in effect, concedes the unduly prejudicial nature that the court's rulings on the preliminary injunction would have on Ms. McNeill' defense. HK' s argument is not that such evidence would not be unduly prejudicial, rather that a judge would have the required legal training to disregard and/or give his/her previous rulings the appropriate weight that should be accorded a preliminary ruling. HK further implies that Ms. McNeill agrees or does not object to, its assertion that this matter should be heard via a bench trial, despite Ms. McNeill's explicit written demand for a jury trial at the inception of this case. Accordingly, HK's contention that a bench trial would, in effect, obviate the need for the Court's inquiry into Ms. McNeill's concerns of undue prejudice in its reference to the preliminary injunction proceedings is without merit.

Further, HK implies that *Motions in Limine* are inapplicable to bench trials; however, this contention begs the question regarding Plaintiff's own *Motions in Limine*. *Motions in Liminie* are a standard pre-trial tool utilized to address the party's concerns regarding issues that may arise at trial. Arguendo, were Ms. McNeill to concede this matter should be heard via bench trial (which she is not conceding and has vehemently argued for jury trial in her Response in Opposition to HK Parties' Motion to Strike Jury Trial Demand [ECF No. 533]), this fact would not obviate the Court's need to address this issue before trial.  As the Court in  Tailored Chem. Prods. v. Dafco Inc., noted in ruling on the parties *Motions in Limine*, while  a "flexible and more lenient standard for the consideration of evidence during a bench trial" might be warranted, the Court must be "mindful of not ignoring the governing rules or wasting the time of the Parties or the Court". Tailored Chem. Prods. v. Dafco Inc., No. 5:21-CV-00069-KDB-SCR, 2023 U.S. Dist. LEXIS 161602, at *4 (W.D.N.C. Sep. 12, 2023). Accordingly, *Motions in Limine*, whether filed pursuant to  jury or bench trial serve a necessary housekeeping function to bring to the Court's attention any contentious matters the parties perceive arising at trial, provide the Court with an opportunity review and address them, thereby streamlining the process and promoting judicial efficiency.

**B. Plaintiff's Argument That Introduction of Evidence of the Court's Rulings and Findings, Relating to the Preliminary Injunction is "necessary and unavoidable" is Without Merit**

 HK states that evidence of the Court's rulings, findings, and Orders regarding the Preliminary Injunction are "unavoidable".  HK's argument is circular, tenuous at best, as HK, in effect, contends the evidence regarding the preliminary injunction becomes relevant only if Ms. McNeill opens the door to this issue [ECF No. 553, at p. 8].

Further, HK attempts to use the Court's findings of violations leading to the preliminary injunction as evidence that "Ms. McNeill is in fact an individual who has not abided by the

3

Preliminary Injunction" [ECF 553; ftn. #1]. Plaintiff inappropriately attempts to use the Court's finding that Ms. McNeill breached her restrictive covenants as character evidence in violation of Rule 404. Rule 404(a) specifically provides that "[e]vidence of a person's character or character trait is **not admissible**[2] to prove that on a particular occasion the person acted in accordance with the character or trait." USCS Fed Rules Evid R 404 . Likewise, "[e]vidence of any other crime, wrong, or act is **not admissible**[3] to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. Rule 404(b) USCS Fed Rules Evid R 404.

Despite the Rule 404's repeated proscriptions against the use of prior acts, or prior perceived bad acts as character evidence, this is precisely what HK is attempting to do.  Through its allegation that Ms. McNeill has "demonstrated by her repeated violations in this case, [that] Ms. McNeill is in fact an individual who has not abided by the Preliminary Injunction" Plaintiff attempts to show that Ms. McNeill violated her employment contract and the covenants therein, not through evidence of the same, particularly considering that a preliminary injunction is not indicative of permanent injunction, but rather is as the case law always states, a mechanism to preserve *status quo* until a final hearing/trial may be held and a dispute resolved, and that is why there are trials. HK is seeking, through the Court's prior rulings, which are temporary in nature only to preserve *status quo*, to impermissibly brand Ms. McNeill as a violator or someone who has been found in the past to have violated her contract. [ECF 553; ftn. #1].

It is well-established that prior bad acts are impermissible when used as character evidence to show a certain character trait as in the case at bar, as Plaintiff attempts to use it in its Response. Were such evidence proven to be even tangentially probative, it would still be inadmissible due to

---

[2] Emphasis added.
[3] Emphasis added.

4

the highly prejudicial nature of such evidence. United States v. Frick, 588 F.2d 531, 537 n.3. (5th Cir. 1979) (*noting* that despite"[t]he government's contention that the evidence is relevant to . . . motive [which] would make the evidence admissible under Rule 404(b)  . . . all evidence, regardless of which Rule permits its use, is subject to the limitation that evidence whose probative value is substantially outweighed by its prejudicial effect must be excluded." U. S. v. Spletzer, 535 F.2d 950, 955-56 (C.A.5, 1976)). The same is true here.

Plaintiff further contends that references to the Preliminary Injunction proceedings are necessary and "critical" as they give rise to HK's claim against Ms. McNeill for breach of §5(g) of the Executive Employment Agreement. [ECF 553; pg. 5] However, §5(g) only asserts that the restrictive covenants in Plaintiff's agreement are "Fair and Reasonable Restrictions", not that she violated them.

## II.   CONCLUSION

Notably, none of the arguments proffered by HK directly address the unduly prejudicial nature of the evidence it seeks to introduce regarding the preliminary injunction. Rather, HK tries to focus the Court's gaze on  irrelevant factors such as whether the matter should be heard at a bench trial and whether or not Ms. McNeill might herself open the door to allow this evidence to be presented. Plaintiff would be better served to provide its own evidence of Ms. McNeill's alleged wrongdoing rather than rely on the Court's preliminary characterizations of Ms. McNeill's actions to unfairly bolster its claims and misuse the purpose of a preliminary injunction as a *status quo* mechanism only. Accordingly, Ms. Ms. McNeill respectfully requests that the Court enter an Order excluding any reference to the Court's findings, rulings, and/or orders regarding the preliminary injunction and any claims of violations of the same, as well as any additional relief which the Court deems just and proper.

DATED this 3rd day of February, 2025.

        Respectfully Submitted,

        By: */s/ Laura Burgess*
        Laura E. Burgess, Esq. Florida Bar No. 0105073
        L.E. Burgess P.A.
        5966 S Dixie Highway, Suite 300
        Miami, FL 33143
        Tel.: 305.942.8044
        Alt. Tel.: 713.818.5055
        laura@leburgesslaw.com

AND

        By: */s/ Antonio L. Converse*
        Antonio L. Converse, Esq.
        Admitted *Pro Hac Vice*
        Converse Law Group, P.C.
        600 17th Street, Suite 2800 South
        Denver, CO 80202
        Tel: 303.228.9471
        anthony@converselawgroup.com

AND

        By: */s/ Jennifer A. Tiedeken*
        Jennifer A. Tiedeken, Esq.
        Admitted *Pro Hac Vice*
        125 S. Howes Street, Suite 1100
        Fort Collins, CO 80521
        Tel: 970.482.5058
        jennifer@fortcollinslaw.com

        COUNSEL FOR KAYLA MCNEILL

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and through that filing served all counsel of record.

By: */s/ Laura Burgess*
Laura Burgess