UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                              CASE NO. 23-CV-60345-JB/JMS

KAYLA MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.
_____/

**REPLY IN SUPPORT OF MOTION IN LIMINE
TO EXCLUDE EVIDENCE OR ARGUMENT PROHIBITED BY FRE 412**

    Defendant/Counterclaimant/Third-Party Claimant Kayla McNeill ("Ms. McNeill"), by and through her undersigned counsel, submits her Reply in support of her Motion *in limine* to Exclude Argument and Evidence Prohibited by Federal Rule of Evidence 412 ("Motion") [ECF No. 531], and in support therefor, Ms. McNeill states the following:

**I.    ARGUMENT**

    Plaintiff/Counterclaim Defendant Head Kandy, LLC and Third-Party Defendant Jerome Falic's (collectively, the "Falic Parties") Response to the Motion [ECF No. 557] demonstrates why argument or evidence regarding "nude" or "naked" photos or "pornography" would be unduly prejudicial and improper. The Falic Parties cannot help themselves even in their Response from characterizing a photo of Ms. McNeill in her bathing suit as "scantily clad" or from taking measures (including the public filing to a Motion filed under seal due to the sensitive and irrelevant nature of the topics discussed) to attempt to humiliate Ms. McNeill for videos she took of herself breastfeeding

over ten years ago. Despite spending the better part of 13 pages responding to the Motion, the Falic Parties do not offer one reason why referring to photos of Ms. McNeill's post-operation stomach as "nude" or "naked" or introducing argument or evidence regarding what the Falic Parties deem "pornography" would be relevant to the litigation for any other purpose than to humiliate Ms. McNeill or to draw conclusions prohibited under Fed. R. Evid. 412. In fact, the Falic Parties describe the videos in question as including "graphic acts intended to be of a sexual nature and accompanying sexually suggestive 'dirty talk.'" Response at 4 n.5. Clearly, the videos in question fall well within the bounds of Fed. R. Evid. 412 and are not permissible for any purpose.

The Falic Parties attempt to suggest Ms. McNeill is opening the door for them to introduce the videos because they designated testimony regarding the videos-but Ms. McNeill does not know what evidence will ultimately be admitted at trial and accounted for that with her designations. If the videos are ultimately precluded from evidence, as Ms. McNeill continues to vehemently assert they should be, Ms. McNeill will revise her deposition designations accordingly. Finally, the Falic Parties argue they should be able to introduce the photograph Ms. McNeill sent to Mr. Rosenbaum into evidence—but that is not the issue Ms. McNeill raised in her Motion. Rather, it is the characterization of the photograph (which is nothing but Ms. McNeill's stomach) as a "naked" or "nude" photo— which it demonstrably is not. Should the Falic Parties be permitted to introduce the photograph at all, they should be prohibited from referring to it in testimony or argument as a "nude," or "naked" picture, as such descriptors are inaccurate and highly prejudicial.

## II. CONCLUSION

For the reasons set forth herein and in the Motion, Ms. McNeill respectfully requests an order from the Court granting her Motion and excluding the evidence and argument identified in the Motion as prohibited by Fed. R. Evid. 412. Ms. McNeill also seeks such further and additional relief the Court deems just and appropriate.

**DATED** this 3rd day of February, 2025.

                                                    Respectfully Submitted,

                                                   By:  */s/ Laura Burgess*
                                                   Laura E. Burgess, Esq.
                                                   Florida Bar No. 0105073
                                                   L.E. Burgess P.A.
                                                   5966 S Dixie Highway, Suite 300
                                                   Miami, FL 33143
                                                   Tel.: 305.942.8044
                                                   Alt. Tel.: 713.818.5055
                                                   laura@leburgesslaw.com

                                                   and

                                                 By:  */s/ Antonio L. Converse*
                                                 Antonio L. Converse, Esq.
                                                 Admitted *Pro Hac Vice*
                                                 Converse Law Group, P.C.
                                                 600 17th Street, Suite 2800 South
                                                 Denver, CO 80202
                                                 Tel: 303.228.9471
                                                 anthony@converselawgroup.com

                                                   and

                                                 By:  */s/ Jennifer A. Tiedeken*
                                                 Jennifer A. Tiedeken, Esq.
                                                 Admitted *Pro Hac Vice*
                                                 125 S. Howes Street, Suite 1100
                                                 Fort Collins, CO 80521
                                                 Tel: 970.482.5058
                                                 jennifer@fortcollinslaw.com

                                                 COUNSEL FOR KAYLA MCNEILL

**CERTIFICATE OF SERVICE**

I hereby certify that, on February 3, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF; thereby served counsel of record for all other named parties.

*/s/ Laura E. Burgess*
Laura E. Burgess
