UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEAD KANDY, LLC,

    Plaintiff/Counterclaim Defendant,

v.                                                                CASE NO. 23-CV-60345-JB/JMS

KAYLA MARIE MCNEILL,

    Defendant/Counterclaimant/Third-Party Claimant,

v.

JEROME FALIC,

    Third-Party Defendant.
_____/

## HEAD KANDY'S MOTION FOR AMENDMENT OF ITS
## SECOND AMENDED COMPLAINT TO REMOVE COUNTS III, IV, AND V

Plaintiff/Counterclaim Defendant Head Kandy, LLC ("**Head Kandy**") moves for an amendment of its Second Amended Complaint (the "**Complaint**") [ECF 187] to remove alternative and mooted claims it no longer intends to pursue at trial, namely Counts III, IV, and V, and in support states:

Head Kandy filed its operative Complaint against Defendant Kayla Marie McNeill ("**Ms. McNeill**") on February 15, 2024. [ECF 187]. The Complaint asserts five claims for relief against Ms. McNeill: Breaches of Contract (Count I), Breaches of Fiduciary Duty (Count II), Common Law Fraud (Count III), Unjust Enrichment (Count IV), and Declaratory Relief (Count V).

Counts II, III and IV each assert alternative theories of liability based on the same underlying conduct of Ms. McNeill: her misuse of Head Kandy's resources and employees to further her other business interests and to pay for personal expenses for her and her family, while misrepresenting to Head Kandy that its resources were being used for legitimate Head Kandy business purposes. Count

II asserts this conduct by Ms. McNeill constitutes a breach of her fiduciary duties owed to Head Kandy while she was an owner, member, and executive of Head Kandy.  Under Count III, Head Kandy asserts that even if Ms. McNeill were found not to owe a fiduciary duty to Head Kandy, her conduct amounts to fraud against Head Kandy.  Finally, by Count III, Head Kandy asserts that even if Ms. McNeill owed no fiduciary duties to Head Kandy and her conduct did not amount to "fraud," Ms. McNeill was unjustly enriched by her conduct at the expense of Head Kandy.  Drawing an analogy to the criminal context, Counts II and IV are like "lesser included offense" of the Count I.

Count V, which seeks a declaration that Head Kandy does not owe Ms. McNeill any unpaid bonus under the Executive Employment Agreement, is the mirror image of Ms. McNeill's counterclaim for her unpaid bonus under the Executive Employment Agreement [ECF 337 at 64 (¶ 91(c))].  Because the Court has granted summary judgment in Head Kandy's favor on Ms. McNeill's counterclaims, including her claim for an unpaid bonus, there is no longer a need for a judicial declaration on that issue.  *See, e.g.*, *Hartford Cas. Ins. Co. v. Intrastate Constr. Corp.*, 501 F. App'x 929, 937 (11th Cir. 2012) (declaratory judgment claim concerning contractual liability was mooted when the opposing party could no longer seek damages related to the alleged breach); *Murray v. Aetna Life Ins. Co.*, 2021 WL 4690671, at *5 (M.D. Fla. Oct. 7, 2021) (declaratory judgment claim was mooted when summary judgment as to the alleged breach was granted in the defendant's favor and consequently, there was "no remaining dispute" on the declaratory claim).

Given the rulings and anticipated rulings the Court announced during hearings held on February 21, 2025, and March 6, 2025, Head Kandy now seeks to streamline and simplify the trial of this case, and reduce the time and labor required of the Court and the parties to try this case, by removing from its Complaint its alternative claims for relief (Counts III and IV) and its now-mooted

declaratory claim (Count V), so that the case can proceed to an expeditious and efficient bench trial on Counts I and II only.[1]

