UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-60345-JB

HEAD KANDY, LLC,

    Plaintiff,

v.

KAYLA MARIE McNEILL,

    Defendant,

v.

JEROME FALIC,

    Third-Party Defendant.

_____/

## ORDER ON HEAD KANDY AND FALIC'S MOTION TO STRIKE JURY DEMAND

**THIS MATTER** comes before the Court on Plaintiff/Counterclaim Defendant, Head Kandy, LLC's ("HK"), and Third-Party Defendant, Jerome Falic's ("Falic"), Motion to Strike Defendant/Counterclaimant/Third-Party Claimant, Kayla McNeill's ("McNeill"), demand for jury trial (the "Motion"), ECF No. [517]. McNeill filed a response in opposition to the Motion (the "Response"), ECF No. [533], and HK and Falic filed a reply (the "Reply"), ECF No. [538]. The Court held oral argument on the Motion on March 6, 2025 (the "Oral Argument"). Upon due consideration of the Motion, the pertinent portions of the record, and the relevant authorities, and for the

reasons stated on the record at the Oral Argument, which are incorporated herein, it is hereby **ORDERED AND ADJUDGED** that the Motion is **GRANTED**.

## I.      FACTUAL BACKGROUND

The jury waivers at issue in this case stem from two agreements: an Executive Employment Agreement between McNeill and HK (the "EEA") and HK's Amended and Restated Limited Liability Company Operating Agreement (the "OA").  ECF No. [517] at 2–4.  In 2018, HK purchased all assets of McNeill's former company, Lashed Out, LLC.  *Id.* at 2.  As part of this transaction, McNeill signed the EEA, assumed a high-ranking executive role at HK, acquired a twenty-percent stake in the company, and became a party to the OA.  *Id.*

> Section 17 of the EEA states as follows:
>
> TO THE EXTENT NOT PROHIBITED BY APPLICABLE LAW THAT CANNOT BE WAIVED, EACH PARTY HERETO HEREBY IRREVOCABLY WAIVES, AND COVENANTS THAT IT WILL NOT ASSERT (WHETHER AS PLAINTIFF, DEFENDANT, OR OTHERWISE), ANY RIGHT TO TRIAL BY JURY IN ANY FORUM IN RESPECT OF ANY ISSUE, CLAIM, DEMAND, ACTION OR CAUSE OF ACTION ARISING IN WHOLE OR IN PART UNDER, RELATED TO, BASED ON OR IN CONNECTION WITH THE RESTRICTIVE COVENANTS, WHETHER NOW EXISTING OR HEREAFTER ARISING AND WHETHER SOUNDING IN TORT OR CONTRACT OR OTHERWISE.  ANY PARTY MAY FILE AN ORIGINAL COUNTERPART OR COPY OF THIS SECTION 17 WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF EACH PARTY TO THE WAIVER OF ITS RIGHT TO TRIAL BY JURY.

*Id.* at 4.  The referenced restrictive covenants are set forth in the EEA and contain, in pertinent part, limitations on McNeill's right to compete with HK, solicit HK's customers and employees, disparage HK, and transmit HK's trade secrets and

confidential information to third parties (the "Restrictive Covenants"). *See* ECF No. [187-1] at ¶¶ 5, 6.

As to the OA, Section 12.4(d) contains the following waiver:

> TO THE EXTENT NOT PROHIBITED BY APPLICABLE LAW THAT CANNOT BE WAIVED, THE PARTIES HEREBY WAIVE, AND COVENANT THAT THEY WILL NOT ASSERT (WHETHER AS PLAINTIFF, DEFENDANT, OR OTHERWISE), ANY RIGHT TO TRIAL BY JURY IN ANY SUIT, ACTION OR PROCEEDING ARISING IN WHOLE OR IN PART UNDER OR IN CONNECTION WITH THIS AGREEMENT OR ANY OF THE CONTEMPLATED TRANSACTIONS, WHETHER NOW EXISITING OR HEREAFTER ARISING, AND WHETHER SOUNDING IN CONTRACT, TORT OR OTHERWISE. THE PARTIES AGREE THAT ANY OF THEM MAY FILE A COPY OF THIS PARAGRAPH WITH ANY COURT AS WRITTEN EVIDENCE OF THE KNOWING, VOLUNTARY AND BARGAINED-FOR AGREEMENT AMONG THE PARTIES IRREVOCABLE TO WAIVE THEIR RIGHTS TO TRIAL BY JURY IN ANY ACTION WHATSOEVER BETWEEN OR AMONG THEM RELATING TO THIS AGREEMENT OR ANY OF THE CONTEMPLATED TRANSACTIONS, WHICH ACTION WILL INSTEAD BE TRIED IN A COURT OF COMPETENT JURISDICTION BY A JUDGE SITTING WITHOUT A JURY.