Generally, a party must first show "good cause" to amend a pleading after the deadline for doing so has passed. Fed. R. Civ. P. 16(b)(4). This Court has before concluded, however, that a motion to amend to remove claims for the purposes of "streamlin[ing] the issues for trial," "narrow[ing] the issue, and expedit[ing] trial due to the significant overlap between both counts" is not governed by the "good cause" standard at all, but rather, is governed only by the more lenient standard of Fed. R. Civ. P. 15, even if the motion to amend is filed after the pleadings are closed. *See Cont'l Divide Ins. Co. v. Rumba Tours, LLC*, 2023 WL 9183685, at *1 n.1 (S.D. Fla. Oct. 7, 2023). Even if the good cause standard applies here, however, courts in this Circuit routinely conclude that a party's objective to "streamline the issues in the case"—as Head Kandy seeks to do here—constitutes good cause for amendment. *See, e.g.*, *Alfaro v. Bank of Am., N.A.*, 2020 WL 13104702, at *1 (S.D. Fla. Mar. 13, 2020) ("[T]he Court concludes that Plaintiffs' proposed amendments will streamline the issues in the case. As such, the Court finds that Plaintiffs have sufficiently shown good cause to amend their Complaint beyond the deadline set forth in the [Scheduling] Order."); *Emmaculate*

---

[1] During the hearing held on February 21, 2025, the Court stated that it was granting Head Kandy's Motion for Summary Judgment on each of Ms. McNeill's Counterclaims [ECF 471] and stated it was likely to grant Third-Party Defendant Jerome Falic's ("**Mr. Falic**") Motion for Summary Judgment [ECF 473]on each of Ms. McNeill's Third Party claims asserted against him. During the hearing held on March 6, 2025, the Court again stated it would likely be entering an order granting Mr. Falic's Motion for Summary Judgment and further granted Head Kandy's Motion to Strike Jury Trial Demand [ECF 517], as to Head Kandy's Counts I and II, but not as to Counts III or IV. The Court directed the parties to proceed accordingly. In the unlikely the event the Court's written Orders on the Motions for Summary Judgment or Head Kandy's Motion to Strike Jury Trial Demand are different than the rulings and anticipated rulings the Court announced during the hearings, Head Kandy may wish to withdraw this Motion. Head Kandy files this Motion prior to entry of the written orders on those Motions in the interests of judicial efficiency and to ensure this Motion is ripe for consideration as soon as possible after the Court's final written orders on those motions are issued so this case may proceed as a non-jury trial on the Court's April 28, 2025, as anticipated by the Court at during the March 6, 2025, hearing.

*Reflections, LLC v. Altman*, 2020 WL 9596264, at *2 (M.D. Fla. Sept. 14, 2020) (plaintiffs' stated objectives "to minimize litigation expenses and narrow the focus of the claims in this case" by amending to remove certain counts would "simplify[] the litigable issues before the Court," and therefore constituted "good cause to support amendment"); *Roger Kennedy Constr., Inc. v. Amerisure Ins. Co.*, 2007 WL 9723176, at *3 (M.D. Fla. June 21, 2007) ("There is good cause for the amendment as withdrawal will serve to streamline the issues and facts presented at trial.").

After good cause for the amendment is established, Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Ms. McNeill has not consented to Head Kandy's proposed amendment. However, under Rule 15(a)(2)'s policy of "liberally permitting amendments," "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989). That is, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Although none of them cut against amendment under these circumstances, the only *Foman* factor Ms. McNeill could even attempt to invoke here is undue prejudice. "Undue prejudice exists if the amendments create undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant." *Canto Marti v. Iberostar Hoteles y Apartamentos S.L.*, 2024 WL 3595359, at *2 (S.D. Fla. July 31, 2024) (quotation omitted); *accord Bonilla v. Librati*, 2022 WL 4594126, at *4 (S.D. Fla. Feb. 26, 2022) ("Courts deem amendments prejudicial when[] the

4

opponent would be required to engage in significant new preparation at a late stage of the proceedings, if the defendant would be put to added expense and the burden of a more complicated and lengthy trial, or if the issues raised by the amendment are remote from the other issues in the case and might confuse or mislead the jury.") (quotation omitted).