ECF No. [517] at 3–4.

## II. THE INSTANT MOTION

HK's remaining claims against McNeill are for (1) Breach of Contract based on the EEA; and (2) Breach of Fiduciary Duty based on the OA. *See* ECF No. [187].[1] HK argues the jury waivers in the EEA and OA cover the claims it has asserted against McNeill. ECF No. [517] at 4. Thus, HK asks the Court to strike McNeill's

---

[1] Since the parties' briefing on the Motion, the Court has granted summary judgment in HK's favor on McNeill's counterclaims against HK and in Falic's favor on McNeill's third-party claims against Falic. *See* ECF No. [587]. Further, HK voluntarily dismissed Counts Three, Four, and Five of its Second Amended Complaint against McNeill. *See* ECF No. [586]. As such, this Order does not address any arguments regarding applicability of the jury waivers to these claims.

3

demand for a trial by jury, which is contained in her Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand, ECF No. [337]. In her response, McNeill argues that her claims against HK and Falic fall outside the scope of the jury waivers. *See* ECF No. [533]. However, she did not dispute enforceability of the waivers or address their applicability to HK's claims against her. *See id.*

### III.    ANALYSIS

"A party may validly waive its Seventh Amendment right to a jury trial so long as the waiver is knowing and voluntary." *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823–24 (11th Cir. 2006). To determine if this standard has been satisfied, "courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable." *Id.*

Here, McNeill does not challenge enforceability of the jury waiver provisions in the EEA and OA, nor does she suggest that they do not apply to HK's claims in the Second Amended Complaint. *See* ECF No. [533]. Indeed, any such challenge would be unavailing. The provisions containing the waivers are clearly set out, separate from other provisions in the agreements, and phrased using plain, explicit language, in all capital letters. *See* ECF Nos. [187-1] at ¶ 17; [230-2] at ¶ 12.4(d); *see also Acciard v. Whitney*, No. 2:07-cv-00476-FtM-36DNF, 2011 WL 4902972, at *2 (M.D. Fla. Oct. 13, 2011). There is no indication of an imbalance of power between the parties, that the terms of the agreements were non-negotiable, or that McNeill was relatively unsophisticated, making her unable to understand the right she was agreeing to waive by signing the EEA or OA. In fact, McNeill is an educated

4

businesswoman and was represented by counsel during the negotiation of these documents. *See* ECF No. [517] at 6–7. Therefore, the Court finds the jury waivers to be "knowing and voluntary" and therefore enforceable. *See Bakrac*, 164 F. App'x at 823–24.

As such, the issue before the Court is whether the remaining claims in this case, Counts One and Two of HK's Second Amended Complaint, fall under one or both of the jury waiver provisions. Starting with the EEA, HK and McNeill, as parties to that agreement, agreed to waive their right to trial by jury for any issue, claim, demand, action or cause of action arising in whole or in part under, related to, or based on or in connection with the Restrictive Covenants. *See* ECF No. [517] at 4. By suing McNeill for breach of the Restrictive Covenants, HK has plainly brought a claim that arises under or is related to these provisions. Indeed, the obligations McNeill allegedly violated, and HK's right to enforce them, stem from that source. Further, evaluating this claim will inherently involve analyzing McNeill's conduct against the background of the terms of the Restrictive Covenants. Thus, the jury waiver in the EEA applies to Count One of HK's claims.

With respect to the OA, to which McNeill was a party, the signees agreed to waive any right to trial by jury in any suit, action, or proceeding arising in whole or in part under or in connection with the OA or any of its contemplated transactions. *See* ECF No. [517] at 3–4. However, the fiduciary duty that McNeill allegedly violated, according to Count Two of HK's Second Amended Complaint, clearly arises, at least in part, from the OA. *See* ECF No. [517] at 8; *see also, e.g.*, ECF No. [187] at ¶ 140. Moreover, the OA gives rise, at least in part, to HK's ability to seek redress

for purported breaches of these duties.  McNeill does not, and cannot, contest that. As such, Count Two clearly falls under the parties' waiver of jury trial for actions arising in whole or in part under the OA.

## IV.     CONCLUSION

Accordingly, the jury waivers in the OA and EEA apply to all the remaining claims in this case, preventing McNeill from asserting a right to trial by jury.  The Motion, ECF No. [517], is hereby **GRANTED**, and McNeill's demand for a trial by jury in her Amended Answer, Counterclaims, Third-Party Complaint and Jury Demand, ECF No. [337], is hereby **STRICKEN**.

**DONE AND ORDERED** in Miami, Florida on this 18th day of March, 2025.

_____
**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**