Here, there is no reason to deny leave to amend, and Ms. McNeill will not be unduly prejudiced by the proposed amendment. Head Kandy seeks only to remove alternative and mooted claims against Ms. McNeill, all of which are based on the exact same evidence and set of facts as the claims remaining for trial. Further, Head Kandy's proposed amendment will not cause delay, additional expense, or undue difficulty in defending the claims, but rather, will streamline the trial of this matter, which will lessen the burden of trial and trial preparation on all involved, including Ms. McNeill. *See, e.g.*, *Canto Marti*, 2024 WL 3595359, at *2 (finding lack of prejudice when the "proposed amendments …. do not reflect substantial changes in [plaintiffs'] theory of the case or their tactics"); *Emmaculate Reflections*, 2020 WL 9596264, at *2 (finding claims of prejudice "insufficient to overcome the liberal standard for allowance of amendment" and collecting cases reaching the same result under various circumstances); *Roger Kennedy Constr.*, 2007 WL 9723176, at *3 (no prejudice to defendant "because discovery expenses have been incurred toward preparation of the case as whole," not specifically to the claims to be removed).

Finally, to obviate the parties' need to file additional pleadings on the docket and to ensure that the trial date and pretrial deadlines are not delayed by additional filings, and rather than requiring an amended Complaint and Answer, Head Kandy requests that the Court amend the Complaint by operation of an Order granting this Motion and removing the paragraphs constituting Counts III, IV, and V. *See Peden v. Stephens*, 2023 WL 8721429, at *2, *4 (N.D. Ga. Dec. 18, 2023) (explaining "[a] Rule 15 amendment can be effectuated by an order conforming the complaint to the terms of said

5

order" and ordering: "This Order shall effectuate an amendment to the First Amended Complaint omitting Counts III and IV upon its filing, and the Plaintiffs shall not be required to docket a Second Amended Complaint in order to conform the pleadings to the directives of this Order" ) (citing *Silver Comet*); *Outta Touch Holdings, LLC v. USA Marine Engines, LLC*, 2024 WL 807997, at *1 (S.D. Fla. Jan. 25, 2024) (quoting favorably the relevant language from *Peden*).

**WHEREFORE**, Head Kandy respectfully requests that the Court (1) grant this Motion, (2) enter an Order effectuating an amendment of the Complaint by removing Counts III, IV, and V (paragraphs 152 through 191), and (3) grant such other and further relief the Court deems appropriate.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), counsel for Head Kandy conferred with counsel for Ms. McNeill regarding this Motion, and on February 10, 2025, counsel for Ms. McNeill advised via a telephone call that Ms. McNeill opposes the relief requested herein.

/s/ Edward Colin Thompson
**ETHAN J. LOEB**
FL Bar No. 668338
ethanl@blhtlaw.com
KerriR@blhtlaw.com
eservice@blhtlaw.com
**EDWARD C. THOMPSON**
FL Bar No. 684929
colint@blhtlaw.com
heatherw@blhtlaw.com
**JALEN A. LARUBBIO**
FL Bar No. 1039258
JalenL@blhtlaw.com
**BARTLETT LOEB HINDS THOMPSON & ANGELOS**
1001 Water St., Suite 475
Tampa, FL 33602
Telephone: 813-223-3888
Facsimile: 813-228-6422
*Counsel for Head Kandy LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 12, 2025, I filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of this filing to:  Laura E. Burgess, Esquire, laura@leburgesslaw.com, L.E. Burgess, P.A., 5966 S. Dixie Highway, Suite 300, Miami, Florida 33143, *Counsel for Defendant*; Antonio L. Converse, Esquire, anthony@converselawgroup.com, Converse Law Group, P.C., 600 17th Street, Denver, Colorado 80202, *Counsel for Defendant;* Jennifer Tiedeken, Esquire, jennifer@lawfortcollins.com, jamie@lawfortcollins.com, Massey, Kelly & Priebe, PLLC, 125 S. Howes Street, Suite 1100, Fort Collins, CO 80521*, co-counsel for Defendant;*. and Jed Ferdinand, Esquire, jferdinand@fiplawgroup.com, Kathleen B. Moore, Esquire, kmoore@fiplawgroup.com, Ferdinand IP Law Group, 450 Seventh Avenue, Suite 2300, New York, New York 10123, *Counsel for Plaintiff*.

                                                      */s/ Edward Colin Thompson*
                                                      Attorney